1  F. Christopher Austin
   *Pro Hac Vice* (Nevada Bar No. 6559)
2  *caustin@weidemiller.com*
   **WEIDE & MILLER, LTD.**
3  10655 Park Run Drive, Suite 100
   Las Vegas, NV 89144
4  Tel. (702) 382-4804
   Fax (702) 382-4805
5
   William J. Crowley
6  WSBA No. 18499
   will@crowleylawoffices.com
7  **CROWLEY LAW OFFICES, P.S.**
   600 University Street Suite 1901
8  Seattle, WA 98101
   Tel. (206) 224-7069
9  Fax (206) 624-8785

10  *Attorneys for Plaintiff*

11
12              **UNITED STATES DISTRICT COURT**

13        **WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

14  DONALD E. MORISKY, an individual,
15              Plaintiff,                    Case No.:  2:20-cv-00964

16        v.                                  **COMPLAINT**

17  MMAS RESEARCH, LLC, a Washington          **JURY DEMAND**
    limited liability company, STEVEN
18  TRUBOW, an individual, POLINA
    FEILBACH, an individual, RODNEY
19  WATKINS, an individual, DUSTIN
    MACHI, an individual, MMAS Research
20  Italy S.R.L, an Italian company, and MMAS
    Research France, SAS, a French company,
21
              Defendants.

22
23      For its complaint against Defendants, Plaintiff Dr. Donald E. Morisky complains and

24  alleges as follows:

25                        **NATURE OF ACTION**

26      This is an action for copyright and trademark infringement and unfair competition under

27  federal statutes, with pendent claims for common law trademark infringement, state deceptive

28  trade practices, breach of contract, and breach of the implied covenant of good faith and fair

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                          1                          Complaint

1  dealing.

2      Dr. Morisky, distinguished professor emeritus at the UCLA Fielding School of Public

3  Health, is the owner of two federally registered copyrights in what is known as the Morisky

4  Medication Adherence Scale ("MMAS"), used world-wide as the "gold standard" for medical

5  practitioners and researchers to predictively assess potential compliance issues patients may have

6  with following medication protocols so that appropriate remedial and interventive actions can be

7  taken to preserve the health and even the life of the patient.  He is also the owner of all related

8  intellectual property, including all trademarks employing the mark MORISKY, or MMAS used

9  in connection such medication adherence goods and services.

10      Prior to taking emeritus status, Dr. Morisky licensed Defendant MMAS Research, LLC,

11  governed by Defendants Steven Trubow, Governor, Polina Feilbach, Governor, and Rodney

12  Watkins, Governor, to sublicense his copyrighted scales and protocols in exchange for 50% of the

13  net fees MMAS Research, LLC collected, among other consideration.  At the express and

14  direction of Trubow and, on information and belief, of MMAS Governors Feilbach and Watkins,

15  MMAS Research, LLC breached the license agreement with Dr. Morisky by among other things

16  failing to remit the fees owed.

17      Accordingly, on April 10, 2020, Dr. Morisky terminated the license agreement with

18  MMAS Research, LLC, revoking any license MMAS Research, LLC had to use the Morisky

19  copyrights, trademarks and related intellectual property, including any right to sublicense its

20  affiliated entities, Defendants MMAS Research Italy S.R.L., and MMAS Research France, SAS,

21  owned, managed and controlled exclusively by Trubow, to do the same.

22      Nevertheless, at the express direction of Trubow, MMAS Research and its affiliated

23  Defendant entities continued to unlawfully engage in the business of offering, sublicensing, and

24  infringing Dr. Morisky's copyrights, trademarks, and related intellectual property in this District.

25  throughout the United States and internationally which resulted in the filing of an infringement

26  and related lawsuit against MMAS Research and Trubow by Morisky in Nevada Federal District

27  Court.

28      Thereafter, on July 29, 2020, the Parties verbally agreed to settle the dispute, and on

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    2                                    Complaint

1  December 4, 2020, signed a written Settlement Agreement under Section 2A of the Washington

2  State Rules of Civil Procedure in connection with a civil suit also then pending between the parties

3  in the State of Washington.    Under the terms of the Settlement Agreement, Defendants

4  acknowledged Dr. Morisky was the sole and exclusive holder of the Morisky intellectual property

5  and agreed to assign any copyrights, trademarks and related Morisky intellectual property

6  Defendants had to Dr. Morisky.   Further, Defendants covenanted not to further engage in the

7  business of using or licensing the Morisky Widget or any Morisky intellectual property to any

8  prospective licensee.

9      Defendants have breached the Settlement Agreement and infringed Dr. Morisky's federal

10  intellectual property rights by, among other things, continuing to use the Dr. Morisky's

11  intellectual property without authorization, purporting to license others to use the same, claiming

12  a license to the same when Defendants do not have any such license, and by refusing to assign

13  and transfer any copyrights, trademarks and related Morisky intellectual property, including

14  without limitation, the Morisky Widget, Morisky Widget license agreements, the domain name

15  for the "morisky.org" website and all related data and content for that website to Dr. Morisky.

16                                **JURISDICTION**

17      1.      This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C. §§

18  101, et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a).   This Court has supplemental

19  jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) in that those claims

20  arise out of a common nucleus of operative facts as the federal claims, and the Court's exercise

21  of jurisdiction over the state law claims will promote judicial economy, convenience, and fairness

22  to the parties.

23      2.      This Court has personal jurisdiction over Defendants because: (a) Defendants are

24  legal residents of the state, do business and/or actively solicit business in this District; (b)

25  Defendants have subjected themselves to this jurisdiction and have commenced legal actions

26  against Plaintiffs in this District; (c) Defendants have continuous and ongoing business contacts

27  with residents of Washington and have maintained an address for company operations in

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                              3                                    Complaint

1    Washington; and (d) Defendants have purposefully availed themselves of the privilege of

2    conduction business in Washington.

3          3.     Venue is proper in the United States District Court for the Western District of

4    Washington under 28 U.S.C. § 1391(b) and (c), and because Defendants conduct business in, and

5    or are subject to, personal jurisdiction in this district and venue in that a substantial part of the

6    acts or omissions giving rise to the claims asserted herein occurred and/or had effects in this

7    district and venue.

8                                    **PARTIES**

9          2.     Plaintiff, Dr. Donald E. Morisky, resides in Las Vegas, Nevada, and is

10   distinguished professor emeritus at the UCLA Fielding School of Public Health. He is the creator

11   of the "Morisky Medication Adherence Scale" and the holder of two federally registered

12   copyrights relating to the same, TX0008285390 for "Morisky Medication Adherence Scale (4-

13   item)" (**"MMAS-4 Copyright"**) and TX0008632533 for "Morisky Medication Adherence Scale

14   (8-item) (**"MMAS-8 Copyright"**) and all derivatives of the MMAS-4 and MMAS-8 Copyrights,

15   including without limitation, TX0008816517 for "MMAS Research Widget Code" (the

16   **"Morisky Widget Copyright"**), (collectively, the MMAS-4, MMAS-8 and Morisky Widget

17   Copyrights and derivatives thereto are the **"Morisky Copyrights"**).

18         3.     Dr. Morisky is also the owner of the related trademarks: MORISKY, MORISKY

19   MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION

20   ADHERENCE PROTOCOL, MMAS, MMAS-4, MMAS-8, and MORISKY WIDGET (the

21   **"Morisky Marks"**); and he is the owner of the related proprietary information, including,

22   without limitation, the scoring and training protocols used in connection with his scales (the

23   **"Morisky Protocols"**). Collectively, the Morisky Copyrights, Trademarks and Protocols are the

24   **"Morisky Intellectual Property"**).

25         4.     Defendant Steven Trubow is an individual residing in California and is a Governor

26   with fiduciary management over Defendant MMAS Research LLC, a Washington State limited

27   liability company, which has operated out of Washington, California and Nevada and was formed

28   for the exclusive purpose of sublicensing Dr. Morisky's Intellectual Property in accordance with

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                              4                              Complaint

1    a license agreement between Dr. Morisky and MMAS Research.

2        5.    On information and belief, Trubow is the sole owner and executive authorized to

3    control and direct all aspects of Defendants MMAS Research Italy S.R.L. and MMAS Research

4    France, SAS, both of which companies have purported to have received sublicenses to Dr.

5    Morisky's intellectual property from Defendant MMAS Research, LLC.    Collectively,

6    Defendants MMAS Research, LLC, MMAS Research Italy S.R.L. and MMAS Research France,

7    SAS, are identified herein as **"MMAS Research."**

8        6.    Defendant Polina Feilbach is an individual residing in California and is also a

9    Governor with fiduciary management over Defendant MMAS Research LLC, a Washington

10   State limited liability company, which has operated out of Washington, California and Nevada.

11       7.    Defendant Rodney Watkins is an individual residing in California and is also a

12   Governor with fiduciary management over Defendant MMAS Research LLC, a Washington

13   State limited liability company, which has operated out of Washington, California and Nevada.

14       8.    Defendant Dustin Machi, is an individual residing in Virginia who purports to be

15   the author of a computer software code used by MMAS Research that incorporates, is derivative

16   of, and infringes the MMAS-4 and MMAS-8 Copyrights (the **"Morisky Widget Code"**).  Machi

17   without authorization from Dr. Morisky aided Trubow and MMAS Research, LLC in obtaining

18   the Morisky Widget Copyright, which was thereafter unlawfully assigned to MMAS Research,

19   LLC.

20       9.    On information and belief, Machi also translated or procured the translation of

21   various of the Morisky Copyrights into several foreign languages, which translations are

22   derivative of and infringe the Morisky Copyrights, for the benefit of Machi and all other

23   Defendants without authorization from Dr. Morisky.

24   <u>**ALLEGATIONS COMMON TO ALL CLAIMS**</u>

25       10.    This case arises from the malicious efforts by Defendant Trubow directly and

26   through his control of MMAS Research to infringe and wrongfully deprive Dr. Morisky of

27   his life's work in developing the Morisky Intellectual Property.

28       **A.**    **Dr. Morisky's Professional and Educational Background**

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311          5          Complaint

11.    Dr. Morisky received a Master of Science degree in 1977 and a Doctor of Science degree in 1981, both from Johns Hopkins School of Hygiene and Public Health (Behavioral Sciences and Health Education).

12.    Thereafter Dr. Morisky led a 36-year career as a professor and visiting professor at prestigious health and science universities and programs, including Johns Hopkins University, University of Hawaii, China Medical University, Taiwan, National Yang-Ming University, Taiwan, and the University of California at Los Angeles (UCLA).

13.    Dr. Morisky concluded his full-time professorship at UCLA in 2017, after approximately 35 years of distinguished service as a Tenured Professor, a Vice Chair, and later Chair of the Department of Community Health Sciences, and as the Program Director for the Masters of Public Health for Health Professionals Program (MPH-HP).

14.    Dr. Morisky attained Emeritus status in 2017 and continues to serve in that capacity and as a Professor of Public Health at UCLA Fielding School of Public Health for the Department of Community Health Sciences.

15.    Dr. Morisky also continues to serve as a Distinguished Chair Visiting Professor for Kaohsiung Medical University, Kaohsiung City, Taiwan; the Distinguished Visiting Professor for China Medical University, School of Public Health, Taichung City, Taiwan; the Distinguished Visiting Professor for the Taiwan Medical University, College of Public Health and Nutrition, School of Public Health, Taipei; Senior Associate for the Charles R. Dre Post Graduate Medical School, Department of Internal Medicine; Associate for the UCLA Jonsson Comprehensive Cancer Center; and as an Associate for Johns Hopkins University, School of Hygiene and Public Health, Department of Behavioral Sciences and Health Education.

16.    Dr. Morisky has been the recipient of two major NIH grants in connection with his work; has received numerous honors, including "Distinguished Fellow, American Academy of Health Behavior and the Society of Public Health Education, Top 10 CBPR Intervention Program (HIV/AIDS Prevention Program Archive for Developing Countries), Program Excellence Award for "Behavioral Research in Support of HIV/AIDS Prevention

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    6                                    Complaint

1    in the Philippines, and numerous others. He has published over 30 books, book chapters or

2    monograms and has authored or co-authored over 250 articles in peer-reviewed journals, in

3    addition to numerous seminar presentations and speaking engagements for over three

4    decades.

5    **B.    The Creation of the "Morisky Medication Adherence Scale"**

6    17.    Dr. Morisky is known world-wide as the foremost expert on identifying and

7    remediating the life-threatening risks associated with the failure of patients to comply with

8    medication protocols. Medical practitioners and clinicians have long known that patients too

9    often die from avoidable complications with terminal or chronic illnesses simply because

10    they fail to take their medication as prescribed.

11    18.    Dr. Morisky's life work has been to provide successful, proven and

12    scientifically replicable protocols that literally extend and save the lives of patients with

13    terminal and chronic illnesses by promptly identifying potential compliance issues and pre-

14    emptively providing timely, scaled, and tailored intervention protocols.

15    19.    Dr. Morisky's work in this field commenced with his doctoral dissertation in

16    1982 which focused on the long-term outcomes of 400 hypertensive patients who were given

17    educational counseling on the importance of taking their prescription medications as directed

18    as opposed to a control group who did not receive such additional counseling.

19    20.    This was one of the first studies in the field. The findings were so impressive

20    as to result in its publication in the prestigious American Journal of Public Health in 1983,

21    and the adoption of the counseling intervention by the National Heart, Lung, and Blood

22    Institute.

23    21.    The impact of educational intervention and the use of targeted questionnaires

24    as part of that process was also published in the influential peer-reviewed journal, Medical

25    Care in 1986. Thereafter, the questionnaire became known in medical literature around the

26    world as the "Morisky, Green and Levine Medication Adherence Questionnaire ("MGL

27    MAQ"). The article has subsequently been cited in medical literature over 3500 times.

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    7                                    Complaint

22.    In the same year, 1986, after engaging in numerous research focus group sessions with patients, Dr. Morisky identified four simple yet critical questions, that upon clinical study, proved to effectively predict medication adherence. This four-part questionnaire became known as the "Morisky Medication Adherence Scale" or "MMAS" and is now known as the "MMAS-4."

23.    From 1993 to 1997, Dr. Morisky worked as an external consultant on a NIH (National Institutes of Health) research grant at the Martin Luther King Drew Medical Center in Los Angeles to refine and improve the MMAS. The focus of this research was not merely to identify potentially non-compliant patients, but importantly, to inform the medical practitioner of exactly "why" the patient was not likely to take the prescribed medication.

24.    This process took years of study and clinical trials to perfect. The result was Dr. Morisky's development of a simple eight-part questionnaire that could provide tailored and targeted information to a medical practitioner sufficient to effectively implement a counseling and intervention protocol for the provider's patients, potentially extending or saving their lives.

25.    To distinguish this eight-part questionnaire it is called the "MMAS-8", and the four-part questionnaire thereafter has consistently been identified as the "MMAS-4." Collectively, the two scales are known as the "Morisky Medication Adherence Scales" (herein, simply the **"Morisky Scales"**).

26.    In the process of creating the Morisky Scales, Dr. Morisky also perfected the scoring protocols required to accurately quantify likely medication adherence and identify appropriate interventions. These processes are known as the "Morisky Medication Adherence Protocol" (herein, the **"Morisky Protocol"**).

27.    The original MMAS studies were on adherence for hypertensive patients. Since 1983, Dr. Morisky, in collaboration with over 500 researchers throughout the world, has continued to assess the adherence predictive success of the MMAS-4 and MMAS-8 in an ever-expanding array of medication regimens for a wide range of various chronic and terminal illnesses.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    8                                    Complaint

28.    In addition, Dr. Morisky has worked with international researchers, the International Linguistic Institutes, MAPI, and Corporate Translations, Inc., to translate the Morisky Scales and Morisky Protocol into over 80 different languages.

29.    The Morisky Scales are considered the "Gold Standard" world-wide in peer-reviewed journals for the assessment and remediation of patient medication adherence.

**C.    Dr. Morisky's Copyrighted Works**

30.    By operation of federal copyright law, Dr. Morisky is the copyright owner of all writings, articles, books, chapters, monograms, seminar materials, speeches and presentations, and audio and visual works authored by him.

31.    Included within this body of copyright protected works owned by Dr. Morisky are the MGL MAQ (as a co-owner with other authors), the Morisky Scales (MMAS-4 and MMAS-8), and the Morisky Protocols.

32.    While federal copyright registration is not required under federal copyright law to secure ownership of copyrights, registration does provide the holder with presumptive proof of such ownership.

33.    On June 12, 2016, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008285390, for the "Morisky Medication Adherence Scale (4-item)" (the "MMAS-4 Copyright"). A true and accurate copy of that registration is attached hereto as **Exhibit 1**.

34.    On September 21, 2018, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008632533, for the "Morisky Medication Adherence Scale (8-item)" (the "MMAS-8 Copyright"). A true and correct copy of this registration is attached hereto as **Exhibit 2**.

35.    Under federal copyright law, ownership of a copyright can only be transferred by an assignment in writing.

36.    Dr. Morisky has not assigned or transferred ownership of his MMAS-4 Copyright or his MMAS-8 Copyright.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702)382-4804

fca-w-1311                                    9                                    Complaint

1      37.    The MMAS-4 and MMAS-8 Copyrights remain the exclusive property of Dr.

2  Morisky.

3      **D.    Dr. Morisky's Trademarks**

4      38.    By operation of federal trademark law, Dr. Morisky's name, MORISKY,

5  MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY

6  MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4, MMAS-8, and

7  MORISKY WIDGET (collectively, the "Morisky Marks") have acquired trademark rights in

8  connection with the provision of diagnostic procedures to assess adherence to medication

9  protocols, and in connection with identifying and proscribing compliance and intervention

10  protocols and other related goods and services offered in connection with the same.

11      39.    These terms do not merely identify Dr. Morisky, but also function as secondary

12  source identifiers in that they also identify the source of such diagnostic and intervention

13  protocol and related goods and services. As such, the Morisky Marks are protectable marks

14  under federal trademark law.

15      40.    Under federal trademark law, Dr. Morisky, as the first person to use in

16  commerce the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY

17  SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4, and

18  MMAS-8 marks, is the sole and exclusive owner of such marks, including without limitation

19  any domain names comprised of or confusingly similar to such marks or that employ the

20  mark "MORISKY" or "MMAS" as part of such domain name in connection with the offering

21  of similar goods and services.

22      41.    Dr. Morisky is also the owner of the MORISKY WIDGET mark even though

23  on information and belief his company at the time, Defendant MMAS Research, LLC was

24  the first to use the mark in commerce. As holder of the MORISKY mark, use of the

25  MORISKY mark in connection with any other term, including WIDGET, for the same or

26  similar goods or services would be barred under federal trademark law as confusingly similar

27  and infringing unless owned by the holder of the MORISKY mark.

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                      10                    Complaint

42. Dr. Morisky permitted Defendant MMAS Research, LLC to use the MORISKY WIDGET mark only because Defendant MMAS Research, LLC had contractually agreed in the License Agreement between the parties, that any intellectual property developed by MMAS Research, LLC under license from Dr. Morisky would be owned exclusively by Dr. Morisky with the MMAS Research, LLC receiving back a revocable license to use such intellectual property.

43. Dr. Morisky has not otherwise assigned, transferred or authorized the assignment or transfer of any ownership interest in any of the Morisky Marks to anyone, including without limitation, Defendants.

44. Under federal trademark law, the Morisky Marks remain the exclusive property of Dr. Morisky.

**E.     Dr. Morisky's License Agreement with MMAS Research, LLC**

45. In 2011, Dr. Morisky founded MMAS Research, LLC, a California limited liability company (**"MMAS Research CA"**).

46. Dr. Morisky founded MMAS Research CA as a vehicle through which he could license the Morisky Intellectual Property, provide requisite training to ensure proper application of his Morisky Scales, and confirm the accuracy of scoring and the propriety of diagnostic results and intervention protocols.

47. From approximately 2011 to 2014, Dr. Morisky licensed over 3000 clinics, practitioners, and organizations to use the Morisky Intellectual Property.

48. On information and belief, Defendant Steven Trubow learned of Dr. Morisky's work from a University of Chicago professor with whom Mr. Trubow was then working.

49. On information and belief, Mr. Trubow was then working on a mental health information system (MHIS) that would employ software automation to assist the diagnosis and treatment of mental health patients.

50. Reportedly, that University of Chicago professor informed Mr. Trubow that Dr. Morisky had obtained fantastic outcomes with his Morisky Scales for which Mr. Trubow's MHIS may be utilized.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804          fca-w-1311          11          Complaint

51.     In the Spring of 2014, Mr. Trubow reached out to Dr. Morisky and offered to collaborate on the application of his MHIS to the existing licensing Dr. Morisky was engaged in under MMAS Research CA.

52.     The parties ultimately entered into a license agreement ("License Agreement") on or around April 10, 2014.  (**Exhibit 3**.)

53.     In consideration of Dr. Morisky's agreement to grant a non-exclusive, non-transferable, perpetual license in the MMAS-8 and related Morisky Intellectual Property, Mr. Trubow's company (the successor-in-interest of which was MMAS Research, LLC) covenanted and agreed, among other things, that for so long as the company remains a licensee of the MMAS-8 or any other intellectual property owned by Dr. Morisky:

    a.    The company would remit to Dr. Morisky fifty percent (50%) of the net revenues of the company (**Exhibit 4**); and

    b.    that Dr. Morisky "at all times [would] remain the owner of the MMAS-8 and any associated intellectual property, patents, copyrights or derivatives derived from the use of the use of the MMAS-8 in MHIS" (**Exhibit 3**).

54.     The parties further agreed that this License Agreement could be terminated for breach of either of the above terms.

55.     When the parties agreed to these terms, Mr. Trubow had a Washington company known as Olympic Labs LLC that was originally the licensed company.

56.     Thereafter, in or around December of 2016, Mr. Trubow organized MMAS Research LLC, as a Washington company.

57.     Although MMAS Research, LLC was not a formal successor of Olympic Labs and no formal license transfer was ever made transferring the License Agreement to MMAS Research, LLC the parties thereafter treated MMAS Research, LLC as the successor licensee to the License Agreement.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                              12                              Complaint

58.    MMAS Research thereafter hired Machi to write the Morisky Widget Code which is a derivative of the MMAS-4 and MMAS-8 Copyrights, and under the terms of the License Agreement remained the sole and exclusive property of Dr. Morisky.

59.    Without authority or approval of Dr. Morisky, Trubow, later formed Defendants MMAS Research Italy S.R.L. and MMAS Research France, SAS, as entities under his exclusive ownership and control and for which he or MMAS Research, LLC can accept service of process.  On information and belief, Trubow unilaterally directed MMAS Research, LLC, without approval or authorization from Dr. Morisky, to sublicense the rights MMAS Research, LLC had under the License Agreement to Defendants MMAS Research Italy S.R.L. and MMAS Research France, SAS, and these affiliated Defendant entities have thereafter functioned as an extension of or integrated part of MMAS Research, LLC in all material respects.

60.    In or around January of 2019, Olympic Labs ceased to exist as an entity.

**F.    Revocation of License Agreement**

61.    Dr. Morisky fully complied with the terms of the License Agreement applicable to him.

62.    Defendant MMAS Research (inclusive of its affiliated Defendant entities) at the direction of its manager Mr. Trubow did not.

63.    Although, Mr. Trubow consistently reaffirmed that Dr. Morisky was entitled to fifty percent (50%) of the net revenue of MMAS Research (inclusive of its affiliated Defendant entities), MMAS Research failed to comply with this provision. (**Exhibit 4**.)

64.    MMAS Research (inclusive of its affiliated Defendant entities) failed to provide an accounting of its books and records to Dr. Morisky.

65.    MMAS Research also breached the License Agreement by falsely claiming ownership of later created property in license agreements with customers, applications with the United States Patent and Trademark Office, settlement agreements, and/or communications with others in the market or on public records or filings.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    13                                    Complaint

66.    Dr. Morisky tried in vain for months to get the MMAS Research and Mr. Trubow to correct their breaches, to provide accounting, to obtain Dr. Morisky's concurrence in company policy and procedures. In all material respects, Mr. Trubow ignored Dr. Morisky's requests or rejected them outright and often became violently angry and verbally abusive.

67.    On March 10, 2020, Dr. Morisky formally provided notice of MMAS Research's breach of the License Agreement ("Notice of Breach").   (**Exhibit 5**.) In accordance with the License Agreement this Notice of Breach informed MMAS Research that "the License Agreement will terminate on Friday, April 10, 2020" if MMAS Research failed to cure such breaches by, among other things, doing the following:

    a.    Providing a full financial accounting of MMAS Research from 2017 to the present;

    b.    Paying Dr. Morisky of all sums due and not paid under the License Agreement; and

    c.    Removing any claims of ownership to the MMAS-8 or any associated Morisky Intellectual Property.

68.    MMAS Research (inclusive of its affiliated Defendant entities) failed to perform any of the required acts to cure its breach of the License Agreement by April 10, 2020.

69.    As such, on April 10, 2020, the license to MMAS Research of the MMAS-8 and related Morisky Intellectual Property was revoked.   As of April 10, 2020, MMAS Research (inclusive of its affiliated Defendant entities) had no right to use or license the Morisky Copyrights or any derivatives of them, including the Morisky Widget Copyright, no right to use the Morisky Trademarks, and no right to use or disclose the Morisky Protocols.

**G.    Defendants' Infringement of Morisky Intellectual Property**

70.    Despite the termination of the License Agreement with MMAS Research (inclusive of its affiliated Defendant entities), MMAS Research continued to use or exploit the Morisky Intellectual Property, MMAS Research continued to offer sublicenses to the

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    14                                    Complaint

Morisky Copyrights, continued to unlawfully use the Morisky Trademarks, and continued to disclose and use the proprietary Morisky Protocols, all of which actions infringed the Morisky Copyrights, the Morisky Trademarks, and constituted unfair and deceptive trade practices.

71.     As a result of such actions, on May 28, 2020, Dr. Morisky filed suit in the U.S. Federal District Court for the District of Nevada against Defendants Trubow and MMAS Research (the **"2020 Federal Suit"**).

72.     Prior to commencing this action and at the request of Trubow, the parties engaged in settlement discussions.

73.     On or about July 2, 2020, Dr. Morisky, and Defendants Trubow and MMAS Research reached a preliminary settlement agreement which was reduced to a writing and formally singed and entered by such parties on or around December 6, 2020, pursuant to Washington State Civil Rule 2A (the **"Settlement"**).   A true and correct copy of the Settlement together with its exhibits and addendums is attached hereto as **Exhibit 6**.

### H.     Defendants' Breach of the 2020 Settlement Agreement and Recommencement of Infringement of Morisky Intellectual Property

74.     Among other obligations and representations, under the terms of the Settlement, MMAS agreed to:

a.   "[F]orego any claims it has to and will acknowledge that Donald Morisky is the sole and exclusive owner of the federal copyrights in and to the MMAS-4 and the MMAS-8, together with any related trademarks, copyrights, derivatives to the same or other intellectual property rights associated with the Morisky Medication Adherence scales or protocols" (Settlement at § 1).

b.   "[A]ssign the Morisky Widget and any related copyrights, trademarks and related intellectual property rights [ ] to [Plaintiff] Donald Morisky" (Settlement at § 1, 15 and 16), including without limitation the U.S. Copyright TX0008816517 for "MMAS Research Widget Code."    A copy of this copyright registration is attached hereto as **Exhibit 7.**

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    15                                    Complaint

c.  Rename MMAS Research, LLC to a name that did not use the MMAS Mark (Settlement at § 1).

d.  Assign all "License Agreements" with third parties of the Morisky Widget to Dr. Morisky together with all related documentation and correspondence (Settlement at § 10, 11 and 15).

e.  Transfer the Morisky Widget software and database Code to Dr. Morisky (Settlement at § 7 and15).

f.  Assign the domain name for the "morisky.org" website to Dr. Morisky (Settlement at § 6, 15 and 16); .

g.  Prohibit inclusion in MMAS Research's Global Medication Reconciliation Form ("GMRF") "any content that would infringe or qualify as a copyright derivative of any of the Morisky IP or the MMAS IP", which as defined in the Settlement, includes the Morisky Copyrights (Settlement at § 1); and

h.  Aside from retroactive licenses associated with infringement investigations, prohibit licensing to others or using the Morisky Copyrights (Settlement at § 8).

75.    In exchange for the forgoing obligations set forth in the Settlement, Dr. Morisky agreed among other things to:

a.  Dismiss with prejudice the 2020 Federal Suit (Settlement at 13);

b.   Permit Defendants to investigate and prosecute a set number of identified infringers of the Morisky Copyrights at Defendants' costs and to recover 55% of any settlements negotiated thereby (Settlement at § 2-4);

76.    Dr. Morisky fully complied with all obligations pertaining to him under the Settlement.

77.    Defendants have failed and refused to comply with the material obligations set forth in the Settlement, including without limitation, those set forth herein above.

78.    Subsequent to entering into the Settlement, Defendants have also recommenced infringement of the Morisky Intellectual Property.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                              16                              Complaint

79.    Specifically and without limitation, Defendants:

    a.    Claim rights in and to the Morisky derivative copyrights, including the Morisky Widget that Defendants do not have and without authorization from Dr. Morisky;

    b.    Unlawfully and without authority copy and use and license others to copy and use Morisky Intellectual Property, including, without limitation, the Morisky Copyrights, the Morisky Trademarks, the copyright protected Morisky Protocol without authority from Dr. Morisky;

    c.    Have copied and are using the Morisky Copyrighted MMAS in connection with Defendants' In connection with Defendant's Global Medication Reconciliation Form ("GMRF") without the authorization of Dr. Morisky.

**I.    Defendants' Breach of the Settlement Obligation to Engage a JDR Neutral as an "Appointed Decider" to Finally Resolve any Settlement Dispute.**

80.    After informing Defendants that their actions infringed Dr. Morisky's Intellectual Property and breached the Settlement Agreement, Dr. Morisky sought to engage in the non-dispute resolution process set forth in Paragraphs 17 and 18 of the Settlement Agreement.

81.    Pursuant to these provisions, the Parties agreed that "[i]f the Parties are unable to agree upon any provision or content of the [Settlement] Agreement, . . . the Parties shall identify and appoint an agreed upon neutral mediator with the Seattle office of JDR as an "Appointed Decider" to hear and finally resolve all such disputed issues." (Settlement, ¶ 17).

82.    Defendants Trubow and MMAS Research breached this provision by bringing a lawsuit against Dr. Morisky on May 19, 2021 in King County Washington (Case No. 21-2-06193-8 SEA) seeking to rescind the Settlement rather than pursuing the "Appointed Decider" process set forth in the Settlement.

83.    On July 9, 2021, the Washington Court dismissed Trubow and MMAS Research's case in favor of the non-judicial resolution process set forth in the Settlement.

84.    The Parties agreed to appoint retired Judge Bruce Heller as the JDR neutral.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                17                                Complaint

85.     As set forth in a July 27, 2021, email, Judge Heller correctly understood the "Appointed Decider" role set forth in the Settlement to be that of an "arbitrator;" however, he did not believe he could proceed to arbitrate the matter "absent (1) consent by both parties or (2) a court order requiring arbitration." (A true and correct copy of the July 27, 2021 email from JDR is attached hereto as **Exhibit 8**).

86.     Trubow refused to consent that the role of the "Appointed Decider" as set forth in Paragraph 17 the Settlement was that of an arbitrator. Rather, he stated he would only proceed with non-binding mediation.

87.     Dr. Morisky also was unable to secure an order from the Court requiring arbitration. Rather, the ordered that the Settlement required mediation as a precondition to bringing a legal cause of action alleging breach of the Settlement.

88.     Thereafter, Dr. Morisky reached out to opposing counsel and Judge Heller to schedule mediation. JDR sought dates to conduct mediation via Zoom, given the pandemic and the fact that the parties resided outside of the State of Washington. Trubow refused to commit to mediation unless he could attend in person and then told JDR that he was not available to meet in person for the foreseeable future.

89.     On August 27, 2021, Judge Heller emailed the parties on behalf of JDR and informed the Parties that "JDR has decided to withdraw from providing further services in this matter." (A true and correct copy of the Aug. 27, 2021 email from Judge Heller is attached as **Exhibit 9**).

90.     Dr. Morisky through counsel thereafter repeatedly offered to engage a neutral from a non-judicial resolution provider of Trubow's choosing. Trubow failed to respond or to otherwise agree to proceed with non-judicial resolution. Rather, on or around August 31, 2021, Trubow discharged his counsel. (A true and correct copy of an email chain between counsel concluding on Aug. 31, 2021, confirming Dr. Morisky's efforts to engage in a non-judicial process of Trubow's choosing and of Trubow's rejection of the same is attached hereto as **Exhibit 10**).

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                      18                                      Complaint

91.    Despite Dr. Morisky's best efforts to resolve the breaches of the Settlement through a non-judicial resolution process as set forth in the Settlement, Trubow actions which led to JDR's refusal to serve as such a provider and Trubow's refusal to cooperate in the subsequent selection of such a provider have made such a process impossible.  As such, Dr. Morisky has no recourse but to bring this action to enforce the Settlement Agreement of the Parties.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 101 et seq.)

92.    Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

93.    Plaintiff owns the exclusive rights to Morisky Copyrights, which have significant value backed by decades of research and at authored at considerable expense.

94.    At all relevant times, Plaintiff has been the sole holder of all pertinent exclusive copyrights infringed by Defendants.  The MMAS-4 and MMAS-8 Copyrights are the subject of a valid Certificates of Copyright Registrations, attached hereto as Exhibits 1 and 2

95.    As a derivative of the MMAS-4 and MMAS-8 Copyrights, the Morisky Widget Copyright can only be used with the express permission of Dr. Morisky.

96.    On April 10, 2020, Defendant MMAS Research's License to use the Morisky Copyrights, including the Morisky Widget Copyright, was revoked in accord with the terms of the License Agreement between the Parties.

97.    On July 2, 2020, in connection with the Settlement which was executed on or about December 6, 2020, Defendant MMAS Research was given a limited right to join with Dr. Morisky in granting retroactive licenses to infringers who entered into settlement agreements with Dr. Morisky and MMAS Research.

98.    Thereafter Defendants infringed the Morisky Copyrights by among other actions, representing MMAS Research owned and had the right to license independently the Morisky Widget Copyright; purporting to license others to use the Morisky Copyrights without authorization or approval from Dr. Morisky; copying the Morisky Copyrighted content for use

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                19                                Complaint

1   in Defendant's Global Medication Reconciliation Form ("GMRF") and offering the same for

2   license to others without authorization from Dr. Morisky; and, on information and belief, offering

3   and licensing the Morisky Copyrights to others not in connection with the settlement of an

4   infringement action.

5       99.    In addition, or in the alternative, Defendants by wrongfully offering sublicenses to

6   third-parties to copy and use the Morisky Copyrights have permitted, facilitated and materially

7   contributed to the extensive infringement of Plaintiff's exclusive rights under The Copyright Act

8   by or with others.

9       100.   In doing so, each Defendant has directly, indirectly, contributorily and/or

10  vicariously violated Plaintiff's exclusive rights of at least reproduction, preparation of derivative

11  works, and distribution of the Morisky Copyrights.

12      101.   Each of the actions of the Defendants described herein constitute infringement of

13  Plaintiff's exclusive rights protected under 17 US.C. § 101 et seq.

14      102.   The Morisky Copyrights contains copyright notices advising the user that the

15  Morisky Copyrights are protected by federal copyright laws. Each of the Defendants' actions

16  with respect to copyright infringement and other acts described herein were made with full

17  knowledge of Plaintiffs ownership of the copyrights in the Morisky Scales.

18      103.   The conduct of each Defendant is causing and, unless enjoined and restrained by

19  this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be

20  compensated or measured in money.

21      104.   Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503,

22  Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the

23  Morisky Copyrights and ordering that each Defendant destroy all copies in any format, including

24  digital translations and derivatives based on or utilizing any of the Morisky Copyrights in

25  violation of the Copyright Act.

26      105.   By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is

27  entitled to statutory damages from each Defendant pursuant to 17 USC §504, et seq.

28  Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804    fca-w-1311                         20                         Complaint

of each Defendants' acts of infringement plus any profits of Defendants attributable to the infringements in an amount of at least $1,000,000.00.

106.   The foregoing acts of infringement have been willful or willfully blind, intentional, and in disregard of, and with indifference to, the copyrights of Plaintiff.

107.   As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to his attorneys' fees and costs pursuant to 17 US.C. § 505.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement – 15 U.S.C. § 1125)

108.   Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

109.   As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Morisky Trademarks have acquired a secondary and distinctive meaning among the relevant public who have come to identify the Morisky Trademarks with Plaintiff's products, including without limitation the Morisky Scales and related goods and services.

110.   Subsequent to entering into the Settlement Agreement and in contravention of the obligations and limitations set forth therein, Defendant have provided goods and services that duplicate and appropriate the Morisky Trademarks and are likely to confuse the public into falsely believing that Plaintiff approves, authorizes, or sponsors the goods and services offered by Defendants when Plaintiff does not by among other things using the MMAS and MORISKY Marks in connection with services offered under MMAS Research, LLC, on the morisky.org website and domain name.

111.   By misappropriating and using the likeness of the Morisky Trademarks in connection with the sale and offering for sale of Defendants' goods and services, Defendants are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin, approval and sponsorship of Defendants' goods and services.

112.   Defendants have caused such goods and services to enter into interstate commerce willfully and with full knowledge of the falsity of the designation of their origin and description

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                      21                                      Complaint

1   and representation in an effort to mislead the purchasing public into believing that Defendants'

2   goods and services are authorized by Plaintiff when they are not.

3       113.  These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. §

4   1125.

5       114.  Defendants have obtained gains, profits, and advantages as a result of their

6   unlawful acts.

7       115.  As a direct and proximate result of Defendants' acts, Plaintiff has suffered, and

8   will continue to suffer, monetary damages and irreparable injury to his business, reputation, and

9   goodwill.  Plaintiff is entitled to injunctive relief and the recovery all damages incurred thereby

10  and including his attorney's fees and costs.

11      116.  Defendants have obtained gains, profits, and advantages as a result of their

12  unlawful acts.

13  **THIRD CLAIM FOR RELIEF**

14  (Common Law Trademark Infringement)

15      117.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully

16  set forth and incorporates them herein by reference.

17      118.  By virtue of having used and continuing to use the Morisky Trademarks, Plaintiff

18  have acquired common law rights in each of those Marks.

19      119.  Defendants' use of a mark identical and/or confusingly similar to any of the

20  Morisky Trademarks in violation of the Settlement Agreement infringes Plaintiffs' common law

21  rights in his mark.  This use is likely to cause confusion, mistake, or deception among consumers,

22  who will believe that Defendants' services, products, and/or Internet domain name originates

23  from, or is affiliated with, or endorsed by Plaintiff when, in fact, it is not.

24      120.  As a direct and proximate result of Defendants' infringement of Plaintiff's

25  common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary

26  damages and irreparable injury to his business, reputation, and goodwill.  Plaintiff is entitled to

27  recover all damages incurred thereby and to recover his attorney's fees and costs.

28

WEIDE & MILLER, LTD.
10655 Park Run Drive
Suite 100
Las Vegas,
Nevada 89144
(702) 382-4804

fca-w-1311          22          Complaint

## FOURTH CLAIM FOR RELIEF

(Unfair Business Practices under RCW 19.86.020)

121.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

122.  Subsequent to the termination of the License Agreement and in violation of the Settlement Agreement, Defendants engaged in unfair or deceptive acts or practices in commerce affecting the public interest.  Namely, Defendants have knowingly made false representations as to affiliation, connection and/or association with Plaintiffs by falsely representing ownership in and rights to Plaintiffs copyrighted content, using a mark or marks that are confusingly similar to Plaintiff's Morisky Trademarks and otherwise seeking to deceive potential licensees that Defendants are associated with or authorized by Plaintiff to license Plaintiff's Intellectual Property when they are not.

123.  As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

124.  Pursuant to RCW 19.86.020, Plaintiff is entitled to recover his costs and reasonable attorneys' fees and an "increased damage award" of triple the actual damages caused by Defendants.

## FIFTH CLAIM FOR RELIEF

(Breach of Contract)

125.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

126.  Plaintiff and Defendants Trubow and MMAS Research reached a Settlement Agreement as set forth herein and attached hereto that contained all material and essential terms for the same, including consideration, performance terms and duration, releases and other material provisions.

127.  The Settlement Agreement is expressly binding and enforceable on the Parties.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    23                                    Complaint

128. Plaintiff has performed all its duties under the Settlement Agreement between the Parties.

129. Defendants Trubow and MMAS Research have failed to comply with the terms of the Settlement Agreement by, among other actions or omissions:

    a.  Failing and refusing to acknowledge that Dr. Morisky is the exclusive owner of the Morisky Copyrights, including the Morisky Widget Copyright (Section 1);

    b.  Failing and refusing to assign the Morisky Widget Copyright to Dr. Morisky and all "MMAS IP" as defined in the Settlement Agreement (Section 1);

    c.  Failing and refusing to remove the MMAS Mark from the corporate names of the Defendants comprising MMAS Research (Section 1);

    d.  Falsely representing that the GMRF content does not infringes or qualify as a copyright derivative of the "Morisky IP" or the "MMAS IP" as those terms are defined in the Settlement Agreement, when in fact such GMRF content is infringing of the Morisky Copyrights (Section 1);

    e.  Falsely representing that the third-parties listed on Exhibit 3 to the Settlement Agreement only listed persons who had infringed the Morisky Copyrights and not potential licensees, thereby, impairing Dr. Morisky's ability to secure licenses with such non-infringing persons (Section 3);

    f.  Refusing to honor Dr. Morisky's exclusive right to exercise his option to provide training and certifications for "Claim Settlements" (parties entering into settlement agreements for infringement of the Morisky Copyrights (Section 3);

    g.  Failing and refusing to disclose to Dr. Morisky "all information regarding any Claim Settlement" ever, let alone within 30-days of Execution as required by the Settlement Agreement (Section 5);

    h.  Failing to transfer and assign the morisky.org domain name to Dr. Morisky (Section 6 and 15);

    i.  Failing and refusing to transfer the Morisky Widget software and database to Dr. Morisky (Section 7 and 15);

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

j.   Using of the Morisky IP, MMAS IP, and Morisky Marks for purposes other than Claim Settlements (Section 8);

k.   Failing and refusing to assign to Dr. Morisky the license agreements for all licenses for the Morisky Widget with third parties, including those set forth in Exhibit 4 to the Settlement Agreement (Section 10);

l.   Failing and refusing to forward to Dr. Morisky all communications received regarding Dr. Morisky, the MMAS-4, the MMAS-8, or the Morisky Widget (Section 11);

m.   Failing and refusing to transfer and assign to Dr. Morisky all accounts held by MMAS Research, LLC receiving communications regarding Dr. Morisky, the MMAS-4, the MMAS-8, or the Morisky Widget (Section 11);

n.   Failure and refusal to negotiate in good faith to enter into a long form version of the Settlement Agreement as required by Section 17; and

o.   Refusing to participate in good faith in the selection of an "Appointed Decider" to "finally resolve all . . . disputed issues" to avoid having to seek a judicial resolution of the same as required by Section 17.

130.   As a direct and proximate result of Defendants' breach of the Settlement Agreement, Dr. Morisky has been damaged in an amount to be proven at trial, but not less than $100,000, plus interest, costs and attorney's fees.

131.   Pursuant to Section 18 of the Settlement Agreement, Plaintiff is entitled to recover his costs and reasonable attorneys' fees incurred enforcing the Settlement Agreement.

## SIXTH CLAIM FOR RELIEF

(Breach of Covenant of Good Faith and Fair Dealing)

132.   Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

133.   The Settlement Agreement between Dr. Morisky and Defendants contains and implied covenant of good faith and fair dealing.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                          25                          Complaint

134.  Defendants Trubow and MMAS Research breached this implied covenant by engaging in conduct that was unfaithful to the purpose of the Settlement Agreement between the parties and which deliberately contravened the intent and spirit of the Settlement and which interfered with and denied Dr. Morisky the benefits of the Settlement.

135.  As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Dr. Morisky has been damaged in an amount to be determined at trial.

136.  Dr. Morisky has been required to retain the services of a law firm to prosecute this action and is entitled to recover an award of exemplary or punitive damages in an amount to be proven at trial which is appropriate to punish or set an example of Defendants Trubow and MMAS Research to deter such conduct in the future.

## **SEVENTH CLAIM FOR RELIEF**

(Declaratory Judgment per 28 U.S.C. §2201)

137.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

138.  This is an action for declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. §2201) for purposes of determining the rights of the Parties to the Morisky Widget, and all related property, including without limitation, the Morisky Widget Code and related database, the Morisky Widget Copyright, the morisky.org domain name, the morisky.org website, and the Morisky Widget License Agreements with third party licensees of the Morisky Widget.

139.  There is an actual, substantial, and judiciable controversy among the parties concerning who is the rightful owner of the Morisky Widget and its related code, database, federal copyright, domain name and website, and licensees.

140.  Dr. Morisky requests a declaration that he is the sole and exclusive owner of the Morisky Widget, and all related property, including without limitation, the Morisky Widget Code and related database, the Morisky Widget Copyright, the morisky.org domain name, the

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702)382-4804

fca-w-1311                    26                    Complaint

morisky.org website, and the Morisky Widget License Agreements with third party licensees of the Morisky Widget.

## EIGHTH CLAIM FOR RELIEF

### (Conversion)

141.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

142.  Defendants have wrongfully and intentionally and/or negligently converted property, including but not limited to the following which rightfully belongs to Dr. Morisky:

a.  The Morisky Widget Code,

b.  The Morisky Widget Copyright,

c.  The morisky.org domain name,

d.  The morisky.org website, and

e.  The Morisky Widget License Agreements with third-party licensees.

143.  Defendants have wrongfully exerted dominion over Dr. Morisky's property in derogation and defiance of Dr. Morisky's rights.

144.  Because of Defendants' conversion, Dr. Morisky has been damaged in an amount in excess of $1,000,000 to be determined at trial.

145.  Dr. Morisky has been required to retain the services of a law firm to prosecute this action and is entitled to its reasonable costs and attorneys' fees for the necessity of bringing this claim.

146.  Based on the intentional, willful and malicious nature of Defendants' conduct, Dr. Morisky is entitled to recover an award of exemplary or punitive damages in an amount to be proven at trial which is appropriate to punish or set an example of Defendants and to deter such conduct in the future.

## DEMAND FOR TRIAL BY JURY

Plaintiff Dr. Morisky hereby demands a trial by jury on all issues so triable.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311

Complaint

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.     That Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from engaging in any use of the Morisky Intellectual Property not related to or in connection with a Claim Settlement, including:

1.     Directly, indirectly, contributorily or vicariously infringing the Morisky Copyrights or any derivatives of the same, including, but not limited to, copying, use, or the licensure of any of the Morisky Scales or any derivatives of the Morisky Scales that are identical or substantially similar to the Morisky Scales, including without limitation, the "Morisky Widget" derivative of the MMAS-8 Copyright;

2.     Advertising, selling and/or offering for sale and good or service involving the provision of any of the Morisky Scales, the Morisky Widget, the scoring of the same, training regarding the same, or any services regarding the Morisky Protocol;

3.     Directly or indirectly infringing the Morisky Trademarks in any manner, including, but not limited to, distribution, advertising, selling and/or offering for sale any good or service which infringes the Morisky Trademarks, including any mark that is confusingly similar to any of the Morisky Trademarks;

4.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive the purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the goods or services offered or sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff or are in some way affiliated with or are the successor in interest to Plaintiff;

5.     Affixing, applying, annexing or using in connection with the distribution, advertising, sale and/or offer for sale or any other use of any good or service under a false description or representation, including words or marks tending to falsely claim Plaintiff

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702)382-4804

fca-w-1311                                      28                                      Complaint

1  authorized or approved the use, license or sublicense of, or transferred to Defendants or either of

2  them any interest in, the Morisky Copyrights and/or the Morisky Trademarks.

3        6.      Otherwise competing unfairly with Plaintiff in any manner;

4  B.      That the Morisky Widget Copyright be assigned to Dr. Morisky;

5  C.      That the MMAS IP be assigned to Dr. Morisky;

6  D.      That the Morisky Widget License Agreements be assigned to Dr. Morisky;

7  E.      That Defendants be required to pay actual damages increased to the maximum extent

8  permitted by law and/or other applicable damage at Plaintiff's election;

9  F.      That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff

10  and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that

11  those profits be increased as provided by law;

12  G.      That Dr. Morisky be declared be the sole and exclusive owner of the Morisky Widget

13  Code, the Morisky Widget Copyright, the morisky.org domain name and website, and the

14  Morisky Widget License Agreements with all third-party licensees of the Morisky Widget;

15  H.      That a judgment against Defendants jointly and severally be entered in favor of Dr.

16  Morisky in an amount in excess of $100,000 as proven at trial on all claims for damages as set

17  forth in this Complaint;

18  I.      An order awarding Dr. Morisky compensatory and consequential damages for all claims

19  as set forth in this Complaint;

20  J.      An order awarding Dr. Morisky exemplary and punitive damages;

21  K.      An order pursuant to the terms of the Settlement Agreement, awarding Dr. Morisky his

22  costs of suit, attorney's fees, and interest on the same;

23  L.      An order pursuant to the Copyright Act awarding Dr. Morisky his costs, inclusive of his

24  attorney's fees, incurred in prevailing on his copyright infringement claims;

25  M.      An order pursuant to the Lanham Act awarding Dr. Morisky his costs and attorney's fees

26  incurred in prevailing on his trademark infringement claims;

27  N.      An order under RCW 19.86.020, awarding Dr. Morisky his costs, attorney's fees, and

28  damages together with and an "increased damage award" of triple the actual damages caused by

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                  29                Complaint

1   Defendants in connection with Dr. Morisky's claim for Unfair Business Practices;

2   O.      That Dr. Morisky be awarded any and all other and further relief as the Court may deem

3   just and proper under the circumstances.

4          DATED September 21, 2021.

5

6                                                    Respectfully Submitted,

7                                                    /s/ F. Christopher Austin
                                                     F. Christopher Austin
                                                     **WEIDE & MILLER, LTD.**
8                                                    10655 Park Run Drive, Suite 100
                                                     Las Vegas, NV 89144
9

10                                                   William J. Crowley
                                                     **CROWLEY LAW OFFICES, P.S.**
11                                                   600 University Street Suite 1901
                                                     Seattle, WA 98101

12                                                   Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-1311                                    30                                    Complaint