UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>    Plaintiff,<br><br>v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>    Defendant. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER ON MOTION TO STRIKE, MOTION FOR EXTENSION, AND MOTIONS TO DISMISS |

On September 24, 2021, Plaintiff Donald Morisky initiated this copyright infringement action. Dkt. 1. Pending before the Court are Defendants MMAS Research LLC, Dustin Machi, Steven Trubow, and Rodney Watkin's Motion to Dismiss (Dkt. 19), Defendants Dustin Machi and Rodney Watkin's second Motion to Dismiss (Dkt. 20), Plaintiff's Motion for Extension of Time (Dkt. 25), and Defendants MMAS Research LLC, Dustin Machi, Steven Trubow, and Rodney Watkin's Moton to Strike Second Amended Complaint (Dkt. 29).[1]

---

[1] Plaintiff also filed a Motion for Voluntary Dismissal without Prejudice Pursuant to FRCP 41. Dkt. 32. This Motion will be addressed in a separately filed Order.

After reviewing the relevant record, the Motion to Strike (Dkt. 29) is denied. Plaintiff's "Second Amended Complaint" is deemed the operative complaint in this case and Defendants' Motions to Dismiss (Dkt. 19, 20) are denied without prejudice with the right to refile. Plaintiff's Motion for Extension (Dkt. 25) is denied as moot.

### I. Motion to Strike Amended Complaint

Plaintiff filed the Complaint on September 24, 2021. Dkt. 1. On September 27, 2021, the following business day, Plaintiff filed an "Amended Complaint," changing only the case number located in the caption of the complaint. Dkt. 3; *see also* Dkt. 34. Defendants filed Motions to Dismiss on October 29, 2021. Dkts. 19, 20. On November 19, 2021, twenty-one days after the Motions to Dismiss were filed, Plaintiff filed the "Second Amended Complaint." Dkt. 21. Plaintiff did not seek leave of Court to file either the Amended Complaint or Second Amended Complaint.

Defendants now move to strike the Second Amended Complaint. Dkt. 29. Defendants assert the Second Amended Complaint was filed in violation of Federal Rule of Civil Procedure 15(a) and Local Civil Rule 15. *Id*. Defendants also contend the amendment is futile and designed merely to delay these proceedings. *Id*. Plaintiff filed a Response to the Motion to Strike asserting the Amended Complaint only corrected the case number and, therefore, should not constitute an amended pleading under Rule 15. Dkt. 34. In the alternative, Plaintiff seeks leave to file the Second Amended Complaint. *Id*.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) **Amending as a Matter of Course**
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

  **(2)** ***Other Amendments***
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The issue before the Court is whether the Amended Complaint was a true amended pleading under Rule 15(a)(1) or whether Plaintiff was allowed to amend as a matter of course when he filed the Second Amended Complaint. The Court is persuaded by Plaintiff's argument that merely changing the case number in the caption to reflect the correct case number in this case does not constitute an amended pleading. The case number is provided by the Court and does not have any impact on the allegations contained within a complaint. While the language of Rule 15 does not distinguish between minor corrections and substantive changes, the Court finds, in this instance, a correction to the case number in the caption of the pleading is more properly considered a praecipe.[2] Therefore, the Amended Complaint does not excluded Plaintiff from filing the Second Amended Complaint under Rule 15(a)(1) as a matter of course.

Plaintiff filed the Second Amended Complaint twenty-one days after Defendants filed their Motions to Dismiss. As Plaintiff's opportunity to amend his complaint once as a matter of course remained when he filed the Second Amended Complaint, the Second Amended

---

[2] Under Local Civil Rule 7(m), "Parties are expected to file accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record.  In the event that an error is discovered, a party should file, as promptly as possible, a praecipe requesting that the court consider a corrected document, which must be filed with the praecipe."

Complaint was properly filed pursuant to Rule 15(a)(1) and the Court cannot strike the Second Amended Complaint as improperly filed or based on futility.[3]

Accordingly, Defendants' Motion to Strike (Dkt. 29) is denied. Plaintiff's Second Amended Complaint is deemed the operative complaint in this case.

## II.     Motions to Dismiss

Defendants filed two Motions to Dismiss requesting the claims asserted in the Amended Complaint be dismissed. Dkt. 19, 20. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motions to Dismiss attack the Amended Complaint, which is "non-existent." Therefore, the Motions to Dismiss are moot.

Accordingly, the Motions to Dismiss (Dkt. 19, 20) are denied without prejudice as moot. Defendants have the right to file a motion to dismiss as to the Second Amended Complaint. *See e.g. Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for

---

[3] Defendants assert leave to amend should not be given because the Second Amended Complaint is futile. Dkt. 29, 35. If the Court had found Plaintiff could not amend as a matter of course, leave to amend would still be given. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on this ground is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Here, the Court finds that justice would require granting leave to amend had the Second Amended Complaint not been filed as a matter of course under Rule 15(a)(1). *See Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010) ("This court normally will not rule on the futility of an amendment at the motion to amend stage of the litigation unless the proposed amendment is clearly and unambiguously futile. In general, the futility of an amendment is better tested in a motion to dismiss for failure to state a claim or a summary judgment motion."). While the Court cautions against liberal interpretation of the procedural rules, striking the Second Amended Complaint and requiring Plaintiff to file a motion to amend would merely delay the case.

summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").[4]

### III. Motion for Extension

Plaintiff moved for an extension of time to respond to Defendant Machi and Watkin's Motion to Dismiss. Dkt. 25. As this Motion to Dismiss has been denied without prejudice, the Motion for Extension (Dkt. 25) is denied as moot. Defendants' request for an award of costs and attorneys' fees for responding to the Motion for Extension is denied.

### IV. Conclusion

For the above stated reasons, the Motion to Strike (Dkt. 29) is denied. Plaintiff's "Second Amended Complaint" is deemed the operative complaint in this case. As such, Defendants' Motions to Dismiss (Dkt. 19, 20) are denied without prejudice with the right to refile. Further, Plaintiff's Motion for Extension (Dkt. 25) is denied as moot and Defendants' request for an award of costs and attorneys' fees for responding to the Motion for Extension is denied.

Defendants shall file an answer or other responsive pleading to the "Second Amended Complaint" on or before January 24, 2022.

Dated this 10th day of January, 2022.

_David W. Christel_
David W. Christel
United States Magistrate Judge

---

[4] As the Court is denying the Motions to Dismiss without prejudice and with leave to re-file, the Court finds this matter is non-dispositive. Therefore, in the interest of judicial efficiency, the Court enters an order denying the Motions to Dismiss.