The Honorable David W. Christel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, | NO. 2:21-CV-01301-DWC |
| Plaintiff, | DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS |
| v. | |
| MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R,L. an Italian company, and MMAS Research France, SAS a French company, | |
| Defendant. | |

COME NOW Defendants MMAS Research, LLC and STEVEN TRUBOW ("Defendants") who respond to Plaintiff Donald E. Morisky ("Plaintiff") Second Amended Complaint by admitting, denying, and alleging the following:

**DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

I.  NATURE OF ACTION

The allegations in these Paragraphs are introductory in nature, lacking factual allegations and therefore Counterclaim Defendant denies the same to the extent that any response is

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 1
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

necessary.

## II. JURISDICTION

1. The Defendants deny that there is jurisdiction pursuant to any of 17 U.S.C. § 101, *et. seq.*, 15 U.S.C. 1121, and 28 U.S.C. §§ 1331 and 1338(a) as the allegations to which the Defendants respond herein are not based upon violations of either of trademark or copyright law and therefor present no federal question. As to the remaining allegations, there is no pendant jurisdiction available to provide this Court with jurisdiction over state court cases. To the extent that the paragraph contains any further allegations, the Defendants assert these to relate to legal issues and are not factual in nature, requiring no specific response and, thus, are denied.

2. Defendants admit that if jurisdiction over the issues exists, that personal jurisdiction over the Defendants is appropriate in this Court.

3. Defendants admit that if jurisdiction over the issues exists, that this Court is the appropriate venue for the allegations here pleaded.

## III. PARTIES

2. [Sic] Defendants lack the necessary knowledge to admit the allegations of paragraph 2 as numbered. To the extent herein alleged, Defendants specifically deny that the copyright to the Morisky Research Widget does not belong to Plaintiff and is not appropriately grouped with the MMAS-4 and MMAS-8 Copyrights. The existence of the three copyrights is admitted however the validity the MMAS-4 and MMAS-8 is disputed as these are based upon the work of Green and Levine such that Morisky has no claim of authorship relative to the two works.

3. Defendants deny Plaintiff's ownership of any of the listed works and, further, denies the remaining allegations of Paragraph 3.

4. Defendants admit that Steven Trubow is an individual residing in California and s a Governor with fiduciary management over Defendant MMAS Research LLC, a Washington State limited liability company, which has operated out of Washington. Defendants deny the remaining allegations of Paragraph 4.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 2
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

5.  Defendants admit that Trubow is the sole owner and executive authorized to direct all aspects of MMAS Research Italy S.R.L. and MMAS Research France, SAS. Defendants deny the remaining allegations of Paragraph 5.

6.  Defendants are without specific knowledge to admit or deny the allegations of this Paragraph 6 and, therefore, deny the allegations of Paragraph 6.

7.  Defendants admit that Rodney Watkins is an individual residing in Virginia and that Watkins is a Governor of Defendant MMAS. Defendants deny the remaining allegations of paragraph 7.

8.  Defendants the author of the computer software program known as the "Morisky Widget Code." Defendants deny the remaining allegations of Paragraph 8.

9.  Defendants deny the allegations of Paragraph 9.

## IV.  ALLEGATIONS COMMON TO ALL CLAIMS

10.  Defendants deny the allegations of Paragraph 10.

A.  Dr. Morisky's Professional and Educational Background

11.  Defendants have no specific knowledge of the allegations of Paragraph 11 and, thus, deny them.

12.  Defendants have no specific knowledge of the allegations of Paragraph 12 and, thus, deny them.

13.  Defendants have no specific knowledge of the allegations of Paragraph 13 and, thus, deny them.

14.  Defendants have no specific knowledge of the allegations of Paragraph 14 and, thus, deny them.

15.  Defendants have no specific knowledge of the allegations of Paragraph 15 and, thus, deny them.

16.  Defendants aver that Dr. Morisky has been the recipient of two major NIH grants in connection with his work making any such resulting works "works for hire" under

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 3
(2:21-CV-01301-DWC)

7593392.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

the Copyright Act. Defendants have no knowledge of the remaining allegations and, therefore, deny them.

B.       The Creation of the "Morisky Medication Adherence Scale"

17. Defendants have no specific knowledge of the allegations of Paragraph 17 and, thus, deny them.

18. Defendants have no specific knowledge of the allegations of Paragraph 18 and, thus, deny them.

19. Defendants have no specific knowledge of the allegations of Paragraph 19 and, thus, deny them.

20. Defendants have no specific knowledge of the allegations of Paragraph 20 and, thus, deny them.

21. Defendants have no specific knowledge of the allegations of Paragraph 21 and, thus, deny them.

22. Defendants aver that the MMAS-4 is the product of the works of Drs. Levine and Green. Defendant denies all allegations of Paragraph 22.

23. Defendants have no specific knowledge of the allegations of Paragraph 23 and, thus, deny them.

24. Defendants aver that Drs. Green and Levine took years of study and clinical trials to perfect a survey to track patient compliance with prescribed therapeutic regimens. Defendants have no specific knowledge of the remaining allegations of Paragraph 24 and, thus, deny them.

25. Defendants have no specific knowledge of the allegations of Paragraph 25 and, thus, deny them.

26. Defendants aver that Drs. Green and Levine took years of study and clinical trials to perfect a survey and such scoring protocols as are required to accurately quantify likely medication adherence and identify appropriate therapeutic regimens. Defendants have no specific knowledge of the remaining allegations of Paragraph 26 and, thus, deny them.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 4
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

27. Defendants admit that since 1983, Dr. Morisky, in collaboration with over 500 researchers throughout the world such that the works are not his own. Defendants have no specific knowledge of the remaining allegations of Paragraph 27 and, thus, deny them.

28. Defendants deny that it was Dr. Morisky who translated or hired persons to translate any works. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 28.

29. Defendants have no specific knowledge of the allegations of Paragraph 29 and, thus, deny them.

C.   Dr. Morisky's Copyrighted Works

30. The allegations of Paragraph 30 are legal conclusions and require no response.

31. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 31.

32. The allegations of Paragraph 32 are legal conclusions and require no response.

33. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 33.

34. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 34.

35. The allegations of Paragraph 35 are legal conclusions and require no response.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 5
(2:21-CV-01301-DWC)

7593392.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

D.    Dr. Morisky's Trademarks

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the factual allegations of Paragraph 39; the remaining allegations state legal conclusions and are, therefore, denied.

40. The allegations of Paragraph 40 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

41. The allegations of Paragraph 41 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

42. Defendants aver that MMAS Research, LLC used each of the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4MMAS and MORISKY WIDGET trademarks with Plaintiff's full permission. Defendants deny the remainder of the allegations in Paragraph 42 therein.

43. Defendants aver that MMAS Research, LLC used each of the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4MMAS and MORISKY WIDGET trademarks with Plaintiff's full permission. Defendants deny the remainder of the allegations in Paragraph 43 therein.

44. The allegations of Paragraph 44 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

E.    Dr. Morisky's License Agreement with MMAS Research, LLC

45. Defendants have no specific knowledge of the allegations of Paragraph 45 and, thus, deny them.

46. Defendants have no specific knowledge of the allegations of Paragraph 46 and, thus, deny them.

47. Defendants have no specific knowledge of the allegations of Paragraph 47 and, thus, deny them.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 6
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

48. The allegations of Paragraph 48 are too vague to respond to and therefore Defendants deny the same.

49. Defendants admit the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants assert that Exhibit 3 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 52, the Defendants deny them.

53. Defendants assert that Exhibits 3 and 4 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 53, the Defendants deny them.

54. The allegations of Paragraph 54 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

55. Defendants admit that Mr. Trubow had a Washington company known as Olympic Labs LLC that was originally the licensed company however Defendants deny the remaining allegations in paragraph 55.

56. Defendants admit the allegations of Paragraph 56.

57. The allegations of Paragraph 57 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

58. Defendants admit MMAS Research thereafter hired Machi to write the Morisky Widget Code with the specific knowledge and permission by Plaintiff. Defendants deny the remaining allegations of Paragraph 58.

59. Defendants admit the formation of MMAS Research Italy S.R.L. and MMAS Research France, SAS and deny the remaining allegations of Paragraph 59.

60. Defendants admits the allegations of Paragraph 60.

F.     Revocation of License Agreement

61. Defendants deny the allegations of Paragraph 61.

62. The allegations of Paragraph 62 are too vague to respond to and therefore Defendants deny the same.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 7
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

63. Defendants assert that Exhibit 3 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 63, the Defendants deny them.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65 to the extent that the allegations are factual or are legal conclusions.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants assert that Exhibit 5 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 67, the Defendants deny them.

68. Defendants deny the allegations of Paragraph 68.

69. The allegations of Paragraph 69 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

G.    Defendants' Infringement of Morisky Intellectual Property

70. Defendants aver that any use of the rights described as Morisky Intellectual Property alleged in the Complaint, to the extent that any such rights belong to Plaintiff, that use was licensed. Defendants deny all of the remaining allegations to the extent the same are factual in nature. Defendants deny all legal conclusions.

71. Defendants admit that Plaintiff did on May 28, 2020, file suit in the U.S. Federal District Court for the District of Nevada against Defendants Trubow and MMAS Research (the "2020 Federal Suit"), a suit which Plaintiff has since dismissed with prejudice. Defendants deny the remaining allegations of Paragraph 71.

72. Defendants admit the allegations of Paragraph 72.

73. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 73.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 8
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

H.   Defendants' Breach of the 2020 Settlement Agreement and Recommencement of Infringement of Morisky Intellectual Property

74. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 74.

75. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 75.

76. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 76.

77. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

I.   Defendants' Breach of the Settlement Obligation to Engage a JDR Neutral as an "Appointed Decider" to Finally Resolve any Settlement Dispute.

80. Defendants deny the allegations of set forth in Paragraph 80 except to the extent that the existence and wording of Exhibit 6 which speaks for itself.

81. Defendants deny the allegations of set forth in Paragraph 81 except to the extent that the existence and wording of Exhibit 6 which speaks for itself.

82. Defendants admit the bringing of King County Washington suit to enforce the CR2A, Case No. 21-2-06193-8 SEA on May 19, 2021. Defendants deny the remaining allegations of Paragraph 82.

83. Defendants aver that the King County Court interpreted the CR2A determining that mediation must be had, however, that the term "Appointed Decider" did not require the parties to submit to arbitration rather than mediation. Further, Defendants admit

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS - 9 (2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

that the case was dismissed. Defendants deny the remaining allegations of Paragraph 83.

84. Defendants admit the allegations of Paragraph 84.

85. Defendants assert that Exhibit 8 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 85, the Defendants deny them.

86. To the extent that "nonbinding mediation" is not distinct from "mediation," Defendants assert that Exhibit 8 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 86, the Defendants deny them.

87. The order from the King County Court in response to the motion to compel arbitration contains the Court's findings, conclusions, and order and Defendants deny all allegations inconsistent with that Order which binds the parties still.

88. Defendants admit that Plaintiff selected dates where Trubow was not available and further placed conditions to require arbitration and deny the remaining allegations of Paragraph 88.

89. Defendants assert that Exhibit 9 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 89, the Defendants deny them.

90. Defendants aver that Plaintiff offered participation in alternative dispute resolution that with its conditions would be the equivalent of arbitration in spite of the Order by the King County court construing the terms of Paragraph 17 of the CR2A as not requiring arbitration. Defendants deny the remaining allegations in Paragraph 90 .

91. Defendants deny the allegations of Paragraph 91.

K.     [Sic] Defendants' New Infringement

92. Defendants deny that Trubow uploaded the video URL: <https://www.youtube.com/watch?v=Zo0Jp26Eu2w> (last accessed November 16, 2021). Defendants admit the existence of a video posted at that position on the Internet and allege that the video speaks for itself. The remaining allegations of Paragraph 92 are denied.

93. Defendants deny the allegations of Paragraph 93.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 10
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

94. Defendants admit the allegations of Paragraph 94 and specifically aver that the copyright to the Morisky Widget is owned by Defendant MMAS Research, LLC.

95. Defendants deny the allegations of Paragraph 95.

## V.  FIRST CLAIM FOR RELIEF

96. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

97. The allegations of Paragraph 97 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. The Morisky Copyrights contains copyright notices advising the user that the

108. Defendants aver that Defendant MMAS Research owns the copyright to the Morisky Widget and denies the remaining allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

## VI.  SECOND CLAIM FOR RELIEF

113. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 11
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

## VII.  THIRD CLAIM FOR RELIEF

122. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

123. The allegations of Paragraph 123 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

124. Defendants deny the allegations of Paragraph 124.

125. Defendants deny the allegations of Paragraph 125.

## VIII.  FOURTH CLAIM FOR RELIEF

126. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants deny the allegations of Paragraph 129.

## IX.  FIFTH CLAIM FOR RELIEF

130. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

131. Defendants admit the allegations of Paragraph 131.

132. Defendants admit the allegations of Paragraph 132.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 12
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

133. Defendants deny the allegations of Paragraph 133.

134. Defendants deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136. Defendants deny the allegations of Paragraph 136 except to the extent that Section 18 of the Settlement Agreement speaks for itself.

## X.  SIXTH CLAIM FOR RELIEF

137. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

138. Defendants deny the allegations of Paragraph 138.

139. Defendants deny the allegations of Paragraph 139.

140. Defendants deny the allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141.

## XI.  SEVENTH CLAIM FOR RELIEF

142. Defendants assert the allegations are a legal conclusion and deny the allegations of Paragraph 142.

143. Defendants admit the allegations of Paragraph 143.

144. Defendants deny the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145.

## XII.  EIGHTH CLAIM FOR RELIEF

146. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

147. Defendants admit the allegations of Paragraph 147.

148. Defendants deny the allegations of Paragraph 148.

149. Defendants deny the allegations of Paragraph 149.

150. Defendants deny the allegations of Paragraph 150.

151. Defendants deny the allegations of Paragraph 151.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 13
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### XIII.  PLAINTIFF'S REQUEST FOR RELIEF

Defendant denies Plaintiff's prayer for relief in whole, including subparts.

### XIV.  AFFIRMATIVE DEFENSES

152.    Defendants wish, at this time, to plead affirmative defenses. Discovery has not been completed and, should any of the below be found to not be supported by the facts, answering Defendants will consider withdrawing these defenses at the written request of Plaintiffs.

153.    The Second Amended Complaint fails to state a claim for relief, especially within the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

154.    The allegations contained herein were dismissed with prejudice in the federal District Court of Nevada as case number 2:20-cv-00964, The case must be dismissed in accord with *Durney v. Wavecrest Labs., LLC*, 441 F. Supp. 2d 1055 (N.D. Cal. 2005).

155.    The Plaintiff has "Unclean Hands." Among other acts, Plaintiff has claimed authorship in the MMAS-4 and MMAS-8 which are properly the property of at least Drs. Green and Levine.

156.    Plaintiff has failed to establish ownership or validity of MMAS-4 and MMAS-8 in that the registration application for each of the copyrights wrongly lists the Plaintiff as author, lists an incorrect date of first publication, and asserts no attribution. Still further, despite the license granted to Defendant MMAS Research, Plaintiff refuses to acknowledge it.

157.    Plaintiff is not the author of MMAS-4 and MMAS-8.

158.    Failure to Establish Originality in light of the earlier works of Drs. Green and Levine.

159.    The asserted copyrights and trademarks are subject license or assignment granted to Defendant MMAS Research.

160.    While the Plaintiff asserts sole ownership of the trademarks and copyrights, they are, in fact, jointly owned by the Plaintiff and Defendant MMAS Research.

161.    The statute of limitations applies to the infringements asserted herein. Any civil action brought under the Copyright Act . 17 U.S.C. § 507(b), including any action for copyright

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 14
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

infringement, is subject to a three-year limitation period. The three-year statute of limitations applies to any civil action brought under the Copyright Act, not just to infringement actions

162.     All of the copyrights asserted herein where suitably transferred with the agreement of the Plaintiff to the Defendant MMAS Research as is codified at Section 109(a) of the Copyright Act and is known as the first sale doctrine. The defense prohibits copyright owners from overreach into the downstream use or transfer of a lawfully acquired copy of a copyrighted work.

163.     Decisions by the King County Superior Court, as between the parties in Case No. 21-2-06193-8 SEA and is applicable to all of the causes of actions pleaded herein including copyright litigation. It is appropriate for this Court to apply the prior orders as between the parties and, thereby to prevent the Plaintiff from relitigating any issue that was actually and necessarily determined as to that Plaintiff by an earlier decision of the Court as being a court of competent jurisdiction, even though the claims in the two actions may be different.

164.     Plaintiff has breached the terms of the CR2A by requiring arbitration as the mediation set forth in Paragraph 17 thereof and requiring the parties to engage a JDR Neutral as an "Appointed Decider" to Finally Resolve any Settlement Dispute. The King County Court having resolved this issue to the exclusion of involuntary arbitration.

165.     Any infringement of the copyrights or trademarks falls within the doctrine of nominative fair use. Nominative use is when another's trademark is used for the purpose of the mark owner's product, not the user's own product.

166.     Plaintiff's claims are barred by at least the CR2A contract between the parties.

167.     Plaintiff's claims are barred by the economic loss rule.

168.     Plaintiff has contractually waived some or all of their claims. In the alternative, Plaintiff is equitably estopped from asserting some or all of their claims.

169.     Plaintiff has failed to mitigate their damages, if any.

170.     Plaintiff's alleged damages are the result of Plaintiff's own fault or negligence.

171.     Plaintiff's claims are barred because of Plaintiff's loss and/or spoliation of evidence.

172.     Plaintiff's claims fail due to the Independent Duty Doctrine.

173.     To the extent Plaintiff proves his alleged damages, such damages were caused by Plaintiff's own fault, and/or that of third parties under Plaintiff's control. Accordingly, pursuant

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 15
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

to RCW 4.22 et seq., those parties are liable for their percentage share of Plaintiff's alleged damages and/or are liable to Defendant in the event that Counterclaim Defendant pays more than its proportional share of common liability. Because discovery has not yet begun, Defendant is unable to identify those potentially at-fault parties herein.

174.   Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

175.   Plaintiff does not have cognizable damages; accordingly, dismissal of his counterclaims is required. *DC Farms, LLC v. Conagra Food Lamb Weston, Inc*., 179 Wn. App. 205, 227, 317 P.3d 543 (2014).

176.   Defendant reserves the right to amend this Answer to the Complaint to assert additional defenses (affirmative or otherwise) or to assert Claims, Cross-Claims, Counterclaims, and/or Third Party Claims as may become apparent or available during the course of litigation.

177.   Should any such Defendant(s) be joined, Answering Defendants adopt and Answer to Complaint for Damages and Counterclaim for Damages and Counterclaim for Damages incorporates the affirmative defenses of the other Defendant(s) in this action.

## XV.  PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request relief as follows:

1.   Dismissal of Plaintiff's Complaint with prejudice;

2.   An award of Defendants' attorneys' fees and statutory and actual damages as dictated in *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994);

3.   An award of attorneys' fees and costs to the extent allowed by law;

4.   For a trial by a jury of twelve for all claims; and

5.   For such further and other relief as this Court deems just and equitable.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 16
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

1

## COUNTERCLAIMS

2

    1.       Counterclaimants Steve Trubow ("Trubow") and MMAS Research, LLC ("MMAS

3

Research") for Declaratory Judgment, Breach of Contract, Tortious Interference with a Business

4

Expectancy, and Abuse of Process against Counterclaim Defendant, Dr. Donald Morisky

5

("Morisky").

6

## I.  THE PARTIES

7

    2.       Counterclaimant Trubow is an individual and resident of California.

8

Counterclaimant MMAS Research is a Washington limited liability company of which Trubow is

9

a governor with its principal place of business in California.

10

    3.       Counterclaim Defendant Morisky is one of the marital community consisting of

11

Donald and Susan Morisky. Morisky asserts himself as the author of two scales for measuring

12

adherence to prescribed therapies known as the MMAS-4 and the MMAS-8 based upon each of the

13

works of each of L.W. Green and D. M. Levine and published, in 1986.

14

## II.  JURISDICTION AND VENUE

15

    4.       This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C.

16

§§ 101, et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a). This Court has supplemental

17

or pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) in that those

18

claims arise out of a common nucleus of operative facts as the federal claims, and the Court's

19

exercise of jurisdiction over the state law claims will promote judicial economy, convenience, and

fairness to the parties.

20

    5.       This Court has personal jurisdiction over Counterclaim Defendant because he has

21

subjected himself to this jurisdiction and has commenced legal actions against Counterclaimants in

22

this District

23

    6.       Venue is proper in the United States District Court for the Western District of

24

Washington under 28 U.S.C. § 1391(b) and (c), and because Counterclaim Defendant has elected

25

to lodge the Complaint in this District and venue is proper in that a substantial part of the acts or

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 17
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

omissions giving rise to the claims asserted herein occurred and/or had effects in this district and venue.

### III. BACKGROUND

7.       Morisky is a professor emeritus at the University of California, Los Angeles Fielding School of Public Health. Morisky claims authorship of the "Morisky Medication Adherence Scale" (MMAS)—an assessment tool used by clinicians to measure medication non-adherence in a variety of patient populations.

8.       The MMAS, to the extent it differs at all is based upon the Green Levine Scale, by Lawrence W. Green, Dr. P.H., David M. Levine, M.D. Sc.D., composed and promulgated as a six-question scale used to give a standardized self-administered inventory to evaluate compliance with prescribed medicinal regimens, published several times including, for example, Morisky D.E., Green L.W., Levine D.M., *Concurrent And Predictive Validity Of A Self-Reported Measure Of Medication Adherence*. Med Care. 1986; 24: 67-74.

9.       The MMAS is a four-question survey. Morisky, to create the MMAS-4, had done little more than to edit the Green-Levine six-question inventory by omitting the final two questions which relate to doctor's advice rather than to actual compliance.

10.       A second scale, this one reclaiming the two questions and adding two more to make an eight question survey. To differentiate these two, they will be referred to respectively as MMAS-4, MMAS-8. Each of these was formulated as Morisky was an employee of UCLA and the works are "works for hire" in that his employment was as an employed researcher whose job it was to research and publish papers relating to adherence to prescribed regimens.

11.       The MMAS-8 is based upon the nine question version earlier published in an article in a Swedish HIV study delivered at the 2001 American Public Health Association Meetings. Thus, Morisky has, since, admitted that the MMAS-8 was originally published in 2001.

12.       Each of the MMAS-4 and MMAS-8 are works that are derivative rather than an original work is one of two important issues as to the validity of the copyrights in question.

13.       Morisky obtained copyright registrations for the MMAS-4 and the MMAS-8 but in applying neither acknowledged the authorship as residing with UCLA as an employee or the

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 18
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

derivation from the earlier scales. Plaintiff also alleges Trademark rights in connection with these scales in that his name is attached to the names of the scales though no trademark has ever been registered as a federal trademark.

14.    In 2011, Morisky founded MMAS Research, LLC as a California limited liability company, and began licensing his products, providing training to ensure proper application of the MMAS, and confirming the accuracy of scoring and the propriety of diagnostic results and intervention protocols.

15.    In the fall of 2016, Donald Morisky dissolved MMAS Research LLC of California. In December 2016, Don Morisky and Trubow formed MMAS Research as a Washington limited liability company. The profits of MMAS Research were to be split on a 50/50 basis. The purpose of MMAS Research was to license use of the MMAS-4 and the MMAS-8 to researchers studying the effects of prescribed regimens and the studied subjects' adherence to the regimen to determine appropriateness of inclusion of the adherent's data based upon actual adherence to the regimen.

16.    Trubow, relying upon his prior software experience formed a software tool to test adherence which is now referred to as "the Morisky Widget"—a computer program that "automatically" generates a diagnostic and intervention protocol. In addition to negotiation of retroactive licensing, MMAS Research's business encompassed traveling to the location of licensees to conduct face to face training and certification seminars and hands on practicums. MMAS Research's training seminars are mostly conducted by Trubow's assistant and Trubow, himself, both domestically in the United States, and internationally, mostly in China and the European Union. Travel arrangements and communications prior to face to face are almost exclusively completed by phone, email or the Internet.

17.    By January 2019 relations between the parties had broken down. On June 25, 2019, Morisky filed with the Washington Secretary of State the "Amended Annual Report" reporting that he no longer was a member or governor of MMAS Research. Six months earlier, (on or about January 22, 2019), the Morisky family (Donald Morisky, Susan Morisky, and their two sons, Phillip Morisky and Marty Morisky), formed a limited liability company in Nevada called the Morisky Medication Adherence Research, LLC ("MMAR"). Specifically, Morisky sent emails to clients of the then-jointly owned MMAS Research that MMAS Research no longer had rights to issue

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 19
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

licenses to the Morisky Widget or any Morisky intellectual property." In competing with MMAS Research, Morisky published numerous statements both by direct emails and by public postings on the Internet asserting that MMAS Research was unable to offer licenses to the MMAS-4 and MMAS-8.

18.     On July 27, 2019 Trubow filed a Complaint against Plaintiff in King County Superior Court alleging breach of fiduciary duty and tortious interference. Morisky counterclaimed, asserting copyright and trademark infringement, among other claims.

19.     On March 10, 2020 Morisky asserted to Trubow and to MMAS Research of their alleged breach of the 2014 licensing agreement, stating "the License [sic] Agreement will terminate on Friday, April 10, 2020" if Defendants fail to cure their breaches by: (1) Providing a full financial accounting of MMAS Research from 2017 to the present; (2) Paying Plaintiff all sums due and not paid under the License [sic] Agreement; and (3) Removing any claims of ownership to the MMAS-8 and all Morisky IP.

20.     On May 28, 2020, Morisky filed a Complaint against Defendants in the United States District Court of Nevada alleging Copyright Infringement, Trademark Infringement, Common Law Trademark Infringement, Deceptive Trade Practices, and state law claims.

21.     With two cases pending—one brought by Trubow against Morisky in Washington state court, the other brought by Morisky against Trubow in Nevada federal court—the parties reached a verbal settlement agreement on July 2, 2020 that sought to resolve all outstanding claims and counterclaims "with prejudice." This agreement was reduced to writing and signed by the parties on December 6, 2020 ("the CR2A").

22.     The CR2A set out certain rights and obligations of each party. However, neither party was satisfied with the other's performance, and the ink was barely dry before they began discussing dispute resolution, as required by paragraph 17 of the CR2A. Relations became so strained that during the process of attempting to schedule dispute resolution, yet another dispute arose regarding what type of dispute resolution was required by paragraph 17: binding arbitration or mediation.

23.     Trubow returned to King County Superior Court on May 11, 2021 seeking to enforce or rescind the CR2A. In response, Morisky moved to compel mediation and dismiss Plaintiff's

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 20
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

complaint without prejudice, which the King County Superior Court granted on July 9, 2021. On August 20, 2021 the King County Superior Court issued an Order affirming and upholding its July 9, 2021 Order, and finding that section 17 of the CR2A contains a "mediation clause as a precondition of entering a legal cause of action alleging breach." Nevertheless, the parties remained at an impasse regarding the type of alternative dispute resolution to employ, and have never engaged in post-CR2A mediation. Morisky then initiated this action by filing his Complaint in the instant case on September 24, 2021.

## IV.  FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT AS TO INVALIDITY OF MMAS-4 AND -8 COPYRIGHTS

24.    Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

25.    Morisky was an employee of UCLA and was hired to service various grants when the subjects of MMAS-4 and MMAS-8 Copyrights were composed.

26.    At least Drs. Levine and Green were the prior authors of the questions that make up the adherence scale and to the extent that any scintilla of creativity was introduced, the work is derivative of the works of Drs. Levine and Green.

27.    If Morisky, as a copyright applicant, had properly set out the information as to authorship, Morisky would not have become the owner of the copyrights now being asserted.

28.    Counterclaimant is entitled to a judgment declaring that Morisky is not the true owner of the MMAS-4 and MMAS-8 copyrights.

29.    Counterclaimant is entitled to a judgment declaring that the MMAS-4 and MMAS-8 copyrights are invalid.

## V.  SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT AS TO TRUBOW'S OWNERSHIP OF MORISKY WIDGET

30.    Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

31.    The Morisky Widget was composed by Trubow and MMAS Research.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 21
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

1

2

32.    To the extent that the Morisky Widget was derived from the MMAS-4 and the MMAS-8, the copyright was applied for as a derivative work and was fully licensed by Morisky.

3

4

33.    To the extent such was necessary, Trubow and MMAS Research at the time of composing the software enjoyed a license to the MMAS-4 and MMAS-8 making the software a stand-alone product capable of independent ownership.

5

6

34.    MMAS Research is entitled to a declaratory judgment that it is the proper owner of the Morisky Widget copyright.

7

8

9

## VI.  THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT THAT TRUBOW AND MMAS RESEARCH ARE ENTITLED TO TWO YEARS OF UNINTERRUPTED AND UNOPPOSED PERFORMANCE OF THE CR2A

10

11

35.    Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

12

36.    The parties agreed to the terms of the CR2A.

13

37.    The CR2A states at paragraph 4:

14

15

16

17

18

19

20

Donald Morisky authorizes MMAS Research, LLC through its attorney(s) to prosecute the Claim Settlements listed in Exhibit 3 from which a Claim Settlement may be sought related to the MMAS-4, MMAS-8, the Morisky Widget and any related intellectual property, and further agrees to cooperate in any existing investigations, claims and ensuing litigation of any such claims, whether now pending or to be litigated in the future, including the formal assignment of such claims, if necessary to MMAS Research, LLC. With the exception of any filed, active, lawsuit then proceeding, all prosecution of Claim Settlements by MMAS Research, LLC through its attorney(s) must conclude within two (2) years of the expiration of the Transition Period as described in Paragraph 7 of this Agreement. Any legal actions, including claims for infringement, may be filed in the name of Donald Morisky if required by law, as the owner(s) of the Morisky IP.

21

22

38.    MMAS Research is entitled to two years of uninterrupted work on securing licenses for the MMAS-4, the MMAS-8 and the Morisky Widget.

23

24

39.    MMAS Research is entitled to a judgment declaring entitlement to two years of work on the listed Claim Settlements in Exhibit 4 commencing from the date of the judgment.

25

## VII.  FOURTH COUNTERCLAIM
## BREACH OF CONTRACT—CR2A

40.     Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

41.     The parties agreed to the CR2A in which Trubow and MMAS Research are entitled to two years of seeking settlement claims.

42.     Morisky has affirmatively interfered with the ability to seek a settlement of those outstanding claims. MMAS Research is entitled to the revenue to be realized in seeking those settlements listed in Exhibit 3 to the CR2A.

## VIII.  FIFTH COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

43.     Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

44.     The various potential licensees to the MMAS-4, MMAS-8 and Morisky Widget were listed in Exhibit 3 to the CR2A. These potential licensees were identified by text searches on published medical treatises. Trubow and MMAS Research were entitled to seek retroactive licenses of the MMAS-4, MMAS-8 and Morisky Widget. The expectancy of a contract with each of the identified is assured by the threat of assertion of these copyrights in court.

45.     Thus, there existed a valid business expectancy to resolve the copyright claims against the parties listed in the published medical treatises.

46.     Morisky had knowledge of these business expectancies and consented to memorialize the expectancies in Exhibit 3 to the CR2A.

47.     By various publications either on the Internet or in various email communications with various of those entities listed in Exhibit 3 to the CR2A. Such communications where intentional interference inducing or causing a breach or termination of the relationship or expectancy.

48.     Morisky has interfered for an improper purpose or used improper means outside of the scope of the CR2A.

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 23
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

49.     Trubow and MMAS Research have lost expected revenue resulting from the intentional actions of Morisky.

## IX.  SIXTH COUNTERCLAIM
## TORTIOUS AND MALICIOUS ABUSE OF PROCESS

50.     Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

51.     The livelihood of MMAS Research relies upon settlements and licenses extended to various researching entities such as those listed in Exhibit 3 to the CR2A.

52.     Researching entities license on the basis of the licensor having the power to confer a valid license.

53.     Morisky has filed the various litigation referred to herein for the illegitimate purpose of placing doubt on the ability of MMAS Research to extend a valid license.

54.     Morisky has filed the litigation for an extortative purpose.

55.     Trubow and MMAS Research have suffered damages in that its livelihood has been placed in peril or the value of the resulting settlements have been discounted by an amount to reflect doubt cast on the ability to extend a valid license.

## X.  SEVENTH COUNTERCLAIM
## VIOLATION OF MORISKY WIDGET COPYRIGHT

56.     Trubow and MMAS Research repeats the allegations and realleges the allegations as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

57.     MMAS Research holds a valid copyright to the software that makes up the Morisky Widget including various translations of the questions which are included in the software to allow for localization of the software.

58.     These translations were registered in the name of MMAS Research as the Morisky Widget MMAS Software within the scope of the U.S. Copyright Registration TX 8-816-517.

59.     Morisky has republished the translations but has annotated the translations with the legend, "© 2006 Donald E. Morisky."

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 24
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

60.     Morisky has infringed a copyrighted work may be liable for statutory damages up to $30,000 for each work infringed and, if willful infringement is proven by the copyright owner, that amount may be increased up to $150,000 for each work infringed.

61.     Morisky's violations are intentional and have damaged MMAS Research.

## XI.  REQUEST FOR RELIEF

62. WHEREFORE, Counterclaimants seek judgment awarding it the following relief:

    a.  An order declaring the alleged copyright(s) asserted by Morisky to be incapable of enforcement against either of Trubow or MMAS Research as the copyrights are either invalid or not owned by Morisky, and, thus, are invalid and unenforceable;

    b.  An order declaring that MMAS Research holds a valid copyright to the Morisky Widget which, itself, does not infringe any valid copyright owned by Morisky relating to either of the MMAS-4 or the MMAS-8;

    c.  An order declaring Morisky and MMAS Research are entitled to two years of uninterfered opportunity to reduce the several identified potential settlements listed in Exhibit 3 to the CR2A commencing on the date of judgment;

    d.  An order declaring Morisky has breached the CR2A and has damaged Trubow and MMAS Research;

    e.  An order declaring that Morisky has tortuously interfered with MMAS Research in its efforts to reduce the several identified potential settlements listed in Exhibit 3 to the CR2A and a finding that MMAS Research has been damaged by the acts by Morisky;

    f.  An order declaring that Morisky has abused the judicial process with his filings relative to extortative filings of complaints in various courts in order to interfere with the lawful pursuit of settlements for copyright infringement for those entities listed in Exhibit 3 to the CR2A;

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 25
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

g.   An order declaring that Morisky has violated MMAS Research's copyright in the Morisky Widget by claiming translations and the copyright thereto as his own;

h.   A judgment awarding statutory copyright damages of attorneys' fees and statutory damages for copyright violations;

i.   A judgement awarding actual damages for the tortious and for the contract breaches asserted herein; and

j.   An order awarding such other and further relief as this Court deems just and proper

DATED this 23rd day of May 2022.

WILLIAMS, KASTNER & GIBBS PLLC

s/ Mark L. Lorbiecki
s/ Theresa Rava
s/ Tyler Hermsen
Mark L. Lorbiecki, WSBA #16796
Theresa Rava, WSBA # 53159
Tyler Hermsen, WSBA # 43665
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Mlorbiecki@williamskastner.com

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 26
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

Dated this 23rd day of May, 2022.

/s/Julie Larm-Bazzill_____
Julie Larm-Bazzill, Legal Assistant

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS - 27
(2:21-CV-01301-DWC)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7593392.1