UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>                Plaintiff,<br><br>        v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>                Defendant. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER DENYING LEAVE TO WITHDRAW |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. Currently pending in this action is Defendants' Counsel's Motion for Leave to Withdraw from Representation of Steven Trubow (Trubow) and MMAS Research, LLC. Dkt. 51.

Under Local Civil Rule (LCR) 83.2, an attorney ordinarily cannot withdraw an appearance in any case without leave of the Court. "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." LCR 83.2(b). The motion to withdraw shall also include a certification that the motion was

ORDER DENYING LEAVE TO WITHDRAW - 1

served on the client and opposing counsel. *Id*. In addition, because a business entity such as MMAS Research—a Limited Liability Corporation—must be represented by counsel, when an attorney seeks to withdraw from representing that business entity "the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4).

Here, Defendants' Counsel provided the Court with Trubow's address and telephone number and has certified that the Motion to Withdraw was served on Plaintiff. S*ee* Dkt. 51 at 3. However, Defendants' Counsel has not certified to the Court that it advised MMAS Research, LLC of the consequences to a business entity, as required by LCR 83.2(b)(4). The Court therefore finds Defendants' Counsel has not fully complied with LCR 83.2, and therefore denies the motion (Dkt. 51) without prejudice, and with leave to refile.

Dated this 26th day of May, 2022.

David W. Christel
United States Magistrate Judge