UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>   Plaintiff,<br><br> v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>   Defendant. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER GRANTING MOTION TO WITHDRAW |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel. Before the Court is Defendants' Motion for Withdrawal and Substitution of Counsel for Defendants MMAS Research, LLC, and Steven Trubow. Dkt. 60. The motion is granted and the Amended Motion to Withdraw as Attorney (Dkt. 56) is denied as moot.

  Under Local Civil Rule (LCR) 83.2, an attorney ordinarily cannot withdraw an appearance in any case without leave of the Court. "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." LCR 83.2(b). The motion to withdraw shall also include a certification that the motion was

served on the client and opposing counsel. *Id*. In addition, because a business entity such as MMAS Research, LLC must be represented by counsel, when an attorney seeks to withdraw from representing that business entity "the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4).

In Defendants' Counsel's initial motion to withdraw[1] (Dkt. 51) they complied with the requirement to provide the Court with Trubow's address and telephone number, and certified that the Motion to Withdraw was served on Plaintiff (s*ee* Dkt. 51 at 3), but did not certify to the Court that they had advised MMAS Research, LLC of the consequences to a business entity. Accordingly, on May 26, 2022 the Court denied that motion without prejudice and with leave to refile. Dkt. 55.

The next day Defendants' Counsel refiled the motion indicating they had, in fact, initially explained to Trubow that as the Managing Member of Defendant MMAS Research, LLC, his failure to obtain new counsel for MMAS Research, LLC could result in dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to claims of other parties. Dkt. 56. In addition, Defendants' Counsel stated that in the course of

---

[1] Defendants' Counsel was retained under the agreement that they would present a motion for dismissal of this case based upon the earlier dismissal with prejudice and a Settlement Agreement. The Retainer Agreement left open the question of further representation. *See generally* Dkt. 51.

ORDER GRANTING MOTION TO WITHDRAW 2

updating Trubow that due to their earlier oversight they intended to refile the instant motion, they reiterated the above. *Id*. at 3.

On June 7, 2022, Plaintiff filed a response to the pending motion requesting the Court require Trubow and MMAS Research, LLC to secure counsel by the Court's June 15, 2022, deadline for the parties to conduct a Rule 26(f) conference (*see* Dkt. 53) and to also require Defendants to engage in the Rule 26(f) conference on or before June 15, 2022, to file a joint status report by June 24, 2022, and to file initial disclosures by June 29, 2022 as also set forth in the Court's order. Dkt. 59 at 2. However, before the Court took this issue under advisement, on June 8, 2022, Defendants filed a "Motion for Withdrawal and Substitution of Counsel for Defendants MMAS Research, LLC, and Steven Trubow." Dkt. 60. In this motion Defendants Counsel indicated that both Trubow and MMAS Research, LLC have now hired Brett C. Harris of Virgo Law to be appointed as substitute counsel of record.

Therefore, Defendants' Motion for Withdrawal and Substitution of Counsel for Defendants MMAS Research, LLC and Steven Trubow (Dkt. 60), is GRANTED. The Court orders that Mark L. Lorbiecki, Theresa Rava and Tyler Hermsen of Williams Kastner are permitted to withdraw as counsel for Defendants and Brett C. Harris to is permitted to substitute as attorney of record for the above-named defendants effective the day of this order. Defendants' Amended Motion for Leave to Withdraw from Representation of Steven Trubow and MMAS Research, LLC (Dkt. 56) is DENIED AS MOOT.

///

///

///

The clerk's office is directed to terminate Mark L. Lorbiecki, Theresa Rava, and Tyler Hermsen of Williams Kastner as counsel of record for Defendants in this case and to serve a copy of this order, and copies of all future papers and pleadings, upon Brett C. Harris at Virgo Law, 119 1st Avenue South, Suite 310, Seattle, WA 98104.

Dated this 9th day of June, 2022.

*David W. Christel*
United States Magistrate Judge