1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   DONALD E. MORISKY,

11                    Plaintiff,

12        v.

13   MMAS RESEARCH LLC, et al.,

14                    Defendant.

CASE NO. 2:21-CV-1301-RSM-DWC

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO DEFENDANTS'
PROPOSED SECOND AMENDED
ANSWER

15

16        On September 14, 2022, the Court directed Defendants to submit a Proposed Second

Amended Answer to Second Amended Complaint, Second Amended Affirmative Defenses and

17

Second Amended Counterclaim ("proposed second amended answer") that complied with the

18

Court's Order. Dkt. 86. Defendants emailed a copy of the proposed second amended answer to

19

the Court and opposing counsel on September 29, 2022. Based on a review of the proposed

20

second amended answer, it appeared portions were outside the scope of the Court's Order.

21

Therefore, on October 4, 2022, the Court directed Defendants to file the proposed second

22

amended answer on the docket, and ordered Plaintiff to lodge any objections to the scope of the

23

24

1   proposed second amended answer on or before October 14, 2022. Dkt. 89. On October 6, 2022,

2   Defendants filed the proposed second amended answer. Dkt. 90.

3          On October 11, 2022, Plaintiff objected on the basis that many revisions are "far beyond

4   what was requested in Defendants' Motion or authorized by the Court's Order." Dkt. 91 at 4.

5   Specifically, Plaintiff identifies several paragraphs in Defendants' proposed second amended

6   answer (Dkt. 90) that differ from the draft the Court tentatively approved in its Order (Dkt. 86)

7   granting in part and denying in part Defendants Motion to Amend (Dkt. 68). Dkt. 91 at 2-4.

8   Defendant's proposed second amended answer also attaches exhibits not previously offered in

9   the tentatively approved draft. Dkt. 91 at 4-5. Plaintiff argues that these changes violate Local

10  Civil Rule (LCR) 15[1], which requires the moving party to "attach a copy of the proposed

11  amended pleading as an exhibit to the motion or stipulated motion." Dkt. 91 at 5. However,

12  Defendants complied with LCR 15 in their motion to amend (*see* Dkt. 68-1), and nothing in LCR

13  15 prevents the Court from permitting a party to ultimately file an amended pleading that differs

14  from the proposed amended pleading the party attached to a motion to amend.

15         Since the Court determined that it lacked personal jurisdiction over Plaintiff's attorney, F.

16  Christopher Austin (Attorney Austin), it denied Defendants' motion to add him as a party,

17  thereby requiring changes to the proposed amended pleading attached to their motion to amend.

18

19  _____

20         [1] LCR 15 states in full:

21  "A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulated motion and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated

22  motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading,

23  including exhibits. If a motion or stipulated motion for leave to amend is granted, the party who was given leave to amend must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise."

24

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PROPOSED
SECOND AMENDED ANSWER - 2

1    Dkt. 86 at 7. The Court also found that, pursuant to Fed. R. Civ. P. 15(d)[2], Defendants must be

2    freely given leave to amend their pleading to set forth the factual events that occurred after the

3    date of the operative pleading (Dkt. 64). Dkt. 86 at 14.

4         Having reviewed Defendants' proposed second amended answer the Court finds

5    Defendants indisputably included paragraphs and exhibits that were not in their proposed

6    amended pleading attached to their motion to amend. But the only factual event pre-dating the

7    then-operative pleading (Dkt. 64-1), which was dated June 12, 2022, are a few paragraphs

8    (discussed below), discussing and quoting the "Austin Letter" written by Attorney Austin (dated

9    May 21, 2022), which was already an exhibit to the then-operative pleading (*see* Dkt. 64 at 171-

10   72). Thus, for the reasons that follow the Court will permit these revisions.

11        First, several revisions throughout simply correct typos, grammar, and spelling, about

12   which Plaintiff does not object.

13        Second, paragraphs 46 through 49 (Dkt. 90 at 26-27) were not previously presented to the

14   Court, however they reference and quote the Austin Letter (defined in paragraph 40 and attached

15   as Exhibit N) which was the basis for Defendants' proposed addition of Attorney Austin as a co-

16   defendant, and align with allegations included in the tentatively approved pleading. Given the

17   Court's requirement that Defendants remove references to Attorney Austin as a co-defendant

18   from the proposed amended pleading, the Court finds paragraphs 46 through 49 provide relevant

19   context for the approved paragraphs 50 through 53 which were previously included in excised

20

21

22
_____

23        [2] Fed. R. Civ. P. 15(d) states in relevant part, "On motion and reasonable notice, the court may, on just
     terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that
24   happened after the date of the pleading to be supplemented."

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PROPOSED
SECOND AMENDED ANSWER - 3

1   statements related to the proposed inclusion of Attorney Austin as a co-defendant. Accordingly,

2   these paragraphs are permitted.

3          Third, paragraphs 50 through 53 (Dkt. 90 at 27-28), including Exhibit S, incorporate

4   content previously approved by the Court's Order (*see* Dkt. 86 at 7-8).

5          Fourth, paragraphs 54-59, including Exhibits T, U, V, and W, reference Plaintiff's actions

6   after Defendants filed their Motion for Leave of Court to File a Second Amended Counterclaim,

7   as well as additional communications between Defendants and customers expressing confusion

8   about the ownership of the copyrights in dispute in this case, and from Plaintiff. Though not

9   previously approved by the Court's order, the Court finds these paragraphs and exhibits provide

10  relevant context to understanding the alleged factual basis for Defendants' Fourth Counterclaim

11  of Tortious Interference with Business Expectancy, and his legal theory behind that

12  Counterclaim. *See* Dkt. 90 at 34. Therefore they are permitted.

13         Finally, paragraphs 88-89 also contain alleged factual underpinnings of Defendants'

14  Fourth Counterclaim, but include additional allegations to buttress it, all of which have been

15  mentioned in recent briefing and therefore come as no surprise. *See e.g.*, Dkt. 69. Therefore they

16  are permitted.

17         In sum, the Court finds the objectionable additions to Defendants' proposed second

18  amended answer (Dkt. 90), while they do not fully conform to the Court's Order (Dkt. 86) they

19  certainly comply with the spirit, and ultimately assist the reader in understanding the foundation

20  for Defendants' Fourth Counterclaim of Tortious Interference with Business Expectancy.

21  Consequently, Plaintiff's objections (Dkt. 91) are overruled.

22         Defendants are directed to file Defendants' proposed second amended answer to second

23  amended complaint, second amended affirmative defenses and second amended counterclaims

24

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PROPOSED
SECOND AMENDED ANSWER - 4

1   (Dkt. 90) as the Second Amended Answer to Second Amended Complaint, Second Amended

2   Affirmative Defenses and Second Amended Counterclaims on or before October 31, 2022.

3          IT IS SO ORDERED.

4          Dated this 24th day of October, 2022.

5

6                                         _____
                                          David W. Christel
7                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' PROPOSED
SECOND AMENDED ANSWER - 5