1

2                                              The Honorable David W. Christel

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
9              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10   DONALD E. MORISKY,                    NO. 2:21-CV-01301-DWC

11            Plaintiff,                   DEFENDANTS' SECOND AMENDED
                                           ANSWER TO SECOND AMENDED
12        v.                               COMPLAINT, SECOND AMENDED
                                           AFFIRMATIVE DEFENSES AND
13   MMAS RESEARCH, LLC, a Washington limited   SECOND AMENDED
     liability company, STEVEN TRUBOW, an       COUNTERCLAIMS
14   individual, POLINA FEILBACH, an individual,
     RODNEY WATKINS, an individual, DUSTIN
15   MACHI, an individual, MMAS Research Italy
     S.R.L. an Italian company, and MMAS Research
16   France, SAS a French company,

17            Defendants.

18

19        Pursuant to Rule 15(a)(1)(b) of the Federal Rules of Civil Procedure, Defendants MMAS

20   Research, LLC, Steven Trubow, Polina Feilbach, Rodney Watkins, Dustin Machi, MMAS Research

21   Italy S.R.L., and MMAS Research France, SAS (collectively, the "Defendants") amend their Answer

22   to Second Amended Complaint, Affirmative Defenses and Counterclaims within 21 days after the

23   service of the aforementioned by admitting, denying, and alleging the following:

24

25

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND           **Virgo Law LLC**
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE         119 1st Ave. S., Ste. 310
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 1         Seattle, Washington 98104
(2:21-CV-01301-DWC)                                   (206) 569-8418

7593392.1

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### I.  NATURE OF ACTION

The allegations in these Paragraphs are introductory in nature, lacking factual allegations and therefore Defendants deny the same to the extent that any response is necessary.

### II.  JURISDICTION

1. The Defendants deny that there is jurisdiction pursuant to any of 17 U.S.C. § 101, *et. seq.*, 15 U.S.C. 1121, and 28 U.S.C. §§ 1331 and 1338(a) as the allegations to which the Defendants respond herein are not based upon violations of either of trademark or copyright law and therefor present no federal question. As to the remaining allegations, there is no pendant jurisdiction available to provide this Court with jurisdiction over state court cases. To the extent that the paragraph contains any further allegations, the Defendants assert these to relate to legal issues and are not factual in nature, requiring no specific response and, thus, are denied.

2. Defendants admit that if jurisdiction over the issues exists, that personal jurisdiction over the Defendants is appropriate in this Court.

3. Defendants admit that if jurisdiction over the issues exists, that this Court is the appropriate venue for the allegations here pleaded.

### III.  PARTIES

2.    [Sic] Defendants lack the necessary knowledge to admit the allegations of paragraph 2 as numbered. To the extent herein alleged, Defendants specifically deny that the copyright to the Morisky Research Widget does not belong to Plaintiff and is not appropriately grouped with the MMAS-4 and MMAS-8 Copyrights. The existence of the three copyrights is admitted however the validity the MMAS-4 and MMAS-8 is disputed as these are based upon the work of Green and Levine such that Morisky has no claim of authorship relative to the two works.

3.    Defendants deny Plaintiff's ownership of any of the listed works and, further, denies the remaining allegations of Paragraph 3.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 2
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

4.   Defendants admit that Steven Trubow is an individual residing in California and s a Governor with fiduciary management over Defendant MMAS Research LLC, a Washington State limited liability company, which has operated out of Washington. Defendants deny the remaining allegations of Paragraph 4.

5.   Defendants admit that Trubow is the sole owner and executive authorized to direct all aspects of MMAS Research Italy S.R.L. and MMAS Research France, SAS. Defendants deny the remaining allegations of Paragraph 5.

6.   Defendants are without specific knowledge to admit or deny the allegations of this Paragraph 6 and, therefore, deny the allegations of Paragraph 6.

7.   Defendants admit that Rodney Watkins is an individual residing in Virginia and that Watkins is a Governor of Defendant MMAS. Defendants deny the remaining allegations of paragraph 7.

8.   Defendants the author of the computer software program known as the "Morisky Widget Code." Defendants deny the remaining allegations of Paragraph 8.

9.   Defendants deny the allegations of Paragraph 9.

## IV.   ALLEGATIONS COMMON TO ALL CLAIMS

10.   Defendants deny the allegations of Paragraph 10.

A.   Dr. Morisky's Professional and Educational Background

11.   Defendants have no specific knowledge of the allegations of Paragraph 11 and, thus, deny them.

12.   Defendants have no specific knowledge of the allegations of Paragraph 12 and, thus, deny them.

13.   Defendants have no specific knowledge of the allegations of Paragraph 13 and, thus, deny them.

14.   Defendants have no specific knowledge of the allegations of Paragraph 14 and, thus, deny them.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 3
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

15. Defendants have no specific knowledge of the allegations of Paragraph 15 and, thus, deny them.

16. Defendants aver that Dr. Morisky has been the recipient of two major NIH grants in connection with his work making any such resulting works "works for hire" under the Copyright Act. Defendants have no knowledge of the remaining allegations and, therefore, deny them.

B.     The Creation of the "Morisky Medication Adherence Scale"

17. Defendants have no specific knowledge of the allegations of Paragraph 17 and, thus, deny them.

18. Defendants have no specific knowledge of the allegations of Paragraph 18 and, thus, deny them.

19. Defendants have no specific knowledge of the allegations of Paragraph 19 and, thus, deny them.

20. Defendants have no specific knowledge of the allegations of Paragraph 20 and, thus, deny them.

21. Defendants have no specific knowledge of the allegations of Paragraph 21 and, thus, deny them.

22. Defendants aver that the MMAS-4 is the product of the works of Drs. Levine and Green. Defendant denies all allegations of Paragraph 22.

23. Defendants have no specific knowledge of the allegations of Paragraph 23 and, thus, deny them.

24. Defendants aver that Drs. Green and Levine took years of study and clinical trials to perfect a survey to track patient compliance with prescribed therapeutic regimens. Defendants have no specific knowledge of the remaining allegations of Paragraph 24 and, thus, deny them.

25. Defendants have no specific knowledge of the allegations of Paragraph 25 and, thus, deny them.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 4
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

26. Defendants aver that Drs. Green and Levine took years of study and clinical trials to perfect a survey and such scoring protocols as are required to accurately quantify likely medication adherence and identify appropriate therapeutic regimens. Defendants have no specific knowledge of the remaining allegations of Paragraph 26 and, thus, deny them.

27. Defendants admit that since 1983, Dr. Morisky, in collaboration with over 500 researchers throughout the world such that the works are not his own. Defendants have no specific knowledge of the remaining allegations of Paragraph 27 and, thus, deny them.

28. Defendants deny that it was Dr. Morisky who translated or hired persons to translate any works. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 28.

29. Defendants have no specific knowledge of the allegations of Paragraph 29 and, thus, deny them.

C.    Dr. Morisky's Copyrighted Works

30. The allegations of Paragraph 30 are legal conclusions and require no response.

31. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 31.

32. The allegations of Paragraph 32 are legal conclusions and require no response.

33. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 33.

34. Defendants aver that any copyright registration issued to Plaintiff was issued only based upon fraudulent representations to the copyright office as to authorship, date

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 5 (2:21-CV-01301-DWC)

7593392.1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

of first publication, derivation, and content. To the extent not otherwise denied, Defendants deny the allegations of Paragraph 34.

35. The allegations of Paragraph 35 are legal conclusions and require no response.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

D.    Dr. Morisky's Trademarks

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the factual allegations of Paragraph 39; the remaining allegations state legal conclusions and are, therefore, denied.

40. The allegations of Paragraph 40 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

41. The allegations of Paragraph 41 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

42. Defendants aver that MMAS Research, LLC used each of the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4MMAS and MORISKY WIDGET trademarks with Plaintiff's full permission. Defendants deny the remainder of the allegations in Paragraph 42 therein.

43. Defendants aver that MMAS Research, LLC used each of the MORISKY, MORISKY MEDICATION ADHERENCE SCALE, MORISKY SCALE, MORISKY MEDICATION ADHERENCE PROTOCOL, MMAS, MMAS-4MMAS and MORISKY WIDGET trademarks with Plaintiff's full permission. Defendants deny the remainder of the allegations in Paragraph 43 therein.

44. The allegations of Paragraph 44 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 6 (2:21-CV-01301-DWC)

7593392.1

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

E.      Dr. Morisky's License Agreement with MMAS Research, LLC

45. Defendants have no specific knowledge of the allegations of Paragraph 45 and, thus, deny them.

46. Defendants have no specific knowledge of the allegations of Paragraph 46 and, thus, deny them.

47. Defendants have no specific knowledge of the allegations of Paragraph 47 and, thus, deny them.

48. The allegations of Paragraph 48 are too vague to respond to and therefore Defendants deny the same.

49. Defendants admit the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants assert that Exhibit 3 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 52, the Defendants deny them.

53. Defendants assert that Exhibits 3 and 4 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 53, the Defendants deny them.

54. The allegations of Paragraph 54 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

55. Defendants admit that Mr. Trubow had a Washington company known as Olympic Labs LLC that was originally the licensed company however Defendants deny the remaining allegations in paragraph 55.

56. Defendants admit the allegations of Paragraph 56.

57. The allegations of Paragraph 57 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

58. Defendants admit MMAS Research thereafter hired Machi to write the Morisky Widget Code with the specific knowledge and permission by Plaintiff. Defendants deny the remaining allegations of Paragraph 58.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 7
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

59. Defendants admit the formation of MMAS Research Italy S.R.L. and MMAS Research France, SAS and deny the remaining allegations of Paragraph 59.

60. Defendants admits the allegations of Paragraph 60.

F.    Revocation of License Agreement

61. Defendants deny the allegations of Paragraph 61.

62. The allegations of Paragraph 62 are too vague to respond to and therefore Defendants deny the same.

63. Defendants assert that Exhibit 3 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 63, the Defendants deny them.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65 to the extent that the allegations are factual or are legal conclusions.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants assert that Exhibit 5 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 67, the Defendants deny them.

68. Defendants deny the allegations of Paragraph 68.

69. The allegations of Paragraph 69 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

G.    Defendants' Infringement of Morisky Intellectual Property

70. Defendants aver that any use of the rights described as Morisky Intellectual Property alleged in the Complaint, to the extent that any such rights belong to Plaintiff, that use was licensed. Defendants deny all of the remaining allegations to the extent the same are factual in nature. Defendants deny all legal conclusions.

71. Defendants admit that Plaintiff did on May 28, 2020, file suit in the U.S. Federal District Court for the District of Nevada against Defendants Trubow and MMAS Research (the "2020 Federal Suit"), a suit which Plaintiff has since dismissed with prejudice. Defendants deny the remaining allegations of Paragraph 71.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 8
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

72. Defendants admit the allegations of Paragraph 72.

73. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 73.

H.    Defendants' Breach of the 2020 Settlement Agreement and Recommencement of Infringement of Morisky Intellectual Property

74. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 74.

75. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 75.

76. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 76.

77. Defendants admit that on July 2, 2020, the parties entered into the Agreement appended to the Second Amended Complaint as Exhibit 6 the content of which speaks for itself. Defendants deny the remainder of the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

I.    Defendants' Breach of the Settlement Obligation to Engage a JDR Neutral as an "Appointed Decider" to Finally Resolve any Settlement Dispute.

80. Defendants deny the allegations of set forth in Paragraph 80 except to the extent that the existence and wording of Exhibit 6 which speaks for itself.

81. Defendants deny the allegations of set forth in Paragraph 81 except to the extent that the existence and wording of Exhibit 6 which speaks for itself.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 9 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

82. Defendants admit the bringing of King County Washington suit to enforce the CR2A, Case No. 21-2-06193-8 SEA on May 19, 2021. Defendants deny the remaining allegations of Paragraph 82.

83. Defendants aver that the King County Court interpreted the CR2A determining that mediation must be had, however, that the term "Appointed Decider" did not require the parties to submit to arbitration rather than mediation. Further, Defendants admit that the case was dismissed. Defendants deny the remaining allegations of Paragraph 83.

84. Defendants admit the allegations of Paragraph 84.

85. Defendants assert that Exhibit 8 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 85, the Defendants deny them.

86. To the extent that "nonbinding mediation" is not distinct from "mediation," Defendants assert that Exhibit 8 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 86, the Defendants deny them.

87. The order from the King County Court in response to the motion to compel arbitration contains the Court's findings, conclusions, and order and Defendants deny all allegations inconsistent with that Order which binds the parties still.

88. Defendants admit that Plaintiff selected dates where Trubow was not available and further placed conditions to require arbitration and deny the remaining allegations of Paragraph 88.

89. Defendants assert that Exhibit 9 to the Second Amended Complaint speaks for itself and as to the remaining allegations in Paragraph 89, the Defendants deny them.

90. Defendants aver that Plaintiff offered participation in alternative dispute resolution that with its conditions would be the equivalent of arbitration in spite of the Order by the King County court construing the terms of Paragraph 17 of the CR2A as not requiring arbitration. Defendants deny the remaining allegations in Paragraph 90 .

91. Defendants deny the allegations of Paragraph 91.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 10
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

K.     [Sic] Defendants' New Infringement

92. Defendants deny that Trubow uploaded the video URL: <https://www.youtube.com/watch?v=Zo0Jp26Eu2w> (last accessed November 16, 2021). Defendants admit the existence of a video posted at that position on the Internet and allege that the video speaks for itself. The remaining allegations of Paragraph 92 are denied.

93. Defendants deny the allegations of Paragraph 93.

94. Defendants admit the allegations of Paragraph 94 and specifically aver that the copyright to the Morisky Widget is owned by Defendant MMAS Research, LLC.

95. Defendants deny the allegations of Paragraph 95.

## V.  FIRST CLAIM FOR RELIEF

96. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

97. The allegations of Paragraph 97 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. The Morisky Copyrights contains copyright notices advising the user that the

108. Defendants aver that Defendant MMAS Research owns the copyright to the Morisky Widget and denies the remaining allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 11
(2:21-CV-01301-DWC)

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

## VI.  SECOND CLAIM FOR RELIEF

113. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

## VII.  THIRD CLAIM FOR RELIEF

122. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

123. The allegations of Paragraph 123 are merely legal conclusions and, thus, Defendant denies the same to the extent that any response is necessary.

124. Defendants deny the allegations of Paragraph 124.

125. Defendants deny the allegations of Paragraph 125.

## VIII.  FOURTH CLAIM FOR RELIEF

126. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 12
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

129. Defendants deny the allegations of Paragraph 129.

## IX.  FIFTH CLAIM FOR RELIEF

130. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

131. Defendants admit the allegations of Paragraph 131.

132. Defendants admit the allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 133.

134. Defendants deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136. Defendants deny the allegations of Paragraph 136 except to the extent that Section 18 of the Settlement Agreement speaks for itself.

## X.  SIXTH CLAIM FOR RELIEF

137. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

138. Defendants deny the allegations of Paragraph 138.

139. Defendants deny the allegations of Paragraph 139.

140. Defendants deny the allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141.

## XI.  SEVENTH CLAIM FOR RELIEF

142. Defendants assert the allegations are a legal conclusion and deny the allegations of Paragraph 142.

143. Defendants admit the allegations of Paragraph 143.

144. Defendants deny the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 13 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

## XII.  EIGHTH CLAIM FOR RELIEF

146. Defendants repeats in Answer and realleges as set forth in the previous paragraphs as if fully set forth and incorporates them here by reference.

147. Defendants admit the allegations of Paragraph 147.

148. Defendants deny the allegations of Paragraph 148.

149. Defendants deny the allegations of Paragraph 149.

150. Defendants deny the allegations of Paragraph 150.

151. Defendants deny the allegations of Paragraph 151.

## XIII.  PLAINTIFF'S REQUEST FOR RELIEF

Defendant denies Plaintiff's prayer for relief in whole, including subparts.

## AMENDED AFFIRMATIVE DEFENSES

1. Defendants wish, at this time, to plead affirmative defenses. Discovery has not been completed and, should any of the below be found to not be supported by the facts, answering Defendants will consider withdrawing these defenses at the written request of Plaintiffs.

2. The Second Amended Complaint fails to state a claim for relief, especially within the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. The allegations contained herein were dismissed with prejudice in the federal District Court of Nevada as case number 2:20-cv-00964, The case must be dismissed in accord with *Durney v. Wavecrest Labs., LLC*, 441 F. Supp. 2d 1055 (N.D. Cal. 2005).

4. The Plaintiff has "Unclean Hands." Among other acts, Plaintiff has infringed Defendants' registered copyright and tortiously interfered with Defendants' ability to perform its obligations under the CR2A.

5. Despite the license granted to Defendant MMAS Research, Plaintiff refuses to acknowledge it.

6. The asserted copyrights and trademarks are subject to license or assignment granted to Defendant MMAS Research.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 14 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

7.      While the Plaintiff asserts sole ownership of the trademarks and copyrights, they are, in fact, jointly owned by the Plaintiff and Defendant MMAS Research.

8.      The statute of limitations applies to the infringements asserted herein. Any civil action brought under the Copyright Act, 17 U.S.C. § 507(b), including any action for copyright infringement, is subject to a three-year limitation period. The three-year statute of limitations applies to any civil action brought under the Copyright Act, not just to infringement actions

9.      All of the copyrights asserted herein where suitably transferred with the agreement of the Plaintiff to the Defendant MMAS Research as is codified at Section 109(a) of the Copyright Act and is known as the first sale doctrine. The defense prohibits copyright owners from overreach into the downstream use or transfer of a lawfully acquired copy of a copyrighted work.

10.     Decisions by the King County Superior Court, as between the parties in Case No. 21-2-06193-8 SEA and is applicable to all of the causes of actions pleaded herein including copyright litigation. It is appropriate for this Court to apply the prior orders as between the parties and, thereby to prevent the Plaintiff from relitigating any issue that was actually and necessarily determined as to that Plaintiff by an earlier decision of the Court as being a court of competent jurisdiction, even though the claims in the two actions may be different.

11.     Plaintiff has breached the terms of the CR2A by requiring arbitration as the mediation set forth in Paragraph 17 thereof and requiring the parties to engage a JDR Neutral as an "Appointed Decider" to Finally Resolve any Settlement Dispute. The King County Court having resolved this issue to the exclusion of involuntary arbitration.

12.     Any infringement of the copyrights falls within the doctrine of fair use. Fair use is a legal doctrine that promotes freedom of expression by permitting the unlicensed use of copyright-protected works in certain circumstances.

13.     Any infringement of the trademarks falls within the doctrine of nominative fair use. Nominative fair use is when another's trademark is used for the purpose of the mark owner's product, not the user's own product.

14.     Plaintiff's claims are barred by at least the CR2A contract between the parties.

15.     Plaintiff's claims are barred by the economic loss rule.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 15
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

16.     Plaintiff has contractually waived some or all of their claims. In the alternative, Plaintiff is equitably estopped from asserting some or all of their claims.

17.     Plaintiff has failed to mitigate their damages, if any.

18.     Plaintiff's alleged damages are the result of Plaintiff's own fault or negligence.

19.     Plaintiff's claims are barred because of Plaintiff's loss and/or spoliation of evidence.

20.     Plaintiff's claims fail due to the Independent Duty Doctrine.

21.     To the extent Plaintiff proves his alleged damages, such damages were caused by Plaintiff's own fault, and/or that of third parties under Plaintiff's control. Accordingly, pursuant to RCW 4.22 et seq., those parties are liable for their percentage share of Plaintiff's alleged damages and/or are liable to Defendant in the event that Counterclaim Defendant pays more than its proportional share of common liability. Because discovery has not yet begun, Defendant is unable to identify those potentially at-fault parties herein.

22.     Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

23.     Plaintiff does not have cognizable damages; accordingly, dismissal of his counterclaims is required. *DC Farms, LLC v. Conagra Food Lamb Weston, Inc*., 179 Wn. App. 205, 227, 317 P.3d 543 (2014).

24.     Defendant reserves the right to amend this Answer to the Complaint to assert additional defenses (affirmative or otherwise) or to assert Claims, Cross-Claims, Counterclaims, and/or Third Party Claims as may become apparent or available during the course of litigation.

25.     Should any such Defendant(s) be joined, Answering Defendants adopt and Answer to Complaint for Damages and Counterclaim for Damages and Counterclaim for Damages incorporates the affirmative defenses of the other Defendant(s) in this action.

<u>PRAYER FOR RELIEF AND JURY DEMAND</u>

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request relief as follows:

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 16 (2:21-CV-01301-DWC)

7593392.1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

1.  Dismissal of Plaintiff's Complaint with prejudice;

2.  An award of Defendants' attorneys' fees and statutory and actual damages as dictated in *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994);

3.  An award of attorneys' fees and costs to the extent allowed by law;

4.  For a trial by a jury of twelve for all claims; and

5.  For such further and other relief as this Court deems just and equitable.

## SECOND AMENDED COUNTERCLAIMS

1.  Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimants Steve Trubow ("Trubow") and MMAS Research, LLC ("MMAS Research") assert counterclaims for Declaratory Judgment, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Tortious Interference with a Business Expectancy, Tortious and Malicious Abuse of Process, Copyright Infringement - 17 U.S.C. § 101 et seq., and Unfair Business Practices Under RCW 19.86.020 against Counterclaim Defendant, Dr. Donald Morisky ("Morisky").

## I.  THE PARTIES

2.  Counterclaimant Trubow is an individual and resident of California.

3.  Counterclaimant MMAS Research is a Washington limited liability company of which Trubow is a governor with its principal place of business in California.

4.  Counterclaim Defendant Morisky is an individual and resident of Nevada. Morisky asserts himself as the author of two scales for measuring adherence to prescribed therapies known as the MMAS-4 and the MMAS-8. Morisky is president of MMAS Research, LLC.

## II.  JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C. §§ 101, et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a). This Court has supplemental or pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) in that those

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 17
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

claims arise out of a common nucleus of operative facts as the federal claims, and the Court's exercise of jurisdiction over the state law claims will promote judicial economy, convenience, and fairness to the parties.

6.      This Court has personal jurisdiction over Counterclaim Defendant because he has subjected himself to this jurisdiction and has commenced legal actions against Counterclaimants in this District

7.      Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391(b) and (c), and because Counterclaim Defendant has elected to lodge the Complaint in this District and venue is proper in that a substantial part of the acts or omissions giving rise to the claims asserted herein occurred and/or had effects in this district and venue.

## III.  BACKGROUND

8.      In 2011, Morisky founded MMAS Research, LLC as a California limited liability company, and began licensing his products, providing training to ensure proper application of the MMAS, and confirming the accuracy of scoring and the propriety of diagnostic results and intervention protocols.

9.      In the fall of 2016, Morisky dissolved MMAS Research, LLC of California and in December 2016, Morisky and Trubow formed MMAS Research, LLC of Washington ("MMAS Research"). The profits of MMAS Research were to be split on a 50/50 basis. The purpose of MMAS Research was to license, train and certify users of the Morisky Widget (defined below) to administer, score and report the results of MMAS-4 and the MMAS-8 tests.

10.     Trubow, relying upon his prior software experience for Apple Computer, Inc. and DARPA, U.S. Department of Defense, wrote a diagnostic Risk assessment of medication-taking behavior which is now referred to as "the Morisky Widget" and which was registered under U.S. Copyright Registration TX 8-816-517 as the "MMAS Research Widget Code" (the "Morisky Widget Copyright"). A true and correct copy of the CR2A is attached hereto as Exhibit A.

11.     The Morisky Widget is hosted by Amazon Web Services USA and Amazon Web Services Europe – Germany websites. The Morisky Widget is a medical software application that

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 18 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

"automatically" generates a diagnostic and intervention protocol. The Morisky Widget includes registered certified translations of the MMAS-4 and MMAS-8 tests in over 80 languages and scoring metrics for the MMAS-4 and MMAS-8 tests to determine whether patient medication adherence was "intentional" or "unintentional," the latter transforming the MMAS-4 and MMAS-8 tests from a measurement of adherence to a diagnostic Risk assessment of medication-taking behavior.

12.     The Morisky Widget is used under license and certification and training for clinical applications for patients with chronic and infectious diseases. The Morisky Widget requires face-to-face training and certification seminars and hands-on practicums. The Morisky Widget is used to conduct international clinical trials and is licensed to the world's leading pharmaceutical companies. The use of Morisky Widget copyrighted translations is strictly regulated by the Morisky Widget license.

13.     On June 25, 2019, Morisky voluntarily filed with the Washington Secretary of State the "Amended Annual Report" reporting that he no longer was a member or governor of MMAS Research. Six months earlier (on or about January 22, 2019), the Morisky family (Donald Morisky, Susan Morisky, and their two sons, Phillip Morisky and Marty Morisky), formed a limited liability company in Nevada called Morisky Medication Adherence Research, LLC ("MMAR"). Specifically, Morisky sent emails to clients of the then-jointly owned MMAS Research that MMAS Research no longer had rights to issue licenses to the Morisky Widget or any Morisky intellectual property. In competing with MMAS Research, Morisky published numerous statements both by direct emails and by public postings on the Internet asserting that MMAS Research was unable to offer licenses to the MMAS-4 and MMAS-8.

14.     On July 27, 2019, Trubow filed a Complaint against Plaintiff in King County Superior Court alleging breach of fiduciary duty and tortious interference. Morisky counterclaimed, asserting copyright and trademark infringement, among other claims.

15.     On May 28, 2020, Morisky filed a Complaint against Defendants in the United States District Court of Nevada alleging Copyright Infringement, Trademark Infringement, Common Law Trademark Infringement, Deceptive Trade Practices, and state law claims.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 19
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

16.     With two cases pending—one brought by Trubow against Morisky in Washington state court, the other brought by Morisky against Trubow in Nevada federal court—the parties reached a verbal settlement agreement on July 2, 2020, that sought to resolve all outstanding claims and counterclaims "with prejudice." This agreement was reduced to writing and signed by the parties on December 6, 2020 (the "CR2A"). A true and correct copy of the CR2A is attached hereto as Exhibit A.

17.     The CR2A set out certain rights and obligations of each party. However, Morisky quickly made it apparent that he would not be abiding by the terms of the CR2A.

18.     On December 17, 2020, Susan Morisky, wife of Don Morisky and a party to the CR2A, sent an email to Trubow and his counsel demanding to begin the removal of Trubow from the operation of the Morisky Widget and stating that "We are on a very short timeline to communicate with MMAS clients who will be transferred to our own digital platform and website." A true and correct copy of the aforementioned email is attached hereto as Exhibit B.

19.     On January 1, 2021, Susan Morisky sent an email to Defendants' counsel, refusing to cooperate with agreed Exhibit 3 claims from the CR2A and demanding to begin the removal of Trubow from the operation of the Morisky Widget. A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

20.     On January 2, 2021, Susan Morisky sent an email to Trubow and Defendants' counsel, stating "[Trubow] has been a nightmare to the Morisky family and continues to be unforgiving and ungrateful, enriching himself with Don's IP, depriving Don of his rightful share, stabbing Don repeatedly in the back during and after the disastrous one-sided partnership. After the partnership, he maliciously notified the LA Franchise Tax Board that Don committed fraud and the UCLA chancellor's office and an LA Times columnist that Don is misusing UCLA resources. This man is the biggest infringer and usurper of Don's intellectual property and if he does not lay off Philip's case, then let's go back to court." A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

21.     On January 2, 2021, Trubow sent an email to Susan Morisky and Morisky's counsel requesting that counsel remind Ms. Morisky of the non-disparagement clause of the CR2A. A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 20
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

22.     On January 3, 2021, Susan Morisky sent an email to Trubow and his counsel, stating

"Defamatory statements?  You defame yourself with your own malicious actions:

Your disgraceful intent to publicly shame Dr. Morisky by contacting an LA Times columnist and the UCLA chancellors office went nowhere because it was a spurious claim.

And your franchise tax fraud claim against Don...it was nothing more than a timing issue with a tax liability caused by you deceitfully engineering to transfer Don's California MMAS LLC to Washington under your name and Yukari's. Don had already paid the tax by the time you notified LA Franchise Tax Board of your fraud claim, you snake !

And one other disgraceful thing you did, you contacted a Public Health organization questioning Don's ownership of his IP.  After you financially exploited and lived a lavish lifestyle off of your unjust gain from Don's IP.

Instead of showing gratitude for the opportunity of a lifetime partnering with Dr. Morisky, you repaid his kindness with deceit and malice, topping it off with your baseless lawsuit against the entire Morisky family - it has cost us $300k to date defending ourselves from you.

Can you blame me for being angry at your malicious attempts to destroy our family?"

A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

23.     On January 3, 2021, Trubow sent an email to Susan Morisky and Morisky's counsel again requesting that counsel remind Ms. Morisky of the non-disparagement clause of the CR2A. A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

24.     On January 3, 2021, Susan Morisky sent an email to Trubow and his counsel, stating "You can't take a dose of your own medicine -? Don't worry, I will not contact an LA Times journalist or Marcus Adams -. Your disgraceful public defamation of Don will stay within the

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 21
(2:21-CV-01301-DWC)

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

confines of this email. You will get your karma. What goes around cones [sic] around." A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

25.     On January 3, 2021, Trubow sent an email to Susan Morisky and Morisky's counsel again requesting that counsel remind Ms. Morisky of the non-disparagement clause of the CR2A, as well as their agreement release all claims against each other. A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

26.     On January 4, 2021, Susan Morisky sent an email to Defendants' counsel, stating that she and Don were going to begin actively participating in the vetting of infringement claims. A true and correct copy of the aforementioned email is attached hereto as part of Exhibit C.

27.     On January 7, 2021, Trubow became aware that Morisky had never taken down a posting on Morisky's website www.moriskyscale.com, with a posting date of April 10, 2020, that stated the following: "Effective midnight, April 10, 2020, I, Dr. Donald E Morisky, have terminated the license of Steve Trubow/MMAA Research LLC to market my scales because of breach of contract." A true and correct copy of the email from Trubow to Morisky's counsel notifying him of the aforementioned posting is attached hereto as Exhibit D.

28.     With Morisky having made it clear that he would continue thwarting Trubow's efforts to perform his obligations under the CR2A, Trubow returned to King County Superior Court on May 11, 2021 seeking to enforce or rescind the CR2A. In response, Morisky moved to compel mediation and dismiss Plaintiff's complaint without prejudice, which the King County Superior Court granted on July 9, 2021. On August 20, 2021 the King County Superior Court issued an Order affirming and upholding its July 9, 2021 Order, and finding that section 17 of the CR2A contains a "mediation clause as a precondition of entering a legal cause of action alleging breach." Nevertheless, the parties remained at an impasse regarding the type of alternative dispute resolution to employ—mediation pursuant to the King County Superior Court's Order or arbitration pursuant to Morisky's demands—and have never engaged in post-CR2A mediation. Morisky then initiated this action by filing his Complaint in the instant case on September 24, 2021.

29.     On April 23, 2021, Morisky sent an email to Defendants' counsel, stating that all new licenses would be processed through their MMAR digital platform. A true and correct copy of the aforementioned complaint is attached hereto as Exhibit E.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 22 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

30.     On October 20, 2021, Trubow's counsel, Peter Hoeller, received an email from Don Morisky and Susan Morisky stating that "Don will not sign any settlement agreement unless the widget is included as part of Don's IP." A true and correct copy of the aforementioned complaint is attached hereto as Exhibit F.

31.     On or about November 2, 2021, Trubow's counsel, Peter Hoeller, after having finalized a settlement with Emory and was awaiting Morisky's signature as required pursuant to the CR2A, received an email from counsel for Morisky, F. Christopher Austin, which attached a signed copy of the Emory settlement agreement, but with the following language added to the signature page:

> "Dr. Morisky's signature hereto is not an admission, agreement, or acknowledgment that MMAS Research, LLC has any right, title or interest to any of the Subject IP, which Dr. Morisky expressly rejects, and maintains that he is the sole and exclusive owner of the same. As such, Dr. Morisky's signature hereto is provided only for the benefit and purpose of releasing Emory in accordance with the terms of this Agreement and cannot be used for or evidence any other purpose."

32.     As a direct result of Morisky's insistence on the inclusion of his unauthorized alteration, the Emory settlement has been stalled indefinitely. Attached hereto as Exhibit G are true and correct copies of the Emory settlement agreement with the altered signature page by Morisky and the email correspondence between Mr. Hoeller and Mr. Austin concerning same.

33.     On or about October 8, 2021, Morisky and Trubow/MMAS Research executed a settlement agreement with IQVIA Services Japan and pharmaceutical company Daiichi Sankyo Japan (the "Daiichi Sankyo Japan Settlement"). Attached hereto as Exhibit H is a true and correct copy of the aforementioned settlement agreement. Despite the CR2A providing that all settled claims would include the use of the Morisky Widget, Morisky refused to execute a settlement agreement with Daiichi Sankyo Japan and IQVIA Services Japan unless his competing digital scoring platform was used. As a result, Trubow and MMAS Research were forced to accept Morisky's terms in order to effectuate the Daiichi Sankyo Japan Settlement and the use of the Morisky Widget was forced out of the agreement.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 23 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ST Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

34.     On or about November 18, 2021, Morisky and Trubow/MMAS Research executed a settlement agreement with pharmaceutical company Daiichi Sankyo UK, which served as an addendum to the original license agreement between MMAS Research and Daiichi Sankyo UK (the "Daiichi Sankyo UK Settlement"). Attached hereto as <u>Exhibit I</u> are true and correct copies of the aforementioned license agreement and settlement agreement. In the Daiichi Sankyo UK Settlement, all parties agreed that MMAS Research would score everything in the Morisky Widget.

35.     Despite Morisky's agreement to the Daiichi Sankyo UK Settlement, on December 3, 2021, counsel for Morisky, F. Christopher Austin, sent an email to Daiichi Sankyo UK, Daiichi Sankyo Japan, and IQVIA in which he intentionally interfered with the Daiichi Sankyo UK Settlement by disparaging Trubow and MMAS Research, by impairing their ability to effectuate a settlement, and by misrepresenting the ownership and copyright status of the Morisky Widget. As a direct result of Daiichi Sankyo UK having received Austin's email, Daiichi Sankyo UK breached the Daiichi Sankyo UK Settlement by, among other things, refusing to use the Morisky Widget and cooperate with Trubow and MMAS Research. A true and correct copy of the aforementioned email from Austin is attached hereto as <u>Exhibit J</u>.

36.     On January 19, 2022, Morisky submitted a complaint to Amazon Web Services demanding the removal of Trubow's websites <u>www.Morisky.org</u> and eu.medicationsafety.healthcare. A true and correct copy of the aforementioned complaint is attached hereto as <u>Exhibit K</u>.

37.     On January 20, 2022, Susan Morisky sent an email to Defendants' counsel, stating that "Don will NOT sign infringement cases that require the nonexistent widget as corrective measure and that should have been returned to Don last September. Don's MMAR platform must be used and he will do the training." Mrs. Morisky also stated that "[Trubow] is the biggest infringer of Don's IP…." A true and correct copy of the aforementioned email is attached hereto as part of <u>Exhibit L</u>.

38.     Also on January 20, 2022, counsel for Morisky, F. Christopher Austin, sent an email to Defendants' counsel, stating that "Dr. Morisky will not sign any settlement agreement that includes a license in the Widget or that calls for corrective measures to be performed using the Widget. Any required retroactive license must exclusively be in the MMAR Digital Platform, and

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 24 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

all training and corrective measures must exclusively be performed by Dr. Morisky or MMAR." A true and correct copy of the aforementioned email is attached hereto as part of <u>Exhibit L</u>.

39.    On January 21, 2022, counsel for Trubow responded to Morisky's complaint to Amazon Web Services demanding the removal of Trubow's websites <u>www.Morisky.org</u> and eu.medicationsafety.healthcare. A true and correct copy of the aforementioned response to the complaint is attached hereto as <u>Exhibit M</u>.

40.    On April 21, 2022, counsel for Morisky, F. Christopher Austin, posted a letter on Morisky's website, located at <u>www.moriskyscale.com</u>, stating that "…the MMAS Research copyright in the Morisky Widget code is an unlawfully obtained derivative of Dr. Morisky's MMAS-4 and MMAS-8 registered copyrights (as noted by the U.S. Copyright Office's reference to Dr Morisky's registered copyrights on the Morisky Widget registration). As such, neither Trubow nor MMAS Research has any right to use or license the Morisky Widget copyright, which includes use or licensure of the Morisky Widget program." (hereinafter referred to as the "Austin Letter"). A true and correct copy of the aforementioned Austin Letter is attached hereto as <u>Exhibit N</u>.

41.    Upon information and belief, the aforementioned Austin Letter has been posted on the Morisky Website every day since April 21, 2022.

42.    On or about April 21, 2022, Morisky posted the following statement, titled "Moriskey Widget is DEAD. Morisky.org", on the Morisky Website: "The Morisky Widget MMAS-8 medication adherence and medication reconciliation software is NOT an authorized medication adherence tool by Dr. Morisky. Steve Trubow is not authorized to license MMAS 4 and 8 the defunct Morisky widget (Morisky.org). Trubow has maliciously infringed the MMAS scales in his Global Medication Reconciliation Form (GMRF; medicationsafety.healthcare), now the subject of federal lawsuit. Any use by anyone of the Widget must immediately contact us to transfer their services to the MMAR platform, or they will be subject to potential copyright and trademark infringement actions against them." A true and correct copy of the aforementioned post is attached hereto as <u>Exhibit O</u>.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 25 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

43.     On April 21, 2022, Morisky emailed a copy of the Austin Letter to counsel for IQVIA Services Japan, further disparaging Trubow/MMAS Research, damaging their business relationship, and threatening litigation. A true and correct copy of the aforementioned post is attached hereto as <u>Exhibit P</u>.

44.     On April 22, 2022, Morisky emailed a copy of the Austin Letter to counsel for pharmaceutical company Menarini. As a direct result of Menarini receiving the Austin Letter, with its disparaging statements about Trubow/MMAS Research and their ability to effectuate a settlement, settlement discussions with Menarini have stalled. A true and correct copy of the aforementioned correspondence is attached hereto as <u>Exhibit Q.</u>

45.     On or about April 2022, Trubow's counsel, Peter Hoeller, was finalizing a settlement with pharmaceutical company Merck that related to a lawsuit filed by MMAS Research in the U.S. District Court for the Central District of California, Case No 2:18-cv-08575. On April 29, 2022, Mr. Hoeller received an email from counsel for Merck informing him that he had received a copy of the Austin Letter and the comment "Please see the attached which is in large part the genesis for the concern. Were you aware of this?" As a direct result of Merck having received the Austin Letter, with its disparaging statements about Trubow/MMAS Research and their ability to effectuate a settlement, the Merck settlement was stalled. A true and correct copy of the relevant portion of the aforementioned email is attached hereto as <u>Exhibit R</u>.

46.     On or about May 21, 2022, Morisky posted the Austin Letter and the following statement the MMAR LLC website, located at: <u>https://wwww.moriskyscale.com/notice-to-clients#/</u>: "The Morisky Widget MMA-8 medication adherence and medication reconciliation software is NOT an authorized medication adherence tool by Dr. Morisky. Steve Trubow is not authorized to license MMAS 4 and 8 the defunct Morisky widget (Morisky.org). Trubow has maliciously infringed the MMAS scales in his Global Medication Reconciliation Form (GMRF; medicationsafety.healthcare), now the subject of federal lawsuit. Any use by anyone of the Widget must immediate contact us to transfer their services to the MMAR platform, or they will be subject to potential copyright and trademark infringement claims against them." <u>See</u> Docket Entry (D.E.) 69 at Exh. C.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 26
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

47.     Morisky and Austin posted the Austin Letter just 6 days after the Court issued its Report and Recommendation, in what can only be described as a flagrant repudiation of the Court's ruling.

48.     Furthermore, Morisky continued to flagrantly disregard the Court's Report and Recommendation and disrupt the "status quo" identified by the Court therein by directly contacting Defendants' clients and tortiously interfering with Defendants' efforts to effectuate settlements and resolve licensing issues allowed by the CR2A.

49.     In or around July 2022, MMAS Research was working in Tokyo for an extended period of time and was unable to communicate with its partner at non-party Mitsubishi Tanabe Pharma Corporation, an existing Morisky Widget licensee. Trubow finally reached out to Mitsubishi Tanabe Pharma Corporation and inquired as to whether there was something going on and/or if they had received any communications.  In the year-and-a-half or so prior to this time, MMAS Research worked closely with Mitsubishi Tanabe Pharma Corporation on a diabetes study for which an article was published.

50.     In response to Trubow's communication efforts, on July 8, 2022, a representative of Mitsubishi Tanabe Pharma Corporation sent an email to MMAS Research confirming that they had received a communication from Philip Morisky, that they were aware of the legal dispute between MMAS Research and Morisky, and that MMAS Research should now contact Mitsubishi's U.S. legal counsel.  A true and correct copy of the aforesaid email is attached hereto as part of Exhibit S.

51.     Upon information and belief, the communication from Philip Morisky referenced in the aforementioned email included disparaging statements about Trubow/MMAS Research and their inability to effectuate a settlement with Mitsubishi Tanabe Pharma Corporation.

52.     In response, on July 27, 2022, MMAS Research sent an email to Mitsubishi Tanabe Pharma Corporation, cc'ing Morisky, and provided a copy of this Court's Report and Recommendation (D.E. 48), and specifically cited this Court's acknowledgment that "MMAS Research LLC holds the Copyright Registration to the Morisky Widget…." and that "the Morisky

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 27 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

Widget is exclusively in [MMAS Research LLC's] control…" A true and correct copy of the aforesaid email is attached hereto as part of <u>Exhibit S</u>.

53.    On July 27, 2022, Morisky sent an email to Mitsubishi Tanabe Pharma Corporation, cc'ing Trubow/MMAS Research, which stated that "Mr. Trubow is falsely misinterpreting Judge Christel's statement on ownership of the Morisky widget…" and that "Mr. Trubow… is actively misinforming you and other clients that a final verdict has been rendered", as well as many other disparaging statements about Mr. Trubow and MMAS Research. A true and correct copy of the aforesaid email is attached hereto as part of <u>Exhibit S</u>.

54.    On July 28, 2022, Defendants filed a Motion for Leave of Court to File this Second Amended Counterclaim in order to include the above-referenced emails in their Counterclaim, since receipt of said emails occurred after the filing of their Amended Counterclaim.

55.    On July 29, 2022, just a day after the aforementioned motion was filed, MMAS Research LLC received a letter from the CEO of OPIS S.r.l., an existing Novartis Italy/ OPIS Morisky Widget licensee, stating that they learned via Morisky's website, under a post entitled "Predatory Pricing from Steve Trubow," that MMAS Research "does not have any rights to use the Widget" and that "these circumstances were directly confirmed by Donald Morinsky." A true and correct copy of pictures depicting what was on the website at that time are attached hereto as Exhibit T.  The letter from OPIS's CEO then demands a refund of approximately €32,000 EUR for training and certification services that Defendants performed. A true and correct copy of the aforesaid letter is attached hereto as <u>Exhibit U</u>.

56.    On or about July 11, 2022, MMAS Research LLC received a letter from the Universita di Brescia ("Brescia"), that stated they received a copy of the Austin Letter, which they did not understand, since they believed they had been operating under a valid license with Defendants. A true and correct copy of the aforesaid letter is attached hereto as <u>Exhibit V</u>.

57.    On July 31, 2022, Morisky sent an email to Brescia, cc'ing Trubow/MMAS Research, alleging that their 2018 Morisky Widget license no longer included any copyright license to the MMAS scales, regardless of the fact that Morisky received a portion of the licensing fee. Specifically, that e-mail stated the following:

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 28 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

Dear All,

Buongiorno. Thank you for your email and the PDF files and documents. Please let me clarify the notice you received from Chris Austin, my legal counsel, regarding a lawsuit currently pending before the State of Washington Federal Court against MMAS Research/Steve Trubow for infringement of my copyrighted intellectual property (IP), the Morisky Medication Adherence Scales 4 and 8 (MMAS 4 & 8).

On April 10, 2020, I severed all business ties and revoked Mr. Trubow's license to market my scales and use them in any way, shape, or form without my approval.

On December 4, 2020, Mr. Trubow signed an agreement named CR2A requiring him to surrender all MMAS 4 and 8 IP derivatives including the widget, and all MMAS widget licenses (including Universita di Brescia's), the Morisky.org website, language translations, etc. to me. **Mr. Trubow—who became a business partner in 2014 and did not have any role in the development of the MMAS 4 and 8 scales which have been widely used and cited in scientific journals from 2007 to this day-- later refused to comply with the CR2A he signed.**

The Morisky widget, a derivative of my IP, is nothing more than software that codes the scoring algorithms which I—not Trubow nor his programmer-- developed for my copyrighted MMAS scales. I allowed the widget to host the scales during our partnership, but that authorization ceased when I ended the partnership and revoked his license. **Mr. Trubow is now misinforming widget clients that he is the sole owner of the IP derivative Morisky widget (US Copyright real name is MMAS Widget Codes), and presumably, my copyrighted MMAS scales the widget is hosting. I did not bequeath my MMAS scales to Mr. Trubow just because I allowed him to host them in the widget. That authorization ceased when our partnership ended.**

Regarding Universita di Brescia licensing, Mr. Trubow left me out of the communication thread during the negotiation process, excluded me from signing the agreement, and kept the revenue to himself even though we were still partners at the time Universita di Brescia made the payment. This happened numerous times during our partnership.

**I am notifying all widget licensees and MMAS users re the legal issues with the Morisky widget to spare them from legal entanglement. If you wish to continue using my MMAS scales, please contact me directly. I will honor the terms of your license agreement so you can**

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 29
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

**start where you left off.  I am also notifying potential users of Trubow's**

**Global Medication Reconciliation Form (GMRF) which he misrepresented in the CR2A agreement as his own IP,  only to be exposed later that he is using MMAS scales, without my authorization,  as the central component of his polypharmacy medication reconciliation form.**

Thank you for your understanding and cooperation.

Sincerely,

Research Professor Donald Morisky ScD, ScM, MSPH,
OWNER/DEVELOPER/SOLE LICENSOR OF MMAS 4 & 8 scales
President, MMAR, LLC MMAS - 4 & -8 Owner/Developer/Licensor
Distinguished Visiting Chair Professor, Kaohsiung Medical University,
Taiwan Distinguished Visiting Professor, National China University, Taichung, Taiwan
UCLA Fielding School of Public Health
Department of Community Health Sciences

A true and correct copy of the aforesaid email is attached hereto as Exhibit W.

58.  As asserted herein, Morisky has been conducting a campaign to discredit and disparage Defendants by directly contacting Defendants' clients and tortiously interfering with Defendants' efforts to effectuate settlements and resolve licensing issues.

59.  As recognized by this Court in its Report and Recommendation (D.E.48), the CR2A authorizes Defendants to pursue retroactive licensing agreements for the Morisky Widget. Through his intended actions, Morisky is flagrantly disregarding the Court's Report and Recommendation (D.E. 48) and is actively disrupting the "status quo" that this Court sought to preserve by denying Morisky his motion for a preliminary injunction.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 30 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

## IV.  FIRST COUNTERCLAIM
### DECLARATORY JUDGMENT AS TO TRUBOW'S OWNERSHIP OF MORISKY WIDGET

60.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

61.     The Morisky Widget was composed by Trubow and MMAS Research.

62.     To the extent that the Morisky Widget was derived from the MMAS-4 and the MMAS-8, the copyright was applied for as a derivative work and was fully licensed by Morisky.

63.     To the extent such was necessary, Trubow and MMAS Research at the time of composing the software enjoyed a license to the MMAS-4 and MMAS-8 making the software a stand-alone product capable of independent ownership.

64.     MMAS Research is entitled to a declaratory judgment that it is the proper owner of the Morisky Widget copyright.

## V.  SECOND COUNTERCLAIM
### DECLARATORY JUDGMENT THAT TRUBOW AND MMAS RESEARCH ARE ENTITLED TO TWO YEARS OF UNINTERRUPTED AND UNOPPOSED PERFORMANCE OF THE CR2A

65.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

66.     The parties agreed to the terms of the CR2A.

67.     The CR2A states at paragraph 4:

Donald Morisky authorizes MMAS Research, LLC through its attorney(s) to prosecute the Claim Settlements listed in Exhibit 3 from which a Claim Settlement may be sought related to the MMAS-4, MMAS-8, the Morisky Widget and any related intellectual property, and further agrees to cooperate in any existing investigations, claims and ensuing litigation of any such claims, whether now pending or to be litigated in the future, including the formal assignment of such claims, if necessary to MMAS Research, LLC. With the exception of any filed, active, lawsuit then proceeding, all prosecution of Claim Settlements by MMAS Research, LLC through its attorney(s) must conclude within two (2) years of the expiration of the Transition Period as described in Paragraph 7 of this Agreement. Any legal actions, including claims for infringement, may be filed in the name of Donald Morisky if required by law, as the owner(s) of the Morisky IP.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 31
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

68.     MMAS Research is entitled to two years of uninterrupted work on securing licenses for the MMAS-4, the MMAS-8 and the Morisky Widget.

69.     MMAS Research is entitled to a judgment declaring entitlement to two years of work on the listed Claim Settlements in Exhibit 3 commencing from the date of the judgment.

## VI.  THIRD COUNTERCLAIM
## BREACH OF CONTRACT—CR2A

70.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

71.     The parties agreed to the CR2A in which Trubow and MMAS Research are entitled to two years of seeking settlement claims.

72.     Trubow and MMAS Research have performed all of their duties under the CR2A.

73.     Morisky has breached multiple provisions of the CR2A through his actions and omissions including, but not limited to, the conduct described herein and evidenced by the Exhibits attached hereto.

74.     Morisky has breached Section 3 of the CR2A, which states that "[t]he Claim Settlement *may include a retroactive license for the Morisky Widget and may include corrective measures to be performed by the licensee with the assistance of Steve Trubow…." As evidenced by the conduct described herein and the Exhibits attached hereto, Morisky has refused to allow for retroactive licenses for the Morisky Widget and refused to allow for corrective measures to be performed by the licensee with the assistance of Trubow.

75.     Morisky has breached Section 4 of the CR2A, which states that "Donald Morisky authorizes MMAS Research, LLC through its attorney(s) to prosecute the Claim Settlements listed in Exhibit 3 from which a Claim Settlement may be sought related to the MMAS-4, MMAS-8, the Morisky Widget and any related intellectual property, and further agrees to cooperate in any existing investigations, claims and ensuing litigation of any such claims, whether now pending or to be litigated in the future, including the formal assignment of such claims, if necessary to MMAS Research, LLC." As evidenced by the conduct described herein and the Exhibits attached hereto, Morisky has repeatedly affirmatively interfered with, and failed to cooperate in, investigations,

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 32 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

claims and ensuing litigation of such claims as required by the CR2A. MMAS Research is entitled to the revenue to be realized in seeking settlement of those claims.

76.    Morisky has breached Section 5 of the CR2A, which states that "Donald Morisky (and/or his heirs, assigns, or successors in interest) further agrees to execute, sign and cooperate in the finalization of any and all Claim Settlement agreements as directed by MMAS Research, LLC, Steven Trubow or the attorneys prosecuting the Claim Settlements…." As evidenced by the conduct described herein and the Exhibits attached hereto, Morisky has repeatedly refused to execute, sign and cooperate in the finalization of Claim Settlement agreements as required by the CR2A.

77.    Morisky has breached Section 7 of the CR2A, which states that "The Morisky Party and MMAR agrees to provide full access to the Morisky Widget and support as needed to all licensees as long as their licenses to the Morisky Widget are in effect, including adhering to all European Union Privacy regulations (including but not limited to GDPR and HIPPA)." As evidenced by the conduct described herein and the Exhibits attached hereto, Morisky has failed to provide full access to the Morisky Widget and support as needed by requiring licensees to use his copycat digital platform entitled the MMAR Medication Adherence Platform instead of the Morisky Widget. Further, Morisky has affirmatively interfered with the ability of Trubow and MMAS Research to service the Morisky Widget licensees.

78.    Morisky has breached Section 14 of the CR2A, which states that "Each Party covenants and agrees not to make any public defamatory statement about any party to this Agreement." As evidenced by the conduct described herein and the Exhibits attached hereto, Morisky has repeatedly made public defamatory statements about Trubow and MMAS Research.

79.    Morisky has breached Section 15 of the CR2A, which states that "The Parties agree to cooperate and take all reasonable steps necessary to effectuate the terms of this Agreement…" As evidenced by the conduct described herein and the Exhibits attached hereto, not only has Morisky repeatedly failed to cooperate and take all reasonable steps necessary to effectuate the terms of the CR2A, he has affirmatively interfered with and intentionally prevented the effectuation of the terms of the CR2A.

80.    Morisky has breached Section 17 of the CR2A, which states that "If the Parties are unable to agree upon any provision or content of the Final Agreement, then no later than the Final

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 33
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

Agreement Deadline, the Parties shall identify and appoint an agreed upon neutral mediator with the Seattle office of JDR as an "Appointed Decider" to hear and finally resolve all such disputed issues." Morisky and his counsel refused to agree upon a neutral mediator. Further, Morisky filed this action in federal court rather than use the Seattle office of JDR to hear and finally resolve this dispute.

81.     As a direct and proximate result of the actions of Morisky, Trubow and MMAS Research have suffered general, direct, consequential, special, and incidental damages, including the expenditure of attorney's fees, those damages all in a sum to be proven at trial, but in a sum no less than $9,000,000.

## VII.  FOURTH COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

82.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

83.     The various potential licensees to the MMAS-4, MMAS-8 and Morisky Widget were listed in Exhibit 3 to the CR2A. These potential licensees were identified by text searches on published medical treatises. Trubow and MMAS Research were entitled to seek retroactive licenses of the MMAS-4, MMAS-8 and Morisky Widget. The expectancy of a contract with each of the identified is assured by the threat of assertion of these copyrights in court.

84.     Thus, there existed a valid business expectancy to resolve the copyright claims against the parties listed in the published medical treatises.

85.     Morisky and his counsel had knowledge of these business expectancies and consented to memorialize the expectancies in Exhibit 3 to the CR2A.

86.     By various publications either on the Internet or in various email communications with various of those entities listed in Exhibit 3 to the CR2A, Morisky and his counsel have repeatedly and intentionally disparaged Trubow and MMAS Research and their ability to effectuate the terms of the CR2A.

87.     As evidenced by the Exhibits attached hereto, Morisky and his counsel have repeatedly and intentionally interfered with Trubow and MMAS Research's ability to perform the agreed terms of the CR2A and to effectuate settlements and licenses provided by the CR2A.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 34
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

88.     Morisky's continued campaign to try and switch the Morisky Widget licensees over to his MMAR platform is rendering many of the remaining settlement claims in the CR2A worthless, and it is also affecting Defendants' ability to hire new law firms.

89.     Morisky is well aware that Defendants were authorized to effectuate settlements and service licensees under the terms of the CR2A; Morisky was aware because he was a party to the CR2A. By emailing the Austin Letter to Widget licensees, it is clear that Morisky is intentionally trying to terminate existing Widget licenses. It is also clear that Morisky's end goal in doing this is to transition the 200+ existing Widget licensees over to his MMAR platform, which was not the intent of these licensees when they signed up nor was it the intent of Morisky and Defendants when the CR2A was signed. In fact, Section 7 of the CR2A specifically requires Morisky "to provide full access to the Morisky Widget and support as needed to all licensees as long as their licenses to the Morisky Widget are in effect, including adhering to all European Union Privacy regulations (including but not limited to GDPR) and HIPPA)," not transition the 200+ Morisky Widget licensees over to Morisky's MMAR platform—which is not even GDPR-compliant.

90.     Morisky and his counsel have interfered for an improper purpose or used improper means outside of the scope of the CR2A.

91.     Trubow and MMAS Research have lost expected revenue resulting from the intentional actions of Morisky and his counsel in a sum to be proven at trial, but in a sum no less than $9,000,000.

## VIII.  FIFTH COUNTERCLAIM
## TORTIOUS AND MALICIOUS ABUSE OF PROCESS

92.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

93.     The livelihood of MMAS Research relies upon settlements and licenses extended to various researching entities such as those listed in Exhibit 3 to the CR2A.

94.     Researching entities license on the basis of the licensor having the power to confer a valid license.

95.     Morisky has filed the various litigation referred to herein for the illegitimate purpose of placing doubt on the ability of MMAS Research to extend a valid license.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 35
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

96.    Morisky has filed the litigation for an extortionary purpose.

97.    Trubow and MMAS Research have suffered damages in that its livelihood has been placed in peril or the value of the resulting settlements have been discounted by an amount to reflect doubt cast on the ability to extend a valid license.

98.    Trubow and MMAS Research have lost expected revenue resulting from the intentional actions of Morisky in a sum to be proven at trial, but in a sum no less than $9,000,000.

IX.  SIXTH COUNTERCLAIM
COPYRIGHT INFRINGEMENT - 17 U.S.C. § 101 ET SEQ.

99.    Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

100.    The Morisky Widget is registered with the U.S. Copyright Office in the name of MMAS Research as the MMAS Research Widget Code under Registration Number TX 8-816-517.

101.    MMAS Research holds a valid copyright to the software that makes up the Morisky Widget including various translations of the questions which are included in the software to allow for localization of the software.

102.    These translations were registered with the U.S. Copyright Office in the name of MMAS Research as the MMAS Research Widget Code under Registration Number TX 8-816-517. Attached hereto as Exhibit X is a true and correct copy of a translation with the correct notice of "© Morisky Widget MMAS Software Registration TX 8-816-517".

103.    Morisky has republished the translations without authorization and has fraudulently annotated the translations with the notice of "© 2006 Donald E. Morisky". Attached hereto as Exhibit Y is a true and correct copy of a republished translation with the fraudulent notice of "© 2006 Donald E. Morisky".

104.    Morisky's republication of the translations without approval or authorization infringes MMAS Research's exclusive copyrights in the translations pursuant to 17 U.S.C. § 501.

105.    Morisky operates a website located at https://medicationadherence.institute that includes a digital platform entitled the MMAR Medication Adherence Platform. Attached hereto as Exhibit Z is a true and correct screen capture of the MMAR Medication Adherence Platform information page taken from the website located at https://medicationadherence.institute.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 36
(2:21-CV-01301-DWC)

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

106.    Upon information and belief, Morisky has not obtained, nor has he applied for, a copyright registration with the U.S. Copyright Office for the Medication Adherence Platform.

107.    Upon information and belief, the Medication Adherence Platform is a copycat of the Morisky Widget.

108.    Upon information and belief, Morisky has improperly and illegally copied the software contained in the Morisky Widget to create the Medication Adherence Platform.

109.    Morisky's copying of the software without approval or authorization infringes MMAS Research's exclusive copyrights in the software pursuant to 17 U.S.C. § 501.

110.    Morisky has infringed a copyrighted work and may be liable for statutory damages up to $30,000 for each work infringed and, if willful infringement is proven by the copyright owner, that amount may be increased up to $150,000 for each work infringed.

111.    Morisky's violations are willful and intentional and have damaged MMAS Research in a sum to be proven at trial.

112.    MMAS Research is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

113.    MMAS Research is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.

## X.  SEVENTH COUNTERCLAIM
UNFAIR BUSINESS PRACTICES UNDER RCW 19.86.020

114.    Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

115.    Pursuant to the Revised Code of Washington, Section 19.86.020, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

116.    Upon information and belief, Morisky has copied, without authorization, software contained in the Morisky Widget to create a competing digital platform entitled the Medication Adherence Platform located at https://medicationadherence.institute.

117.    Upon information and belief, the Medication Adherence Platform is a copycat of the Morisky Widget.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 37
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

118.    Upon information and belief, the Medication Adherence Platform has created relationships with businesses that were to be serviced and licensed through the Morisky Widget pursuant to the terms of the CR2A. Attached hereto as <u>Exhibit AA</u> is a true and correct screen capture of the "Client List" taken from the website located at https://medicationadherence.institute.

119.    Morisky has copied, without authorization, the translations contained in the Morisky Widget and that are registered with the U.S. Copyright Office in the name of MMAS Research as the MMAS Research Widget Code under Registration Number TX 8-816-517.

120.    Morisky has republished the translations without authorization and has fraudulently annotated the translations with the notice, "© 2006 Donald E. Morisky."

121.    Morisky does not have any right to assert creation of and/or ownership of the translations contained in the Morisky Widget, nor does he have any right to annotate the translations with the notice, "© 2006 Donald E. Morisky".

122.    Morisky knowingly made false representations to potential licensees claiming that Trubow and MMAS Research were not authorized to seek licenses pursuant to the CR2A.

123.    By engaging in the alleged conduct, Morisky has engaged in unfair or deceptive acts or practices in commerce affecting the public interest in violation of Section 19.86.020 of the Revised Code of Washington. This conduct includes, but is not limited to, (1) Morisky's unauthorized and deceptive use of the software contained in the Morisky Widget; and (2) Morisky's unauthorized and deceptive republishing of the translations with the notice, "© 2006 Donald E. Morisky."; and (3) Morisky's knowingly making false representations to potential licensees claiming that Trubow and MMAS Research were not authorized to seek licenses pursuant to the CR2A.

124.    As a direct and proximate result of Morisky's wrongful acts, Trubow and MMAS Research have suffered and will continue to suffer substantial pecuniary losses and irreparable injury to their business, reputation and goodwill. Further, Morisky has unjustly enriched himself by, among other things, obtaining profits, depriving Trubow and MMAS Research of the compensation to which they are rightly entitled. Trubow and MMAS Research are thus entitled to restitution of such sums in an amount to be proved at trial, but in a sum no less than $9,000,000.

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 38 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

125.     Pursuant to RCW 19.86.090, Trubow and MMAS Research are entitled to recover their costs, attorneys' fees, and damages together with and an increased damage award of triple the actual damages caused by Morisky.

## XI.  EIGHTH COUNTERCLAIM
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

126.     Trubow and MMAS Research repeat the allegations and reallege the allegations as set forth in the previous paragraphs as if fully set forth and incorporate them here by reference.

127.     The CR2A imposed upon Morisky an implied covenant of good faith and fair dealing requiring that Morisky not do anything that would injure the rights of Trubow and MMAS Research to receive the benefits of the CR2A.

128.     By affirmatively interfering with Trubow's and MMAS Research's ability to seek a settlement of the outstanding claims listed in Exhibit 3 to the CR2A, Morisky has breached the implied covenant of good faith and fair dealing.

129.     By copying, without authorization, the software contained in the Morisky Widget and creating a copycat widget to compete with Trubow and MMAS Research and to interefere with their ability to seek a settlement of the outstanding claims listed in Exhibit 3 to the CR2A, Morisky has breached the implied covenant of good faith and fair dealing.

130.     As a direct and proximate result of the actions of Morisky, Trubow and MMAS Research have suffered general, direct, consequential, special, and incidental damages, including the expenditure of attorney's fees, those damages all in a sum to be proven at trial, but in a sum no less than $9,000,000.

## XII.  REQUEST FOR RELIEF

WHEREFORE, Counterclaimants seek judgment awarding it the following relief:

    a.  An order declaring that MMAS Research holds a valid copyright to the Morisky Widget which, itself, does not infringe any valid copyright owned by Morisky relating to either of the MMAS-4 or the MMAS-8;

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 39
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

b. An order declaring Trubow and MMAS Research are given a reset entitled to two years of uninterfered opportunity to reduce the several identified potential settlements listed in Exhibit 3 to the CR2A commencing on the date of judgment;

c. An order declaring that Morisky and his respective agents and servants be enjoined from copying, modifying, distributing or making any other infringing use of the Morisky Widget;

d. An order declaring Morisky has breached the CR2A and has damaged Trubow and MMAS Research;

e. An order declaring that Morisky has tortuously interfered with MMAS Research in its efforts to reduce the several identified potential settlements listed in Exhibit 3 to the CR2A and a finding that MMAS Research has been damaged by the acts by Morisky;

f. An order declaring that Morisky has abused the judicial process with his filings relative to extortative filings of complaints in various courts in order to interfere with the lawful pursuit of settlements for copyright infringement for those entities listed in Exhibit 3 to the CR2A;

g. An order declaring that Morisky has violated MMAS Research's copyright in the Morisky Widget by claiming translations and the copyright thereto as his own;

h. An order declaring that Morisky has violated MMAS Research's copyright in the Morisky Widget by claiming translations and the copyright thereto as his own;

i. An order for Morisky to account for and disgorge to Trubow and MMAS Research all profits derived by Morisky from his unlawful acts;

j. A judgment awarding statutory copyright damages of attorneys' fees and statutory damages for copyright violations;

k. A judgement awarding actual damages and compensatory damages for the tortious interference and for the contract breaches asserted herein; and

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 40
(2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1

1      l.   An order under RCW 19.86.020, awarding costs, attorneys' fees, and

2           damages together with and an increased damage award of triple the actual

3           damages caused by Morisky;

4      m.   An order awarding such other and further relief as this Court deems just and

5           proper.

6

7

DATED this 28h day of September 2022.

8                                           VIRGO LAW LLC
                                            s/ Brett Harris
9                                           Brett Harris, WSBA #55680
                                            VIRGO LAW LLC
10                                          119 1st Avenue S., Suite 310
                                            Seattle, WA 98104
11                                          Telephone: (206) 569-8418
                                            Brett@virgolawseattle.com
12

13

14

15

16

17

18

19

20

21

22

23

24                      **CERTIFICATE OF FILING AND SERVICE**

25

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND          **Virgo Law LLC**
AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE        119 1ˢᵗ Ave. S., Ste. 310
DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 41       Seattle, Washington 98104
(2:21-CV-01301-DWC)                                  (206) 569-8418

7593392.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

Dated this 28th day of September 2022.

/s/ Brett Harris _____

DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS - 42 (2:21-CV-01301-DWC)

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

7593392.1