UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DONALD E. MORISKY,

    Plaintiff,

v.

MMAS RESEARCH LLC, et al.,

    Defendants.

CASE NO. 2:21-CV-1301-RSM-DWC

ORDER DENYING MOTION TO COMPEL

On January 24, 2023, Plaintiff Donald E. Morisky filed a Motion to Compel Production of Documents. Dkt. 101.[1] After reviewing the relevant record, the Court finds the parties have not satisfied the meet and confer requirements. Accordingly, the Motion to Compel (Dkt. 101) is denied without prejudice. Additionally, Defendants' request for an order extending discovery deadlines is denied without prejudice and Plaintiff's request that Kenneth Gross's declaration be stricken and sealed is granted. The Clerk is directed to strike and seal Kenneth Gross's declaration (Dkt. 104).

---

[1] On March 24, 2023, Plaintiff field a Motion to Compel Depositions and Interrogatory Responses and for Sanctions. Dkt. 111. This second motion to compel will not be ready for the Court's consideration until March 31, 2023; therefore, the Court will not yet issue a decision.

ORDER DENYING MOTION TO COMPEL - 1

### I.   Background

Plaintiff served his First Set of Requests for Production of Documents on November 14, 2022. Dkt. 102. Defendants MMAS Research LLC, MMAS Research Italy SRL, and MMAS Research France SAS ("Defendants") provided written objections and responses on December 14, 2022, along with 130 pages of documents, 102 of which have been obscured with diagonal black bars. *Id*. Plaintiff contends Defendants' objections fail to comply with the requirements of Rule 34(b)(2). Dkt. 101. Defendants object to the discovery requests on multiple grounds, including the materials sought are readily available to Plaintiff, involve the attorney-client privilege, are neither relevant nor proportional, and relate to facts which were resolved when the parties entered into a CR2A Settlement Agreement (Dkt. 22-6) on December 6, 2020. Dkt. 103.

On January 24, 2023, Plaintiff filed the Motion to Compel. Dkt. 101. Defendants filed a Response, wherein they requested the Court to extend the discovery deadlines so both parties may take depositions. Dkt. 103. Plaintiff filed a Reply on February 10, 2023, in which he includes a request for the Court to strike and seal the Declaration of Kenneth Gross. Dkt. 107.

### II.   Discussion

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P.

37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

The evidence shows the parties did not sufficiently meet and confer regarding the discovery disputes. Plaintiff provided evidence showing his counsel, Amanda Bruss, attempted to contact counsel for Defendants by email and telephone. Dkts. 101, 102. Those attempts include a January 9, 2023 letter, emails sent on January 10, 12, and 19 of 2023, and then phone calls on January 13 and 23 of 2023. Dkt. 102, Bruss Dec. However, Ms. Bruss was unable to speak with counsel for Defendants. Dkts. 101, 102, Bruss Dec. Ms. Bruss states that neither Paul Haberman nor Brett Harris, counsel for Defendants, responded to any of her attempts to confer on this issue. Dkt. 102, Bruss Dec., ¶ 11.

Defendants state counsel participated in a "meet and confer" call in November of 2022 with Plaintiff's counsel, Chris Austin. Dkt. 105, Haberman Dec., ¶ 3. Defendants' counsel understood that Mr. Austin was responsible for discovery related issues. *See id.*; *see also* Dkt. 105, Haberman Dec. Based on the record, Ms. Bruss would contact Mr. Haberman. Mr. Haberman would refer the discovery matter to Mr. Harris so that Mr. Harris could discuss the discovery dispute with Mr. Austin. *See* Dkt. 105, Haberman Dec. Counsel for Defendants were unable to confirm Ms. Bruss was representing Plaintiff in this matter until January 20, 2023. *See* Dkt. 106, Harris Dec., ¶¶ 10, 14, 20. Moreover, because there are several cases involving Plaintiff and Defendants in multiple jurisdictions, Defendants' counsel was initially unclear the discovery disputes raised by Ms. Bruss related to this case. *See* Dkt. 105, Haberman Dec. Mr. Harris also asserts that, in January of 2023, Mr. Austin would not respond to Mr. Harris's requests to discuss discovery issues. *See* Dkt. 106, Harris Dec., ¶¶ 12, 15, 17, 18-19.

The record shows the parties have not met and conferred about the discovery disputes. Rather, counsel for both Plaintiff and Defendants are not communicating in a meaningful way and are circumventing the meet and confer requirements. While the Court is mindful of the difficulties of communicating with opposing counsel in a case that involves multiple cases and multiple attorneys in multiple jurisdictions, the Court cautions counsel that a pattern of ignoring emails and telephone calls is unacceptable and may result in sanctions.

The Court's expectation is for compliance with the meet and confer requirements. To satisfy the meet and confer requirements, counsel must *in good faith* confer or attempt to confer by telephone or in person regarding the discovery dispute. Here, while Defendants' counsels' failure to respond to Ms. Bruss presented frustrations to Plaintiff, there is evidence Plaintiff's counsel did not adequately attempt to meet and confer, did not provide clarification regarding who was representing Plaintiff in this case, and did not adequately respond to defense counsel's requests for communications related to discovery disputes. In sum, the communications in this case do not meet this Court's meet and confer requirements.

At this time, the parties have not satisfied the meet and confer requirements and have not reached an impasse regarding the discovery disputes. Therefore, Plaintiff's request for an order compelling discovery responses is denied.

### III.  Request to Extend Deadlines

In Defendants' Response, Defendants request the Court extend the discovery deadlines so that both parties can take depositions. The Court declines to consider requests contained in a response. If a party seeks to extend any date contained in the Order Setting Trial Date and Related Dates (Dkt. 71), that party must file a motion that complies with the Federal Rules of Civil Procedure and the Local Civil Rules.

### IV. Request to Strike

In Plaintiff's Reply, Plaintiff requests the Declaration of Kenneth Gross be stricken and sealed. Dkt. 107 at 6. Defendants submitted Mr. Gross's declaration in support of their Response. Dkt. 104. The declaration contains a case caption for a case arising in the Central District of California. *Id*. Defendants did not submit Mr. Gross's declaration as an attachment, but rather as a stand-alone filing. Accordingly, the Court finds Mr. Gross's declaration does not comply with Local Civil Rule 10. The declaration is, therefore, stricken. The Court has reviewed Mr. Gross's declaration and finds Plaintiff has made a *prima facie* showing that the content of Mr. Gross's declaration may include privileged attorney/client communications. As such, the Court will also seal Mr. Gross's declaration.

### V. Conclusion

For the above reasons, Plaintiff's Motion to Compel (Dkt. 101) is denied without prejudice. The parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Beasley v. State Farm Mut. Auto Ins. Co.*, 2014 WL 1268709, *3 (W.D. Wash. March 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute"). The Court recommends any future motion to compel be filed as a joint submission in accordance with Local Civil Rule 37 to expedite a decision.

Defendants' request for an order extending discovery deadlines (Dkt. 103) is denied without prejudice.

Plaintiff's request that Kenneth Gross's declaration be stricken and sealed (Dkt. 107) is granted. The Clerk is directed to strike and seal Kenneth Gross's declaration (Dkt. 104).

Dated this 16th day of March, 2023.

*David W. Christel*
Chief United States Magistrate Judge