UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DONALD E. MORISKY,

                    Plaintiff,

        v.

MMAS RESEARCH LLC, et al.,

                    Defendants.

CASE NO. 2:21-CV-1301-RSM-DWC

ORDER ON MOTIONS TO COMPEL

On March 14, 2023, Plaintiff, Donald E. Morisky, filed a Motion to Compel Depositions and Interrogatory Responses and for Sanctions ("Motion to Compel and for Sanctions"). Dkt. 111. Plaintiff also filed a LCR 37 Joint Submission Regarding Request for Production of Documents ("Joint Submission") on March 31, 2023. Dkt. 120. After reviewing the relevant record, the Motion to Compel and for Sanctions (Dkt. 111) is GRANTED. In addition, as Plaintiff has made a *prima facie* showing that Defendants included attorney-client privileged communication in Defendants' Response (Dkt. 116), the Declaration of Brett Harris (Dkt. 117), and the Declarations of Steven Trubow (Dkts. 118 and 119), the Clerk is directed to seal docket entries 116, 117, 118, and 119. As Defendants did not file a response to the Joint Submission, the

Court GRANTS the Joint Submission and will enter a separate order detailing the discovery Defendants must produce.

**I.      Background**

A.   First Motion to Compel

Plaintiff served his First Set of Requests for Production of Documents on November 14, 2022. Dkt. 102. Defendants MMAS Research LLC, MMAS Research Italy SRL, and MMAS Research France SAS provided written objections and responses on December 14, 2022, along with 130 pages of documents, 102 of which had been obscured with diagonal black bars. *Id*. Plaintiff filed a motion to compel contending Defendants' objections failed to comply with the requirements of Rule 34(b)(2). Dkt. 101. Defendants objected to the discovery requests on multiple grounds, including that the materials sought were readily available to Plaintiff, involved the attorney-client privilege, were neither relevant nor proportional, and related to facts which were resolved when the parties entered into a CR2A Settlement Agreement (Dkt. 22-6) on December 6, 2020. Dkt. 103.

The Court found the parties had failed to satisfy the meet and confer requirements, denied the motion without prejudice, and recommended any future motion to compel be filed as a joint submission in accordance with Local Civil Rule 37 to expedite a decision. Dkt. 113. Within that Order, the Court also struck and sealed the Declaration of Plaintiff's former counsel, Kenneth Gross (Dkt. 104), which Defendant's had submitted in support of their response to Plaintiff's motion to compel. Dkt. 107. In doing so, the Court found Plaintiff had made a *prima facie* showing that the content of Mr. Gross's declaration may have included privileged attorney-client communications. *Id.*

B.  <u>Pending Motions</u>

In the Motion to Compel and for Sanctions, Plaintiff seeks an order directing Defendants to provide complete responses to Plaintiff's Interrogatories by a date certain and finding that all objections have been waived. Dkt. 111. Plaintiff further requests that Defendants be compelled to appear for depositions and be prepared to provide complete responses on the noticed topics by a date certain. *Id*. In their Response to the Motion to Compel and for Sanctions, Defendants state they have not been avoiding discovery, but "have been earnestly seeking a valid meet and confer on the substance of discovery scope." Dkt 116. They oppose being compelled to appear for the requested depositions, to producing documents and responding to interrogatories because the discovery is overbroad and "based on bad faith efforts by Plaintiff's legal team." *Id.*[1]

In Plaintiff's Reply, Plaintiff asserts Mr. Brett C. Harris, attorney for Defendants, has again publicly disclosed, as part of Defendants' responsive briefing (Dkts. 116, 117, 118, and 119), an attorney-client privileged email between Plaintiff and Plaintiff's counsel which Plaintiff's counsel inadvertently sent to Mr. Harris on February 16, 2023, at 6:46 pm (the "Privileged Email"). Dkt. 122. Plaintiff asks to have Mr. Harris disqualified from continuing to appear before this Court on this matter, to strike the Response and the Declarations of Mr. Harris and Defendant Trubow, all of which Plaintiff contends unlawfully use the Privileged Email, and to order Mr. Harris to pay the costs and fees incurred by Plaintiff in filing the Reply responding to Defendants' Response. *Id*.

---

[1] In Defendants' Response to Plaintiff's Motion to Compel Depositions, they "ask [the] Court to extend the end of fact discovery to March 31, 2023, so that both parties may take depositions" and "ask [the] Court to limit discovery to events that occurred after the Parties entered into the CR2A settlement agreement". Dkt. 116, p 7. As neither of these requests are properly before the Court, the requests are denied.

1   On March 31, 2023, Plaintiff filed the Joint Submission, wherein Plaintiff seeks an order

2   directing Defendants to produce documents responsive to Plaintiff's requests prior to

3   Defendants' depositions. Dkt. 120. The Joint Submission indicates Defendants were given an

4   opportunity to respond in accordance with Local Civil Rule 37, but provided no responses. *Id*.

5   **II.     Sealing Documents**

6   The Court has reviewed the Response (Dkt. 116), the Declaration of Mr. Harris (Dkt.

7   117) and the Declarations of Mr. Trubow (Dkts. 118 and 119)[2] and finds Plaintiff has made a

8   *prima facie* showing that the Privileged Email or content of the Privileged Email was referenced

9   in each of these documents. As such, the Court will seal docket entries numbered 116, 117, 118

10  and 119. Plaintiff's request to strike the docket entries is denied at this time; Plaintiff may move

11  to strike the documents in a motion for sanctions and disqualification, if such motion is filed.

12  **III.    Discussion**

13  The Court strongly disfavors discovery motions and prefers that the parties resolve

14  discovery issues on their own. However, if the parties are unable to resolve a discovery dispute,

15  the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

16  A party may obtain discovery regarding any nonprivileged information that is relevant to

17  any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery

18  has established the request meets this relevancy requirement, "the party opposing discovery has the

19  burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining

20  or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

21  When a party believes the responses to his discovery requests are incomplete, or contain

22

23  _____

24  [2] The two declarations are the same document.  The first (Dkt. 118) was unsigned. The second (Dkt. 119)
    was signed.

1   unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P.

2   37. The movant must show he conferred, or made a good faith effort to confer, with the party

3   opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

4         A.   Motion to Compel Depositions and Answers to Interrogatories.

5              i.      Request to compel discovery

6         Plaintiff asserts Defendants failed to appear at properly noticed depositions. Dkt. 111. On

7   November 17, 2022, Defendants' counsel confirmed Defendant Trubow would sit for two

8   depositions on January 6, 2023; one for Defendant Trubow and one for Defendant MMAS

9   Research, LLC pursuant to Rule 30(b)(6) and LCR 30(b). Dkt. 112. On December 8, 2023,

10  Defendants notified Plaintiff of scheduling conflicts for the January 6 date and that Defendant

11  Trubow could not effectively use Zoom for the depositions.[3] *Id.* Counsel communicated and

12  eventually agreed the depositions would be held on February 23 and 24, 2023. *Id.* The parties then

13  submitted, and the Court entered, a stipulated Order extending the discovery deadline to February

14  28, 2023 to take these depositions. Dkt. 97. On February 8, 2023, Plaintiff served deposition

15  notices setting the depositions to be in person, as requested by Defendants, for the agreed-upon

16  dates of February 23 and 24, 2023. *Id.*

17        One week before the scheduled depositions, Mr. Harris notified F. Christopher Austin,

18  Plaintiff's counsel, that Trubow would not be able to attend the February 23 deposition due to a

19  medical appointment and having to move residences. *Id.* at ¶¶ 15-16. Mr. Harris did not mention

20  the February 24 deposition. *Id.* Mr. Austin told Mr. Harris that Plaintiff would accommodate

21  Defendants provided Defendants prepared, and the Court granted, a stipulated order extending the

22

23  _____

24        [3] Defense counsel informed Plaintiff's counsel that Trubow, "has a hearing disability and thus cannot
    effectively use Zoom," insisting that the depositions be conducted in person. Dkt. 112, ¶7.

1   deadline to take the depositions but, absent that, the depositions would proceed as noticed. *Id.* at ¶

2   17. Counsel then exchanged a series of emails, but Defendant did not prepare or file a stipulation to

3   extend the deadlines and did not file a motion for protective order. *Id.* at ¶ 21. Plaintiff's counsel

4   incurred cost, time, and expense to prepare for the depositions, to contract with court reporters, and

5   to travel to Seattle. *Id.* at ¶¶ 20-21.  Neither the Defendants, nor their counsel, appeared for the

6   depositions on February 23 or 24. *Id.* at ¶¶ 21-25.

7          Regarding the responses to Plaintiff's interrogatories, on February 24, Mr. Austin emailed

8   Mr. Harris informing Mr. Harris that Defendants had also failed to serve responses and asked him

9   to confirm that Plaintiff's counsel would receive the responses by the next the Tuesday (February

10   28, 2023) or call to discuss. *Id.* at ¶ 25. Mr. Austin and Mr. Harris met and conferred over the

11   phone in the afternoon of February 24.  *Id.* at ¶ 26. During the call, Mr. Harris indicated that he did

12   not know the status of Defendants' response to the Interrogatories. *Id.* Mr. Austin stated that, if a

13   response was not served by Tuesday, February 28, 2023, Plaintiff would be forced to file a

14   motion to compel. *Id.* Mr. Harris promised he would respond and inform Mr. Austin of

15   Defendants' position. Mr. Harris emailed Mr. Austin later that evening stating that "Mr. Trubow

16   would not be responding to the Interrogatories" and was "waiting for a decision from the Court

17   regarding [Plaintiff's Motion to Compel Documents] before continuing discovery." *Id.* at ¶ 27.

18          The Court finds the depositions were properly noticed; Defendants picked the deposition

19   dates, demanded the depositions be in-person, and rejected Plaintiff's offer to take the depositions

20   remotely by Zoom. The Court further finds the depositions were scheduled after the close of

21   discovery pursuant to a stipulated Court Order requiring they be taken prior to February 28, 2023,

22   and that Defendants failed to appear at either of these properly noticed depositions, without any

23   lawful justification. The record also shows Defendants and their counsel did not accept Plaintiff's

24

ORDER ON MOTIONS TO COMPEL - 6

offer to again stipulate to take these depositions at a later date. Defendants did not propose alternative dates, never sent a proposed stipulation to extend the deadline to complete the depositions, never moved for a protective order from the Court, and never obtained permission from the Court relieving them of the obligation under Rule 30(b) to appear at these depositions. As such, Defendants are compelled to attend the depositions.

Additionally, Defendants did not assert any reasonable opposition to responding to the Interrogatories. *See* Dkt. 116. Therefore, the Court finds all Defendants' objections to Plaintiff's interrogatories are waived.

For the above stated reasons, the Court finds Plaintiff has shown an order compelling Defendants to attend the depositions and respond to Plaintiff's interrogatories is warranted. Accordingly, the Court orders Defendant Trubow to sit for two depositions: one for Defendant Trubow and one for Defendant MMAS Research, LLC pursuant to Rule 30(b)(6) and LCR 30(b) on or before May 31, 2023, with such depositions to be located at a physical location agreed to by the parties, and if not agreed, then at Mr. Austin's office in Las Vegas, NV. The Court also orders Defendants to provide complete responses to the interrogatories no later than May 15, 2023.

ii.     Request for award of fees and costs

Plaintiff moves for an award of fees and costs pursuant to Federal Rule Civil Procedure 37(d). Dkt. 111. When a motion to compel is granted, sanctions in the form of "reasonable expenses" which includes attorney fees must be awarded against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). The presumption in favor of such awards serves a "deterrent function by discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). But the Court

must not order payment if the movant did not make a good faith attempt to confer, nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also* Fed. R. Civ. P. 37(d) ("the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").

Here, the Court finds Plaintiff did make a good faith attempt to meet and confer, that Defendants did not meet their burden to show why they did not appear for the depositions or show why the discovery requested should denied, and that no other circumstances make an award of reasonable expense unjust. Thus, the exceptions in Rule 37 do not apply and a fee award is appropriate. Plaintiff, however, has not provided an accounting of the expenses incurred in attempting to take the depositions or in filing the Motion to Compel and for Sanctions. As such, Plaintiff is directed to provide the Court with the specific amount of expenses reasonably expended in attempting to depose Defendants and regarding the Motion to Compel and for Sanctions, including documentation to support the request for expenses, on or before May 15, 2023. Defendant may file a response to Plaintiff's filing on or before May 26, 2023. The Court will then determine a reasonable award for fees and costs.

          iii.     Request for sanctions and disqualification

Plaintiff also requests sanctions against Defendants and Mr. Harris for unlawfully using and disclosing the Privilege Email. Dkt. 122. Plaintiff seeks to have the Response (Dkt. 116), Declaration of Harris (Dkt. 117), and the Declarations of Trubow (Dkts. 118 and 119) stricken, to have Mr. Harris pay the costs and fees incurred by Plaintiff for filing the Reply (Dkt. 122), and to have Mr. Harris disqualified from continuing to appear before the Court in this matter. *Id.*

1    Federal Rule of Civil Procedure 11 allows for sanctions based on written documents filed

2    with the Court. "The rule provides two independent bases for the imposition of sanctions: one if

3    a pleading is frivolous and another if it has been filed for an improper purpose." *Westlake N.*

4    *Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990). A district

5    court is vested with discretion on whether to enter Rule 11 sanctions. *See Cooter & Gell v.*

6    *Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L.Ed. 2d 359 (1990). "Rule 11 is an

7    extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension*

8    *Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Under Rule 11(c)(2), a "motion for

9    sanctions must be made separately from any other motion[.]"

10    Federal courts also have the authority to discipline attorneys appearing before them for

11    conduct deemed inconsistent with ethical standards. *In re Snyder*, 472 U.S. 634, 645 n. 6 (1985);

12    *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (explaining that "a district court has

13    the primary responsibility for controlling the conduct of the attorneys who practice before it.").

14    That discipline includes disqualification of counsel if the conduct complained of demands such a

15    measure. In general, disqualification is viewed as a drastic remedy, and therefore, should be

16    imposed only when absolutely necessary. *In re Firestorm*, 129 Wn.2d 130, 140 (1996).

17    However, where the "asserted course of conduct threatens to affect the integrity of the

18    adversarial process" disqualification may be the most appropriate measure to eliminate such

19    taint. *See MMR/Wallace Power & Indus. Inc. v. Thames Assoc.*, 764 F. Supp. 712, 718 (D. Conn.

20    1991) (citations omitted).

21    Here, Plaintiff included the request for sanctions in his Reply in Support of Motion to

22    Compel Depositions and Interrogatory Responses and for Sanctions. *See* Dkt. 122. While

23    Plaintiff does not specifically state he is seeking Rule 11 sanctions, the Court finds Plaintiff is

24

seeking sanctions, at least in part, under Rule 11 based on Mr. Harris's written submissions to the Court. Plaintiff included the request for sanctions and disqualification in the reply; therefore, Defendants have not had an opportunity to respond. As Plaintiff did not file the request for sanctions as a separate motion, the request is denied without prejudice. Plaintiff may file a separate motion for sanctions and disqualification in compliance with the federal and local rules, which will allow Defendants an opportunity to respond.

B. LCR 37 Joint Submission

Before the Court is also the LCR 37 Joint Submission filed by Plaintiff. Dkt. 120. In the Joint Submission, Plaintiff indicated that the parties agreed to complete a joint submission under LCR 37. However, when Plaintiff sent the submission to Defendants' counsel, Plaintiff did not receive a response. Per LCR 37, "[i]f the opposing party fails to respond, the moving party may file the LCR 37 submission with the court and state that no response was received." LCR 37(a)(2)(C). Here, Plaintiff did just that. Plaintiff indicated at each request that no response was received from Defendants. The Court also notes that Defendants have had sufficient time to file any opposition to the Joint Submission. Defendants have made no such filing. Therefore, the Court finds Defendants do not oppose the Joint Submission and the LCR 37 Joint Submission (Dkt. 120) is GRANTED. The Court will enter a separate order detailing the discovery Defendants are compelled to produce.

**IV.    Conclusion**

For the above reasons, Plaintiff's Motion to Compel and for Sanctions (Dkt. 111) is granted-in-part and denied-in-part as follows:

- The Court will seal docket entries 116, 117, 118 and 119.

- Defendant Trubow is ordered to sit for two depositions, one for Defendant Trubow and one for Defendant MMAS Research, LLC pursuant to Rule 30(b)(6)

and LCR 30(b) on or before **May 31, 2023**, with such depositions to be located at a physical location agreed to by the parties, and if not agreed, then at Mr. Austin's office in Las Vegas, NV.

- All Defendant's objections to Plaintiff's interrogatories are waived.  Defendant is directed to provide complete responses to the interrogatories no later than **May 15, 2023**.

- Plaintiff is directed to provide the Court with the specific amount of expenses reasonably expended in attempting to depose Defendants and regarding the Motion to Compel and Sanctions, including documentation to support the request for expenses, on or before **May 15, 2023**. Defendant may file a response to Plaintiff's filing on or before **May 26, 2023**.

- As Plaintiff did not file the request for sanctions and for disqualification as a separate motion, the request is denied without prejudice. Plaintiff may file a separate motion for sanctions and disqualification in compliance with the federal and local rules, which will allow Defendants an opportunity to respond.

The LCR 37 Joint Submission (Dkt. 120) is granted. The Court will enter a separate order detailing the discovery Defendants are compelled to produce.

The Clerk is directed to seal docket entries 116, 117, 118 and 119.

Dated this 27th day of April, 2023.

David W. Christel
Chief United States Magistrate Judge