The Honorable David W. Christel

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>     Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC et al.,<br><br>     Defendants. | Case No. 2:21-cv-01301 RSM-DWC<br><br>**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**<br><br>NOTE ON MOTION CALENDAR: June 16, 2023<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to this Court's Order on Motions to Compel (the "Order") (Dkt. 123), Fed. R. Civ. P. 11, LCR 11, and 28 U.S.C. § 1927, Plaintiff Dr. Donald E. Morisky ("Dr. Morisky") hereby moves the Court to (1) strike all attorney-client privileged information from the docket, including Defendants' Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued and Request for Order of Res Judicata ("PI Motion") and the exhibits thereto (Dkt. 129); (2) revoke attorney Patricia Ray's admission to appear in this matter *pro hac vice*; and (3) sanction Defendants and their counsel for repeated improper disclosure of protected communications and violation of the local and federal rules and this Court's Orders.  Plaintiff notified Defendants that their untimely filing included privileged material on May 23, 2023.[1]  Defendants refused to withdraw it, necessitating this motion.[2]

---

[1] Austin Declaration, Exhibit A, p. 1 (filed concurrently).
[2] Austin Declaration, Exhibit B, p. 1.

| | | |
|---|---|---|
| MOTION TO STRIKE AND FOR SANCTIONS<br>CASE NO. 2:21-cv-01301 RSM-DWC | 1 | WEIDE & MILLER, LTD.<br>10655 Park Run Drive, Suite 100<br>Las Vegas, NV 89144<br>Tel. (702) 382-4804 |

## I. RELEVANT LAW

"A court may impose sanctions on a party or its counsel by three primary means: (1) FRCP 11, which applies to signed, written filings; (2) 28 U.S.C. § 1927, which penalizes unreasonable and vexatious multiplicity of proceedings; and (3) the inherent power of the court."[3]  As noted by the Court,

> Federal Rule of Civil Procedure 11 allows for sanctions based on written documents filed with the Court. "The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been filed for an improper purpose." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990) . . .
>
> Federal courts also have the authority to discipline attorneys appearing before them for conduct deemed inconsistent with ethical standards. *In re Snyder*, 472 U.S. 634, 645 n. 6 (1985); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (explaining that "a district court has the primary responsibility for controlling the conduct of the attorneys who practice before it."). That discipline includes disqualification of counsel if the conduct complained of demands such a measure . . .

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Moreover, "a district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith.  A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith.  Either supports the imposition of sanctions."[4]  "The Ninth Circuit Court of Appeals characterizes repeated disregard of court orders as bad faith conduct."[5]  " [A] court may impose sanctions for failure to obey a court order without proof of bad faith or improper motive."[6]

---

[3] *White v. Univ. of Wash.,* 2:22-CV-01798-TL, at *5 (W.D. Wash. May 22, 2023), citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).
[4] *Evon v. Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).
[5] *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, at *15 (W.D. Wash. Apr. 15, 2014).
[6] *Perez v. Jie*, No. C13-877RSL, at *5 (W.D. Wash. Mar. 31, 2014).

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

2

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

## II. ARGUMENT

### A. Defendants have repeatedly filed documents protected by attorney-client privilege.

Defendants have now publicly filed information protected by attorney-client privilege on three separate occasions.

First, Defendants filed a declaration executed by Plaintiff's prior counsel, Kenneth Gross,[7] with their opposition to Plaintiff's first motion to compel (Dkt. 104). As noted in Plaintiff's reply on that motion, the alleged communications disclosed by Gross were made in the course and scope of his legal representation of Dr. Morisky and were therefore privileged.[8] The Court "reviewed Mr. Gross's declaration and [finding] Plaintiff ha[d] made a *prima facie* showing that the content of Mr. Gross's declaration may include privileged attorney/client communications," struck and sealed the declaration (Dkt. 107).

Defendants' next violation was even more egregious. In opposing Plaintiff's motion to compel depositions and interrogatories, Defendants intentionally filed an email between Plaintiff and his litigation counsel that had been inadvertently disclosed, despite Plaintiff's counsel's immediate notification to Defendants' counsel of the mistaken disclosure and attempt to recall it (Dkt. 122 at p. 2[9]). Here again, the Court found, "Plaintiff has made a *prima facie* showing that Defendants included attorney-client privileged communication in Defendants' Response (Dkt. 116), the Declaration of Brett Harris (Dkt. 117), and the Declarations of Steven Trubow (Dkts. 118 and 119)" and directed the Clerk to seal these docket entries (Dkt. 124). The Court further noted, "Plaintiff may move to strike the documents in a motion for

---

[7] *See* Austin Decl. ¶ 3.
[8] *See Zink v. City of Mesa*, 256 P.3d 384 (Wash. Ct. App. 2011) ("Under RCW 5.60.060(2), '[a]n attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment.' Courts interpret this privilege as applying to all communications and advice between an attorney and client, including from the attorney to the client. *Soter*, 131 Wn. App. at 903. And this privilege applies whether or not the communication is relevant to a controversy. *Hangartner*, 151 Wn.2d at 451-52; *Soter*, 131 Wn. App. at 903."). *See Lahrichi v. Lumera Corporation*, No. C04-2124C, at *5 (W.D. Wash. May 22, 2007) (sealing privileged documents).
[9] *Citing* Dkt. 117 (Harris Decl.), Exh. H (Privileged Email), Exh. C (Emails from Mr. Austin, Feb. 16, 2023, at 6:53 PM, 7:00 PM, and 7:00 PM, seeking to recall the Privileged Email), Ex. B. (Email from Mr. Austin to Mr. Harris, Feb. 16, 2023, at 6:49 PM).

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

3

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

sanctions and disqualification, if such motion is filed." (*Id.*).

Before Plaintiff had time to submit the sanctions motion contemplated by the Court, Defendants filed *yet another* brief and exhibits peppered with attorney-client communications. In connection with Defendants' PI Motion (Dkt. 129), Defendants filed and referenced multiple attorney-client communications, including:

- Exhibit 4 (Dkt. 129-3) which purports[10] to contain email correspondence between Dr. Morisky and Kenneth Gross, with copies to Peter Hoeller and Christopher Austin.
- Exhibit 10 (Dkt. 129-6) at pp. 64-67, which purports to contain communications between Dr. Morisky and Kenneth Gross, Peter Hoeller, and Christopher Austin.[11]
- Exhibit 16 (Dkt. 129-9) at pp. 30-31, which purports to contain an email from Peter Hoeller to Dr. Morisky.[12]
- Exhibit 17 (Dkt. 129-10) at p. 21, which purports to contain an email from Peter Hoeller to Dr. Morisky with a copy to Christopher Austin.
- Exhibit 22 (Dkt. 129-13) which is an *exact copy* of the Kenneth Gross declaration previously filed by Defendants and sealed by the Court on March 16, 2023 (Dkt. 113).

At the time of these alleged communications, Kenneth Gross and Peter Holler had been retained as legal counsel by Dr. Morisky and MMAS in connection with settlement of infringement claims, and Mr. Austin is Dr. Morisky's primary counsel.[13] Their communications with Dr. Morisky are therefore protected by

---

[10] Defendants have not provided any foundation for the bulk of its exhibits. Plaintiff expressly reserves all relevant objections.

[11] Dr. Morisky notes he "accidentally included" a client representative, Magdalena Potocka, on the emails with his counsel, but immediately requested her to disregard the email demonstrating his intent to preserve attorney-client privilege with his counsel (Mssrs. Austin, Gross, and Hoeller).

[12] The email itself declares, "This message is confidential. It may also be privileged or otherwise protected as attorney work product or other legal rules. If you are not the intended recipient or received this message by mistake. please let us know by reply e-mail and delete this message from your system. You may not copy this message or disclose its contents to anyone." (Dkt. 129-9 at p. 31 of 42).

[13] Austin Declaration, ¶¶ 2 – 3.

---

MOTION TO STRIKE AND FOR SANCTIONS  
CASE NO. 2:21-cv-01301 RSM-DWC

4

WEIDE & MILLER, LTD.  
10655 Park Run Drive, Suite 100  
Las Vegas, NV 89144  
Tel. (702) 382-4804

attorney-client privilege.[14] Additional documents submitted by Defendants appear to be confidential and should likewise be stricken or sealed.[15]

Attorneys Brett Harris and Patricia Ray are well-aware of the privileged nature of these communications but chose to file without any legitimate basis. Their re-filing of Gross's declaration cannot be anything but willful considering the Court's recent order striking and sealing it (Dkt. 113 at p. 6).

### B. Defendants failed to provide any foundation for the documents upon which it relies.

With the exception of a declaration of Stephen Trubow,[16] Defendants have also failed to submit any admissible evidence supporting their request for relief.[17] "Regardless of the nature of the desired preliminary injunction (prohibitory or mandatory), a motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings.'"[18] Likewise, "[a] motion for summary judgment must be based on admissible evidence."[19] As explained by the Ninth Circuit,

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in

---

[14] *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) ("The Ninth Circuit has long recognized that the joint defense privilege is "an extension of the attorney-client privilege."); quoting *United States v. Henke,* 222 F.3d 633, 637 (9th Cir.2000).

[15] *See, e.g.* Exhibit 17 (Dkt. 129-10 at p. 4), Exhibit 13 (emailed to the Court) at p. 7 ("Notice to recipient: The information contained in this mail and any of its enclosures is confidential") and p. 15 ("Each of Licensor and Licensee must keep confidential the terms and existence of this Addendum…"). *See generally Mehr v. Cnty. of Orange*, 484 F. App'x 162, 2 (9th Cir. 2012).

[16] Dkt. 129-15, executed December 16, 2022. While the Declaration is admissible, it relies on hearsay and personal opinions and is of little evidentiary value.

[17] Exhibits 20 & 21 are pleadings and an Order (Dkt. 129-11 and 129-12) and Exhibit 23 (Dkt. 129-14) is a declaration filed in a different case, which may be admissible but do not support Defendants' request.

[18] *Giannini v. Cnty. of Sacramento*, 2:21-cv-0581-KJN PS, at *6 (E.D. Cal. Aug. 3, 2022), quoting *Fidelity Nat. Title Ins. Co. v. Castle,* 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).

[19] *Monper v. Boeing Co.*, No. C13-1569 RSM, at *6 (W.D. Wash. Apr. 28, 2016), citing Fed. R. Civ. P. 56(c)(2) (providing for objections to material that "cannot be presented in a form that would be admissible in evidence"); Fed. R. Civ. P. 56(c)(4) (requiring "personal knowledge," "facts that would be admissible in evidence," and a showing "that the affiant or declarant is competent to testify on the matters stated"); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970); *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012) ("In examining whether summary judgment is appropriate, we consider only alleged facts that would be admissible in evidence") (internal citation omitted).

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC
5
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

question is what its proponent claims."Fed.R.Evid. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.[20]

"To be admissible, proper foundation must be laid and documents must be authenticated."[21] Defendants have not made any attempt to explain what Exhibits 1, 4, 6, 7, 10, 11, 12, 13, 16, 17, 26, 28, 31, and 34 are.[22] These compilations of documents cut and pasted together are not sufficient to warrant consideration by the Court,[23] particularly on a dispositive motion.[24]

    **C.    Defendants' PI Motion is untimely and fails to comply with the Local Rules.**

        **1.  Defendants' motion is untimely.**

Though Defendants style their motion as an "Order to Show cause why a Preliminary Injunction should not issue against Plaintiff," and a request for "an Order of Res Judicata," the relief requested is: (1) reconsideration of their previously denied motion for preliminary injunction, and (2) an improper motion for summary judgment. Defendants are far too late to seek either type of relief.

On August 1, 2022, Defendants moved for, "a temporary restraining order (TRO) and preliminary injunction enjoining Plaintiff, "from sending tortious communications' about Defendants to anyone…."[25] Defendants' prior motion was based largely on the same allegations raised here – that Plaintiff's April 14, 2022 letter and related communications disrupted the 'status quo.' *See* Dkt. 84 at p. 9. The Court issued a Report and Recommendation denying Defendants' motion on August 22, 2022 (Dkt. 84) which was adopted by Judge Martinez on September 7, 2022 (Dkt. 85). Defendants' current motion based on the

---

[20] *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), citing *Cristobal v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner Co., Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1989); *Beyene,* 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).
[21] *Limtiaco v. Auction Cars.com, LLC*, No. 2:11-cv-00370-MMD-PAL, at *4 (D. Nev. Oct. 15, 2012).
[22] Defendants did not submit any exhibits 3, 5, 8, 9, 14, 15, 18, 19, 25, 27, 29, 30, 32, or 33. Exhibit 13 was not filed but was emailed to the clerk.
[23] "*Digital Mentor, Inc. v. Ovivo USA, LLC*, No. C17-1935-RAJ, at *11 n.3 (W.D. Wash. Feb. 21, 2018) ("the Court declines to grant a preliminary injunction on the basis of evidence that is not properly supported").
[24] *INTERMOUNTAIN FAIR HOUSING COUNCIL v. CVE FALLS PARK*, No. 2:10-cv-00346-BLW, at *4 (D. Idaho July 20, 2011) ("The Circuit 'has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'"), quoting *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988).
[25] Dkt. 84 at p. 6, discussing the relief sought by Defendants' Motion (Dkt. 69).

---

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

6

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

same conduct and seeking the same relief as the one the Court denied last fall is a motion for reconsideration.

Pursuant to LCR 7(h)(1), "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Here, Defendants have failed to submit any evidence – admissible or otherwise – that demonstrates a 'manifest error in the prior ruling' rejecting Defendants' prior motion for a preliminary injunction. Moreover, the Court's denial of Defendants' request for a preliminary injunction was issued nine months ago, well past the fourteen-day window set by LCR 7(h)(2).

Though styled a 'motion for res judicata,' what Defendants appear to be seeking is a finding that they are entitled to judgment as a matter of law as to the parties' rights and obligations under the CR2A. This would make Defendants' request a motion for summary judgment.[26] Pursuant to LCR 16(b), "[n]ot later than the deadline to file dispositive motions, unless Civil Rules 34 otherwise ordered by the court, parties shall file all motions to dismiss, motions for summary judgment and other dispositive motions, together with supporting papers." The scheduling order required that dispositive motions in this case be filed on or before March 27, 2023 (Dkt. 71 at p. 2). Defendants' motion is therefore untimely.

### 2. Defendants' motion fails to comply with numerous additional local rules.

Defendants' motion also fails to comply with numerous other local rules, including:

- LCR 7(d)(3) ". . . motions for summary judgment, motions seeking a preliminary injunction, . . . shall be noted for consideration on a date no earlier than the fourth Friday after filing and service of the motion." Defendants' motion was filed on May 25, 2023 and noticed for June 9, 2023 (rather than June 16, 2023).

- LCR 7(e)(3) "Motions for summary judgment . . . motions for preliminary injunction. . . shall not exceed 8,400 words or, if written by hand or with a typewriter, twenty-four pages."

---

[26] *See Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441 (9th Cir. 1990) (" summary judgment motion brought pursuant to Fed. R.Civ.P. 56(c) is a proper way to establish claim preclusion and issue preclusion. "); *GWIN v. PACIFIC COAST FINANCIAL SERVICES*, No. 09cv2734 BTM (BLM), at *6 (S.D. Cal. Apr. 23, 2010) ("Any defense based on res judicata should be raised on a motion for summary judgment.").

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC
7
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

- LCR 10(e)(5) "Each pleading, motion or other filing shall bear line numbers in the left margin, leaving at least one-half inch of space to the left of the numbers."

- LCR 10(e)(6) "Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number (e.g., Dkt. # __ at p. __)"

- LCR 10(e)(10)  References in the parties' filings to such exhibits should be as specific as possible (i.e., the reference should cite specific page numbers, paragraphs, line numbers, etc.).  All exhibits must be marked to designate testimony or evidence referred to in the parties' filings.  Acceptable forms of markings include highlighting, bracketing, underlining or similar methods of designations but must be clear and maintain the legibility of the text. . . Filing parties shall submit only those excerpts of the referenced exhibits that are directly germane to the matter under consideration, or necessary to provide relevant context. Excerpted material must be clearly and prominently identified as such.

- LCR 83.1(d) Unless waived by the court in addition to those responsibilities and any assigned by the court, local counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind pro hac vice counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court as set forth in the Introduction to the Civil Rules.

The Court has also previously instructed Defendants that "pursuant to Local Civil Rule 7(d)(3) a motion for preliminary injunction should be noted on the fourth Friday from the filing date.[27]  While these are technical violations they reflect a pattern and practice by Defendants and their counsel of ignoring applicable rules.  The Local Rules were adopted for a reason and ignoring them impacts both litigants and the Court.  For example, the failure of Defendants' counsel to provide proper citation to the record makes it nearly impossible to excise the privileged information permeating their PI Motion.  For this reason alone, Defendants' entire filing should be stricken from the record.

**D. The sanctions requested are appropriate given Defendants and their counsel's repeated violations.**

Both Defendants and their counsel are reasonably expected to know and comply with the local and federal rules, as well as this Court's Orders.[28]  Defendants' actions have increased the burden and expense of this litigation for both Plaintiff and the Court.   In the words of the Ninth Circuit,

---

[27] Dkt. 84 at p. 5.
[28] *See Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) (". . .we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court . . . Such behavior is not only a mark of elementary professional competence,

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC
8
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

> The local rules open the door to control of the business of the court, such as limitations on the length of pleadings or paper size, to avoid an unnecessary burden on the court. For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.[29]

Here, the at-issue motion is procedurally improper, untimely, violates numerous local rules and Court Orders, and incorporates and relies on documents protected by attorney-client privilege. Plaintiffs should not be required to prepare a substantive response.[30]

Attorneys admitted *pro hac vice* are admitted at the discretion of the Court. Where – as here – an attorney has willfully refused to comply with applicable rules and orders, revocation of *pro hac vice* status is an appropriate sanction.[31] Ms. Ray was admitted to appear in this case on January 20, 2023 (Dkt. 100). In applying for admission, she averred that she "[understand[s] that [she is] charged with knowing and complying with all applicable local rules." (Dkt. 100 at p. 3).[32] Contrary to that affirmation, Ms. Ray prepared and signed a PI Motion that violates both this Court's prior orders sealing privileged documents, and numerous local and federal rules.[33] Her admission to appear should, therefore, be revoked.

---

but is common sense to attorneys seeking to zealously represent the interests of their clients."); *U.S. v. Wunsch*, 84 F.3d 1110, 1121 (9th Cir. 1995) ("attorneys are charged with a knowledge of the legal profession's 'lore' or 'code of behavior.'"). Litigants are also required to comply with the local and federal rules. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171 (9th Cir. 2018) ("It is a basic principle that a party appearing before a court is charged with the understanding of that court's rules of procedure").

[29] *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991).

[30] *See Cashatt v. Ford Motor Co.*, No. 19-CV-05886-LK, at *11 (W.D. Wash. May 10, 2022) ("The Court will not tolerate Plaintiffs' continued disregard for applicable rules. The Court accordingly strikes the cross-motion and declines to consider Plaintiffs' improper request for relief."); *Phillips v. Seattle Times Co.*, 818 F. Supp. 2d 1277, 1282 (W.D. Wash. 2011) ("[Plaintiff] has also demonstrated, as set forth above, a lack of regard for rules and deadlines, even when the Court set a date certain for his opposition to dismissal. Such continued disregard of Court rules and deadlines will not be tolerated. The Court hereby STRIKES plaintiff's overlength and untimely response memoranda.").

[31] *ABOA, LLC v. Thomas*, 2:22-cv-01381-KJM-DB, at *1 (E.D. Cal. Dec. 12, 2022) ("Given his demonstrated inability to adhere to the rules of practice before the court, the appropriate sanction is revocation of pro hac vice status."); *Brown v. Stroud*, No. C 08-02348 JSW, at *2 (N.D. Cal. Apr. 17, 2013); *Methven and Associates Professional Corporation v. Paradies-Stroud*, C 13-01079 JSW, at *1 (N.D. Cal. Dec. 5, 2013).

[32] In connection with the pro hac vice application, Brett Harris executed the Statement of Local Counsel, "which includes the condition that local counsel will agree to sign all filings . . ." (Dkt. 100 at p. 2). Though the Docket indicates that Mr. Harris filed the PI Motion (Dkt. 129) through ECF, his signature appears nowhere in that document, which was instead signed by Ms. Ray in violation of LCR 83.1.

[33] Ms. Ray filed an additional procedurally improper motion on May 31, 2023 (Dkt. 133).

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

9

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

Defendants should also be required to pay Plaintiff's attorneys' fees necessitated by Defendants' improper conduct. As noted by Judge Martinez in denying an untimely motion for summary judgment, "failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court are all sanctionable offenses," and a party's "decision to file unnecessary motions or to otherwise multiply or obstruct the proceedings in this case may subject him to imposition of any such penalty that this Court deems proper and just."[34] Here, Plaintiff's counsel immediately notified Defendants and their attorneys that the PI Motion included attorney-client communications and asked that it be withdrawn. Defendants refused. Defendants should therefore be required to compensate Plaintiff for his attorney's fees incurred in connection with this motion.[35] Sanctions against Defense counsel are appropriate under Rule 11.[36]

### III. CONCLUSION

Defendants' repeated filing of privileged communications, violation of local and federal rules, and overall failure to engage in the litigation process in good faith evidences a pattern and practice of litigation abuse. For the foregoing reasons, Plaintiff respectfully request that the Court sanction Defendants by striking Defendants PI Motion, revoking attorney Ray's admission to appear, and ordering Defendants and their counsel to pay Plaintiff's attorneys' fees incurred in preparing this motion.

Respectfully submitted.

DATED: June 1, 2023

*s/ William J. Crowley*
William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901

---

[34] *Heggem v. Snohomish Cnty. Corr.*, No. C11-1333 RSM, at *4 (W.D. Wash. Apr. 3, 2015), citing LCR 11(c). *See also Sanai v. Sanai*, No. C02-2165Z, at *1 (W.D. Wash. Nov. 4, 2005).

[35] *See Smyth v. Merchants Credit Corp.*, No. C11-1879RSL, at *4 (W.D. Wash. May 15, 2014) ("Plaintiff's repeated failure to comply with the letter and spirit of the Court's local rules and the Court's amended scheduling order amounts to reckless conduct that Section 1927 seeks to deter. Because these additional expenses were unnecessary and the direct result of Plaintiff's counsel's actions (or lack thereof), the Court finds the imposition of sanctions warranted.")

[36] ITI INTERNET SERVICES, INC. v. SOLANA CAP. PARTNERS, No. C05-2010Z, at *7 (W.D. Wash. Feb. 27, 2007 ("If the court makes a finding under paragraph (1) that a party ***or attorney*** violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party ***or attorney*** in accordance with Rule 11 of the Federal Rules of Civil Procedure.") (emphasis added).

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC
10
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

Seattle, WA 98101

F. Christopher Austin
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

11

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 4,165 words, in compliance with the Local Civil Rules.

s/ *William J. Crowley*
William J. Crowley

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

s/ *William J. Crowley*
William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

MOTION TO STRIKE AND FOR SANCTIONS
CASE NO. 2:21-cv-01301 RSM-DWC

12

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804