**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY,<br><br>Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>Defendants. | NO. 2:21-CV-01301-DWC<br><br>DEFENDANTS RESPONSE AND COUNTER REQUEST FOR SANCTIONS REGARDING PLAINTIFF'S MOTION TO STRIKE |

This is a response on behalf of Defendants concerning the Motion to Strike and Request for Sanctions made by Plaintiff.

## I. RELEVANT FACTS

Plaintiff has requested the Court to strike portions of Defendants Motion to Show Cause (Dkt 129) ("Defendants Motion to Show Cause") filed on May 22, 2023, and then has requested sanctions based on their own viewpoints. Rather than focus on actually showing cause in response to Defendants, Plaintiff has taken the path of undermining and mischaracterizing Defendants submission. Plaintiff wants to rename Defendants Motion to Show Cause as a Motion for Summary



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Judgment and on that basis calls it untimely and calls out Defendants counsel for what Plaintiff says are rules violations. Plaintiff misaccuses Defendants of disclosing materials he wrongly characterizes as privileged. On that house of cards, Plaintiff has unfoundedly asserted bad faith and improper motive and asks for unwarranted sanctions. At base, the issue and reference point is a licensing program authorized under the CR2A settlement agreement signed on December 4, 2020. Defendant's Motion to Show Cause focuses on Plaintiff Morisky 's abandonment of his obligation to support the mutually agreed licensing program. As laid out in the mutually agreed CR2A settlement agreement, the licensing of third-party use of the Morisky Widget was authorized to be executed by attorneys who would jointly be representing MMAS Research and Plaintiff Donald Morisky.

This court has recognized that the status quo between the parties was this mutually authorized licensing program. Both parties, MMAS Research and Donald Morisky signed joint representation agreements with several attorneys.[1] Unfortunately, within six months of the settlement, the parties became adverse, and litigation ensued between Plaintiff and MMAS Research, starting on May 11, 2021, up until the present. The last attorney representing Plaintiff and MMAS Research ended in September 2022, after Plaintiff informed the joint attorneys that Plaintiff would no longer sign any more settlements.[2] Things went downhill from there, and the parties have become adverse litigants. Plaintiff and his counsel have intentionally tried to destroy

---

[1] These attorneys included Kenneth Gross, Los Angeles; Peter Hoeller, Dallas; Kim Fong San Francisco, Michael Steger NYC; Charlotte Reynal, Bordeaux France; Joel Rothman, Boca Raton; Adam Szymanski, Minneapolis; and Michael Pham, Los Angeles.

[2] In addition, Plaintiff had his personal lawyer (F. Chris Austin) initiate back door discussions with potential joint licensees (Emory, Merck, Sanofi, etc.).



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

all licensing of the Morisky Widget and completely up-end the status quo this Court instructed to maintain.

Plaintiff's instant Motion and Request for Sanctions ("Plaintiff's Motion") emanates from the incorrect position that attorney-client privilege may protect Plaintiff's actions and communication in this adverse relationship, and in particular Plaintiff's misbehavior of intentionally in dismantling valid existing licenses. Yet, one waives attorney-client privilege in instances of dual representation by an attorney when the party becomes adverse in litigation to the other party being dually represented, which is exactly the case here.

Having chosen to ignore this basic principle of non-privilege in litigation between adverse parties, Plaintiff has wrongly proceeded to make offbase accusations of bad faith and sanctionable behavior by Defendants' simply presenting the facts in its Motion to Show Cause, which itself is requiring Defendants to expend its spare resources on this response.

## II. MEMORANDUM IN SUPPORT

### 1. Plaintiff 's Core Basis For Its Motion To Strike And Sanctions Is Wrong

Plaintiff has based his Motion to Strike on a core misbelief that attorney client privilege may be claimed between jointly represented parties who become adverse. Plaintiff's assertions ignore that basic principle. Plaintiff's Motion uses this significant mistake to aggressively, but wrongfootedly, move forward with multiple levels of confusing, offpoint arguments that do not carry the day.



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**a. Plaintiff attempts to use "attorney client privilege" as a shield for Plaintiffs misdeeds, and then turn it into a sword against Defendants.**

Attorney-client privilege is not designed to protect adverse parties. The purpose of attorney client privilege is to foster communication and does not apply when former parties to an undertaking become adverse. They cannot use attorney client privilege as a shield to evidence their actions. And he certainly cannot seek sanctions for Defendants' properly pursing relief. Examples of application of the adverse litigation exception in attorney client privilege abound across the circuits. See *Sky Valley Ltd. Partnerships v. ATX Sky Valley Ltd.*, 150 F.R.D. 648, 652-53 ( N.D. Ill 1991) and *Teleglobe Communications Corp. v. BCE, Inc.*, 493 F.3d 345 (3rd Cir, 2007)( The attorney client privilege does not apply in suits between former joint clients when they subsequently face each other as adverse parties in litigation brought by either one of them.) The Eureka case, *Eureka Inv. Corp. v. Chicago Title Insurance Co.* 743 F.2d. 932 (DC Cir 1984) is known for its pronouncement that an exception to attorney client privilege is when former co-clients sue one another. The context of the *Eureka* case was, like here, the joint representation developed into disagreement between the parties. In subsequent litigation, the parties were adverse, as in our present case. The default rule is that all communications made in the course of the joint representation are not protected by attorney client privilege.

**b. Defendants Motion to Show Cause brings to light Plaintiff's misdeeds that cannot be shielded under attorney client privilege.**

Plaintiff has mistaken the application of attorney client privilege in an adverse relationship. The parties were in a joint or community of interest in pursuing the licensing program, and whereas participants in a joint or common defense or individuals with a community of interests may



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

communicate among themselves and with the separate attorneys on matters of common legal interest for the purpose of preparing a joint strategy. However, the attorney-client privilege is waived and will NOT protect those communications if the parties are adverse[3]. This is now clearly a case of adverse parties and thus, the totality of the assertions by Plaintiff in its Motion to Stride is misplaced. When a relationship, as here, turns adverse, the parties may not claim attorney client privilege to avoid disclosure. *Nidec v. Victor*, 249 F.R.D 575 (N.D. Ca 2007).

**c. Plaintiff uses this mistaken position to turn tables, picturing Defendants as offender.**

Plaintiff has attempted to cover up his own misdeeds (as detailed in Defendants Motion to Show Cause), with attacks against Defendant's attorneys, calling them out by name and urging that "Brett Harris and Patricia Ray have violated attorney client privilege in their written submission and in the documentary exhibits." As discussed above, Plaintiff's privilege claim is off base because the parties have gone from settlement by mutual agreement, moving across the table to be in argument over issues that are subject to discovery and certainly not shielded by any privilege they might have formerly claimed. (See similar discussion in *Jedwab v. MGM Grand Hotels, Inc*. (Chancery Ct Del. 1986). The targeted personalized accusations are misplaced, and highly offensive, warranting at least an apology.

**d. Attorney client privilege may have different implications to different parties, but basic principles prevail.**

Courts have noted in their various case discussions on application of attorney client privilege, that privilege has differing implications for parties. See *Buttonwood Tree Value*

[3] The. Theory behind attorney client privilege in joint representation is well laid out in the case of Nidec Corp. v. Victor Co., 249 F.R.D. 675 (ND Ca 2007) and in re Datacom Systems (2014 Bankr LEXIS 3458). Also see Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

*Partners, L.P. v. R. L. Polk & Co*. (Del. Ch. LEXIS 165 2021). Here, Plaintiff employs the claim of privilege to try to punish Defendants for seeking relief in its Motion. But Plaintiff cannot avoid the basic principle that attorney client privilege does not apply to adverse parties, and the accusation of Defendants bad faith is entirely misplaced.[4]

2. **<u>Plaintiff Has Invented Its Own View Of Defendants' Motion To Show Cause, And Then Maliciously Accuses Defendants As Having Gone Astray From The Rules-- Rules That Only Apply To Plaintiff's Approach</u>**

a. **Plaintiff unilaterally has mischaracterized Defendants Motion for an Order to Show Cause as a motion for summary relief simply because it also requests an order for *Res Judicata***

i. Plaintiff errs in asserting that *res judicata* can only be raised in a summary judgement motion, citing the case of <u>Gwin v. Pacific Coast Financial Coast Service</u>, SD Cal April 23, 2010. That is an inapplicable statement that any *defense* based on res judicata should be raised in a summary judgement motion.[5] (emphasis added). The quoted statement has questionable application because

---

[4] The same evidence that Plaintiff now wishes to strike has been made available in numerous previous filings.
Plaintiff has clearly waived his position to object on the basis of attorney client privilege. Throughout this protracted litigation no previous objections or motions to strike have been lodged by Plaintiff, concerning previously submission containing similar attorney client communication, which communications have centered on adverse communications. A prime example of this is Docket No. 94, DEFENDANTS' SECOND AMENDED ANSWER TO SECOND AMENDED COMPLAINT, SECOND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS, dated October 25, 2022 where in the Second Amended Counterclaim paragraphs 22-31, 37-38, 46 contain direct references, quotes and email correspondence concerning communications between the parties and their counsel.



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Defendants did not raise a *Res Judicata* defense. Rather, Defendants identified the issues of *Res judicata* or "issue preclusion" to steer the Court to an understanding that instant matter has a significant, decided issues as the *status quo* that should not be reploughed repeatedly. And that issue was identified in Defendants Motion to Show Cause, not as a defense, but to point out that the status quo should not be relitigated.

Plaintiff wrongfully surmises that Defendants have shown bad faith and violated the local rules with their Motion to Show Cause. The accusation of bad faith is woven from Plaintiff's self-created proposition that Defendants Motion to Show Cause is actually a motion for summary judgement wrongly filed. That is only to put Defendants in a bad light. It certainly is not a basis for bad faith by Defendants.

ii. *Res judicata* is a principle of law that this Court may consider in this case despite Plaintiff's argument that it relates only to summary judgement.

Res judicata or "issue preclusion" prohibits the relitigation of issues argued and decided previously. It may be applied to either an entire cause of action or one or more issues are the same where claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding. *State Comp. Ins. Fund v. ReadyLink Healthcare,* Inc.50 Cal. App. 5th 422 (2020). Here are some of the numerous examples that have employed this concept to deal with non-summary judgement situations, especially the kind of relitigation efforts that Plaintiff has perpetrated in the present case. *Danko v. O'Reilly* 232 (Cal. App. 4th 732 (Ca



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

App 2014) (amendment of a judgment based on collateral estoppel/res judicata), *Bulk Store Structures, Ltd. v. Campcore, Inc*., LEXIS 7928 (NNYD 2014) (court held that res judicata effect of earlier consent decree barred defendants' patent infringement counterclaims; preliminary injunction's language was ambiguous; enjoined defendants from writing letters to plaintiffs' prospective customers that threatened patent infringement suit against plaintiffs; *Smith v. Peterson*, 198 Wn. App. 1003 lexis 609 (Wash App 2017) (equitable decree in land encroachment case). See also *Christensen v. Grant County Hospital District*, 152 Wn. 2d 299, 96 P. 3d. 957 (2004); *Berschauer Phillips Construction Co. v. Mutual of Enumclaw Ins. Co*. 308 P.3d.681 (2013).

**b. Plaintiff's criticism and malicious request for disqualification of counsel for violation of local rules is solely based on the above premise that Defendants' Motion should have been filed differently.**

Defendants question how the Court could rule against them for a situation that Plaintiff first creates, then decries. And decries with vehemence and rankor. Plaintiff has set up the premise that Defendants should have filed a Motion for Summary Judgement. Then criticized and demeaned Defendants have not followed the rules for doing that which Plaintiff propose they should do. And further than that, Plaintiffs push the Court to scold and disqualify Defendants counsel for not following the rules that Plaintiff proposed. If that is not enough, Plaintiff has asked for monetary compensation for all of these hollow demands on Defendants.



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**c. Plaintiff has cruelly attacked Defendants counsel concerning a Motion for Extension of Time that was a cooperative gesture toward Plaintiff for continuation of his deposition.**

Defendants filed a motion under time pressure to communicate a discovery issue to the Court filed a motion for extension of time. This motion was an attempt to support Plaintiff's request to extend his deposition beyond the two days ordered by the Court. Defendants subsequently followed the Court's direction to refile the motion in proper form. Even though this motion was in support of, and to Plaintiff's benefit, has ironically turned it around and used it to attempt to disqualify Defendant's counsel.

3. **<u>Plaintiff's Attack On Defendant Is So Misdirected An Malicious As To Merit Its Own Sanctions</u>**

Plaintiff and his counsel have stretched to the limits of what counsel may do to protect a client. And such aggressive and baseless Motion have cost Defendants unjustly. Furthermore, on the basis of malicious and unfounded acts, Plaintiff may have created further basis for waiver of attorney client privilege. Under longstanding applicable law, the filing of their original lawsuit coupled with its overly aggressive pursuit may have put Plaintiff in the position of totally forfeiting any remaining shred of attorney client privilege. See e.g., *Home Indemnity Co. v. Lane Powell Moss & Miller* 43 F. 3d 1322, 1326 (9th Cir 1955) ("[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing a suit, (2) through this affirmative act, the asserting party puts the privileged information at issue, and (3) allowing the privilege would deny the opposing party access to information vital to its defense."); See also *Pamida v. E.S. Originals, Inc.* 281 F.3d 726 (8th Cir 2002) (plaintiff waived attorney client privilege when bringing infringement action).



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

The Supreme Court of Washington has confirmed that courts in this state have the authority to assess and impose sanctions for aggressive, untoward behavior amounting to misuse of legal process and abuse of judicial resources. _Biggs. v. Vail_, 124 Wn.2d 193 (1994)[6]. The Supreme Court has limited the imposition of sanctions by two standards. "First, any sanction must be 'just;' second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins Corp of Ireland.Ltd. v. Compagnie des Bauxites de Guinee*. 456 U.S. 694 (1982). See e.g., *G-K Prop v. Redev. Agency* 577 F.2d 645 (9th Cir. 1978) (Sanctions interfering with a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction did not threaten to interfere with the rightful decision of the case).

On point is the case of *Carl Zeiss v. Vision Int'l GMBH v. Signet Armorlite, Inc.*, LEXIS 145164 (SD Cal 2010) where the Southern California court granted sanctions against the Plaintiff stating: "Plaintiffs' conduct . . . frustrated the search for truth [and] . . . there has been actual prejudice to Defendant, not just the risk thereof." The Court held that Plaintiffs' conduct was sanctionable because it met the standard of "either willful or the fault of the offending party."

## III. CONCLUSION

In Conclusion, Plaintiffs Motion to Strike and for Sanctions carries no weight. It is merely a weaving of misplaced, meritless argument and should be itself stricken by the Court. Plaintiff's request for Sanctions should be disregarded in favor of granting Sanctions to Defendants for

[6] Under similar Federal practice, courts in this Circuit have no problem assessing sanctions where appropriate.



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Plaintiff's ill devised scheme to mislead the Court and punish Defendants for diligently bringing this matter into the proper focus.

Respectfully submitted this 8th Day of June, 2023.

s/Patricia Ray
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: June 8, 2023

/s/ Brett Harris



**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418