UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>        Plaintiff,<br><br>   v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>        Defendant. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS |

Currently pending before the Court are Defendants Steven Trubow and MMAS Research's "Motion for an Order to Show Cause Why a Preliminary Injunction Should not be Issued and Request for Order of Res Judicata" (Dkt. 129), Motion for Extension of Time to Complete Discovery (Dkt. 133), renewed Motion for Extension of Time to Complete Discovery (Dkt. 138) and Plaintiff Donald E. Morisky's Motion to Strike and for Sanctions (Dkt. 135). After consideration of the relevant record, Defendants' Motion for Preliminary Injunction (Dkt. 129) and Motion for Extension of Time to Complete Discovery (Dkt. 133) are stricken. Plaintiff's Motion to Strike (Dkt. 135) and Defendants' request for sanctions (Dkt. 139) are denied without prejudice. Defendants' renewed Motion for Extension of Time to Complete

Discovery (Dkt. 138) is granted as follows: The time to complete the deposition of Trubow is extended to June 30, 2023.

### I.   Motion for Preliminary Injunction and Motion for Extension (Dkts. 129, 133)

Defendants filed the Motion for Preliminary Injunction (Dkt. 129) on May 22, 2023 and filed the first Motion for Extension of Time (Dkt. 133) on May 31, 2023. On June 5, 2023, the Court entered a minute order stating that Defendants' two motions did not comply with the Local Civil Rules ("LCR"). Dkt. 137. The Court directed the parties to refile all filings currently pending before the Court that did not comply with LCR 10(e). *Id*. Defendants refiled the motion for extension of time. *See* Dkt. 138. Defendants, however, have not refiled the motion for preliminary injunction. *See* Docket. As Defendants' Motion for Preliminary Injunction and first Motion for Extension of Time do not comply with the LCRs and as Defendants were directed to re-file these two motions, the Motions are stricken. The Clerk's Office is directed to strike Docket Entries 129 and 133 from the docket.

### II.   Second Motion for Extension (Dkt. 138)

On June 6, 2023, Defendants refiled the Motion for Extension to Time, wherein Defendants request an extension of time for Plaintiff to complete his deposition inquiry of Defendant Trubow. Dkt. 138. Defendants state Trubow was sick and unable to complete the remaining portion of his deposition prior to the Court's May 31, 2023 deadline. He states that he has recovered and is available to complete the deposition. *Id*. After consideration of the renewed Motion for Extension of Time and the relevant record, the Motion (Dkt. 138) is granted. The time for the deposition of Trubow to be completed is extended to June 30, 2023. Plaintiff may decide if the deposition shall be completed in person or by remote means.

**III. Motion to Strike and for Sanctions (Dkt. 135)**

On May 31, 2023, Plaintiff filed the Motion to Strike and for Sanctions ("Motion to Strike"). Dkt. 135. In the Motion to Strike, Plaintiff requests the Court: (1) strike all attorney-client privileged information from the docket, including Defendants' Motion for Preliminary Injunction (Dkt. 129); (2) revoke attorney Patricia Ray's admission to appear in this matter *pro hac vice*; and (3) sanction Defendants and their counsel for repeated improper disclosure of protected communications and violation of the local and federal rules and this Court's orders. *Id*.

First, Plaintiff requests the Court strike Defendants' Motion for Preliminary Injunction. As the Court has struck the motion for failing to comply with the LCRs and with the Court's Order, Plaintiff's request is denied as moot. The Court has previously sealed or struck all other alleged privileged communications from the docket and declines to reconsider those decisions.

Second, Plaintiff requests the Court revoke Ms. Ray's admission to appear in this matter. Plaintiff asserts Ms. Ray violated this Court's previous orders and the LCRs. While the Court finds Ms. Ray has filed documents that fail to comply with the LCRs or appear inconsistent with the Court's previous rulings, the Court does not find that revocation of her *pro hac vice* status is appropriate at this time. The Court, however, directs all attorneys in this case to ensure their conduct confirms with the rules of professional conduct, the local and federal rules, and this Court's orders.

Finally, Plaintiff requests the Court assess a monetary sanction against Defendants and their counsel. In response to the Motion to Strike, Defendants request a fee award for having to respond to the Motion to Strike. Dkt. 139. The Court finds there is potentially a question of fact regarding whether attorney-client communications are protected as privileged communications in this particular case. Also, this case is nearing trial and the dispositive motions deadline has

expired. Therefore, the Court finds the issue of the admissibility of attorney-client communications is now a matter that should be reserved to the trial court judge and finds monetary sanctions for the attempted use of alleged privileged communications or for responding to the Motion to Strike are not warranted.

In conclusion, Plaintiff's Motion to Strike (Dkt. 135) and Defendants' request for sanctions (Dkt. 139) are denied without prejudice.[1]

### IV. Direction to Parties

All pending motions have now been resolved. The deadlines to complete discovery, file dispositive motions, and conduct a mediation per LCR 39.1(c) have expired. *See* Dkt. 71. As the parties have not sought any extension of time of the Order Setting Trial Date and Related Dates, the record reflects this case is ready to proceed to trial. Accordingly, the parties are directed to file a joint status report for the Honorable Ricardo S. Martinez' consideration regarding if this case is ready to proceed to trial.[2]

### V. Conclusion

For the above stated reasons, Defendants' Motion for Preliminary Injunction (Dkt. 129) and Motion for Extension of Time to Complete Discovery (Dkt. 133) are stricken. Plaintiff's Motion to Strike (Dkt. 135) and Defendants' request for sanctions (Dkt. 139) are denied without prejudice. Defendants' renewed Motion for Extension of Time to Complete Discovery (Dkt. 138) is granted as follows: The time for completing the deposition of Trubow is extended to June 30, 2023. Plaintiff may decide if the deposition will be completed in person or by remote means.

---

[1] Based on this Court's finding that the matter raised in the Motion to Strike should be reserved for the trial judge, the Motion to Strike can be ruled on without consideration of a reply.

[2] The Court notes that, based on scheduling conflicts with Court's trial calendar, this trial may be moved from July 24, 2023. *See* Docket.

1  The parties are directed to file a joint status report on or before **July 7, 2023** for the
2  Honorable Ricardo S. Martinez' consideration regarding if this case is ready to proceed to trial.
3  The Clerk is directed to strike Docket Entries 129 and 133.
4  Dated this 15th day of June, 2023.

*[signature]*

David W. Christel
Chief United States Magistrate Judge