UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD E. MORISKY,<br><br>               Plaintiff,<br><br>   v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>               Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER AWARDING FEES AND COSTS |

On April 27, 2023, the Court entered an order granting Plaintiff Donald E. Morisky's request for award of fees and costs related to his Motion to Compel Depositions and Interrogatory Responses and for Sanctions ("Motion"). Dkt. 123. The Court directed Plaintiff to provide "the specific amount of expenses reasonably expended in attempting to depose Defendants and regarding the Motion, including documentation to support the request for expenses." *Id.* On May 11, 2023, Plaintiff filed a Memorandum of Fees and Costs supported by the Declaration of Amanda Bruss and the Declaration of F. Christopher Austin. Dkts. 125, 127, 128.[1] On May 26, 2023, Defendants filed Objections in Response to Plaintiff's Memorandum of Fees and Costs supported by the Declaration of Steven Trubow. Dkts. 130, 131.

---

[1] Plaintiff also filed a Declaration in Support of Memorandum of Fees and Costs of F. Christopher Austin at Dkt. 126, but the document is a duplicate of the document filed at Dkt. 109. Thus, Court has not considered it as part this Order.

ORDER AWARDING FEES AND COSTS - 1

Plaintiff requests the Court order Defendants, jointly and severally, to reimburse Plaintiff $47,876.50 in attorney's fees and $2,559.69 in costs for a total award of $50,436.19. Dkt. 125. Defendants take responsibility for the inability to appear and timely respond to discovery; however, they believe the sums requested by plaintiff are well beyond reasonable and should be substantially reduced. Dkt. 130.

I. **Reasonableness of Attorney Fees**

To determine the amount of a reasonable fee, courts in the Ninth Circuit first apply the "lodestar" method and then may adjust the lodestar "upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted). "The lodestar method multiplies the number of hours 'the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

According to plaintiff, the lodestar amount is $50,436.19 which represents $47,876.50 in attorney's fees and $2,559.69 in costs, all incurred with respect to his motions to compel defendants' depositions and discovery responses. Dkt. 125. However, the time for local counsel Crowley of $420 is included as an expense. Thus, the fees sought total $48,286.50 and costs total $2,139.69. The fees sought include time billed by Attorneys F. Christopher Austin at the rate of $485 an hour, Amanda L. Bruss at the rate of $325 an hour, local counsel William J. Crowley at the rate of $300 an hour, and Brianna Show, Paralegal, billed time at $140 an hour.

A. <u>Hourly Rate</u>

The standard hourly rates for plaintiff's counsel are in the higher range, but they are not unreasonable, and appear to be in line with the prevailing market rates in this district. Plaintiff cites to another case within this district which supports hourly rates for attorneys in this district

in the range from $300 per hour for associates to $545 per hour for the most senior litigators. *Roque v. Seattle Housing Authority*, 2:20-cv-00658-JRC (Sep. 28, 2021) (Dkt. 92). Attorney Austin has over 27 years of experience with over 23 of those years focused nearly exclusively on intellectual property matters. He has been lead counsel in nearly 30 trials. Attorney Bruss has litigated copyright infringement cases in federal courts around the country since 2011, serving as lead counsel in most of her cases. Attorney Crowley serves as local counsel. Based on the declarations provided, the rates for each of the attorneys appear to be in line with the hourly rates of other attorneys with similar experience and expertise. Therefore, the Court concludes that plaintiff's hourly rates are reasonable.

### B. Hours Expended

Plaintiff's counsel provided documentation showing 113.4 professional hours incurred related to preparing for and traveling to the deposition at which defendants failed to appear and in drafting and filing the motions to compel. Dkt. 125-1. The hours incurred include attorney work hours attributed to Austin, Buss, and Crowley and paralegal work hours attributed to Snow. The amount of time expended by plaintiff's counsel exceeds the amount of time that should have been reasonably spent on the depositions and motions to compel. When determining a fee calculation, district courts can exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434. In doing so, courts have "the authority to make across-the-board percentage cuts in the number of hours claimed or in the final lodestar figure." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). Here, in considering the reasonableness of the professional hours expended, the Court will make an across-the-board percentage cut to the final lodestar number, as described below.

ORDER AWARDING FEES AND COSTS - 3

C. <u>Adjustment to the Lodestar</u>

District Courts may adjust the amount awarded for attorney fees by a "variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). According to the Supreme Court, the most critical factor in determining the reasonableness of an award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). The Court is "obligated" to "compare" the relief the plaintiff originally sought with the relief he ultimately obtained. *Id*. (internal quotations omitted). Here, plaintiff acted reasonably in seeking to complete the depositions and obtain responses to the discovery that it properly propounded. Plaintiff also achieved success in compelling discovery responses and defendants' appearance at a deposition. Defendants have taken responsibility for the inability to appear and to timely respond to the discovery. Defendants state the skill of plaintiff's attorneys is not in question, but the drafting of a motion to compel, handling a deposition that did not occur, and traveling to Seattle does not require extraordinary skill.

As stated above the Court finds the hours expended and, therefore, the fee request should be reduced. First, the Court declines to require reimbursement for the fees sought for travel time and the inability to work on other matters. Second, plaintiff seeks reimbursement for some services that are not a direct result of Trubow missing the deposition or plaintiff's counsel's filing the motions to compel. For example, plaintiff's counsel seeks reimbursement for preparing for the deposition. Trubow was eventually deposed and counsel should not be reimbursed for the legal preparation for a deposition that occurred at a later date. Additionally, counsel should not be reimbursed for communications and work that would have been done regardless of the lack of response from defendants. Third, some reduction should be considered based on the skill necessary for the particular services rendered by the attorneys. Thus, the Court concludes that

this case merits a thirty-five percent (35%) percent reduction on the overall fees. Such a reduction is within the Court's discretion, *see Moreno*, 534 F.3d at 1112, and reflects a variety of factors, including all the counterbalancing considerations set forth above. Therefore, after reduction, the total fee award for the motions to compel is $31,386.23.

D. Costs

Pursuant to Fed. R. Civ. P. 37(d), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses" when failing to appear at a deposition unless it would be unjust. The Court has determined costs are appropriate. *See* Dkt. 123. Here, plaintiff seeks a total of $2,139.69 for costs incurred. Defendants state plaintiff has not explained why the court reporter expense was incurred once the deposition was cancelled. Defendants do not dispute the roundtrip travel, lodging or per diem expenses. Plaintiff does explain that a no-appearance fee was required by the court reporter and a record was made to identify exhibits and reflect defendant's nonappearance. Dkt. 125-1 at 13. Therefore, plaintiff is awarded $2,139.69 in costs.

II.     Conclusion

Based on the foregoing, plaintiff shall be awarded $31,386.23 in attorney's fees and $2,139.69 in costs for a total of $33,525.92. Defendants shall remit to plaintiff, care of plaintiff's counsel, Weide & Miller, Ltd., within 30 days of the date of this Order, otherwise additional sanctions may be imposed.

Dated this 15th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge