UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>        Plaintiff,<br><br>  v.<br><br>MMAS RESEARCH, LLC, et al.,<br><br>        Defendants. | Case No. C21-1301-RSM<br><br>**ORDER STRIKING DEFENDANTS' MOTION TO SEAL AND MOTION IN LIMINE FOR FAILURE TO COMPLY WITH RELEVANT LOCAL CIVIL RULES** |

### I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to File Document Under Seal (Dkt. #160) and Defendants' Motion in Limine (Dkt. #161). Having reviewed the record and the governing law, the Court STRIKES the Motions for failure to comply with the relevant Local Civil Rules.

### I. BACKGROUND

In brief, this is an action brought by Plaintiff Donald E. Morisky, professor emeritus at the University of California, Los Angeles Fielding School of Public Health, for copyright and trademark infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, breach of contract, and breach of the implied covenant of good faith and fair dealing.

ORDER - 1

On December 4, 2020, Plaintiff and Defendants entered into a Settlement Agreement in connection with a civil suit then pending in the State of Washington in which Defendants purportedly acknowledged Dr. Morisky was the sole and exclusive holder of the Morisky intellectual property and agreed to assign any copyrights, trademarks and related Morisky intellectual property Defendants had to Dr. Morisky.  Dkt. #21 at 2–3.  Further, Defendants purportedly covenanted not to further engage in the business of using or licensing the Morisky Widget or any Morisky intellectual property to any prospective licensee.  *Id.* at 3.

On September 24, 2021, Dr. Morisky initiated this action alleging Defendants breached the Settlement Agreement and infringed his federal intellectual property rights by, among other things, continuing to use Dr. Morisky's intellectual property without authorization.  *Id.*

Since then, the parties have engaged in significant motions practice before Magistrate Judge David W. Christel.  During this time, Judge Christel has repeatedly admonished Defendants for failing to abide by the Local Civil Rules ("LCRs").  On June 5, 2023, Judge Christel issued a Minute Order striking Defendants' Motion for Preliminary Injunction and Defendants' Motion for Extension of Time to Complete Discovery for failure to comply with the LCRs warning that "[i]f a filing does not comply with the LCRs, the Court may strike the filing without further consideration."  Dkt. #137.  Then, on July 6, 2023, Judge Christel issued an Order striking Defendants' Motion in Limine and the Declaration of Steven Tubrow for failure to comply with the LCRs adding:

> The Court also notes Defendants have continued to file documents that allegedly contain attorney-client communications.  *See* Dkt. 146.  The parties are directed to refrain from filing documents that contain attorney-client communications.  If such filing is necessary, the party must file the document containing such communications under seal until the District Judge assigned to this case has an opportunity rule on the admissibility of such communications.  The Clerk is directed to place Docket Entry 146 under seal.

Dkt. #151.

ORDER - 2

On July 19, 2023, Defendants subsequently filed the instant Motion to Seal (Dkt. #160) and Motion in Limine (Dkt. #161). Defendants state that they filed the Motion to Seal in response to Judge Christel's July 6, 2023, Order (Dkt. #151) because, in their Motion in Limine (Dkt. #161), Defendants seek an order from the Court allowing introduction of evidence and testimony they anticipate Plaintiff will claim is privileged—as such the Motion in Limine includes potentially privileged communications. Plaintiff opposes both Motions. Dkt. #171.

## II.   ANALYSIS

### A. Motion to Seal

There is a strong presumption of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case," must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180 (internal citation omitted). "[P]lenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099.

In the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g). Pursuant to LCR 5(g)(3)(A), a motion to seal a document, even if it is a stipulated motion, must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference."

ORDER - 3

Further, pursuant to LCR 5(g)(3)(B), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient."

Plaintiff states that no such conference was attempted. Dkt. #171 at 2. Instead, Plaintiff argues Defendants improperly filed their entire Motion and all exhibits—even those for which no assertion of privilege has been made—under seal. *Id.*

Judge Christel's instruction to file documents containing potentially privileged communications under seal does not relieve Defendants of its obligations to follow the LCRs. This is now the third time in this case Defendants are being reminded of their obligations to comply with the LCRs. The LCRs, especially provisions requiring the parties to meet and confer, are crucially important to the efficient functioning of the Court. Meet and confer requirements put the onus on the moving party to work together to narrow the issues before the court and allow for the expedient resolution of pre-trial issues. If this case is to continue to trial the parties are warned that the Court takes compliance with the LCRs seriously and instructs the parties to review and abide by the LCRs. Due to Defendants' failure to comply with LCR 5(g)(3)(A) the Court STRIKES Defendants' Motion to Seal. Dkt. #160.

**B. Motion in Limine**

Pursuant to LCR 7(d)(4):

> Any motion in limine must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve which matters really are in dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails

ORDER - 4

to respond on a timely basis to a request to confer, the court may take action as stated in LCR 11 of these rules.

Defendants' Motion in Limine lacks the required certification. *See generally* Dkt. #161. In fact, according to Plaintiff, Defendants "did not even attempt to confer on the issues raised, either before Defendants' submission of this Motion, or before their submission of the [previously filed iteration of the Motion in Limine], which the [Judge Christel] struck *sua sponte* for failure to comply with the Local Rules." Dkt. #171 at 2 (emphasis removed). Plaintiff also points out that Defendants' Motion in Limine fails to include a certification of word count and is overlength without leave of court. *Id.* at 3.

Again, this Court has meet and confer requirements for a reason. These requirements are designed to require the parties to meaningfully meet and confer before bringing issues before this Court so the Court's and the parties' time and resources are used efficiently. The Court expects the parties to review and abide by the Local Civil Rules and warns that future violations may result in sanctions. *See* LCR 11(c). For failure to comply with LCR 7(d)(4), the Court STRIKES Defendants' Motion in Limine. Dkt. #161.

### III.   CONCLUSION

For the above reasons, the Court STRIKES Defendants' Motion to Seal (Dkt. #160) and Motion in Limine (Dkt. #161) WITHOUT PREJUDICE. Defendants have leave to re-file their motions in accordance with this Order **within seven (7) days.**

DATED this 25th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5