UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>     Plaintiff,<br> v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>     Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 17, 2023 |

Defendants have filed a Motion for FRCP 54(b) Ruling. Dkt. 162. Defendants request this Court enter a final judgment on its Order Awarding Fees and Costs. The Court finds final judgment cannot be issued for the Order Awarding Fees and Costs; therefore, the Court recommends the Motion for FRCP 54(b) Ruling (Dkt. 162) be denied.

**I. Background**

The factual background in this case has been detailed in previous orders. *See e.g.*, Dkts. 47, 48, 84. The Court, therefore, sets forth only the procedural background relevant to the instant motions.

REPORT AND RECOMMENDATION - 1

Plaintiff served his First Set of Requests for Production of Documents on November 14, 2022. Dkt. 102. Defendants MMAS Research LLC, MMAS Research Italy SRL, and MMAS Research France SAS provided written objections and responses on December 12, 2022, along with 130 pages of documents, 102 of which had been obscured with diagonal black bars. *Id*. Plaintiff filed a motion to compel contending Defendants' objections failed to comply with the requirements of Rule 34(b)(2). Dkt. 101. The Court denied the motion to compel because the parties had not satisfied the meet and confer requirements. Dkt. 113.

On March 14, 2023, Plaintiff filed a motion to compel and for sanctions, seeking an order finding all Defendants' objections have been waived and directing Defendants to provide complete responses to Plaintiff's Interrogatories by a date certain. Dkt. 111. Plaintiff further requested that Defendants be compelled to appear for depositions and be prepared to provide complete responses on the noticed topics by a date certain. *Id*. On March 31, 2023, Plaintiff filed a joint discovery submission, wherein Plaintiff sought an order directing Defendants to produce documents responsive to Plaintiff's requests for production prior to Defendants' depositions. Dkt. 120. The joint submission indicated Defendants were given an opportunity to respond in accordance with Local Civil Rule 37, but provided no responses. *Id*.

Based on the record, on April 27, 2023, the Court concluded Defendants did not oppose the joint discovery submission; the Court granted the joint discovery submission and directed Defendants to provide discovery responses. *See* Dkts. 123, 124. The Court further directed Defendants to produce documents in response to all the requests for production or produce a privilege log by May 15, 2023. Dkt. 124. The Court also found that Plaintiff showed an order compelling Defendants to attend depositions and respond to Plaintiff's interrogatories was warranted. Dkt. 123. The Court concluded all Defendants' objections to Plaintiff's

1  interrogatories were waived. *Id*. at 7. The Court ordered Defendant Trubow to, on or before May

2  31, 2023, sit for two depositions: one for Defendant Trubow and one for Defendant MMAS

3  Research, LLC pursuant to Rule 30(b)(6) and Local Civil Rule 30(b). *Id*. The Court awarded

4  costs and fees in the amount of $33,525.92 based on Plaintiff's motion to compel and for

5  sanctions. Dkt. 141. The Court directed payment of the costs and fees on or before July 15, 2023.

6  *Id*.

7        On June 22, 2023, Defendants file a Notice of Appeal. Dkt. 143. Defendants appealed the

8  Order Awarding Fees and Costs (Dkt. 141) to the Court of Appeals for the Ninth Circuit. *Id*. On

9  July 20, 2023, Defendants filed the pending Motion for FRCP 54(b) Ruling, requesting the Court

10  enter a final judgment on its Order Awarding Fees and Costs. Dkt. 162. On September 8, 2023,

11  the Court of Appeals dismissed the appeal for failure to prosecute. Dkt. 182.

12  **II.  Discussion**

13        Under Federal Rule of Civil Procedure 54(b), the Court may enter final judgment "as to

14  one or more, but fewer than all, claims or parties" if it "expressly determines" that "no just

15  reason for delay" exists. Fed. R. Civ. P. 54(b). A "final judgment" "must be a 'judgment' in the

16  sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense

17  that it is an ultimate disposition of an individual claim entered in the course of a multiple claims

18  action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (cleaned up). "[A] sanction

19  is not a separate claim that will support entry of final judgment under Rule 54(b)." *Blemaster v.*

20  *Sabo*, 2018 WL 10322071, at *1 (D. Ariz. Mar. 1, 2018) (citing *Mulay Plastics, Inc. v. Grand*

21  *Trunk W. R.R.*, 742 F.2d 369, 371 (7th Cir. 1984)). Rather, [t]o permit an immediate appeal from

22  such a sanctions order would undermine the very purposes of Rule 37(a)[.]" *Cunningham v.*

23  *Hamilton Cnty., Ohio*, 527 U.S. 198, 208 (1999)

24

REPORT AND RECOMMENDATION - 3

Here, Defendants are seeking a final judgment on an order awarding sanctions under Rule 37(d) for failing to respond to discovery requests. The Order Awarding Fees and Costs is not a decision on a cognizable claim for relief. *See* Dkt. 141. As Defendants seek final judgment on a matter that does not support the entry of final judgment under Rule 54(b), the Motion for FRCP 54(b) Ruling must be denied.

### III.    Conclusion

For the above stated reasons, the Court recommends Defendants' Motion for FRCP 54(b) Ruling (Dkt. 162) be denied. At this time, Defendants may seek a stay of the Order Awarding Fees and Costs until final judgment is entered in this case, but all other requests for relief (such as reconsideration of or objections to the order) would be untimely.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on November 17, 2023, as noted in the caption.

Dated this 31st day of October, 2023.

David W. Christel
Chief United States Magistrate Judge