UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD E. MORISKY,<br><br>                Plaintiff,<br><br>   v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>                Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER ON MOTIONS FOR SANCTIONS AND STAY |

       Currently before the Court is Plaintiff Donald E. Morisky's Motion for Further Sanctions (First Motion for Sanctions) (Dkt. 154), Motion for Sanctions Attorneys' Fees and Costs for Defendants' Failure to Appear at May 30 and 31, 2023, Depositions (Second Motion for Sanctions) (Dkt. 156), Motion for Contempt and Sanctions Against Defendants for Failure to Pay Court-Ordered Fees and Costs (Third Motion for Sanctions) (Dkt. 158) and Motion for Stay or, in the Alternative to Amend Scheduling Order (Dkt. 164).

       After consideration of the relevant record, Plaintiff's First Motion for Sanctions (Dkt. 154) is denied. Defendants, however, are directed to provide additional discovery as set out in this order by December 1, 2023.

       Plaintiff's Second Motion for Sanctions (Dkt. 156) is granted-in-part and denied-in-part as follows: Defendants' *counsel* is directed to pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023.

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 1

Plaintiff's Third Motion for Sanctions (Dkt. 158) is granted as follows: Defendants must pay $35,025.92 ($33,525.92 plus $1,500.00 as a sanction for failing to pay) on or before December 1, 2023. Defendants' request to stay, included in their Response to Plaintiff's Third Motion for Sanctions, is denied as moot.

Plaintiff's Motion to Stay (Dkt. 164) is granted-in-part. The November 27, 2023 trial date is stricken from Judge Martinez' calendar and the parties must file a joint status report on or before December 1, 2023, proposing new pretrial deadlines and a new trial date.

I. **Background**

The factual background in this case has been detailed in previous orders. *See e.g.*, Dkts. 47, 48, 84. The Court, therefore, sets forth only the procedural background relevant to the instant motions.

Plaintiff served his First Set of Requests for Production of Documents on November 14, 2022. Dkt. 102. Defendants MMAS Research LLC, MMAS Research Italy SRL, and MMAS Research France SAS provided written objections and responses on December 12, 2022, along with 130 pages of documents, 102 of which had been obscured with diagonal black bars. *Id*. Plaintiff filed a motion to compel contending Defendants' objections failed to comply with the requirements of Rule 34(b)(2). Dkt. 101. The Court denied the motion to compel because the parties had not satisfied the meet and confer requirements. Dkt. 113.

On March 14, 2023, Plaintiff filed a motion to compel and for sanctions, seeking an order finding all Defendants' objections had been waived and directing Defendants to provide complete responses to Plaintiff's Interrogatories by a date certain. Dkt. 111. Plaintiff further requested that Defendants be compelled to appear for depositions and be prepared to provide complete responses on the noticed topics by a date certain. *Id*. On March 31, 2023, Plaintiff filed

1   a joint discovery submission, wherein Plaintiff sought an order directing Defendants to produce

2   documents responsive to Plaintiff's requests for production prior to Defendants' depositions.

3   Dkt. 120. The joint submission indicated Defendants were given an opportunity to respond in

4   accordance with Local Civil Rule 37, but Defendants provided no response. *Id*.

5         Based on the record, on April 27, 2023, the Court concluded Defendants did not oppose

6   the joint discovery submission; the Court granted the joint discovery submission and directed

7   Defendants to provide discovery responses. *See* Dkts. 123, 124. The Court further directed

8   Defendants to produce documents in response to all the requests for production and produce a

9   privilege log by May 15, 2023. Dkt. 124. The Court also found that Plaintiff showed an order

10  compelling Defendants to attend depositions and respond to Plaintiff's interrogatories was

11  warranted. Dkt. 123. The Court concluded all Defendants' objections to Plaintiff's

12  interrogatories were waived. *Id*. at 7. The Court ordered Defendant Trubow to, on or before May

13  31, 2023, sit for two depositions: one for Defendant Trubow and one for Defendant MMAS

14  Research, LLC pursuant to Rule 30(b)(6) and Local Civil Rule 30(b). *Id*. On June 15, 2023, as a

15  result of Defendants' failure to respond to discovery, the Court awarded costs and fees to

16  Plaintiff in the amount of $33,525.92. Dkt. 141.

17        Between July 11, 2023 and July 19, 2023, Plaintiff filed the three pending motions for

18  sanctions. *See* Dkts. 154, 156, 158. The motions are fully briefed and the Court heard oral

19  argument on October 19, 2023.

20      **II.**    **Discussion**

21        On July 11, 2023, Plaintiff filed the First Motion for Sanctions, asserting that Defendants

22  have not provided discovery as directed by this Court and, further, case dispositive sanctions are

23  now warranted. Dkt. 154. Plaintiff also asserts Defendants spoiled evidence. *Id*. In the Second

24

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 3

Motion for Sanctions, filed July 13, 2023, Plaintiff requests sanctions for Defendants' failure to honor an agreement regarding the payment of deposition costs. Dkt. 156. Finally, in the Third Motion for Sanctions, Plaintiff requests sanctions for Defendants' failure to pay the costs and fees awarded for the previously-awarded fees. Dkt. 158. Plaintiff requests the Court stay this matter, or extend the deadlines in the scheduling order, while the motion for case-dispositive sanctions remains pending. Dkt. 164.

A. *First Motion for Sanctions (Dkt. 154)*

In the First Motion for Sanctions, Plaintiff seeks an order holding Defendants in contempt for failing to comply with the Court's discovery orders and for destroying relevant evidence. Dkt. 154. Plaintiff further requests the Court enter default judgment against Defendants, dismiss Defendants' second amended counterclaim with prejudice, and award attorneys' fees and costs. *Id*. During oral argument, Plaintiff's counsel stated they did not believe less severe sanctions were appropriate as the Court had already compelled Defendants to produce discovery and imposed monetary sanctions and Defendants have still not provided adequate discovery responses or paid the sanctions. Defendants' counsel stated the imposed sanctions and Court orders have served the appropriate purpose of compelling Defendants to act.

i. Evidence

On April 27, 2023, the Court granted Plaintiff's motion to compel production of documents and motion to compel depositions and interrogatory responses. *See* Dkts. 123, 124. The Court directed Defendants to provide the discovery responses by May 15, 2023, and ordered Defendant Trubow to sit for two depositions on or before May 31, 2023. *See* Dkt. 123.

Plaintiff's evidence shows that, on May 15, 2023, Defendants served revised responses to Plaintiff's first set of requests for production and interrogatories. Dkt. 155, Bruss Dec., ¶ 14.

Defendants' May 15, 2023 response to the requests for production states that documents *have been or will be* produced. Dkt. 155-4. Plaintiff's counsel states Defendants reasserted objections that had been overruled by this Court. Dkt. 155, Bruss Dec., ¶ 14. Plaintiff's counsel also states Defendants never produced any responsive documents with the revised response. *Id*. Plaintiff contends that, between May 16 and May 28, 2023, Defendants produced twenty-six documents, nearly all of which had already been produced or had been or were subsequently filed as exhibits to pleadings. *Id*. at ¶ 16. Plaintiff's counsel also asserts Defendants merely did a document dump; Defendants' production was not Bates numbered and did not indicate which documents were responsive to which request for production. A review of the responses to the requests for production also shows Defendants did not respond to Requests for Production 13 through 20. *See* Dkt. 155-4 at 13-14.[1]

A review of Defendants' responses to the interrogatories shows Defendants objected to interrogatories numbered 12 and 13 as the documents were publicly available, interrogatory number 19 as the request was overbroad and unanswerable, and interrogatory number 22 as the information was in Plaintiff's possession. Defendants' response to interrogatories numbered 20 and 21 was that the questions were unanswerable. Dkt. 155-7.

It is Plaintiff's position that Defendant Trubow testified that he had a Dropbox that contained documents going back to 2017, but he did not have time to go through it, so he did not produce any of it. Dkt. 155, Bruss Dec., ¶ 28. He also stated that all the licenses and related agreements Defendants issued were maintained on a hard drive that he disposed of without creating a backup. *Id*. at ¶ 29. He testified that his accountant, who is also a member of MMAS

---

[1] During oral argument, Defendants' counsel stated that she and Trubow sat down and responded to each request for production and produced all the documents in his possession related to each request. She did not, however, know why there were no responses to Requests for Production 13-20 and offered to re-check the responses and documents produced.

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 5

Research LLC, Rodney Watkins, "had a stack of banking and other financial records for Defendants approximately two feet high that Defendants did not produce." *Id*. at ¶ 30.

Defendant Trubow testified, as the Rule 30(b)(6) deponent for MMAS Research, that he had a "hard drive die and [he] couldn't afford to have it backed up." Dkt. 155-8. He lost all the records for all the 200 licensees around April of 2022. *Id*. He stated that he still had the laptop but did not back it up. *Id*. Trubow received documents going back to 2017 in a Dropbox, but Trubow testified the Dropbox expired and he did not download the documents because it was so big. *Id*. at 37. Plaintiff's counsel asked if Trubow would produce the laptop so that Plaintiff could examine it. *Id*. at 39. Trubow stated that he did not have financial documents and he would not produce the laptop because it was in three or four different pieces and part of it was no longer in his possession. *Id*.

Defendants submitted Defendant Trubow's declaration in response to the First Motion for Sanctions. Dkt. 167. In his declaration, Trubow states that he used an ASIS laptop from 2017 until 2022 to train clinicians all over the world on how to use the Morisky Widget software. Dkt. 167, Trubow Dec., ¶ 4. In early 2022, the ASIS laptop fell out of Trubow's knapsack, shattering the screen and popping out the keyboard; he was unable to reboot the laptop. *Id*. at ¶ 5. Trubow replaced the laptop and was unable to recover the hard drive from the ASIS laptop. *Id*. He placed the ASIS laptop in a box in his detached garage and, when he was moving residences, the movers disposed of several boxes, including the box that contained the ASIS laptop. *Id*. Trubow states "[t]here were never any business records, financial records, bank statement stored on the ASIS laptop." *Id*. at ¶ 9. He further asserts that he attempted to say that he did not have any financial documents during his deposition, but was cut off from finishing his answer. *Id*. at ¶ 17. Trubow testified that,

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 6

> The ASIS nor any other laptop or computer in my possession never had any financial information and records regarding profit, losses, costs dealing with all the (Morisky Widget) license agreements and the revenue that was generated from each license agreement.
>
> . . . [T]he financial and legal details of CR2A retroactive Morisky Widget licensing, the settlement of CR2A claims, and the collection of money and payouts to MMAS Research LLC and Plaintiff were handled exclusively by the joint representation lawyers and [Trubow] did not retain documentation relating to them.

*Id.* at ¶¶ 18-19.

  ii. Failure to Comply with Court's Orders

First, Plaintiff seeks case dispositive sanctions for Defendants' failure to comply with the Court's previous discovery orders. Dkt. 154. "Federal Rule of Civil Procedure (Rule) 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Under Rule 37(b), a court may strike pleadings in whole or in part or enter default judgment where a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)[.]" Fed. R. Civ. P. 37(b)(2)(A). Before imposing terminating sanctions, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Dist.*, 69 F.3d 337, 348 (9th Cir. 1995)). Courts should not apply these factors mechanically; the factors supply a framework to guide the Court's decision. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Although the Court is not required to make explicit findings as to each factor, a finding of "willfulness, fault, or bad faith" is required for dismissal to be proper. *Leon*, 464 F.3d at 958. "Due process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" *Anheuser-Busch*, 69 F.3d at 348.

Considering the five factors, Plaintiff has not shown case dispositive sanctions are appropriate at this time. The Court finds that both the public's interest in expeditious resolution of litigation and the Court's need to manage its docket (Factors 1 and 2) weigh in favor of resolving this case. However, the remaining factors, as discussed below, do not weigh in favor of case dispositive sanctions.

First, Plaintiff has not shown Factor 3, the risk of prejudice to Plaintiff, warrants case dispositive sanctions. Defendants have not been responsive to discovery requests that Plaintiff believes are necessary to prove his case. However, it is not clear that Defendants are in possession, custody, or control of the requested discovery. In fact, Defendants have asserted they have provided all documents responsive to the requests. While Plaintiff disagrees with this and believes he cannot prove his case without the discovery sought from Defendants, that does not mean Defendants are in possession, custody, or control of the sought-after discovery and does not mean there is a high risk of prejudice to Plaintiff as a result of Defendants' failure to comply with the Court's discovery orders.

The Court recognizes that Trubow's inability to be deposed in a timely manner created impediments for Plaintiff to determine whether additional discovery, for example third-party subpoenas, was necessary. However, Plaintiff did not attempt to extend all the discovery deadlines when the parties continued to reschedule Trubow's deposition or after learning that

Trubow did not have or did not provide the information Plaintiff sought. As such, it is unclear that Defendants failure to comply, in full, with the Court's discovery orders is prejudicial to Plaintiff. Therefore, the Court finds Factor 3 does not weigh in favor of case dispositive sanctions because of Defendants' failure to comply with this Court's discovery orders.

Second, Plaintiff has not shown Factor 4, the public policy of favoring disposition of cases on their merits, weighs in favor of case dispositive sanctions. The dispute between these parties has been ongoing and spans multiple jurisdictions. *See* Dkt. 21 (pleadings from the Superior Court of the State of Washington, the United States District Court for the Western District of Washington, the United States District Court for the District of Nevada). At this time, the discovery disputes and Defendants' failure to comply with Court orders, while very serious, do not outweigh the public policy that favors resolving this case on the merits. Therefore, Factor 4 does not weigh in favor of case dispositive sanctions based on Defendants' failure to comply with this Court's discovery orders.

Third, Plaintiff has not shown Factor 5, the availability of less drastic sanctions, weighs in Plaintiff's favor. Based on the record, Defendants have stated they provided all the responsive documents in their possession. It appears Plaintiff assumes Defendants have documents and evidence Plaintiff seeks. Plaintiff has not shown he attempted to conduct discovery for the information sought beyond serving requests for production and interrogatories on Defendants. The Court finds additional discovery, served on third-parties, may provide Plaintiff with the discovery he seeks. While Plaintiff's counsel states they need information from Defendants to conduct additional discovery, it also appears that Plaintiff has information that would allow him to issue subpoenas to obtain relevant discovery. For example, Plaintiff is in possession of information regarding Defendants' financial institutions and may be able to obtain financial

statements from the institutions. As additional discovery may produce the evidence sought by Plaintiff, the Court finds less drastic sanctions are available at this time. Therefore, Factor 5 weighs against case dispositive sanctions.

Finally, the record does not reflect the necessary "willfulness, fault, or bad faith," which would make dismissal proper. *See Leon*, 464 F.3d at 958. The Court finds Defendants have failed to conscientiously respond to discovery. At oral argument, Defendants' counsel stated that they had turned over all responsive documents in their control and had attempted to respond to all discovery requests fully and completely. Counsel also stated that the Court-imposed sanctions were effective in ensuring Defendants complied with the discovery requests. While Defendants did not fully respond to the discovery requests as ordered by this Court, it appears to be due to a lack of care, rather than willfulness or in bad faith. Accordingly, the Court finds case dispositive sanctions should not be issued at this time.

In summation, based on the record before the Court, Defendants did not timely nor adequately respond to Plaintiff's requests for production and interrogatories. It is unclear if Defendants produced all documents responsive to the requests to produce. The record reflects that Defendants simply ignored eight requests for production and did not adequately respond to the remaining requests for production. For example, Defendants did not adequately explain which documents were responsive to which requests for production and did not provide Bates numbering on the documents produced. Additionally, there is sufficient evidence to show Defendants did not provide Plaintiff with the necessary information to obtain additional discovery. Furthermore, despite this Court finding Defendants had waived all objections to Plaintiff's interrogatories and ordering Defendants to answer all interrogatories by May 15, 2023, Defendants continued to decline to answer and raised objections to Plaintiff's interrogatories.

However, while Defendants did not meet the Court's deadlines and did not respond to all discovery requests as ordered, Plaintiff has not shown, nor does the Court find, Defendants' conduct warrants case-dispositive sanctions at this time. As such, the Court declines to exercise its discretion to impose the sanctions requested by Plaintiff based on Defendants' failure to comply with the Court's order compelling discovery.

        iii.     Failure to Preserve ESI

Plaintiff also asserts Defendant Trubow destroyed a laptop that contained evidence relevant to this case after this case was initiated. Dkt. 154. Rule 37(e) is the exclusive remedy for spoliation of electronically stored information (ESI). *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022). Rule 37(e) states,

> Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party ailed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1)    upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2)    only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A)    presume that the lost information was unfavorable to the party;
> (B)    instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C)    dismiss the action or enter a default judgment.

Courts in this circuit have indicated the moving party must establish spoliation by a preponderance of the evidence. *CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2019 WL 6527951, at *28 (S.D. Cal. Dec. 4, 2019) ((following Ninth Circuit precedent permitting intent under Rule 37(e)(2) by preponderance of the evidence, not clear and convincing evidence) (citing *OmniGen Research v. Yongqiang Wang*, 321 F.R.D. 367, 372 (D. Or. May 23, 2017) ("[t]he applicable standard of proof for spoliation motions in the Ninth Circuit is the

preponderance of evidence"); *WeRide Corp. v. Kun Huang*, 2020 WL 1967209, at *9 (N.D. Cal. Apr. 16, 2020). Further, a court "may make factual findings and assess the credibility of witnesses." *WeRide Corp.*, 2020 WL 1967209, at *9.

Sanctions under 37(e) are not warranted based on the destruction of the Trubow's ASIS laptop. Plaintiff has not shown, by a preponderance of the evidence, that the ASIS laptop contained information that should have been preserved in consideration of this lawsuit. The evidence shows Trubow used the ASIS laptop from 2017 until 2022 to train clinicians all over the world on how to use the Morisky Widget software. Dkt. 167, Trubow Dec., ¶ 4. Trubow states "[t]here were never any business records, financial records, bank statement stored on the ASIS laptop." *Id*. at ¶ 9. Plaintiff asserts, without evidence, that the ASIS laptop contains these items.

The Court recognizes Plaintiff is left attempting to prove the laptop contains relevant, discoverable information without the ASIS laptop. However, Plaintiff has put forth no evidence showing Trubow's training materials are relevant or that additional information was contained on the ASIS laptop. Importantly, Defendants put forth evidence that the information sought on the ASIS laptop is available through additional discovery. For example, there is evidence the former joint attorneys for Plaintiff and Trubow have the sought-after information. Moreover, Plaintiff has not attempted to obtain financial information from Defendants' financial institutions. There is no evidence Plaintiff attempted to obtain the discovery from other sources or through additional discovery. Thus, Plaintiff has not shown, as required by Rule 37(e), that the information on the ASIS laptop cannot be restored or replaced through additional discovery.

Furthermore, there is no evidence of intent to deprive Plaintiff of evidence contained on the ASIS laptop and, thus, sanctions under Rule 37(e)(2) are inappropriate. There is evidence

that, after this lawsuit was initiated, Trubow dropped the ASIS laptop and it stopped working. As Trubow was unable to reboot the ASIS laptop, he placed it in his garage, and it was disposed of by movers when several boxes located in his garage were discarded during Trubow's move. There is evidence that Trubow did not take steps to retain the ASIS laptop. For example, Trubow could have saved the hard drive and provided it to Plaintiff, who could have attempted to recover any information on it. However, there is no evidence Trubow thought the ASIS laptop was relevant to this litigation and acted with the intent to deprive Plaintiff of the information's use in this litigation. As there is no evidence of intent, the Court cannot presume that the lost information was unfavorable to Plaintiff. Based on the record before the Court, sanctions are not warranted for Trubow's destruction of the ASIS laptop.

*Conclusion*. For the above stated reasons, Plaintiff's First Motion for Sanctions (Dkt. 154) is denied. The Court, however, orders Defendants to produce additional discovery as follows:

- Defendants are required to re-produce all discovery to Plaintiff in a manner that is consistent with the Federal Rules of Civil Procedure. Defendants must Bates number all the documents and adequately explain which documents are responsive to which discovery requests.
- Defendants are required to obtain documents from each of their financial institutions that are responsive to the requests for production and produce such documents to Plaintiff.

- Defendants are required to provide the names and contact information for all joint representation counsel, including counsel that created the DropBox, to Plaintiff.[2]

Defendants are directed to comply with this Order on or before **December 1, 2023**. If Plaintiff does not believe Defendants have complied with this Order, the parties are directed to meet and confer. If the parties are unable to resolve any dispute following the meet and confer, Plaintiff may file a renewed motion to compel and/or for sanctions.

B.   *Second Motion for Sanctions (Dkt. 156)*

In the Second Motion for Sanctions, Plaintiff requests the Court sanction Defendants and their counsel for failing to honor their agreement to pay the court reporter fees incurred when Trubow failed to appear at depositions on May 30 and 31, 2023. Dkt. 156. Plaintiff also requests fees and costs incurred. *Id*.

Evidence shows Plaintiff's counsel spent two days deposing Trubow in May 2023. Dkt. 157, Austin Dec. The depositions could not be completed and the parties agreed to set the final day of depositions for May 30, 2023. *Id*. at ¶ 3. After the deadline to cancel the deposition without incurring fees for the court reporter expired, Defendants' counsel notified Plaintiff's counsel that Trubow was too sick to attend the deposition on May 30, 2023. *Id*. at ¶¶ 4, 5. Plaintiff's counsel offered to reschedule the depositions for May 31, 2023, on the condition that Defendants pay any non-refundable fees associated with changing the schedule. *Id*. at ¶ 6; *see also* Dkt. 157-3. Plaintiff said this was to allow Defendants time to obtain an extension of time from the Court to extend the deadline to complete the depositions beyond May 31, 2023. Defendants' counsel responded, "That sounds like a plan[.]" Dkt. 157-3.

---

[2] Plaintiff states he does not have the names of the joint representation counsel. It is not entirely clear why only Trubow would be in possession of names of counsel that represented both Trubow and Morisky. Regardless, Trubow is directed to provide that information or provide information for Morisky to obtain the information.

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 14

Plaintiff's counsel states he did not hear from Defendants' counsel and, therefore, made a record the morning of May 31, 2023. Dkt. 157, Austin Dec., ¶¶ 10-11. Plaintiff states he incurred $1,644.94 in fees. *Id*. at 12. Plaintiff's counsel sent an email to Defendants' counsel requesting payment. *Id*. at ¶ 13. Defendants' counsel responded that Trubow would not be paying the fees. *Id*. at ¶ 14.

The evidence shows the deposition ended early on the second day because of late afternoon appointments. *See* Dkt. 173, Trubow Dec., ¶ 9. Following the depositions, Trubow became very ill. *Id*. at ¶¶ 12-20. Trubow notified his counsel that he would not be able to attend the May 30, 2023 deposition or a deposition anytime soon. *Id*. at ¶ 20. Trubow's counsel states she attempted to contact the Court and filed a motion requesting an extension of time on May 31, 2023. Dkt. 174, Ray Dec., ¶¶ 12-13, 16; *see also* Dkt. 133. The motion for extension did not include a noting date and did not indicate that the motion was unopposed. Dkt. 133. Further, the motion was not in compliance with the Local Civil Rules. *See id*. On June 5, 2023, the Court directed Defendants to refile any motion that did not comply with the Local Civil Rules, and, on June 6, 2023, Defendants re-filed the motion for extension of time. Dkts. 137, 138. An extension of time was granted on June 15, 2023. Dkt. 140.

Initially, the Court finds Trubow's counsel did not agree to pay all costs incurred if the deposition was cancelled on May 31, 2023. Trubow's counsel's statement, "Sounds like a plan," was an agreement with the plan to contact the Court for an extension, not pay all fees and costs that were incurred. Therefore, the Court finds sanctions for failing to honor an agreement based on Defendants' counsel's email response is not warranted.

Next, Trubow's counsel could have notified Plaintiff's counsel earlier on May 29, 2023, to avoid the cancellation fee incurred for cancelling the May 30, 2023 deposition. The evidence

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 15

shows that, on the morning of May 29, 2023, Trubow's counsel was on notice that Trubow was too sick to participate in the agreed upon deposition the was scheduled for May 30, 2023. Trubow provided adequate notice to his counsel that he was ill and that the deposition needed to be postponed. It appears Trubow's counsel did not give notice to Plaintiff's counsel with enough time to cancel the deposition scheduled for May 30, 2023 without incurring a cancellation fee. Therefore, the Court finds Trubow's *counsel's* actions resulted in the $660.00 cancellation fee.

To the extent Plaintiff is seeking to recover fees and costs for Trubow's failure to appear at the May 31, 2023 deposition, the Court finds Plaintiff's counsel is responsible only for an amount equal to the cancellation fee. Plaintiff's counsel's decision to schedule a deposition on May 31, 2023 with knowledge that Trubow was sick with Covid resulted in Plaintiff incurring unnecessary fees. Plaintiff's counsel was aware Trubow had Covid and could not be deposed on May 30 or 31, 2023. Counsel insisted that he had to go forward with the deposition knowing Trubow would not attend. Plaintiff's counsel had an adequate record to seek relief from the Court without rescheduling the deposition for May 31, 2023. Further, by 6:30 A.M. on May 31, 2023, Trubow's counsel had filed a motion for extension of time. *See* Dkt. 133. Plaintiff's counsel continued with the deposition with a motion pending on the docket. Defendants' counsel, however, did not properly file the motion for extension and could have filed the motion a day earlier. Therefore, counsel for both parties bear responsibility for the expenses incurred on May 31, 2023.

The Court finds Defendants' counsel's conduct resulted in late cancellation fees. Accordingly, Defendants' counsel is directed to pay the amount of cancellation fees, $660.00, that Plaintiff would have incurred had Plaintiff canceled the May 31, 2023 deposition once the motion for extension was filed.

For the above stated reasons, the Second Motion for Sanctions (Dkt. 156) is granted-in-part and denied-in-part. Defendants' counsel is required to pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023 for fees related to the cancellation of the May 30 and 31, 2021 depositions. All other requests for sanctions are denied.

C. *Third Motion for Sanctions (Dkt. 158)*

In the Third Motion for Sanctions, Plaintiff seeks sanctions because Defendants have not paid the fees and costs awarded to Plaintiff in conjunction with Plaintiff's earlier filed motions to compel. Dkt. 158. Defendants do not dispute that they have not paid. Dkt. 175. Rather, Defendants request the Third Motion for Sanctions be stayed while Defendants appeal the Court's Order. *Id*.

As stated above, the Court awarded costs and fees in the amount of $33,525.92 to Plaintiff based on Defendants' failure to provide discovery responses. Dkt. 141. The Court directed Defendants to pay Plaintiff within 30 days of the date of the order, or by July 15, 2023. *Id*. Defendants filed a notice of appeal on June 22, 2023, appealing the Court's Order. Dkt. 143. Plaintiff filed the Third Motion for Sanctions on July 19, 2023. Dkt. 158. The next day, July 20, 2023, Defendants filed a Motion for Judgment under FRCP 54(b), requesting the Court enter a final judgment on the sanctions order, allowing them to seek an interlocutory appeal. Dkt. 162.[3]

A review of the record shows Defendants, particularly Trubow, may have some financial difficulties paying the fee award. *See* Dkt. 162. Further, Defendants have been attempting to appeal the Court's order; however, Defendants have not taken proper steps to appeal. Defendants

---

[3] In their Response to the Third Motion for Sanctions, Defendants request this matter be stayed pending resolution of the interlocutory appeal. Dkt. 175. However, on September 8, 2023, the Ninth Circuit Court of Appeals dismissed the appeal. Dkt. 182. As the Court of Appeals has denied Defendants' pending appeal and as this Court recommends Defendants' Motion for FRCP 54(b) Ruling be denied, Defendants' request for a stay is moot.

ORDER ON MOTIONS FOR SANCTIONS AND
STAY - 17

ignored the Court's Order and failed to pay the fee award or seek relief from the deadline. But, because Defendants have been attempting to appeal the order, the Court finds only a small monetary sanction for failing to timely pay is appropriate. Therefore, Plaintiff's Third Motion for Sanctions (Dkt. 158) is granted as follows: The Court imposes a $1,500.00 sanction for the failure to timely pay. Defendants must pay $35,025.92 ($33,525.92 plus $1,500.00) on or before December 1, 2023.[4]

D.  *Motion to Stay (Dkt. 164)*

Plaintiff has also filed a Motion to Stay, wherein he requests this Court stay this action pending resolution of his motion for case dispositive sanctions or, in the alternative, further amend the scheduling order and extend the deadlines for dispositive motions and motions in limine to allow Plaintiff time to obtain discovery from third parties. Dkt. 164.

The Court has denied Plaintiff's request for case dispositive sanctions; therefore, any request to stay this action pending resolution of this matter is denied as moot.

At oral argument, Plaintiff's counsel requested an additional six-months of discovery if the Court did not impose case dispositive sanctions. Based on the Court's decisions in this Order, the Court finds additional discovery is necessary in this case. Therefore, the discovery period, pretrial deadlines, and trial date must be extended.

Accordingly, Plaintiff's Motion to Stay (Dkt. 164) is granted-in-part. The trial date of November 27, 2023 is stricken and pretrial deadlines in the scheduling order shall be extended. The Court directs the parties to meet and confer and file joint status report proposing new pretrial

---

[4] The Court notes that nothing in this Order prohibits Defendants from filing a motion seeking relief from the deadline.

deadlines and a new trial date.[5] The joint status report should be filed on or before December 1, 2023.

### III. Conclusion

In conclusion, Plaintiff's First Motion for Sanctions (Dkt. 154) is denied. Defendants, however, are directed to provide additional discovery as set out in this order by December 1, 2023

Plaintiff's Second Motion for Sanctions (Dkt. 156) is granted-in-part and denied-in-part as follows: Defendants' *counsel* is directed to pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023.

Plaintiff's Third Motion for Sanctions (Dkt. 158) is granted as follows: The Court imposes a $1,500.00 sanction for the failure to timely pay. Defendants must pay $35,025.92 ($33,525.92 plus $1,500.00) on or before December 1, 2023. Defendants' request to stay, included in their Response to Plaintiff's Third Motion for Sanctions is denied as moot.

Plaintiff's Motion to Stay (Dkt. 164) is granted-in-part. The November 27, 2023 trial date is stricken and the parties must file a joint status report on or before December 1, 2023, proposing new pretrial deadlines and a new trial date.

The Clerk is directed to strike the November 27, 2023 trial date from Judge Martinez' calendar.

Dated this 31st day of October, 2023.

David W. Christel
Chief United States Magistrate Judge

---

[5] The parties may include brief argument on reopening discovery for only Plaintiff; however, the Court currently intends to allow the discovery period to be reopened for all parties.

ORDER ON MOTIONS FOR SANCTIONS AND STAY - 19