UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD MORISKY<br><br>Plaintiff,<br><br>vs.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>Defendants. | Case No.: 2:21-CV-01301-DWC<br><br>**DEFENDANTS'RESPONSE TO PLAINTIFF'S MOTION TO STAY DOCKET 206** |

Defendants hereby respond to Plaintiff's Motion to Stay the Proceedings Docket No 206. Defendants do not oppose the concept of a stay if the Court finds it appropriate but the factual context which Plaintiff has presented would not likely promote either economy in this case nor serve a judicial purpose. Accordingly, this Response is submitted

---

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY DOCKET 205

1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-9418

to make clarifications concerning if a stay (or partial stay) would be advantageous to this proceeding.[1]

1. **Plaintiff is mistaken that the Appeal may resolve the issues of this case.**

Plaintiff has asked Court to stay this action pending a ruling by the Ninth Circuit in *MMAS Research, LLC, et al v. The Charite, et al*, 9th Cir. Case No. 23-55202. Plaintiff states that the appeal may resolve issues in this case.

   a. The principal issue in the appeal, however, is not as Plaintiff has stated it to be a reversal concerning the Morisky Widget. Rather, it is a procedural question of the (CACD) lower Court's error in its failure to properly giving deference to this Courts precedential determination that the Morisky Widget is owned by MMAS, not Plaintiff. (Docket Nos 84 and 85). A remand for that purpose has been requested-- Namely, the lower Court's failure to properly defer to this Court's precedential determination that the Morisky Widget is owned by MMAS, not Plaintiff.

   b. Thus, the Ninth Circuit might not determine the ownership of the Morisky Widget but rather may remand for procedural considerations or other questions (unrelated to this case) for which a remand has been requested.[2]

More importantly, the Ninth Circuit appeal centers on a copyright claim related to the Morisky Widget. At issue in this case is whether there is a copyright infringement in Defendant's other software, the Global Medication Reconciliation Form (GMRF), which is completely different software than the Morisky Widget. Thus, the Ninth Circuit Appeal would not resolve this case.

---

[1] Plaintiff's Motion incorrectly stated that Defendants oppose their Motion. See Declaration of Patricia Ray Concerning Motion to Stay Proceedings

[2] A reversal has been requested, but the appeals court may give the judge below an opportunity to remedy its error through a remand.

| DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY DOCKET 205 | 2 | **Virgo Law LLC**<br>119 1st Ave. S., Ste. 310<br>Seattle, Washington 98104<br>(206) 569-9418 |
|---|---|---|

**2. This Case Implicates a Greater scope of Infringement than can be resolved by the appeal.**

Plaintiff wrongly oversimplifies by stating that this case boils down to each party alleging copyright infringement against the other for their use of the Morisky Widget.[3] The appeal decision cannot resolve the larger scope of infringement that Plaintiff has alleged in this case.

Particularly it would not resolve Plaintiff's allegations of copyright infringement of the MMAS-8 by the Defendants use of the Global Medication Reconciliation Form. (See Plaintiff's Amended and Second Amended Complaints, Dkt. 3 and Dkt. 22, alleging that Defendants copied and are using the Morisky Copyrighted MMAS-8 in connection with Defendants' Global Medication Reconciliation Form ("GMRF") without the authorization of Dr. Morisky). These allegations have nothing to do with the Morisky Widget.[4]

Nor would it resolve the Dkt 94 Counterclaims, Whereas Plaintiff mentions that Counterclaims causes of action #1 and #6 might be impacted by the appeal, but Counterclaims #2,3,4,5,7, and 8 could never be resolved by the 9th Circuit Charite decision.

---

[3] Plaintiff oversimplifies in stating that "The case at bar revolves around the same issue – both parties seek declaratory relief regarding ownership of the Morisky Widget copyright, and each alleges copyright infringement against the other for their use of the Morisky Widget."

[4] See also Dkt 47 and Dkt. 40 at 15. Where Plaintiff states that his Second Amended Complaint seeks to enforce the SA (CR2A), that his Copyright Infringement and Trademark Infringement claims are not covered by the SA because they allege "new" acts of infringing.

3. **The interests of efficiency and conservation do not favor a stay.**

The appeal has been pending for over six months and Plaintiff could have made the request earlier, but is now catching our case in the midst of being scheduled for discovery and proceed to trial. Delay seems a needless interruption to the progress made in proceeding on a schedule toward trial.

Plaintiff is simply wrong in stating that a temporary stay "would promote the orderly course of justice because the pending Ninth Circuit ruling will substantially simplify, if not entirely resolve, central factual issues and question of law presented." That statement is not supported by a congruency of the issues at hand with the questions raised on appeal.

In addition, there is no reason to delay proceeding to hearing on the Counterclaims on tortious Interference raised in Counter Claims #2,3,4,5,7, and 8. The long pending matters raised continue to damage Defendants, who would dramatically suffer from a stay in the proceedings. The importance of this is detailed in the supporting Declaration of Steve Trubow. The interest of proceeding with the counterclaims is an interest that counterbalances Plaintiff's request for a stay.

4. **Plaintiff Seeks a Stay with Unclean Hands.**

Finally, the timing of this Motion is suspect but may relate to Plaintiff's submission of a sham, discredited declaration by the Plaintiff in Docket No. 102, which is also in the 9th circuit appeal. Plaintiff submitted a declaration that he was unaware of ongoing litigation with Charite. This "Morisky Declaration" has been discredited by his own lawyer in the Charite case, Kenneth Gross. The Morisky Declaration is also an issue on appeal

because the CACD decision erroneously relied on it to deny standing to sue, and thereby dismiss the case below. [5]

The submission of this Declaration (in both cases) constitutes "Unclean Hands. "[6] The unclean hands doctrine permits denial of relief where a plaintiffs' conduct would make it unfair. It may be raised where a plaintiff's inequitable behavior demonstrates deceit, unconscionability, or bad faith related to the subject matter of that party's claim. *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 986. "The doctrine demands that a plaintiff acts fairly in the matter for which [they] seek [] a remedy. [They] must come into court with clean hands, and keep them clean, or [they] will be denied relief, regardless of the merits of [their] claim." Id at p. 978.

One beneficiary of the unclean-hands doctrine is the courts, as its application "protects judicial integrity and promotes justice."

5. **The Court's authority to Stay (or partially stay) the Proceeding.**

---

[5] The Gross Declaration provides a contemporaneous record of Morisky acting and communicating otherwise. Attorney Gross provides emails that undercut the veracity of Morisky's declaration. (Gross Declaration ER 44-45). The Declaration of Attorney Gross (Dkt 104) attested to the fact that he represented Plaintiff and Defendants in the Charite case and declares under threat of perjury that Donald Morisky is not telling the truth. Dkt 103. The Gross declaration which was also filed in the CACD case on appeal. The Federal District Court in Los Angeles order which dismissed relied on the Morisky Declaration and the fact that did not join this action or otherwise authorize Plaintiff (MMAS) to pursue the present claim against Defendants. On appeal it is argued that the District Court's dismissal adopted a fiction that MMAS was not authorized to bring the action.

[6] Unclean Hands "is not a legal or technical defense to be used as a shield against a particular element of a cause of action. It is an equitable rationale for refusing a plaintiff relief where principles of fairness dictate that the plaintiff should not recover, regardless of the merits of [their] claim. It is available to protect the court from having its powers used to bring about an inequitable result in the litigation before it.

Should the Court see the merits of a stay, it has the authority to weigh the benefits and choose among several options. The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Ninth Circuit's standard for stay requests is adopted from the preliminary injunction context. *See Leiva-Perez v. Holder*, 640 F.3d 962, 963-66 (9th Cir. 2011); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

Among the competing interests to be weighed when considering a stay pending appeals are "(1) whether the stay applicant has made a strong showing that the issue is likely to succeed on the merits; (2) whether there will be irreparable injured absent a stay; (3) whether issuance of the stay will substantially injure the nonmoving party; and (4) where the public interest lies." See Andrews v. Plains All Am., L.P., U.S. Dist. LEXIS 156631 (CACD 2018).  See also *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Leiva-Perez*, 640 F.3d at 964. The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997).[7]

---

[7] A "flexible approach" to balancing these factors, "so that a stronger showing of one element may offset a weaker showing of another [,]" is "appropriate in the stay context." *Leiva—Perez*, 640 F.3d at 964-66. Thus, along this continuum, the factors comprise "two interrelated legal tests." At one end of the continuum, a stay is justified if the moving party shows "a probability of success on the merits and the possibility of irreparable injury." At the other end, the moving party must demonstrate "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *see also Brown v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 163731, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("[W]here the movant relies on a 'serious legal question' to satisfy the first prong of the stay analysis, the movant must show that the balance of harm tips sharply in its favor." citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).

As for the merits, just at a minimum, Plaintiff has never addressed, shown, nor provided any evidence as to how they would win against Defendant's counterclaims or their own amended complaint asserting copyright infringement of the GMRF (again, not the Morisky Widget). Obviously, the Ninth Circuit's decision regarding the Morisky Widget would not have any bearing on any copyright claim for the GMRF, and therefore, Plaintiff would not suffer any irreparable harm absent a stay for the Ninth Circuit appeal to finish. Not only would Plaintiff not suffer irreparable harm waiting for the Morisky Widget copyright claim be decided, but Plaintiff would also not be injured in continuing to move forward with its claims against the GMRF.

Finally, there has been no demonstration of public interest that could be helped by granting this stay. Actually, waiting for the Ninth Circuit's decision on the Morisky Widget holds puts Defendant's GMRF clients in limbo, let alone the 200+ Morisky Widget licensees and 356 remaining copyright infringement claims agreed upon in the CR2A between the Parties.

**6. It is also within the Courts Discretion to Issue a Partial Stay.**

Should the Court see the merits the of a stay, the option of a partial stay is an available choice. A partial stay of Plaintiff's case would also comport with Plaintiff's desire to direct and manage his portion of the case.

Partial stays have been issued in circumstances where there is a clear reason to wait for resolution of an issue but allow the rest of the case to proceed. One recent example is a case from the Oregon Federal District Court, *Whatley v. Nike, Inc*. 2000 LEXIS 5815. (D. Ore. 2000) There the Court granted a partial stay of issues related to a pending patent

reexamination. In that case, Defendant opposed the motion to stay on grounds that the litigation has progressed too far to be held up by the speculative possibility of resolution through the PTO reexamination proceeding. The Oregon Federal Court noted that the court has options lie with the court's sound discretion and inherent authority to manage its docket, citing Target Therapeutics, Inc. v. Scimed Life Systems, Inc., 33 U.S.P.Q.2D (BNA) 2022, (N.D. Cal. 1995) and ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

The outcome in Whatley v. Nike was a partial stay in order to preserve the progress toward trial that had been made. [8] While the nature of the issue at the basis of the requested stay is different (patent reexamination), there are similarities to our current case in that the matter has finally proceeded toward trial and there are other issues (here, at least the counterclaims) that may appropriately continue to proceed.

In our instant case, a partial stay of Plaintiff's case, allowing the counterclaims to continue to discovery and trial might be a satisfactory resolution to "split the baby" and address separately the interests of the parties.

---

[8] Unlike here the Oregon Court was considering a stay for a patent reexamination. But it enumerated factors the court should consider include whether the stay would prejudice the non-moving party, provide a tactical advantage to the moving party, whether the stay would simplify the issues and whether discovery is complete and/or a trial date set.

| DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY DOCKET 205 | 8 | **Virgo Law LLC**<br>119 1st Ave. S., Ste. 310<br>Seattle, Washington 98104<br>(206) 569-9418 |

Respectfully Submitted on December 18, 2023.

/s/ Patricia Ray

PATRICIA RAY

Attorneys for Plaintiff

Patricia Ray
Pennsylvania Bar #31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Avenue S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com