UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>               Plaintiff,<br>v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>               Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER DENYING MOTION TO STAY AND RE-NOTING MOTION REQUESTING LEAVE FOR DISCOVERY |

      Currently before the Court is Defendants' Motion for Stay of the Orders. Dkt. 198. The Court ordered Defendants to pay the sum of $35,025.92 on or before December 1, 2023. Dkts. 141, 195. In addition, the Court ordered Defendants' counsel to pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023. Dkt. 195. Defendants request Defendants' obligation to pay and Defendants' counsels' obligation to pay be stayed "until after this matter is fully heard and resolved." Dkt. 198. After consideration of the relevant record, the Motion (Dkt. 198) is denied.

I.  **Background**

The factual background in this case has been detailed in previous orders. *See e.g.*, Dkts. 47, 48, 84. The Court, therefore, sets forth only the procedural background relevant to the instant motion. The Court granted-in-part and denied-in-part Plaintiff's Second Motion for Sanctions (Dkt. 156), directing Defendants' *counsel* to pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023. Dkt. 195. The Court also granted Plaintiff's Third Motion for Sanctions (Dkt. 158), directing Defendants to pay $35,025.92 ($33,525.92 plus $1,500.00 as a sanction for failing to pay) on or before December 1, 2023. *Id*. Defendants seek relief from payment of both obligations based on the "sheer inability to pay" and to "allow the parties to focus on going forward with resolution of this matter in trial." Dkt. 198. Plaintiff filed a response in opposition (Dkt. 202) and Defendants filed a reply and the Declaration of Patricia Ray in support of the reply (Dkts. 207 and 208).[1]

II.  **Discussion**

This Court evaluates several factors in considering whether a stay of sanctions is appropriate. *Stargaze Mgmt., LLC v. George Smith Partners, Inc.*, 2015 WL 12656917, at *1 (C.D. Cal. Nov. 6, 2015).  The factors include, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481

---

[1] In their Reply, Defendants include a Motion to Strike Plaintiff's Opposition (Dkt. 202) because Plaintiff did not object to the Order Awarding Fees and Costs (Dkt. 195) within 14 days of the entry of that Order. Since the Order included language "The Court notes that nothing in this Order prohibits Defendants from filing a motion seeking relief from the deadline" for payment, Plaintiff asserts the time for objecting to the Order has elapsed and any objections to Defendants' Motion to Stay should be stricken. As Plaintiff's Opposition is directed at the merits of whether the Court should provide Defendants relief from the deadlines for payment and was timely filed in response to the Motion to Stay, the Motion to Strike is denied.

ORDER DENYING MOTION TO STAY AND RE-NOTING MOTION REQUESTING LEAVE FOR DISCOVERY - 2

U.S. 770, 776 (1987).

Defendants have failed to demonstrate a stay of the order directing payment of sanctions is appropriate. Defendants argue only that they lack the inability to pay. *See* Dkt. 198. Where a party seeks to avoid sanctions based on lack of resources, the sanctioned party has the burden to produce probative evidence of their inability to pay the sanctions. *Gallagher v. Mullens*, 37 Fed. App'x 902, 902 (9th Cir. 2002); *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). Neither MMAS Research LLC nor Mr. Trubow have put forth any evidence in the Motion supporting their "sheer inability to pay." *See* Dkt. 198. In their Reply, Defendants reference income statements and tax returns produced to Plaintiff in discovery on November 28, 2023. Dkt. 207. This is not evidence that is properly before the Court, nor does that necessarily show Defendants cannot pay the sanction. While Defendants assert they "will have trouble in paying" and their "entire lack of financial means leads to their request," Defendants have not provided any evidence to support the request to stay payment until after trial in this matter. In addition, Defendants' counsel have not submitted any evidence to support the stay of their obligation to pay the $1,320.00.

For these reasons, Defendants have not met their burden of showing a stay of the Orders directing payment of sanctions is appropriate.

### III.    Remaining Matters

Also pending before the Court are Defendants' Motion Requesting Leave for Discovery (Dkt. 199), noted for December 15, 2023, the parties' Joint Status Report re-setting pretrial deadlines and the trial date (Dkt. 201), and Plaintiff's Motion for Stay (Dkt. 206), noted for December 29, 2023.

The Court finds, in the interest of judicial economy, a new scheduling order should not be issued until after Plaintiff's Motion for Stay (Dkt. 206) is decided. The Motion Requesting Leave for Discovery (Dkt. 199), which is related to reopening the discovery period and the proposed scheduling order, also cannot be decided until after Plaintiff's Motion for Stay. Accordingly, the Court directs the Clerk's Office to re-note Defendants' Motion Requesting Leave for Discovery (Dkt. 199) for December 29, 2023.

### IV. Conclusion

In conclusion, Defendants' Motion for Stay of the Orders (Dkt. 198) is denied. Defendants are ordered to pay the sum of $35,025.92 on or before January 12, 2024 and Defendants' counsel to pay $1,320.00 to Plaintiff's counsel on or before January 12, 2024. Further, the Clerk's Office is directed to re-note Defendants' Motion Requesting Leave for Discovery (Dkt. 199) for December 29, 2023.

Dated this 21st day of December, 2023.

David W. Christel
Chief United States Magistrate Judge