UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER GRANTING MOTION TO STAY AND DENYING MISCELLANEOUS MOTIONS |

Currently pending before the Court are Defendants' Motion Requesting Leave for Discovery (Dkt. 199), Plaintiff's Motion to Stay (Dkt. 206), Defendants' Motion for Reconsideration (Dkt. 216), and Defendants' Motion to Strike (Dkt. 219).

After consideration of the relevant record, the Motion to Stay (Dkt. 206) is granted and this matter is stayed pending the outcome of *MMAS Research, LLC, et al. v. The Charité, et al.*, Case No. 23-55202 (9th Cir.). As this matter is now stayed, the Court declines to enter an amended scheduling order and Defendants' Motion Requesting Leave for Discovery (Dkt. 199) is denied without prejudice with the right to refile when the stay is lifted. Defendants' Motion for Reconsideration (Dkt. 216) and Motion to Strike (Dkt. 219) are denied.

## I. Motion to Stay (Dkt. 206)

In the Motion to Stay, Plaintiff requests the Court stay this action pending a ruling by the Ninth Circuit in *MMAS Research, LLC, et al. v. The Charité, et al.*, Case No. 23-55202 (9th Cir.). Dkt. 206. Plaintiff states Defendant MMAS Research sued Charité in the Central District of California for alleged infringement of the Morisky Widget copyright, which is the copyright at issue in this case. *Id*. The district court dismissed MMAS Research's second amended complaint with prejudice because Plaintiff Morisky, not MMAS Research, owns the copyrights at issue. *See* Dkt. 202-1. MMAS Research has appealed the district court's order. Dkt. 206. Plaintiff asserts that, because this case involves the same issues as *MMAS Research, LLC, et al. v. The Charité, et al.*, this matter should be stayed pending the resolution of *MMAS Research, LLC, et al. v. The Charité, et al*. *Id*. Defendants do not oppose the stay if the Court finds it appropriate; however, Defendants state the stay will not promote economy or serve a judicial purpose. Dkt. 211.

"The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008). In deciding whether to grant a stay, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a lawsuit is pending before the Ninth Circuit that could be, at a minimum, persuasive authority in this case. Because the Ninth Circuit's ruling in *MMAS Research, LLC, et al. v. The Charité, et al.*, could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and may provide guidance for this Court. Thus, the Court finds a stay of the entire matter pending the Ninth Circuit's decision serves the interests of fairness and "promote[s] economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, Plaintiff's Motion to Stay (Dkt. 206) is granted. The Court orders this entire matter be stayed pending resolution of *MMAS Research, LLC, et al. v. The Charité, et al.*, which is currently pending before the Ninth Circuit. The parties are directed to file a joint status report within fourteen (14) days of resolution of *MMAS Research, LLC, et al. v. The Charité, et al.* While this matter is stayed, motions will not be considered by the Court. Any motion filed with the Court during the stay may be denied as moot.

**II.    Motion Requesting Leave for Discovery (Dkt. 199)**

On October 31, 2023, the Court directed the parties to file a joint status report proposing new pretrial deadlines – including allowing an additional discovery period – and a new trial date. Dkt. 195. The parties filed a joint status report on December 1, 2023. Dkt. 201. Defendants also filed a motion requesting leave to conduct additional discovery. Dkt. 199. As the Court has stayed this entire matter, the Court declines to enter a new scheduling order and set new discovery deadlines. Therefore, Defendants' Motion Requesting Leave for Discovery (Dkt. 199) is denied without prejudice. After *MMAS Research, LLC, et al. v. The Charité, et al.* is resolved,

the parties shall meet and confer regarding a new scheduling order, including a proposal on any additional discovery and file a new joint status report. If the parties are unable to agree on additional discovery, Defendants may file a renewed motion requesting leave to conduct additional discovery.

### III.     Motion for Reconsideration (Dkt. 216)

On January 4, 2024, Defendants filed a Motion for Reconsideration seeking reconsideration of the Court's decision to deny Defendants' motion to stay the imposition of sanctions. Dkt. 216; *see also* Dkt. 214.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Defendant asserts the Court committed manifest error when it provided inconsistent rulings. Dkt. 216. Defendants assert the Court suggested Defendants forego an appeal of the sanctions order but move to stay payment until after the trial. Dkt. 216. Defendants contend that they followed the steps outlined by the Court and filed a motion to stay, but the Court denied their motion. *Id*.

The Court did not direct Defendants to forego an appeal or move for a stay. Rather, the Court recommended that a final judgment on the Court's order awarding sanctions not be issued. Dkt. 194. The Court noted, but did not recommend, that Defendants could seek a stay of the Court's Order Awarding Fees and Costs. *Id*. Again, in the Order on Motions for Sanctions and Stay, "[t]he Court note[d] that nothing in th[e] Order prohibit[ed] Defendants from filing a motion seeking relief from the deadline." Dkt. 195 at 18, n.4. The Court did not recommend, nor direct Defendants to forego filing an appeal. Further, the Court did not recommend, nor direct Defendants to file a motion to stay the imposition of sanctions until the conclusion of the trial in

this case. And, at no time did the Court indicate it would grant such a motion. Rather, the Court affirmed that Defendants could pursue available options, such as a motion to stay. Defendants' inability to demonstrate that the order directing payment of sanction should be stayed fails to show manifest error.[1]

Defendants also argue they have submitted new evidence which warrants reconsideration. Dkt. 216. Defendants submitted a declaration from Defendants' certified public accountant. *See* Dkt. 218. There is no indication this evidence was unavailable when filing the motion to stay despite reasonable diligence. Moreover, a declaration from Defendants' certified public accountant is not sufficient to show Defendants are unable to pay the sanction. Rather, a motion to stay based on an inability to pay should include detailed evidence attested to by the Defendants showing an inability to pay, such as copies of all statements of all financial accounts and copies of real property deeds and assessment documents in which Defendants have an interest. A motion to stay sanctions by counsel should also include similar supportive evidence.

Accordingly, the Motion for Reconsideration (Dkt. 216) is denied. The Court orders Defendants to pay the sum of $35,025.92 on or before January 19, 2024 and Defendants' counsel to pay $1,320.00 to Plaintiff's counsel on or before January 19, 2024.

**IV.   Motion to Strike (Dkt. 219)**

On January 5, 2024, Defendants filed a Motion to Strike requesting Docket Entry 217 be stricken. Dkt. 219. Defendants state the declaration of Rodney Watkins filed at Docket Entry 217 contains incorrect information and was filed in error. *Id*. Defendants state a corrected declaration was filed to replace the incorrect declaration. *See id*.; *see also* Dkt. 218.

---

[1] The Court notes Defendants have not adequately represented the record to this Court. The Court warns defense counsel that misrepresentations to the Court may result in Rule 11 sanctions.

ORDER GRANTING MOTION TO STAY AND
DENYING MISCELLANEOUS MOTIONS - 5

The Court has directed the parties to ensure all filings comply with the Local Civil Rules ("LCR"). Dkt. 137. Further, the Court has stricken filings that did not comply with the LCRs. *See* Dkt. 151. Here, the Motion to Strike does not comply with the LCRs. For example, the Motion is not on numbered paper. *See* LCR 10. Therefore, the Clerk is directed to strike Docket Entry 219. The Court notes the Motion to Strike was unnecessary. Defendants should have complied with LCR 7(m) to correct the incorrect filing at Docket Entry 217.

**V.      Conclusion**

For the above stated reasons, the Motion to Stay (Dkt. 206) is granted and this matter is stayed pending the outcome of *MMAS Research, LLC, et al. v. The Charité, et al.*, Case No. 23-55202 (9th Cir.). The parties are directed to file a joint status report within fourteen (14) days of resolution of *MMAS Research, LLC, et al. v. The Charité, et al.*

As this matter is now stayed, the Court declines to enter an amended scheduling order and Defendants' Motion Requesting Leave for Discovery (Dkt. 199) is denied without prejudice with the right to refile after the stay is lifted. Defendants' Motion for Reconsideration (Dkt. 216) and Motion to Strike (Dkt. 219) are denied.

Dated this 11th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge