UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD E. MORISKY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MMAS RESEARCH LLC, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:21-CV-1301-RSM-DWC<br><br>ORDER STRIKING FILINGS AND SETTING STATUS CONFERENCE |

Before the Court are Defendants' Motion to Lift Stay (Dkt. 222), Plaintiff's Status Report (Dkt. 223), and Defendants' Status Report (Dkt. 224). After consideration of the relevant record, the Court strikes Defendants' Motion to Lift Stay and Defendants' Status Report (Dkts. 222, 224) and sets a status conference to take place on April 24, 2024 at 10:30 A.M. before the undersigned, via Zoom.

**I.    Background**

On January 11, 2024, the Court stayed this matter pending the outcome of *MMAS Research, LLC, et al. v. The Charité, et al.*, Case No. 23-55202 (9th Cir.). Dkt. 220. The parties were directed to file a joint status report within fourteen (14) days of resolution of *MMAS*

ORDER STRIKING FILINGS AND SETTING
STATUS CONFERENCE - 1

1  *Research, LLC, et al. v. The Charité, et al. Id*. at 3. The Court also denied Defendants' motion

2  requesting leave to conduct additional discovery and stated, "[a]fter *MMAS Research, LLC, et al.*

3  *v. The Charité, et al.* is resolved, the parties shall meet and confer regarding a new scheduling

4  order, including a proposal on any additional discovery and file a new joint status report." *Id*. at

5  3-4. On March 19, 2024, Defendants filed the Motion to Lift Stay. Dkt. 222. Plaintiff and

6  Defendants filed Status Reports on March 27, 2024. Dkts. 223, 224.

7        **II.**       **Motion to Lift Stay (Dkt. 222)**

8        In the Court's January 11, 2024 Order, the parties were directed to file a joint status

9  report within fourteen days of resolution of the Ninth Circuit case. Dkt. 220. Rather than filing a

10 joint status report, Defendants filed the Motion to Lift the Stay. As the parties were directed to

11 file a joint status report, not a motion, the Motion to Lift the Stay (Dkt. 222) is stricken.

12       **III.**      **Defendants' Status Report (Dkt. 224)**

13       On June 5, 2023, the Court determined Defendants submitted filings that were not in

14 compliance with the Local Civil Rules (LCR). *See* Dkt. 137. The Court directed the parties to

15 "ensure all future filings comply with the LCRs." *Id*. The Court warned that if a filing did not

16 comply with the LCRs, the Court may strike the filing without further consideration. *Id*. On July

17 6, 2023 and September 25, 2023, the Court again struck Defendants' filings because they did not

18 comply with the LRCs. *See* Dkts. 151, 184.

19       On March 27, 2024, Defendants filed a Status Report. Dkt. 224. Like multiple previous

20 filings, Defendants' Status Report does not comply with the LCRs. For example, the Status

21 Report is not on numbered paper and does not include a bottom notation. *See* LCR 10. Moreover,

22 the Status Report was filed by Attorney Patricia Ray, who has been admitted *pro hac vice*. *Id*.;

23 *see also* Dkts. 100, 115. Under LCR 83.1(d)(2),

*Research, LLC, et al. v. The Charité, et al. Id*. at 3. The Court also denied Defendants' motion requesting leave to conduct additional discovery and stated, "[a]fter *MMAS Research, LLC, et al. v. The Charité, et al.* is resolved, the parties shall meet and confer regarding a new scheduling order, including a proposal on any additional discovery and file a new joint status report." *Id*. at 3-4. On March 19, 2024, Defendants filed the Motion to Lift Stay. Dkt. 222. Plaintiff and Defendants filed Status Reports on March 27, 2024. Dkts. 223, 224.

**II.     Motion to Lift Stay (Dkt. 222)**

In the Court's January 11, 2024 Order, the parties were directed to file a joint status report within fourteen days of resolution of the Ninth Circuit case. Dkt. 220. Rather than filing a joint status report, Defendants filed the Motion to Lift the Stay. As the parties were directed to file a joint status report, not a motion, the Motion to Lift the Stay (Dkt. 222) is stricken.

**III.    Defendants' Status Report (Dkt. 224)**

On June 5, 2023, the Court determined Defendants submitted filings that were not in compliance with the Local Civil Rules (LCR). *See* Dkt. 137. The Court directed the parties to "ensure all future filings comply with the LCRs." *Id*. The Court warned that if a filing did not comply with the LCRs, the Court may strike the filing without further consideration. *Id*. On July 6, 2023 and September 25, 2023, the Court again struck Defendants' filings because they did not comply with the LRCs. *See* Dkts. 151, 184.

On March 27, 2024, Defendants filed a Status Report. Dkt. 224. Like multiple previous filings, Defendants' Status Report does not comply with the LCRs. For example, the Status Report is not on numbered paper and does not include a bottom notation. *See* LCR 10. Moreover, the Status Report was filed by Attorney Patricia Ray, who has been admitted *pro hac vice*. *Id*.; *see also* Dkts. 100, 115. Under LCR 83.1(d)(2),

> Unless waived by the court . . ., local counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind *pro hac vice* counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court as set forth in the Introduction to the Civil Rules.

It is unclear if Attorney Brett Harris, local counsel, reviewed the Status Report. Regardless, he did not sign it or ensure that it complied with the local rules of this Court.

The Court warned the parties that future filings that do not comply with the LCRs may be stricken. Defendants have again submitted filings that contain the same deficiencies as previously noted by the Court and violate the *pro hac vice* rules. As Defendants' Status Report does not comply with the LCRs, the Clerk is directed to strike Defendants' Status Report (Dkt. 224).

The Court further warns Defendants' counsel that failure to follow the Court's LCRs and maintain a high degree of professionalism may result in sanctions, including revocation of *pro hac vice* status.

**IV.   Status Conference**

Plaintiff also filed a Status Report on March 27, 2024. Dkt. 223. In the Plaintiff's Status Report, Plaintiff indicates the parties do not agree on how the case should progress at this time. *Id*. Plaintiff also notes that Defendants have failed to comply with the Court's orders directing Defendants and Defendants' counsel to pay sanctions, which the Court ordered Defendants and Defendants' counsel to pay by January 19, 2024. *Id*.; *see also* Dkt. 220. Plaintiff requests a conference with the Court to resolve outstanding issues before an amended scheduling order is entered. The Court finds a status conference is appropriate in this case. Therefore, the Court sets a status conference to be held on April 24, 2024 at 10:30 A.M. before the undersigned, via Zoom. The Court declines to lift the stay and enter an amended scheduling order until after completion of the status conference.

As this matter remains stayed, any motion filed with the Court during the stay may be denied as moot.

V.  **Conclusion**

For the above stated reasons, the Motion to Lift Stay (Dkt. 222) and Defendants' Status Report (Dkt. 224) are stricken. A status conference is set for April 24, 2024 at 10:30 A.M. before the undersigned, via Zoom. This matter remains stayed.

Dated this 4th day of April, 2024.

David W. Christel
United States Magistrate Judge

ORDER STRIKING FILINGS AND SETTING
STATUS CONFERENCE - 4