UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>    Plaintiff,<br><br>  v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>    Defendants. | NO. 2:21-CV-01301-DWC<br><br>**RESPONSE** |

    This is a response to the Court's Order (Docket 250) directing Defendants to respond to Plaintiff's Response (Docket Nos 248 and 249) in the context of Plaintiff's Motion for Renewed Sanctions (Docket Nos 233, 234, 235 and Court Order Docket 246).

RESPONSE - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

# BACKGROUND

Plaintiff's Response to Order Docket 246 (hereinafter, Plaintiffs Response) to provide additional information demonstrates its failure to review the discovery that Defendants had previously provided and the information in their possession. Furthermore, it is clear that Plaintiff has not been seeking actual discovery, but rather to put this case in procedural limbo rather than proceed to trial. As described below, Plaintiff 's Response is absent any basis that would support the sanctions sought.

# ARGUMENT

### 1. Plaintiff Has Accused Defendants Of Withholding Unredacted Version Of The Widget Source Code He Has Had Access To Since January 4, 2021.

Plaintiff's so-called list of over 200 Morisky Widget license comes directly from the CR2A Exhibit 4 which was executed in December 2020. Among those listed 200 Widget licenses, many were signed and executed by Plaintiff himself.

On January 4, 2021, joint legal counsel Kenneth Gross received a detailed list of over 200 Morisky Widget licenses and an unredacted copy of the Morisky Widget source code from Dustin Machi. Plaintiff has had, through Kenneth Gross, detailed information for every Morisky Widget license executed before the CR2A, as well as an unredacted copy of the Widget source code for over three and a half years.

Plaintiff's Response states at p. 7) "As documents held by one's counsel are in the possession or control of the principal." Plaintiff's access to the detailed Widget license information and Morisky Widget source code sent to Kenneth Gross is provided in the Declaration of Steven Trubow Exhibit 8.

### 2. Plaintiff Has Not Attempted To Obtain Documents From Third Parties.

Whereas the Court has directed Plaintiff to seek information and documents from third parties, any such effort to do so has been absent or mischaracterized. Plaintiff oddly claims that discovery from third parties is not available because they are "adverse." The Declaration of

Christopher Austin, p.5 states that third parties" are adverse to Plaintiff, preventing plaintiff from securing such documents from them. "

Dustin Machi and Rodney Watkins were both named as defendants in Plaintiff's first complaint in this case, DKT 1. The complaints against Machi and Watkins were dismissed without prejudice. They are most likely adverse to the Plaintiff. Both Machi and Watkins have made declarations in this case, but Plaintiff has never attempted to take Machi's or Watkins depositions or request documents in their possession.

Nothing would prevent the Plaintiff from issuing a subpoena to Machi, Watkins, or for any of the joint representation lawyers, adverse or not adverse to the Plaintiff. The subpoena is the procedural mechanism that allows parties in litigation to obtain evidence from non-party individuals that includes lawyers and adverse parties including former defendants in a case.

To the contrary, Plaintiff's only attempts to obtain information from the former joint legal counsel has been by threats of bar complaints and lawsuits. These untoward actions are out of the bounds of this Court's Directives. See Declaration of Steve Trubow Exhibit 6.

### 3. Plaintiff Misrepresented That Defendants Had Not Provided Discovery.

Plaintiff has repeatedly misstated to this Court that Defendants had not provided discovery. Defendants voluminous production was provided to Plaintiff is indexed and available at this link: Bates Stamped Sets and Index

Plaintiff's Response admits that there has finally been a review undertaken of all of the documents and information provided by Defendants in November 2023. However, Plaintiff's review has failed to acknowledge that licenses or settlement agreements that were not signed by Morisky after the CR2A was executed were in fact provided by Defendants in the November 2023 production.

For example, Christopher Austin stated on page 4 of his declaration that <u>neither that agreement (Janssen) nor any other agreement excluding Plaintiff after the execution of the CR2A is included in the November 2023 Production</u>.

RESPONSE - 3

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

Defendants have produced license agreements that excluded Plaintiff after the execution of the CR2A. These include RFP 000294-295 and RFP 000280-283. The Declaration of Steve Trubow at p. __ background facts concerning production of these documents.

**4. Motion To Strike Plaintiff's Argument For Matter Of The Lost Laptop.**

Plaintiff renewed quest for sanctions on the basis of the lost laptop should be stricken. The Court has already addressed the lost laptop in the Court's Order 195 where it was stated

"Sanctions under 37(e) are not warranted based on the destruction of the Trubow's ASIS laptop. Plaintiff has not shown, by a preponderance of the evidence, that the ASIS laptop contained information that should have been preserved in consideration of this lawsuit. The evidence shows Trubow used the ASIS laptop from 2017 until 2022 to train clinicians all over the world on how to use the Morisky Widget software. Dkt. 167, Trubow Dec., ¶ 4. Trubow states "[t]here were never any business records, financial records, bank statement stored on the ASIS laptop." Id. at ¶ 9. Plaintiff asserts, without evidence, that the ASIS laptop contains these items.

The Court recognizes Plaintiff is left attempting to prove the laptop contains relevant, discoverable information without the ASIS laptop. However, Plaintiff has put forth no evidence showing Trubow's training materials are relevant or that additional information was contained on the ASIS laptop. Importantly, Defendants put forth evidence that the information sought on the ASIS laptop is available through additional discovery. For example, there is evidence that the former joint attorneys for Plaintiff and Trubow have the sought-after information. Moreover, Plaintiff has not attempted to obtain financial information from Defendants' financial institutions. There is no evidence Plaintiff attempted to obtain the discovery from other sources or through additional discovery. Thus, Plaintiff has not shown, as required by Rule 37(e), that the information on the ASIS laptop cannot be restored or replaced through additional discovery. Furthermore, there is no evidence of intent to deprive Plaintiff of evidence contained on the ASIS laptop and, thus, sanctions under Rule 37(e)(2) are inappropriate."

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

**5. Defendants Have Produced All Available Financial Records and IRS Filings.**

Defendants have proved all available financial records at Chase Bates 2017 #5389 1-241, Chase 2019 #7878 1-26, Chase 2018 1-316, 2019 #7886, 2021 7886 1-48 and UBS 04231-09231, and Umpqua Bank 1-316 and tax returns at RFP 000070-71.

**6. Defendants Have Produced The Copyright Deposit.**

Plaintiffs' submissions totally exaggerate any problems in the production of the copyright. The redacted copyright deposit was produced to Plaintiff at Bates No. RFP 1-55. The unredacted version was provided in Dustin Machi's January 4, 2021, email to Kenneth Gross, Plaintiff Joint Representation lawyer, (Machi attached an unredacted copy of the Morisky Widget Source Code. See Declaration of Steve Trubow Exhibit 8).

**7. Defendants Do Not Have Documents Of All Legal Actions Within Their Possession And Control.**

Copies of legal actions taken by Defendant are not within the possession and control of Defendants, but rather have been maintained by joint Counsel. Not only was that available to Plaintiff through his counsel, it could be available by subpoena of joint counsel records.

**8. Plaintiff's Request For More Testimony From A Witness Can Be Satisfied Through A Third Party Subpoena.**

Defendants do not have additional information to provide under the deposition request and believes that Plaintiff may obtain such information from a third party subpoena.

## CONCLUSION

Defendants have responded to all of Plaintiff's requests.

*(Signature line on next page)*

RESPONSE - 5

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

Respectfully submitted this 6th day of August, 2024.

/s/ Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
5 Old Mill Road, Freeport PA 16229
Telephone: 215-908-6810
raypatricia@yahoo.com

/s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com