# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>Defendants. | NO. 2:21-CV-01301-DWC<br><br>DECLARATION OF STEVE TRUBOW IN SUPPORT OF DEFENDANTS' RESPONSE |

### DECLARATION OF STEVE TRUBOW

STEVE TRUBOW DECLARATION

I STEVE TRUBOW, under penalty of perjury under the laws of the United States state as follows:

1. I declare and may testify to the truth of the following facts within my personal knowledge.

2. In response to Plaintiff's discovery requests and in compliance with Court Orders, I worked in conjunction with my attorneys to provide responsive material and information.

## Background to Defendants Responses

3. In November 2023, according to Court directives, I assisted my attorneys to comply with Court Orders to provide responses and documents that were reorganized, and Bates numbered according to what was in Defendants possession and control. These may be accessed in the Document Production at <u>Bates Stamped Sets and Index</u>.

4. Some of Plaintiff's document requests could not be provided because they were simply not in my possession, having been prepared and maintained by joint counsel, other third parties, and Plaintiff himself.

## Plaintiff's RFP 144-148

5. In Christopher Austin's Declaration on page 3 or 6, he noted the Defendant Production (RFP 144 – 148) contains a list of 212 licensees, which he attached to Declaration as Exhibit 5.

6. That list of 212 Morisky Widget license agreements comes from the CR2A Exhibit 4, which was executed in December 2020. A large majority of the 212 Morisky Widget license agreements in the CR2A were signed and executed by Plaintiff himself. See Exhibit 10.

7. Plaintiff had access to detailed Morisky Widget licensing information as early as January 4, 2021, through his counsel Kenneth Gross. See attached January 4, 2021, email correspondence between Dustin Machi and Joint Counsel Kenneth Gross. See Exhibit 8.

8. In the January 4, 2021, email from Dustin Machi to Counsel Gross, Machi attached a data file containing over 200 Morisky Widget licenses that were executed before the CR2A was signed with detailed contact information for thousands of trained and certified administrators and users of the Morisky Widget licenses. See Exhibit 9.

9. In that same email from Dustin Machi to Kenneth Gross, Plaintiff also received a full unredacted copy of the Morisky Widget source code. See Exhibit 8.

10. In DKT 233, page 4, in Plaintiff's Renewed Motion for Sanctions, Plaintiff wrote, **"To date, Defendants have never produced an unredacted version of the Morisky Widget source code.** When in fact, Plaintiff had

access to an unredacted copy of the Morisky Widget source code as early as January 4, 2021, through his counsel Kenneth Gross.

### Plaintiff's Request for Morisky Widget License Agreements Not Signed by Dr. Morisky

11. In Christoper Austin's declaration page 4, He declared," I have confirmed that none of the agreements involving the Widget contained in the November 2023 Production <u>include agreements excluding Dr. Morisky.</u> "

12. To the Contrary, in Defendants November 2023 Production, there were three Novartis Morisky Widget agreements that excluded Dr. Morisky after the execution of the CR2A. These are namely the RFP documents for Novartis S Korea, Italy, and Argentina<u>. All three include agreements excluding Dr. Morisky.</u>

13. It is pertinent to discuss the reasons that Dr Morisky did not sign Morisky Widget license agreements for Novartis S Korea, Italy, and Argentina.

14. When the CR2A was executed in December 2020, there were three perpetual Novartis Morisky Widget licenses listed, Exhibit 4, pages 29-33. See Exhibit 10.

STEVE TRUBOW DECLARATION

15. These included Widget licenses for Novartis Germany, Italy, S. Korea, and Argentina.

16. None of the Novartis Widget licenses were subject to infringement claims in the CR2A Exhibit 3 list of infringers, page 16-28. See Exhibit 10.

17. In a communication by Plaintiff (Document RFP 000289), he informed Novartis S Korea, joint representation lawyer, Peter Hoeller, and Christpher Austin on 03/14/2022 that the CR2A stipulates the return of the Morisky Widget and Widget licenses by September 2021. Plaintiff claims that the Morisky Widget will be phased out completely by September 2021 and replaced with his own MMAR Software Platform. Plaintiff admits this is not an infringement issue but a licensing issue, and that Plaintiff owns the Morisky Widget and the Morisky Widget licenses. See Exhibit 1

**MMAS Research and Novartis Korea Addendum**

18. To resolve the false claims of ownership of the Novartis S Korea Morisky Widget license raised by Plaintiff, MMAS Research LLC and Novartis S Korea executed an Addendum on May 1, 2022, that did not include Plaintiff Donald Morisky. (See Documents RFP 000283-000287)

19. That Addendum (RFP 000 283-287) MMAS Research LLC represented and warranted that MMAS Research is the rightful owner of all IP rights in relation to the Morisky Widget. MMAS Research LLC indemnified and held Novartis S Korea harmless from any and all claims, losses, and

STEVE TRUBOW DECLARATION

damages that they may suffer due to any type of claims raised by Donald Morisky or MMAR LLC in connection with the Morisky Widget license. See Exhibit 2

### RFP 000290- 000295 Novartis Germany/Argentina Morisky Widget Agreements including Plaintiff and Excluding Plaintiff.

20.  RFP 000290-293 is a June 2021, Morisky Widget licensing agreement between Novartis Argentina, Donald Morisky and MMAS Research LLC. Novartis Argentina agreed to pay Morisky and MMAS Research 17,500 euros ($19,736.50) to rescore and recode 730 MMAS-8 tests in the Morisky Widget performed by Licensor's representative, Mr. Steve Trubow. See Exhibit 3.

21. Even though Plaintiff Morisky signed the Addendum and received $5950.56, he informed Novartis that he would not allow Steve Trubow or MMAS Research LLC to rescore and recode the MMAS-8 tests as he agreed in the Addendum, instead insisting that Novartis Argentina use his own MMAR platform to rescore and recode MMAS-8 tests.

22. RFP 000294-295 is an Amendment to the June 15, 2021, Morisky Widget Addendum signed and executed by Plaintiff Donald Morisky with MMAS Research and Novartis. See Exhibit 3.

STEVE TRUBOW DECLARATION

23. Plaintiff, Donald Morisky, did not sign the Amendment. It was only signed by Novartis and MMAS Research LLC.

24. The Amendment states that MMAS agreed to indemnify, defend, and hold Novartis harmless and each of its officers, employees, representatives, agents, contractors, successors and assigns against all losses, damages, liabilities, charges, judgements, costs and expenses arising out of or in connection with any claim of any third party, including but not limited to Mr. Donald Morisky, for infringement of their intellectual property rights or any other right arising from or connected with the Agreement and/or the performance of this Amendment. See Exhibit 3.

25. RFP 000275- 000276 July 29,2022, is a letter from Novartis Italy stating that over the past few months we learned via Donald Morisky website (Predatory Pricing from Steve Trubow (moriskyscale.com)) that (MMAS Research/Trubow) does not have any rights to use the Morisky Widget (These circumstances were directly confirmed by Donald Morisky) See Exhibit 4.

### RFP 000280- 000283 MAY 2023 ADDENDUM NOVARTIS ITALY OPIS MORISKY WIDGET LICENSE WITH INDEMNIFICATION

26. RFP 000289-000283 is a settlement agreement between Novartis Italy and MMAS Research LLC that was NOT signed by Donald Morisky. In the Settlement Agreement it reviews the attempts by Morisky and his

attorney Christopher Austin to convince Novartis that MMAS Research LLC did not own the Morisky Widget copyright or the Novartis license.[1]

27. MMAS Research LLC was required to indemnify Novartis from all claims from Donald Morisky against claims that Novartis were infringing on Plaintiff's intellectual property by using the Morisky Widget in a breast cancer study. See. Exhibit 4.

## Janssen Addendum to their 2019 perpetual Morisky Widget License

28. Although Plaintiff's Motion asserts a claim of no prior knowledge of the Janssen Addendum. Plaintiff's emails illustrate the opposite. Plaintiff had firsthand personal knowledge of the need for the Janssen Addendum and had agreed to help execute it in June 2021.

29. The first such email (RFP 000309) is from joint representation lawyer Peter Holler to Donald Morisky and Steven Trubow. In this email Hoeller informs Morisky that "Steve and I are working out a statement of work to service a Widget license for Janssen in Tokyo. The work needed requires in person re-scoring of test results, certification, and a possible corrigendum

---

[1] RFP 000277- 000278 are two (2) January 26, 2021, emails from Steven Trubow to Christopher Austin and Kenneth Gross and from OPIS/Novartis Italy to MMAS Research that explained that MMAS Research LLC had daily responsibilities under the 2017 OPIS Novartis Morisky Widget license to service these licensees. In these emails, Steve Trubow explained to Plaintiff's attorney Christopher Austin that that the Morisky family, Don, Susan and Phillip are not trained or certified on the Morisky Widget and will not be able to do service Morisky Widget licensees for a long time. See Exhibit 4

STEVE TRUBOW DECLARATION

for an article (if the original results were incorrect). Did you want to participate in this? We can discuss it over the phone. call or web meeting if so. Just let me know, and I can set. something up between you, me, and Steve." See Exhibit 5.

30. A second email (RFP 000309) on June 16, 2021, was from Donald. Morisky to his lawyer Hoeller and ccd Trubow and his lawyer Christopher Austin. Plaintiff Morisky wrote, "yes, Peter, I will participate in all MMAS Licensing including training and travel. Please provide me with the article that needs to be reviewed in preparation of an Erratum or Corrigendum. Thank you for the clarification you will provide. (FYI, I speak fluent Japanese). Best, Don." See Exhibit 5.

As stated above, Defendants are justified in not providing superfluous discovery responses of documents, and information that are within Plaintiff knowledge and/or was a party to the agreement and had access through his lawyers or other third parties.

These matters have been equally accessible by Plaintiff. Defendants should not be sanctioned for not providing discovery on what Plaintiff has had equal access.

Executed at Petaluma California
Dated: 8/6/2024

/s/ Steve Trubow

STEVE TRUBOW DECLARATION