1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

9
10

DONALD E. MORISKY,

          Plaintiff,

     v.

MMAS RESEARCH, LLC, a Washington
limited liability company, STEVEN
TRUBOW, an individual, POLINA
FEILBACH, an individual, RODNEY
WATKINS, an individual, DUSTIN
MACHI, an individual, MMAS Research
Italy S.R.L. an Italian company, and
MMAS Research France, SAS a French
company,

          Defendants.

11
12
13
14
15
16
17
18
19
20
21
22
23
24

NO. 2:21-CV-01301-DWC

DEFENDANTS' OBJECTIONS TO
ECF 255 REPORT AND
RECOMMENDATION AND
MOTION FOR RECONSIDERATION

NOTE ON MOTION CALENDAR:
SEPTEMBER 17, 2024

25
26
27
28

        Defendants hereby request reconsideration of the Court's Order of September

10, 2024, document 257, entitled ORDER ADOPTING REPORT AND

RECOMMENDATION.

Defendants Objections to Report and Recommendation - 1

**Virgo Law LLC**
119 1ˢᵗ Ave. S., Ste. 310
Seattle, Washington 98104

Defendants respectfully acknowledge the Courts clarification that the previously filed Motion for Reconsideration was premature as prior to the Courts adoption in Order 257. Accordingly, Defendants present the arguments for reconsideration herein.

The Court's procedure culminating in the Report and Recommendations was prejudicial to Defendants and denied due process. These prejudicial procedures are outlined in Exhibit 2.

The Court erred on the factual conclusions in the Report and Recommendation, whereby substantial evidence was: (1) overlooked or excluded, and (2) false evidence was admitted.

Such errors demonstrate that Order 257 should be Reconsidered and there is a need for an evidentiary hearing.

The evidentiary errors are outlined and briefed in Exhibits 1, 1a,1b,1c,1d,1e, and 1f.

## I.    DISCUSSION OF DEFENDANTS' OBJECTIONS

**A.    The Court's procedure culminating in the Report and Recommendations was prejudicial to Defendants and denied due process.**

On January 11, 2024 (ECF 220), this Court granted Plaintiff's motion to stay the case pending the outcome of an appeal of another case to the Ninth Circuit Court of Appeals from the Central District of California, involving the issue of Defendant's copyright ownership and standing to sue for infringement of the Morisky Widget. In March 2024, the Ninth Circuit Court of Appeals resolved the issue of the ownership of the Morisky Widget, holding that Defendant (not Plaintiff) owned the Morisky Widget. This appellate decision is also pertinent because the Morisky Widget is being asserted by both parties and is part of the counterclaims.

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

In this court's stay order (ECF 220), the court indicated the stay in this case would be lifted once the appeal was resolved. Instead, the Court's proceedings thereafter have been prejudicial to Defendants and have unfairly maintained the stay on the case. On April 24, 2024, this Court held a status conference where, contrary to its earlier order (ECF 220), unfairly lifted only partially to allow Plaintiff to renew sanction motions that were long since decided by Document 194. See Exhibit 1c and ECH 195.

At the April 2024 Status Conference, the Defendant's positions were suppressed by the Court. (See Hearing Transcript ECF 245). Although that Status Conference was ostensibly for setting discovery and trial dates, the Court instead issued a new order (ECF 229) allowing Plaintiff to file a Renewed Motion for Sanctions and denying Defendants the right to make any filings.

On July 3, 2024, the Court again denied Defendants due process by directing Plaintiff a second supplemental sanctions. (ECF 247).

Finally, on July 16, 2024, the Court allowed Defendants to reply. In ECF 250 the Court issued an Order allowing Defendants to respond to Plaintiff's submission in ECF 247. But Defendants response was limited to only 8 pages. In that response, and declarations, Defendants explained their voluminous discovery responses. The evidence presented by the Defense was overlooked and ignored.

The Court's Report and Recommendation is rife with procedural and evidentiary errors made during the proceedings. Also, it is absent deference to the Ninth Circuit decision. The Defendants have laid out substantial evidence pointing to the prejudicial handling of the stay, the overlooking of critical evidence, and the misinterpretation of the facts surrounding the Defendants' financial ability and efforts to comply with discovery and court orders. Given the severity of the sanctions recommended, including the dismissal of Defendants' counterclaims and the imposition of adverse jury instructions, it is paramount that the Court reconsider the arguments and evidence presented.

Defendants Objections to Report and Recommendation - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

The Defendants have demonstrated a commitment to complying with court orders and have been hampered by financial constraints (see Exhibits 1b and 1f), not by a willful disregard of the Court's directives. The application of such severe sanctions without considering less drastic alternatives does not align with precedent set by the Supreme Court and the Ninth Circuit, which advocate for a proportional approach to sanctions, especially in the context of dismissal.

Therefore, in accordance with the principles of justice and equity, and to ensure that the Defendants are not unduly prejudiced by procedural and evidentiary oversights, it is respectfully requested that the Court grant an evidentiary hearing. This hearing would allow for a comprehensive review of the facts and circumstances surrounding the sanctions and the alleged procedural and evidentiary errors. Such a step is crucial for ensuring that the sanctions imposed are not only just and fair but are also based on a full and accurate understanding of the case.

In summary, the Defendants respectfully urge the Court to reconsider the Report and Recommendation in light of the arguments and evidence presented. A modification of the Report and Recommendation to eliminate the imposition of undue sanctions and to order an evidentiary hearing would be a more equitable and just resolution. This would ensure that any decision regarding sanctions is made with a full appreciation of the complexities of the case and the Defendants' efforts to comply with the Court's orders.

**B.      The Report and Recommendation has erred in statements concerning "destruction of Trubow's laptop with 200 licenses."**

In October 2023, in Document 194, the Court found Plaintiff failed to show the information on Plaintiff's laptop could not be restored or replaced through additional discovery:

> However, now, Plaintiff has attempted, but been unable, to recover the contents of the laptop through additional discovery…. Previously, the Court found there was insufficient

Defendants Objections to Report and Recommendation - 4      **Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

evidence to support a finding that Trubow intended to deprive Plaintiff of the information on the laptop. Dkt. 195.. Based on his deposition.

In rebuttal to the Courts reassessment of the laptop evidence, see Exhibit 1e.

Defendant also objects to the Court 'statement (at Document 255 Filed 08/20/24):

Evidence indicates Plaintiff has not been able to recover the licensee and settlement agreements from other sources. *See* Dkt. 243, Austin Dec. For example, Plaintiff's counsel contacted two attorneys regarding agreements they negotiated on behalf of Defendants. *Id*. at ¶ 11. One attorney, Hoeller, has not produced any files. *Id*.

But the Court Report and Recommendation overlooked the reality that Plaintiff has himself possessed these documents that he complains are missing in discovery responses.  In fact, Plaintiff possession and knowledge goes back to the basic fact that he has personally executed many of these agreements.  Exhibit 3 demonstrates many examples of Morisky Widget licenses signed by Dr. Morisky.  Exhibit 3 contains hard copy paper licenses with his personally executed signature. Exhibit 1d contains Electronic Morisky Widget Licenses that Plaintiff had access to through www.morisky.org from January 2017 to December 4, 2020.

Among the objections raised, a particularly egregious aspect involves conduct towards joint representation attorney Hoeller by Plaintiff's counsel. In an unparalleled move, Plaintiff's counsel issued a stark ultimatum to attorney Hoeller, explicitly threatening to initiate malpractice proceedings unless Hoeller surrendered documents pertaining to Morisky Widget licenses allegedly signed without Dr. Morisky's consent. This threat was not a mere procedural maneuver but escalated to direct intimidation, as evidenced by a subsequent meeting where Plaintiff's counsel reiterated these threats in an attempt to coerce compliance. This conduct not only deviates from professional norms but also underscores a disturbing tactic employed by Plaintiff's counsel to circumvent standard legal processes for evidence procurement. The implications of such actions are profound, raising concerns about the integrity of the litigation process

Defendants Objections to Report and Recommendation - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

and the undue pressures exerted on parties outside the immediate scope of this case. This incident with attorney Hoeller exemplifies the lengths to which Plaintiff's counsel has gone to influence the course of discovery and litigation, further supporting the call for a thorough review and reconsideration of the sanctions imposed. See Exhibit 4

**C.    The Report and Recommendation Wrongly States Facts Concerning Defendants' Effort To Comply With Discover and Court Orders.**

The Report and Recommendation has erred in the facts and conclusions related to the statement that "…This case has been delayed based on Defendants' misconduct, will continue to be delayed without production of the discovery owed to Plaintiff."

The Report and Recommendation has erred in its statements concerning Janssen Japan and other Morisky Widget license addendums, Defendants have executed since the CR2A that were unsigned by Plaintiff or executed without his knowledge or permission. Defendant has provided concrete evidence that Donald Morisky did in fact give written approval and or sign several of the post CR2A retroactive Morisky Widget licenses See Exhibit 1 pages 18-22.

Moreover, the Report and Recommendation fundamentally misrepresents Defendants' diligent efforts to comply with discovery requests and court orders. It inaccurately portrays Defendants as obstructive and non-compliant, overlooking the substantial efforts made to provide the requested documents and information. This mischaracterization not only undermines the fairness of the proceedings but also ignores the Defendants' consistent attempts to navigate complex discovery demands under challenging circumstances.

**D.    There Has Not Been Proportionate And Fair Application Of Sanctions, Particularly In The Context Of Dismissal.**

Precedential cases underline the necessity for a proportionate and fair application of sanctions, particularly in the context of dismissal.  The sanctions sought by Plaintiff and recommended in part by the Magistrate Judge are severe, including

Defendants Objections to Report and Recommendation - 6

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

1
2
the dismissal of Defendants' counterclaims and the imposition of adverse jury instructions. Such sanctions could decisively impact the outcome of this litigation.

3
4
5
The Supreme Court's decision in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), emphasizes that dismissal of an action is an extreme sanction that should be employed only in cases of willful disobedience or bad faith.

6
7
8
9
10
11
12
13
The Magistrate Judge wrote in his Report and Recommendations on August 20, 2024, "it has been more than a year since the Court ordered Defendants to pay a monetary sanction for discovery violations. Defendants have not paid and have not provided adequate evidence that excuses the lack of payment." To the extent that Defendants have failed to pay ordered sanctions, such failure was not borne from willfulness or bad faith but rather from financial constraints which have been repeatedly explained and evidenced to the Court. Plaintiff's Counsel was very aware of Defendants inability to pay monetary sanctions.

14
15
16
17
18
19
20
21
22
Almost two months earlier, in a March 25, 2024, email obtained through a freedom of information request for correspondences between Plaintiff's Counsel and Angus MacDonald, an attorney in the Office of the President of the University of California Regents, Christopher Austin wrote, **"Bottom Line: Trubow is out of money and facing case-ending sanctions in the WA case,** so he is trying to make as much noise as possible to bait Dr. Morisky. He has a lien against him for $70,000 from his prior counsel that he failed to pay, and the Court has sanctioned him and his current counsel for discovery abuses for a total of over $35,000 **that he has now twice failed to pay on penalty of case-ending sanctions."** See Exhibit 5

23
24
25
26
27
28
The Ninth Circuit has consistently held that before dismissal of a case or counterclaims, courts must consider less drastic alternatives. In *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the court outlined factors to be considered before ordering dismissal, including the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic

Defendants Objections to Report and Recommendation - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

sanctions. MMAS Research contends that these factors, particularly the interest in resolving cases on their merits and the availability of less drastic sanctions, were not adequately considered.

Moreover, in *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998), the Ninth Circuit reversed a dismissal for failure to comply with a court order, highlighting the necessity for courts to explore alternative sanctions. MMAS Research argues that the Magistrate failed to consider alternative, less drastic sanctions that could have been imposed in lieu of dismissal, which would be more appropriate given the circumstances.

An evidentiary hearing would ensure that Defendants are afforded a full and fair opportunity to contest the factual premises underlying these recommended sanctions, consistent with due process requirements. As established in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), due process necessitates that parties have the opportunity to be heard and to present evidence before severe sanctions are imposed.

Similarly, in *In re* P*henylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1232 (9th Cir. 2006), the Ninth Circuit emphasized that sanctions must be preceded by a fair process, including an evidentiary hearing when substantial factual disputes exist. An evidentiary hearing in this case would align with these principles, ensuring that Defendants have a meaningful opportunity to address and refute the erroneous factual assertions that underlie the Courts conclusion and the resulting direction for sanctions. Given the serious nature of the sanctions under consideration and the intricate factual questions that must be resolved to determine the appropriateness of such sanctions.

**E.    The Court's Dismissal of Defendants' Counterclaims Improperly Failed To Consider Less Drastic Alternatives.**

Dismissal of Defendants' counterclaims, as recommended, constitutes a disproportionately severe measure that overlooks the nuanced complexities and efforts demonstrated by Defendants throughout this litigation. Such a dismissal unfairly

Defendants Objections to Report and Recommendation - 8

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

eliminates Defendants' opportunity to present their substantive defenses and counterarguments, effectively denying them a fundamental aspect of procedural justice.

This dismissal disregards the principle that sanctions, particularly those as drastic as dismissal, should be applied in a manner that is proportionate to the alleged non-compliance and should always aim to be minimally prejudicial while preserving the rights of all parties to have their claims and defenses fully adjudicated.

Moreover, the recommendation for dismissal does not adequately account for the fact that Defendants have submitted voluminous documentary evidence.

Furthermore, the imposition of such a severe sanction as the dismissal of counterclaims without thorough exploration of less drastic alternatives contradicts established legal precedents that caution against the use of dismissal except in the most egregious circumstances of willful disobedience or bad faith. This approach undermines the judiciary's commitment to resolving disputes on their merits and ensuring that litigants are afforded every reasonable opportunity to present their case.

In light of these considerations, the recommendation for dismissal of Defendants' counterclaims is an overly punitive response that does not align with the rules of evidence or the principles of fairness, proportionality, and justice. It is imperative that the Court reconsider this recommendation, taking into account the totality of Defendants' efforts to comply with procedural requirements, the absence of willful misconduct or bad faith, and the fundamental importance of allowing parties to have their claims and defenses heard and adjudicated on their merits. A reconsideration that leads to the retention of Defendants' counterclaims would represent a more balanced and equitable application of judicial discretion, consistent with the overarching goals of the legal system to ensure fair and just outcomes for all parties involved.

Defendants Objections to Report and Recommendation - 9

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

1

2
## REQUEST FOR RECONSIDERATION

3
        In the light of the foregoing objections and case support, Defendants

4
respectfully request the Court to reconsider its Recommendation and Report. The

5
dismissal of Defendants Counterclaims is an extreme sanction that is not supported by

6
the record and was issued without exploring alternative sanctions, constituting an

7
abuse of discretion. We urge the Court to modify the Report and Recommendation and

8
remove inappropriate sanctions.

9
        Respectfully submitted this 4th day of September 2024.

10

11
                                        /s/ Patricia Ray

12
                                        Pennsylvania Bar # 31989
                                        The Law Office of Patricia Ray

13
                                        5 Old Mill Road

14
                                        Freeport PA 16229
                                        Telephone: 215-908-6810

15
                                        raypatricia@yahoo.com

16

17
                                        /s/ Brett Harris

18
                                        Brett Harris, WSBA #55680
                                        VIRGO LAW LLC

19
                                        119 1st Ave. S., Ste. 310

20
                                        Seattle, WA 98104
                                        Telephone: (206) 569-8418

21
                                        Brett@virgolawseattle.com

22

23

24

25

26

27

28