# EXHIBIT 1a

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DONALD E. MORISKY,

     Plaintiff,

     v.

MMAS RESEARCH, LLC, a
Washington limited liability company,
STEVEN TRUBOW, an individual,
POLINA FEILBACH, an individual,
RODNEY WATKINS, an individual,
DUSTIN MACHI, an individual, MMAS
Research Italy S.R.L. an Italian
company, and MMAS Research
France, SAS a French company,

     Defendants.

NO. 2:21-CV-01301-DWC

**DECLARATION OF PATRICIA
RAY IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
SANCTIONS**

Declaration

I, PATRICIA RAY, declare I have personal knowledge of the following

facts:

1. I am an attorney at law, licensed to practice in all the Courts of the State of
   New York, Pennsylvania and pro hac vice in this case.

2. This declaration attests to the facts of compliance by Defendants in
   response to the Courts Order ECF 195.

COMPLAINT - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

3. When the Order was issued, I read and I followed the Court Order and set out to get all of the items that the Court required be provided to Plaintiff by December 1, 2023. I compiled all of the items ordered by the Court into a production package.

4. My first step was review and rewriting the responses to Plaintiff's Requests for Production as was ordered by the Court as well as locating any additional documents in all of the categories in Plaintiff's Request for Production.

5. Additional documents-beyond Defendants' original production included licensing and financial documentation that that Defendants were able to find in renewed searches.

6. According to the Court's Order, I organized the documents both previous production, and newly located documents, links and information on legal counsel. The documents were grouped by topic with the help of a paralegal marked each document with a Bates Number.

7. An index was provided for ease of location of the documents by topic, and a link to all of the Index and the Bates numbered document production at the following weblink: Bates Stamped Sets and Index .

8. According to the Court's Order I included a link to the Kenny Gross Dropbox, and contact information for each of the previous joint representation counsel.

9. I organized this information into a cover letter to Plaintiff's Counsel. I have attached the cover letter dated November 27, 2023, as Exhibit A to this declaration.

10. I sent the cover letter with all of this production information, Exhibit A along with a new and revised response to Plaintiff's Request for Production in an email to Plaintiff's counsel on November 28, 2023. Even though the response was not due until December 1, 2023, I prepared it a

COMPLAINT - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

few days early to allow for discussion prior to a status conference in this matter.

11.     Attached as Exhibit B is a copy of the November email (with attachments) sent to Plaintiff's counsel and Exhibit C  a copy of Plaintiff's counsel's email confirming receipt of Defendants responses.  The email acknowledgement mentions the various  items that were produced in response to the Court Order.

12.     In the exchange of emails, Plaintiff's counsel criticized that the way the documents were topically organized by Bates number was unconventional and there was some redundancy in the numbering.

13.     Other than the numbering of the documents, Plaintiff did not say that Defendant had not complied with the Court's Order.

14.    In subsequent phone discussion Plaintiff's counsel, Amanda Bruss complain that there had been noncompliance with Court;s Order.  Rather stated that Plaintiff may submit a motion to stay the case because of the pending Ninth Circuit Appeal and that, she thought, the appeal itself might resolve the present case. I advised her that the issues were different and a stay would not impact the principal issues in this case, other than the counterclaims.


 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

.

*Respectfully submitted this 30st day of May, 2024.*


/s/ Patricia Ray____

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

Exhibit A

Date: November 27, 2023

To :  Counsel of Plaintiff
     F. Christopher Austin, Esq. email: caustin@weidemiller.com, weidemillerlaw@gmail.com
     Amanda Leigh Bruss, Esq.  email:amanda@brusslegal.com, abruss@gmail.com

Re: A. Compliance with Discovery ordered in Docket 195 and B. Request to Meet and Confer on Scheduling

Dear Counsel:

   A. Compliance with the Court Order on Discovery

     In compliance with the Court's Order in Docket 195, Defendants provide you with the following response matters:

   1. The Court ordered Defendants to produce additional discovery as follows:

Defendants are required to re-produce all discovery to Plaintiff in a manner that is consistent with the Federal Rules of Civil Procedure. Defendants must Bates number all the documents and adequately explain which documents are responsive to which discovery requests.

**RESPONSE:**

Defendants have provided additional answers to Plaintiff's Requests for Production of Documents attached.  Each request is answered and references documents by their Bates Numbers.  There is an index to the documents and each document has been numbered and organized in a manner that should be explanatory as to what the documents reference. The documents and Index are available through the following weblink:

Bates Stamped Sets and Index

2. <u>Defendants are required to obtain documents from each of their financial institutions that are responsive to the requests for production and produce such documents to Plaintiff.</u>

RESPONSE:

Defendants have successfully renewed the effort to obtain financial documents.  Accordingly, banking documents from Chase Bank, Umpqua Bank and Bank of America have been located and organized by year (2017-2021).  These documents are produced through the weblink as indicated in the Index of Document Production.   This is done in a highly detailed manner so that you can access appropriate documents both through their description and through the Index as well.

3. <u>Defendants are required to provide the names and contact information for all joint representation counsel, including the counsel that created the DropBox, to Plaintiff.</u>

RESPONSE:


 Set forth below is the list of joint representation counsel and the contact information of their respective firms.


**Charlotte De Reynal....Bordeau**x France,
Charlotte de Reynal
*Avocat à la Cour*
*06.79.67.48.49*
cr@reynal-perret.com



Florida | Los Angeles | New York | Atlanta | Nashville
Joel B. Rothman
Managing Partner

Board Certified in Intellectual Property Law
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
joel@sriplaw.com

PATTERSON THUENTE IP

Patterson Thuente Pedersen, P.A.
4800 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2100
(612) 349-5761 direct
(612) 349-9266 fax
szymanski@ptslaw.com
www.ptslaw.com

Kenneth I. Gross & Associates
www.kigrosslaw.com
849 S Broadway Ste 504, Los Angeles, CA 90014
+1 866-634-2816
'Kenneth I. Gross' kgross@kigrosslaw.com

Peter J. Hoeller
Partner
Hoeller, LLC
9330 LBJ Freeway, Suite 900 | Dallas, TX 75243
(816)377-8749 | phoeller@hoellerllc.com |
phoeller@hoellerllc.com

Johnson & Pham
6355 Topanga Canyon Blvd Ste 326, Woodland Hills, CA 91367
+1 818-888-7540
cpham@johnsonpham.com

Kimberly Fong | Shareholder, Attorney

[kimberly.fong@coepiolegal.com](mailto:kimberly.fong@coepiolegal.com) | (415) 488-6630



Coepio Legal, Inc.
100 Pine Street, Suite 1250
San Francisco, CA 94111

[www.coepiolegal.com](http://www.coepiolegal.com)

Mike Steger

Law Offices of Michael D. Steger, PC
295 Madison Avenue, 22nd Floor
New York, NY 10017
(646) 517-0600

30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 689-2155 (fax)
[msteger@steger-law.com](mailto:msteger@steger-law.com)
[www.steger-law.com](http://www.steger-law.com)
[www.mistercopyright.com](http://www.mistercopyright.com)

4. <u>Drop box of Kenny Gross</u>

This is the link to the Dropbox of Kenny Gross:

[https://www.dropbox.com/sh/6x6pd89f3fq6aaq/AADvrGutRTE_koWF8mCyqf12a?dl=0](https://www.dropbox.com/sh/6x6pd89f3fq6aaq/AADvrGutRTE_koWF8mCyqf12a?dl=0)

B. <u>Meet and Confer for Joint Status Report</u>

The Court has directed Defendants to comply with the above on or before December 1, 2023. We believe that providing this information well before the deadline allows adequate time to confer on

scheduling additional discovery and a trial date as the Court has directed the parties to meet and confer and file a joint status report proposing new pretrial deadlines and a new trial date by December 1, 2023.On that point, Defendants  propose that the trial date, originally scheduled for November 27, 2023, be moved forward  to allow for discovery prior to trial as below:

Defendants Proposed Schedule for Discovery and Trial March 18-29, 2024:

Trial Moved from November 27, 2023 to March 18-29, 2024

Two Month Discovery Period:
        December 1, 2023 through February 1, 2023

Dispositive motions and *Daubert* motions to be filed by
        February 1, 2024

Motions in Limine to be filed by
        February 15,  2024

Pretrial Order due
        February 20,2024

Trial briefs, proposed voir dire, jury instructions and exhibits by
        March 1, 2024

Pretrial conference
To be set by the Court

Trial March 18, 2024

As agreed by email,  we will confer on the scheduling on November 28, 2023

Date: November 27, 2023

Regards

Patricia Ray,

Attorney for Defendants

<u>Attachments:</u>

**Response to Plaintiff's Requests for Production of Documents**

Weblink to Documents Produced with Index (Above in letter):

Link to Kenny Gross Dropbox  (link above)

Damages Spreadsheet Bates No. EXCEL1

EXHIBIT B

Date: November 27, 2023

To :   Counsel of Plaintiff
       F. Christopher Austin, Esq. email: caustin@weidemiller.com,
weidemillerlaw@gmail.com
       Amanda Leigh Bruss, Esq.  email:amanda@brusslegal.com,
abruss@gmail.com


Re: A. Compliance with Discovery ordered in Docket 195 and B. Request to
Meet and Confer on Scheduling

Dear Counsel:

A. Compliance with the Court Order on Discovery

   In compliance with the Court's Order in Docket 195, Defendants
   provide you with the following response matters:


1. The Court ordered Defendants to produce additional discovery as
   follows:

Defendants are required to re-produce all discovery to Plaintiff in a
manner that is consistent with the Federal Rules of Civil Procedure.
Defendants must Bates number all the documents and adequately
explain which documents are responsive to which discovery requests.

**RESPONSE:**

Defendants have provided additional answers to Plaintiff's Requests for
Production of Documents attached.  Each request is answered and
references documents by their Bates Numbers.  There is an index to the
documents and each document has been numbered and organized in a
manner that should be explanatory as to what the documents reference.
The documents and Index are available through the following weblink:

Bates Stamped Sets and Index

2. <u>Defendants are required to obtain documents from each of their financial institutions that are responsive to the requests for production and produce such documents to Plaintiff.</u>

RESPONSE:

Defendants have successfully renewed the effort to obtain financial documents. Accordingly, banking documents from Chase Bank, Umpqua Bank and Bank of America have been located and organized by year (2017-2021). These documents are produced through the weblink as indicated in the Index of Document Production. This is done in a highly detailed manner so that you can access appropriate documents both through their description and through the Index as well.

3. <u>Defendants are required to provide the names and contact information for all joint representation counsel, including the counsel that created the DropBox, to Plaintiff.</u>

RESPONSE:

Set forth below is the list of joint representation counsel and the contact information of their respective firms.

**Charlotte De Reynal....Bordeau**x France,
Charlotte de Reynal
*Avocat à la Cour*
*06.79.67.48.49*
cr@reynal-perret.com



Florida | Los Angeles | New York | Atlanta | Nashville
Joel B. Rothman
Managing Partner

Board Certified in Intellectual Property Law
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
joel@sriplaw.com


PATTERSON THUENTE IP

Patterson Thuente Pedersen, P.A.
4800 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2100
(612) 349-5761 direct
(612) 349-9266 fax
szymanski@ptslaw.com
www.ptslaw.com


Kenneth I. Gross & Associates
www.kigrosslaw.com
849 S Broadway Ste 504, Los Angeles, CA 90014
+1 866-634-2816
'Kenneth I. Gross' kgross@kigrosslaw.com


Peter J. Hoeller
Partner
Hoeller, LLC
9330 LBJ Freeway, Suite 900 | Dallas, TX 75243
(816)377-8749 | phoeller@hoellerllc.com |
phoeller@hoellerllc.com


Johnson & Pham
6355 Topanga Canyon Blvd Ste 326, Woodland Hills, CA 91367
+1 818-888-7540
cpham@johnsonpham.com

Kimberly Fong | *Shareholder, Attorney*

kimberly.fong@coepiolegal.com | (415) 488-6630



Coepio Legal, Inc.
100 Pine Street, Suite 1250
San Francisco, CA 94111

www.coepiolegal.com

Mike Steger

Law Offices of Michael D. Steger, PC
295 Madison Avenue, 22nd Floor
New York, NY  10017
(646) 517-0600

30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 689-2155 (fax)
msteger@steger-law.com
www.steger-law.com
www.mistercopyright.com

4. Drop box of Kenny Gross

This is the link to the Dropbox of Kenny Gross:

https://www.dropbox.com/sh/6x6pd89f3fq6aaq/AADvrGutRTE_koWF8
mCyqf12a?dl=0

B. Meet and Confer for Joint Status Report

The Court has directed Defendants to comply with the above on or
before December 1, 2023.  We believe that providing this information
well before the deadline allows adequate time to  confer on

scheduling additional discovery and a trial date as the Court has directed the parties to meet and confer and file a joint status report proposing new pretrial deadlines and a new trial date by December 1, 2023.On that point, Defendants  propose that the trial date, originally scheduled for November 27, 2023, be moved forward  to allow for discovery prior to trial as below:

<u>Defendants Proposed Schedule for Discovery and Trial March 18-29, 2024:</u>

<u>Trial Moved from November 27, 2023 to March 18-29, 2024</u>

Two Month Discovery Period:
December 1, 2023 through February 1, 2023

Dispositive motions and *Daubert* motions to be filed by
February 1, 2024

Motions in Limine to be filed by
February 15,  2024

Pretrial Order due
February 20,2024

Trial briefs, proposed voir dire, jury instructions and exhibits by
March 1, 2024

Pretrial conference
To be set by the Court

Trial March 18, 2024

As agreed by email,  we will confer on the scheduling on November 28, 2023

Date: November 27, 2023                          Regards

                                                 Patricia Ray,

                                                 Attorney for Defendants


<u>Attachments:</u>

**Response to Plaintiff's Requests for Production of Documents**

Weblink to Documents Produced with Index (Above in letter):

Link to Kenny Gross Dropbox  (link above)

Damages Spreadsheet Bates No. EXCEL1

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY, | NO. 2:21-CV-01301-DWC |
| Plaintiff, | |
| v. | **DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company, | |
| Defendants. | |

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

## DEFENDANTS' RESPONSES

REQUEST FOR PRODUCTION NO. 1

**All Documents and exhibits identified in your Answers to Plaintiff's**
Interrogatories and Request for Admissions.

RESPONSE:

The documents identified in  interrogatory responses are set forth below with
an identification of such documents  except for those what are already in the
possession of Plaintiff or a matter of public record:

1. Int 1-4: no documents are identified.
2. Int 5 CR2A Settlement Agreement; Dustin Machi Assignment
   document Bates No.00001.
3. Int 6  Dustin Machi Assignment document Bates No 00001.
4. Int 7-22: No documents identified.
5. Int 23: License Agreements are equally accessible by Plaintiff.  Specific
   identification is provided at Bates Nos: RFP 000012-000019,
   Defendant 000004-00025, 000063 and 000067-000069


REQUEST FOR PRODUCTION NO. 2:

All documents identified, mentioned, or to which you referred in your Rule
26(a) Disclosures served in this case.

RESPONSE:

The documents identified in Defendants Rule 26(a) Disclosures are set forth
below with an identification of such documents except for those that are
already in the possession of Plaintiff or a matter of public record.

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE
WITH COURT ORDER DKT 195

1. Copyright Registration TX 8-816-**517, the "MMAS Research Widget Code":**

   RESPONSE: Please see Bates Nos. RFP 00001-57. Also previously sent **directly to Plaintiff's Attorney**

2. The CR2A Settlement Agreement dated December 6, 2020.

   RESPONSE: Plaintiff is previously in possession of this document.

3. The Emory settlement agreement

   RESPONSE: Plaintiff is previously in possession of this document.

4. The Daiichi Sankyo UK license agreement

   RESPONSE: Plaintiff is previously in possession of this document. .

5. The Daiichi Sankyo UK settlement agreement

   RESPONSE: Plaintiff is previously in possession of this document.

6. The Daiichi Sankyo Japan Settlement agreement

   RESPONSE: Plaintiff is previously in possession of this document. .

7. Complaint submitted by Don Morisky and Does 1 – 20 to Amazon Web Services on January 19, 2022

   RESPONSE: This is public record and accessible to Plaintiff

8. Letter posted by counsel for Morisky, F. Christopher Austin, on **Morisky's website, located at** www.moriskyscale.com, on April 21, 2022:

   RESPONSE: This is a letter posted on Plaintiff's website and in the possession of Plaintiff

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

9. Statement posted by Morisky and Does 1 – 20 on the Morisky Website **on April 21, 2022, under the title "Moriskey Widget is DEAD.** Morisky.org.

   RESPONSE: This is a posting by Plaintiff on his website and thus in the possession of Plaintiff.

10. **Republished translations with the fraudulent notice of "© 2006 Donald E Morisky"**

    RESPONSE:

    See Bates Nos RFP 000090-95;  000117-000131

11. The communications between the Parties;

    RESPONSE:  See Bates Nos. RFP 000090-000095; Bates Nos. Email 2021 000001- 000002, 000131; DEFENDANT 000003-000007;DEFENDANT 000018

12. All documents filed by Defendants in this lawsuit, including but not **limited to their Amended Answer and Defenses to Plaintiff's Second Amended Complaint and Defendants' Amended Counterclaims**.

    RESPONSE:

    These documents are Public Record and equally accessible by Plaintiff.

## REQUEST FOR PRODUCTION NO. 3:

Produce all Documents related to your purported ownership of the copyright for the Source Code for the Morisky Widget (the Morisky Widget), including a complete copy of all Documents or other tangible items deposited with the U.S. Copyright Office, and any other Documents relating to the copyright

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

application submitted to the U.S. Copyright Office (including, without limitation, all correspondence, notices, etc.).

RESPONSE:

See the Assignment Document from Dustin Machi, Bates Nos. RFP 000001-0004. The entire Source code has previously been  directly provided by Dustin Machi **to Plaintiff's counsel in May 2023 along with assistance for** accessing it. See also Bates Nos RFP000001-000056.


REQUEST FOR PRODUCTION NO. 4:

Identify and produce the entire Source Code and all variations of the same for the Morisky Widget as it existed between December 6, 2020, to the present.

RESPONSE

The entire Source code has previously been  directly provided by Dustin **Machi to Plaintiff's counsel in May 2023 along with assistance for accessing** it. See also Bates No RFP000001-000056


REQUEST FOR PRODUCTION NO. 5:

Produce copies of all Documents (including Pre-settlement Agreements, settlement agreements, and license agreements, with a third party) related to any transactions involving the Morisky Widget for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

RESPONSE:

Joint Representation Attorney Kenneth Gross has retained Morisky Widget settlement agreements with Mitsubishi, Nihon Chosai that were made between July 2 2020 and December 6, 2020. Since Attorney Gross represented Plaintiff, he has access to these documents.  Attorney Gross and

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

the other joint representation lawyers have all Morisky Widget settlement agreements that were made between December 6, 2020 and the present. See also Bates Nos RFP00004-000019.

## REQUEST FOR PRODUCTION NO. 6:

Produce all Documents (including Pre-settlement Agreements, settlement agreements, and license agreements, with a third party) resulting from litigation where the MMAS Parties or any of them were listed as co-plaintiff with Morisky for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020 to the present.

## RESPONSE:

The Joint Representation lawyers have all Documents (including Pre-settlement Agreements, settlement agreements, and license agreements, with a third party) resulting from litigation where the MMAS Parties or any of them were listed as co-plaintiff with Morisky for the period of December 6, 2020 to the present. Plaintiff has equal access to these matters.

## REQUEST FOR PRODUCTION NO. 7:

Produce all Documents (including Pre-settlement Agreements, settlement agreements, and license agreements, with a third party) resulting from litigation where the MMAS Parties or any of them were listed as a plaintiff in which Dr. Morsiky was not listed as a plaintiff for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

## RESPONSE:

The only cases where the MMAS Parties were listed as a plaintiff in which Dr. Morsiky was not listed as a plaintiff for the period of July 2, 2020, to December 6, 2020, were *MMAS v. Maastricht et al* case no 2:22-cv-4893 and

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

*MMAS v the Charite et al.* case no 2:21-cv-1406. Both cases were filed in the Federal District Court for the Central District of California. Documents related in this litigation are contained in the Kenneth Gross Dropbox, as Attorney Gross has retained all documents related to those cases.

REQUEST FOR PRODUCTION NO. 8:

Produce all Documents relating to transaction(s) involving the GMRF or any iteration of the same for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

RESPONSE:

Documents relating to transaction(s) involving the GMRF or any iteration of the same for the period of July 2, 2020, to December 6, 2020 were licenses for the University of Wolverhampton and the University of Leeds Please see RFP 000105-0000117 and DEFENDANT 00005-31

For the period of December 6, 2020, to the present we only gave a free GMRF license to Riga Stradins in December 2020 and a free GMRF license to King Saud University in July 2021. See King Saud (See Below) and Riga Stradins GMRF license documents Bates RFP 000113-131.



REQUEST FOR PRODUCTION NO. 9:

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

Produce all Financial Documents related the Morisky Widget, MMAS-4, and or MMAS- 8 (including from license agreements, Pre-settlement Agreements, and settlement agreements) for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

RESPONSE:

Defendant is providing all available financial banking records. This are all Confidential and include Bank statements from Umpqua Bank, Chase Bank and Bank of America. These documents are presented in detail by year. These documents are identified in the attached Index of Document Production as follows

Documents from UMPQUA are identified as UBS 04321-UBS 509231

Documents from Bank of America are provided at Bank of America Bates 1-316.

Documents from Chase Bank are provided by year, beginning 2017 through 2021, as listed in the document production index.

MMAS Confidential Income tax returns for 2020 and 2021 were previously **provided directly to Plaintiff's counsel** and are provided again at Bates Nos. RFP 000070 and RFP 000071.

REQUEST FOR PRODUCTION NO. 10:

Produce all Financial Documents (including without limitation, financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans, etc.) showing revenues actually or expected to be received from the licensing of the Morisky Widget, Morisky Adherence Scales, and GMRF for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

RESPONSE:

See Response to RFP 9

## REQUEST FOR PRODUCTION NO. 11:

Produce all Documents related to any legal actions in any venue involving any of the MMAS Parties that occurred within the United States, or in any county, for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

RESPONSE:

For the period of July 2, 2020, to December 6, 2020,these documents are in the possession of Kenneth Gross and have been filed in the state and federal courts in Los Angeles California.

For the period of December 6, 2020, to the present, these documents are in the possession of the lawyers Thad Scorggins, Paul Haberman, Mark Lorbiecki and have been filed in the state and federal courts in Los Angeles California and Seattle Washington.

See also documents Bates Nos RFP 000061-000069.

## REQUEST FOR PRODUCTION NO. 12:

Identify and Produce all Documents, (including, without limitation, demand letters, emails, correspondence, court filings, etc.) related to any actions by any of the MMAS Parties in any venue in the United States or in any country against any third-party alleging copyright infringement or breach of a copyright license agreement for the period of July 2, 2020, to December 6, 2020, and for the period of December 6, 2020, to the present.

RESPONSE:

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

For the period of July 2, 2020, to December 6, 2020, these documents are in the possession of Kenneth Gross and have been filed in the state and federal courts in Los Angeles California. See Dropbox of Kenneth Gross

For the period of December 6, 2020, to the present, these documents are in the possession of the Lawyers, Thad Scorggins, Paul Haberman, Mark Lorbiecki and have been filed in the state and federal courts in Los Angeles California and Seattle Washington. See documents Bates Nos. RFP 000061-000069.

REQUEST FOR PRODUCTION NO. 13:

Produce all Documents evidencing your claim in your 5th, 6th, and 8th Affirmative Defenses and your 1st Counterclaim (ECF #94) that you were granted a license to use any of the Morisky Medication Adherence Scales.

RESPONSE:

MMAS Research LLC Washington States was owned by Steven Trubow and Donald Morisky from December 2016 to July 2019. MMAS Research LLC was never granted a license to use any of the Morisky Medication Adherence Scales.

REQUEST FOR PRODUCTION NO. 14:

Produce all Documents evidencing your claim in your 5th, 6th, and 8th Affirmative Defenses (ECF #94) that you were granted a license to use any of the Morisky Trademarks (as defined in the Second Amended Complaint (ECF #22).

RESPONSE:

MMAS Research LLC was owned by Steven Trubow and Donald Morisky from December 2016 to July 2019. MMAS Research LLC was never granted a license to use any of the Morisky Trademarks

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

REQUEST FOR PRODUCTION NO. 15:

Produce all Documents evidencing your claim in your Seventh Affirmative **Defense (ECF #94) that you jointly own "the trademarks and copyrights" at** issue.

RESPONSE:

See the documents reference and included with ECF 94. See also: Dustin Machi Assignment Document RFP 000001 and Copyright Registration Documents RFP 000051-000057

REQUEST FOR PRODUCTION NO. 16:

Produce all Documents evidencing your claim in your 3rd Counterclaim (ECF #94) that Plaintiff breached the Settlement Agreement (CR2A).

RESPONSE:

See the documents refenced and included with ECF 94. See also Documents Bates Nos. DEFENDANT 000005-000012, 000052-53, 000065-69, and Bates Nos. RFP 00065-66, 000090-000095 and 116-131

REQUEST FOR PRODUCTION NO. 17:

Produce all Documents evidencing your claim in your 4th Counterclaim (ECF #94) that Plaintiff tortiously interfered with any business expectancy of any Defendant.

RESPONSE:

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

See the documents referenced and included in ECF 94. Also see Bates Nos. DEFENDANT 000003-000012, 000065-69, DEFENDANT 000052-59 AND 000061-142 and RFP 000090-95; RFP 0000116-131.


## REQUEST FOR PRODUCTION NO. 18:

Produce all Documents evidencing your claim in your 5th Counterclaim (ECF #94) that Plaintiff filed this action for "an extortionary purpose."

RESPONSE

Please See the documents referenced and included in ECF 94. Also See Bates Nos RFP 000090-000095; 000131; DEFENDANT 00003-000007


## REQUEST FOR PRODUCTION NO. 19:

Produce all Documents evidencing your claim in your 6th and 7th Counterclaims (ECF #94) that Plaintiff's "Medication Adherence Platform is a copycat of the Morisky Widget."

RESPONSE

See the documents referenced and included in ECF 94. Dustin Machi will testify concerning this claim.


## REQUEST FOR PRODUCTION NO. 20:

Produce all Documents evidencing your claim in your 7th Counterclaim (ECF #94) that Plaintiff copied "software contained in the Morisky Widget."

RESPONSE

See the documents referenced and included in ECF 94. Dustin Machi will testify concerning this claim

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

REQUEST FOR PRODUCTION NO. 21:

Produce all Documents evidencing your claim for all damages alleged in your Second Amended Counterclaim (ECF #94).

RESPONSE

The Answer and Counterclaim (SAC) filed at Docket 94, counterclaiming breach of contract and tortious interference, indicate that the claims for damages are based on WPI 352.01 Tortious Interference with Contract. At the time of the Tortious Interference with Contract, Plaintiff Morisky was a party to the CR2A settlement agreement with MMAS Research and Steven Trubow.

At the same time of the Tortious Interference with Contract, Plaintiff Morisky was a party or was informed of the existence of at least 200 Morisky Widget License, 406 Infringement Claims in the CR2A settlement agreement with MMAS Research and Steven Trubow. Plaintiff intentionally prevented MMAS Research and Steven Trubow from executing the CR2A contract, making it more expensive, more burdensome, and ultimately impossible to perform.

The legal basis for the Tortious Interference Counter Claims in the SAC is that Plaintiff intentionally prevented MMAS Research and Steven Trubow from executing the over 200 Morisky Widget Licenses signed and executed prior to December 4, 2020 (CR2A) and dozens of post CR2A retroactive Claims Settlements, and Court Settlements. Plaintiff was a party to and received payments thereunder. The conduct of Plaintiff Morisky caused damage to Defendants. Damages based on a claim of tortious interference include economic losses and damages for mental anguish and for discomfort and inconvenience.

Termination of the Defendants' contracts for professional **services as the result of Plaintiff's tortious interference,** causing damages that are measured by the value to the business expectancy of those contracts. **Defendants'** damages are tied to losses from specific Morisky Widget including third party Morisky Widget licenses and CR2A claimants

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

For documentation of the above, See the documents referenced and included in ECF 94. Also the attached spreadsheet Bates No Excel 1 which identifies license agreements whereby defendants have suffered damages. All refenced licensing agreements are within the possession of Plaintiff and therefore have not been made part of this document production.

## REQUEST FOR PRODUCTION NO. 22:

Produce all Documents not otherwise requested herein that concern, support, or refute Your Affirmative Defenses asserted in this action (ECF # 94), including, but not limited to, any documents that concern, support, or refute any factual allegations or legal theories or conclusions Defendant presented or relied on or intends to present or rely on in connection with such defense.

## RESPONSE

**These documents are currently in the possession of Defendants' prior lawyers**

## REQUEST FOR PRODUCTION NO. 23:

Produce all Documents relating to any of your responses to any Interrogatories propounded on you by Plaintiff.

Please see Response to RFP No. 1.

DATED this 27th day of November 2023.

/s/ Patricia Ray

Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE WITH COURT ORDER DKT 195

5 Old Mill Road, Freeport PA
16229
Telephone: 215-908-6810
raypatricia@yahoo.com

/s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

CERTIFICATE OF SERVICE

I hereby Certify that these Revised Responses to Plaintiffs Requests for
Production of Documents are being sent to Plaintiff's Counsel
Christopher Austin  and  Amanda Bruss at the following email addresses:

F. Christopher Austin, Esq. email: caustin@weidemiller.com,
weidemillerlaw@gmail.com
Amanda Leigh Bruss, Esq.  email:amanda@brusslegal.com,
abruss@gmail.com

On November 27, 2023

/s/ Patricia Ray

**DEFENDANTS' REVISED RESPONSES TO PLAINTIFF DONALD E. MORISKY'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** IN COMPLIANCE
WITH COURT ORDER DKT 195

## DECLARATION OF PATRICIA RAY EXHIBIT C

----- Forwarded Message -----
**From:** Amanda Bruss <amanda@brusslegal.com>
**To:** Patricia ray <raypatricia@yahoo.com>
**Cc:** Brett Harris <Brett@virgolawseattle.com>; F. Austin <caustin@weidemiller.com>
**Sent:** Monday, November 27, 2023 at 02:58:15 PM PST
**Subject:** RE: telephone call to discuss: Morisky v. MMAS case

Counsel,

Plaintiff will oppose both motions filed by Defendants over the holiday.

I don't see that I've received a link to a Dropbox containing Defendants' production of documents with Bates stamps.

There is a Dropbox link in the "Letter to Counsel…" document entitled, 'Drop Box of Kenny Gross,' but none of the documents there have been stamped or otherwise identified.

The letter also includes a one-drive link entitled, "Bates Stamped Sets and Index" which contains:

- multiple Chase bank statements
- a pdf entitled, 'Defendant Bates 1 – 142'
- another pdf entitled, 'RFP Bates 1 – 538'
- a pdf entitled, 'eml from Chris to Ann Bradley confirming…'

Each of these pdfs appears to be separately numbered, starting at one for each pdf.  As a result, there are multiple documents stamped 000001.  Standard practice is to number all documents produced by a single party consecutively, e.g. Morisky 000001, Morisky 000002, etc.  This is how we have asked documents to be produced.  Please let me know if I'm not seeing the drop box file you referenced with documents organized in that way.  Please also note that all responsive documents must be produced, including, for example, all tax documents held by Defendants' bookkeeper/accountant, and that Defendants' objection to producing documents they believe are already in Plaintiff's possession were overruled by the Court.

For tomorrow, would 9:30 am PST work on your end?

Thanks,

Amanda L. Bruss, Esq.

## Bruss Legal PLLC

7550 E. 53rd Pl. #172464

Denver, CO 80217

Cell: 415.271.5754

www.brusslegal.com