The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY,<br><br>     Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC et al.,<br><br>     Defendants. | Case No. 2:21-cv-01301 RSM-DWC<br><br>**PLAINTIFF'S MOTION FOR CASE-ENDING SANCTIONS STRIKING DEFENDANTS' ANSWERS AND ENTERING DEFAULT**<br><br>NOTE ON MOTION CALENDAR: January 24, 2025 |

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi) and LR 1A 11-8, Plaintiff Dr. Donald E. Morisky hereby files his motion for case ending sanctions striking Defendants' Answers and entering default[1] for Defendants' failure to comply with the sanctions of this Court, including, most recently, their failure to pay the $46,531.48 in Attorney Fees and Costs that was due on December 23, 2024. (Dk. 267).

**I.   RELEVANT FACTUAL AND PROCEDURAL HISTORY**

This case arises out of Defendants' relentless efforts to deprive Dr. Morisky, a retired UCLA professor and researcher, of his life's work and good name. Defendants continue to reproduce and license Dr. Morisky's copyright protected Medication Adherence Scales (the MMAS-4 and MMAS-8) to third

---

[1] This is the third time Plaintiff has moved for case-ending sanctions against Defendants for among other things, the destruction of evidence (a laptop), the failure to produced financial documents, license agreements, and other relevant documents in discovery, the failure to produce a Rule 30(b)(6) witness, and the repeated failure to pay financial sanctions imposed by the Court as a lessor means of seeking to get Defendants to comply with the rules and orders of this Court. *See generally,* Dkt. 233 (Renewed Motion for Sanctions). All such efforts have failed. *Id.*

---

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                         1

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

parties in connection with the "Morisky Widget" without his permission.[2] Defendants also continue to make unauthorized commercial use of Dr. Morisky's name and trademarks, intentionally misleading consumers and implying an endorsement by and association with Dr. Morisky that does not exist. In short, Defendants have been profiting from Dr. Morisky's work and name for years, causing Dr. Morisky significant personal and professional harm.[3]

This case was filed on September 27, 2021. After preliminary motion practice, discovery commenced in the Fall of 2022. From the start, Defendants refused to engage in the discovery process in good faith, forcing Dr. Morisky to incur the burden and expense of filing multiple motions to compel and for sanctions to try to obtain key documents, depositions, and discoverable information. The Court granted Plaintiff's motions and successively issued sanctions against Defendants.[4] Defendants failed either to fully comply with Court-ordered discovery or to pay Court-ordered sanctions.[5]

On May 15, 2024, after Defendants had destroyed a laptop containing financial records and agreements and after Defendants had failed yet again to pay the $35,025.92 in sanctions issued against them by the Court over a year prior, Plaintiff filed a Renewed Motion for Sanctions seeking case-terminating sanctions or in the alternative that Defendants' counterclaims be dismissed, that an adverse inference instruction regarding information withheld from discovery be given, and that Dr. Morisky be awarded his attorney's fees and costs incurred in bringing the renewed motion.[6]

On August 20, 2024, Magistrate Judge Christel entered a Report and Recommendation recommending entry of an order granting Plaintiff's alternative to case-terminating sanction.[7] In issuing that Report and Recommendation for sanctions, Judge Christel detailed Defendants' numerous and material failures to engage in discovery, failures to comply with Court orders, spoilation of evidence, and

---

[2] *See, e.g.* Dkt. 94, p. 19 ("The Morisky Widget includes registered certified translations of the MMAS-4 and MMAS-8 tests in over 80 languages.").
[3] *See* Dkt. 22, Second Amended Complaint, ¶3.
[4] Dkt. 233, Renewed Motion for Sanctions, at 3-12.
[5] Dkt. 233, at 3-12.
[6] Dkt. 233, at 20-21.
[7] Dkt. 255.

---

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC

2

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

repeated failure over the course of over a year to pay the monetary sanctions imposed by Court.[8]  Judge Christel then concluded that "based on the record before the Court, case dispositive sanctions are warranted because Defendants have repeatedly failed to comply with Court orders and the LCRs, Defendants have repeatedly failed to produce the required discovery, including a Rule 30(b)(6) witness, and Defendants intentionally deprived Plaintiff of ESI."[9]

On September 10, 2024, this Court Adopted Judge Christel's August 20, 2024, Report and Recommendation sanctioning Defendants for their repeated failures to comply with discovery and the prior orders of this Court.[10]

On October 24, 2024, and in accord with the Court's September 10th Order, Plaintiff filed a Motion for an Award of Fees and Costs Incurred in Obtaining an Order Sanctioning Defendants.[11] Defendants failed to file any response, and on November 22, 2024, this Court entered an Order Granting Plaintiff's Motion for an additional sanction of $46,531.48[12] in Attorney Fees and Costs Plaintiff incurred in bringing the motion, and ordered Defendants to remit the same, care of Plaintiff's counsel, Weide & Miller, Ltd., within thirty 30 days of the November 22nd Order.[13]  Per the Court's November 22nd Order, Defendants' payment was due by December 23, 2024.  Defendants again have failed to comply with the Order; no payment has been made.[14]

## II.    LEGAL STANDARD

Under Rule 37(b), "[a] court may award sanctions against a party that fails to comply with a discovery order up to and including dismissal of the action in whole or in part, or entering default judgment against a party."[15]  It is a deeply rooted judicial principle that "courts have inherent power

---

[8] Dkt. 255 (Report and Recommendation, Sec. III., 3-27.p
[9] Dkt. 255, at 27-28.
[10] Dkt. 257.
[11] Dkt. 261.
[12] Combined with the prior $35,025.92 in sanctions ordered by the Court, this additional sanction of $46,531.48, brings the total of sanctions ordered against Defendants to $81,557.40.
[13] Dkt. 267.
[14] *See* Declaration of F. Christopher Austin, attached hereto as Exhibit 1 ("Austin Decl.").
[15] *Moba v. Total Transp. Servs. Inc.*, No. C13-138 MJP, at *5 (W.D. Wash. July 3, 2014).

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                3

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

to…enter a default judgment to ensure the orderly administration of justice and the integrity of their orders."[16] "[T]here must be – sufficient play in the joints of our system to allow a district judge to impose the ultimate sanction on such obstreperous parties. Otherwise, the wheels of justice would quickly grind to a halt."[17]  "Dismissal is a proper sanction under Rule 37(d) for a serious . . . failure to respond to discovery even without a prior motion to compel or court order requiring responses to a discovery request."[18]  As explained by the Ninth Circuit,

> Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery **or with court orders enforcing the rules** or **in flagrant disregard of those rules or orders**, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance. Fed.R.Civ.P. 37(b).  Here the court dismissed the plaintiffs' action with prejudice.  It acted properly in so doing.  We encourage such orders.  **Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents**.  It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.[19]

"A district court considers five factors when deciding whether the circumstances of a case warrant dismissal [or default]: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [movant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"[20]  "This five-part 'test' is not mechanical; rather, it provides 'the district court with a way to think about what to do, not . . . a script that the district court must follow.'"[21]  "[W]here a court order is violated, factors 1 and 2 support sanctions

---

[16] *Phoceene Sous-Marine, S. A.*, 682 F.2d at 806; *see also Spallone v. United States*, 493 U.S. 265, 276 (1990) (re civil contempt) (*quoting Shillitani v. United States*, 384 U.S. 364, 368 (1966)); *Estrada v. Speno & Cohen*, 2001 U.S. App. LEXIS 10697, at **28-29 (9th Cir. 2001).

[17] *Estrada v. Speno & Cohen*, 2001 U.S. App. LEXIS 10697, at **28-29 (9th Cir. 2001).

[18] *Horizon Lines, llc. v. Expert Forwarders, Inc.,* No. C08-5756JRC, at *4 (W.D. Wash. Aug. 18, 2009), *citing Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

[19] *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) (emphasis added).

[20] *White v. Resources*, No. C19-0284-JCC, at *3 (W.D. Wash. June 26, 2020), quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

[21] *Bd. of Trs. of the Wash. Meat Indus. Pension Trust v. Hammond Food*, No. C13-0474JLR, at *4 (W.D. Wash. May 15, 2014), quoting *Conn. Gen. Life Ins. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC            4

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive."[22]

"Courts have 'considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery duties.'"[23] "While the district court need not make explicit findings regarding each of these factors, a finding of willfulness, fault, or bad faith is required for dismissal to be proper."[24] As such, where a defendant "suppresses or fails to produce evidence when legally called upon to give or produce" the same, the entry of a default is proper.[25]

### III.   ARGUMENT

Because all prior admonitions, the impositions of monetary sanctions, and even the striking of Defendants' counterclaims have had no apparent effect on Defendants' non-compliant behavior, and because Dr. Morisky has been irreparably prejudiced by the same,[26] the striking of Defendants' Answers and entry of default is not only the only proper and appropriate option remaining, it is particularly well suited for the deficiencies detailed herein. Simply put, Defendants have intentionally refused to comply with the repeated sanction orders of this Court for over a year. These sanctions were ordered by the Court as an express consequence of Defendants' willful, bad faith refusal to comply with discovery in this matter—including by destroying a laptop with financial and other records required by Plaintiff to prove his case, and the refusal to produce a Rule 30(b)(6) witness. As outlined below, the relevant factors weigh in favor of the imposition of case terminating sanctions.

#### A.   The public's interest in expeditious resolution of litigation (Factor 1) and the Court's need to manage its docket (Factor 2) weigh in favor of case-ending sanctions.

As noted above, where a court order is violated, these two factors weigh in favor of imposition of sanctions.[27] Defendants' most recent failure to pay the sanctions ordered by this Court on November

---

[22] *Valley Engineers Inc. v. Electric Eng. Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).
[23] *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).
[24] *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1992).
[25] *Hammond Packing Co.* v. Arkansas, 212 U.S. 322, 354 (1909).
[26] Dkt. 255, Report and Recommendation, at 23 (finding that as a result of Defendants' misconduct, "Plaintiff cannot prove his case or the damages related" thereto.)
[27] *K.D. v. United Airlines, Inc.*, Case No.: 2:17-cv-02825-RFB-NJK, at *6 (D. Nev. Jan. 29, 2019).

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                5

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

22nd is but the latest in over a year's long continuing string of willful refusals by Defendants to comply with the orders of this Court. As found and predicted by Judge Christel, "Defendants' refusal to meaningfully engage in discovery and comply completely with Court orders has and will continue to impede the expeditious resolution of this case."[28] This case was filed over three years ago, and the Court has spent nearly two years in dealing just with Defendants' repeated, willful failure to comply with the discovery rules, orders and sanctions of this Court.[29] Enough is enough. Factors 1 and 2 weigh in favor of case dispositive sanctions.

**B.      The risk of prejudice to Plaintiff (Factor 3) warrants case terminating sanctions.**

As has already been found by this Court, there is not merely *a risk* of prejudice to Dr. Morisky, he has in fact been prejudiced by the Defendants' failure to comply with the rules, orders and prior sanctions of this Court. As a result of Defendants' conduct, Dr. Morisky has been irreparably harmed. "Plaintiff cannot prove his case or the damages related [thereto]."[30]

Not only has "Plaintiff lost faith in the Court system . . . and [is unable to ] endure an additional discovery period," as found by Judge Christel, the resources Plaintiff set aside to finally secure justice have been wasted in the nearly two years that Plaintiff has had to continually fight in vain to secure the discovery to which he is entitled under the Federal Rules and Local Rules of this Court.[31] Defendants' willful refusal to pay the $81,557.40 in total sanctions they caused Dr. Morisky to incur is tantamount to theft. These are the funds the Court has found Defendants wrongly caused Dr. Morisky to incur over the course of nearly two years.[32] Defendants' refusal to remit the sanctions prevents Dr. Morisky from having the money required to prosecute his case. The fair remedy to Defendants' contemptuous conduct is to order case-terminating sanctions against Defendants, striking their Answers and entering a default

---

[28] Dkt. 255, Report and Recommendation, at 25.

[29] *See,* Dkts. 141, 195 (Discovery disputes commenced with Defendants for failure to appear at depositions on February 23 and 24, 2023).

[30] Dkt. 255, at 23.

[31] Dkt. 234, Austin Declaration In Support of Renewed Motion for Sanctions, ¶¶ 4-9.

[32] Dkts. 141, 195 (sanctioning Defendants for failure to appear at depositions on February 23 and 24, 2023).

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                    6

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

against them. Defendants should not be permitted to benefit at the expense of Plaintiff from their refusal to comply with this Court's sanctions orders.

### C. The availability of less drastic sanctions (Factor 5) weigh in Plaintiff's favor.

This Factor weighs in favor of case-terminating sanctions. The Court has spent nearly two years seeking to secure compliance by application of lessor sanctions to no avail, such that case-terminating sanctions are really the only option remaining.

"In deciding whether the district court adequately considered lesser sanctions, we consider whether the court (1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal."[33] In his August 20, 2024, Report and Recommendation, Judge Christel explicitly discussed the alternative of lessor sanctions, restated his efforts to secure Defendants' compliance by the implementation of lessor sanctions, and recited his repeated warnings to Defendants of the possibility of dismissal for failure to comply with his orders.[34] Specifically, the Court found:[35]

- "[T]his Court has imposed monetary sanctions and has warned Defendants regarding failures to comply with Court orders and failures to produce discovery."

- "[I]t has been more than a year since the Court ordered Defendants to pay a monetary sanction for discovery violations . . . . Defendants have not paid."

- "***Trubow has also made statements that he will not pay.***"

- "Defendants' counsel has refused to pay a minor monetary sanction."

- "The Court has spent over a year ordering Defendants to properly engage in the discovery process. The Court finds less drastic sanctions are no longer available."

---

[33] Computer Task Group, Inc., 364 F.3d at 1116 citing Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 352 (9th Cir. 1995) ; *see also* Malone v. U.S. Postal Service, 833 F.2d 128, 132 (9th Cir. 1987) ("explicit discussion of alternatives is unnecessary if district court actually tries alternatives before employing ultimate sanction of dismissal").

[34] Dkt. 255, at 27.

[35] Dkt. 255, at 26-27 (emphasis added).

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                    7

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

Nevertheless, rather than recommending that Defendants' Answers be stricken and default be entered against them, the Court gave Defendants yet another opportunity to proceed but ordered that Defendants must reimburse the attorney's fees and costs Defendants caused Dr. Morisky to incur. Defendants would not. Defendants have again willfully refused to comply with the monetary sanctions ordered by this Court. The Court has tried lesser sanctions. They did not work. Defendants still refuses to comply or to pay any of the sanctions ordered. Factor 5 weighs in favor of striking Defendants' answers and entering default against them.

### D. Defendants' failure to comply has been willful and in bad faith.

This Court has already found Defendants' repeated noncompliance and refusal to pay monetary sanctions was the result of "willfulness, fault, or bad faith."[36] Specifically, the Court found that "Defendants and their counsel have knowingly refused to meaningfully engage in the discovery process," that "the evidence shows [Defendant] Trubow 'would never pay a dollar of sanctions, or any judgment entered against him", and that Trubow stated "the only result of this process would be to drain Dr. Morisky's funds."[37]

The actions of Trubow and Defendants constitute bad faith. It is an abuse of process and a willful rejection of this Court's authority and the Federal and Local Rules. Defendants' failure to pay the sanction ordered by this Court on November 22nd in addition to Defendants' failure to pay the prior monetary sanctions ordered by this Court should not be countenanced. Their answers should be stricken, and default should be entered against them.

## II. CONCLUSION

While case-terminating sanctions are a severe sanction, they are warranted in this case. The attempt by this Court to persuade the Defendants to participate in this case in good faith has been met with defiance. To this day, Defendants refuse to pay any sanctions issued against them. They have refused to pay the $35,025.92 in sanctions issued against them for discovery abuses commencing nearly

---

[36] Dkt. 255, at 27.

[37] Dkt. 255, at 27.

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                8

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

two years ago when Defendant Trubow failed to appear at two properly noticed depositions,[38] and now Defendants also have failed to pay the $46,531.48 sanction ordered by the Court to reimburse Dr. Morisky for the fees and costs he has had to incur to secure sanctions against Defendants for their discovery failures, their refusal to comply with the orders of this Court, and remit the sanctions awarded to Dr. Morisky.  The willful refusal of Defendants to comply with the discovery rules, orders, and sanctions of this Court have made it impossible for Dr. Morisky to have his case heard fairly.  Defendants have deprived him of the evidence and discovery to which he was entitled, have caused him to waste the funds set aside to prosecute this case on motions to compel and to sanction Defendants, and have willfully refused to reimburse those funds to Plaintiff as ordered by this Court. As such, Dr. Morisky respectfully requests the Court enter case-ending sanctions against Defendants by striking Defendants' Answers and entering default against them.

DATED: January 3, 2025.

*/s/ F. Christopher Austin*
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

Amanda L. Bruss
*Pro Hac Vice* (CA 246249)
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

---

[38] Dkts. 141, 195.

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                9

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 3,056 words, in compliance with the Local Civil Rules.

/s/ F. Christopher Austin
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025 , I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

/s/ F. Christopher Austin
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC
10
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804