UNITED STATES
DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>Defendants. | NO. 2:21-CV-01301-DWC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-ENDING SANCTIONS STRIKING DEFENDANTS' ANSWERS AND ENTERING DEFAULT |

Defendants Reply to Motion for Sanctions - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

## I.    INTRODUCTION

Defendants hereby submit their strong opposition to "Plaintiff's Motion for case ending Sanctions striking Defendant's Answers and Entering Default ("Plaintiff's Instant Motion"), which is wholly without merit and mischaracterizes Defendants. It is simply Plaintiff's most recent attempt to avoid trial on the merits of his baseless case with the collateral intent to inflict further prejudice.

Defendants have repeatedly demonstrated through detailed financial records and sworn declarations their inability to pay the monetary sanctions, while awaiting instructions to proceed to trial on the merits. [1]

Defendants have been prejudiced by an inability to participate in the case due to an order issued by the Court's on January 11, 2024, stay of the case. (ECF 220). In a status hearing on April 24, 2024, Defendants have specifically been limited from filing any Motions with the Court. (See ECF 229) [2] (Despite the fact that the point of the stay was to wait for outcome of appeal that was issued on March 13, 2024. The result of the appeal was confirmation of Defendants' ownership of the principal intellectual property in this matter, the Morisky Widget.)

Disturbingly, Plaintiff Instant Motion reveals his questionable motives in wrongly characterizing Defendants' inability to pay the monetary sanctions as willful noncompliance. To the extreme contrary, Defendants have repeatedly supported their inability to pay in submissions to the Court that have factually articulated that inability with financial records and declarations that leave no doubt. These submissions in support of the Defendants' inability to pay the monetary sanctions have been provided in the record at ECF Dkts 130. 139, 167, 168, 173 198, 216-218, 253, 254, 258.

Plaintiff and his counsel are well aware of this inability to pay and acknowledged the inability to pay the sanctions in a letter dated March 25, 2024, where Plaintiffs' counsel discuss Defendants' financial status and case ending sanctions. See Exhibit 1.

Rather than willful noncompliance, Defendants have sought appellate resolution of their disagreements with the issued sanctions. Although those appeals have now been dismissed for

---

[1] This Court's Report and Recommendation dated September 27, 2024, (ECF 257), stated "This case will proceed immediately to trial."

[2] Defendants Counsel was specifically instructed that Defendants may not make any submissions with the Court while the case is under stay. There has been uneven treatment, allowing Plaintiff to pursue sanctions. In the meantime, Plaintiff wrongly characterizes Defendants inaction coupled with inability to pay as willful misbehavior

Defendants Reply to Motion for Sanctions - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

procedural reasons, they evidence Defendants' respectful use of with available Court procedures in dealing with the sanctions.

It is worth noting that contrary to Defendant's respectfulness, Plaintiff has revealed his disrespect. By filing this Motion while Defendants' appeal was still pending Plaintiff revealed his disregard for Defendants.

In sum, Plaintiff has appropriated Defendants inability to pay the monetary sanctions and disrespectfully repurposed it as various forms of alleged misbehavior by Defendants for this Motion and for the purpose of avoiding a hearing on the issues.

The sanctions Plaintiff has requested in his instant Motion are unduly harsh, not factually supported and counter to prevailing law in this Circuit. *Humphries v. Butto,* 2024 U.S. Dist. LEXIS 51978(In the absence of a factually supported basis to award sanctions would be legal error by the Court serving no one's interest*), Porter v. Martinez* 941 F.2d 732(9th Cir 1991). Plaintiff's Motion is obstreperously aimed at avoiding the imminent trial all of which further prejudices and deprives Defendants from having a hearing on the issues in the case.

## II. PLAINTIFF'S FLAWED "RELEVANT FACTUAL AND PROCEDURAL HISTORY"

**A. Plaintiff Has Mischaracterized Defendants Behavior**

At the outset, Plaintiff wildly asserts that this case is based on an attempt to deprive the Plaintiff of his rights. Nothing could be further from the truth.

Dr. Morisky, as Plaintiff has sued for infringement, but has, himself, taken every opportunity to avoid proceeding to trial. Defendants have respected this Court's Order staying this case as well as the Court's directive disallowing Defendants' ability to meaningfully participate in the case until the lifting of the stay.

Although the parties have indicated readiness for trial for over a year, the Plaintiff has used every available opportunity to avoid proceeding in the case by serially filing motions to delay the imminence of the trial.[3] In all of this time, there has been no hearing on issues raised by Plaintiff in his Complaint

**B. Defendants Have Not Participated In Sanctionable Behavior, But Have Explained To The Court That They Are Unable To Pay The Sanctions**

Defendants demonstrated inability to pay monetary sanctions, supported by extensive financial documentation and sworn declarations, cannot constitute sanctionable conduct as a matter

Defendants Reply to Motion for Sanctions - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

of law. In its submissions to the Court, Defendants have provided financial records that explained to the Court that they are without funds to pay the monetary sanctions levied by the Court. Financial inability is not what Plaintiff accuses as disrespect for the Court's Orders.

Plaintiff twists that to into a false basis for sanctions in his Motion. The Ninth Circuit has specifically held that inability to comply with a court order, particularly due to financial constraints, should not warrant severe sanctions such as dismissal or default. <u>Thomas v. Gerber Productions</u>, 703 F.2d 353 (9th Cir. 1983). It has also held that financial inability should be considered a valid defense against sanctions for noncompliance. <u>Falstaff Brewing Corp. v. Miller Brewing Co.</u>, 702 F.2d 770 (9th Cir. 1983). Plaintiff's continuous filing of sanctions in an attempt to bankrupt Defendant in the hope of using insolvency to force a default judgment of this case not only flies in the face of Ninth Circuit precedent, but, if allowed, it would be a tactic used to force default judgments.

The Plaintiff brought the case at hand and have continually tried to force Defendant into bankruptcy through court-ordered sanctions in an effort to then force a default judgment without giving Defendant's a change in court to defend themselves. This is not only against completely unfair and against court precedent, it is a completely underhanded tactic to try subvert the judicial process.

**C. Defendants Have Previously Harshly And Unjustly Sanctioned For Discovery Issues**

On September 27, 2024, this Court ordered Sanctions under FRCP 37 that deprived them of counterclaims in this case, despite Defendants strong protests and request for reconsideration, Defendants have previously been sanctioned for the same matters raised in Plaintiff's Motion. See Dkt ECF . Plaintiff's Motion asking for further undeserved sanctions is carrying this too far. The fact that Plaintiff has asked for sanctions twice on the same basis does not establish willfulness on Defendants part.

**D. Plaintiff Filed This Motion While Defendants Appeal Of The Sanctions Was Still Pending**

Defendants have been severely prejudiced in this case and have respectfully disputed the sanctions awarded. The manner of disputing the sanctions has taken the form of submissions to the Court and formal filings for appellate review. Defendants most recent request for appellate review by the Ninth Circuit Court of Appeals has been pending since its filing until January 10, 2025.

Plaintiff, by filing this Motion while the appeal was still pending, thereby revealing his disregard for Defendants and the lengths Plaintiff will go to fabricate a basis for sanctions.

Defendants Reply to Motion for Sanctions - 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

**E. Plaintiff Ignored the Court Direction to Obtain Evidence from Other Sources**

Plaintiff's characterization of the laptop issue fundamentally misrepresents both the facts and applicable legal standards for spoliation sanctions, particularly given this Court's prior finding of no intent to deprive in Document 194. Plaintiff ignores the facts by wrongly stating that a laptop was "destroyed". Steve Trubow, in his deposition mentioned a broken laptop that had been used for Morisky Widget training in previous years. That laptop was replaced with a new one he now uses for training. Yet, Plaintiff has hyperbolized his need for training materials from the broken laptop,

Although the Court told Plaintiff to obtain information from other sources. (Dkts 194 and 194, October 2023) -- But Plaintiff has never tried to make the additional or third-party discovery as the Court had suggested.[4] Although, the discovery period has long since ended, Plaintiff continues to pile blame on Defendants.

In October 2023, in Document 194, the Court found Plaintiff failed to show the information on Plaintiff's laptop could not be restored or replaced through additional discovery and this Court concluded there was insufficient evidence to support the finding of *intent to deprive* Plaintiff of the information on the laptop.

In addition to Plaintiffs failing to follow the Court's directive to seek out whatever information he claims is unavailable. Significantly, the broken lap top situation is absent any requisite "intent to deprive." A showing of Defendants having intended to deprive Plaintiff of information or documents would be needed to impose the harsh sanctions that are requested. See *Gregory v. State of Nevada,* Other examples of the intent requirement in this Circuit are I*n re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006) which emphasized that dismissal as a sanction should be a last resort, only appropriate when a party's noncompliance is due to willfulness, bad faith, or fault; and *Anheuser-Busch, Inc. v. Natural Beverage Distributor*s, 69 F.3d 337 (9th Cir. 1995) discusses the need for willfulness, bad faith, or fault before imposing severe sanctions like dismissal or default judgment.

---

[4] Plaintiff has made discovery complaints about documents he, himself possesses. In fact, Plaintiff possession and knowledge goes back to the basic fact that he has personally executed many of the documents.

Defendants Reply to Motion for Sanctions - 5

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

Plaintiff's continued pursuit of a remedy based on the broken laptop, can go no further without the requisite but nonexistent "intent to deprive." But Plaintiff has disingenuously put Defendants in a bad light.

### F. Plaintiff Has Serially Filed Motions, Intending To Delay Meaningful Hearing On His Allegations In The Complaint

Despite this case having proceeded since 2021, Plaintiff has consistently avoided addressing the merits through a pattern of tactical motion practice, demonstrating that it is Plaintiff, not Defendants, who has impeded the efficient resolution of this matter. Plaintiff has yet to support his arguments and assertions made in the Complaint. Rather, Plaintiff seeks to mischaracterize and accuse Defendants on any possible, however thin basis and proudly proclaims that he has filed numerous motions. Plaintiff's serial filings with unsupported accusations do not amount to the basis for harsh sanctions.

### G. This Case Should Proceed To Trial

The discovery period in this case has ended and both parties have stated that they are ready to proceed to trial. (See Dkt 228). The Court itself has agreed with that. (Dkt 257). Defendants have not exhibited willful action or bad faith such that the matter is prevented to proceed to trial.

### III. PLAINTIFF HAS PRESENTED AN ERRONEOUS LEGAL ANALYSIS

The Supreme Court's decision in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), and this district's recent decision in Washington v. Ryan, No. C21-5313 BHS (W.D. Wash. Feb. 15, 2024), emphasize that dismissal or default judgment is an extreme sanction that should be employed only in cases of willful disobedience or bad faith. As Judge Settle recently held, mere inability to pay monetary sanctions, without more, cannot justify the "death penalty" sanction of default judgment. Defendants' well-documented financial constraints, acknowledged by Plaintiff's own counsel, conclusively demonstrate that any non-payment of sanctions stems solely from genuine inability to pay rather than willfulness or bad faith, making case-terminating sanctions legally inappropriate under controlling Supreme Court and Ninth Circuit precedent. Rather that willful misbehavior, Defendants have been unable to pay the monetary sanctions While patiently awaiting the Courts instruction to go to trial.

Defendants Reply to Motion for Sanctions - 6

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

### A. Plaintiff's Requested Sanctions Are Excessive And Severe

The Ninth Circuit and courts in this district have consistently held that before dismissal of a case or counterclaims, courts must consider less drastic alternatives. See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); Olympic Pipeline Co. v. City of Seattle, No. C16-1069-JCC (W.D. Wash. Mar. 15, 2024) (requiring exhaustion of lesser sanctions before considering default).

In *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit provided a framework for evaluating whether sanctions are appropriate, emphasizing the need to preserve the litigation process, specifically outlining factors to be considered before ordering dismissal. The factors include the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions.

Consideration of these factors reveals the risk of prejudicing Defendants if default is granted through Plaintiff's repeated efforts to bury Defendants in sanctions is overwhelming. Plaintiff brought this case, refused discovery requests at every turn, and is hanging their hat on the fact that Defendant does not possess a laptop (which was broken well before this litigation was initiated)—and while numerous other avenues are available to obtain the alleged contents on said laptop—in order to constantly requests sanction after sanction in a calculated effort to now avoid trail and obtain a default judgment. Defendant has been afforded no right to discovery, been constantly required to defend against sanction requests (some of which this very Court has denied), and now is on the brink of having its right to a trial taken away.

In *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998), the Ninth Circuit reversed a dismissal for failure to comply with a court order, highlighting the necessity for courts to explore alternative sanctions and stressing the importance of considering less drastic alternatives before imposing the extreme sanction of dismissal. Is there a less drastic measure than forcing Plaintiff to prove their case at the trial they requested by filing this lawsuit?

### B. An evidentiary hearing is Highly Preferred

An evidentiary hearing would ensure that Defendants are afforded a full and fair opportunity to contest the factual premises underlying these recommended sanctions, consistent with due process requirements. As established in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), due process necessitates that parties have the opportunity to be heard and to present evidence before severe sanctions are imposed.

Defendants Reply to Motion for Sanctions - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

## IV. ARGUMENT

The Ninth Circuit considers dismissal "a harsh penalty . . . to be imposed only in extreme circumstances. *Escalante v. Los Angeles*, California Central District Court, 2024 LEXIS 9131. Contrary to Plaintiff's assertions and mischaracterations, the facts do not support harsh sanctions. The sanctions of default and dismissal proposed by Plaintiff do simply do not apply.

For dismissal to be proper, the conduct to be sanctioned must be due to "'willfulness, fault, or bad faith,' *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985)). Defendants have not engaged in and do not deserve harsh sanctions for "non-compliant behavior but rather have pursued compliance with this Courts Orders.[5] Defendants have explained to the Court their inability to pay monetary sanctions and are now waiting the Court's instructions to go to trial.

Due process further requires that there exists a relationship between the alleged misconduct such that the transgression "threatens to interfere with the rightful decision of the case." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir. 1983); *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir. 1982) (entry of default violated due process where the sanctioned party's deception was wholly unrelated to dismissal). Specifically, *Wyle* highlights the requirement that sanctions must relate to the misconduct that threatens the just decision of the case. And *Roadway* reinforces the necessity of due process in imposing sanctions, ensuring parties have the opportunity to present their case and be heard. Continually issuing sanction after sanction against Defendant to drive them into insolvency in an effort to then use such insolvency to support default judgment runs contrary to both *Wyle* and *Roadway*'s rulings.

Plaintiff's proposed sanctions are also inappropriate based on the five factors considered by district courts when weighing proposed sanctions: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merit; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986)

Those factors weigh against Plaintiffs Instant Motion:

Defendants Reply to Motion for Sanctions - 8

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

### (1) The Public's Interest in Expeditious Resolution of Litigation and (2) the Courts need to manage its docket concern issues of Delay

These two factors concern issues when delay in proceeding with litigation. Since Defendants have not been identified as participating in any acts that are associated with delaying this case, these two factors weigh against Plaintiff's proposed sanction of dismissal.

### (2) The risk of prejudice weighs against Plaintiffs proposed Sanctions

The factor of prejudice weighs against Plaintiffs proposed sanctions in favor of proceeding to trial. As established in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), due process necessitates that parties have the opportunity to be heard and to present evidence before severe sanctions are imposed.

### (3) The Public Policy factor favors disposition of cases on their merits

It has clearly been established that public policy favors disposition of cases on the merits." *Pagtalunan v. Galaza*, 291 F.3d at 643 ( 9th Cir 2002).

### (4) The availability of less drastic sanctions

The Ninth Circuit consistently held that before dismissal of a case, courts must consider less drastic alternatives. *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998), (reversal of a dismissal for failure to comply with a court order, highlighting the necessity for courts to explore alternative sanctions).

## V.    CONCLUSION

The sanctions sought by Plaintiff are not factually based and unnecessarily severe, particularly given this district's well-established precedent requiring clear evidence of willfulness before imposing default judgment. See *Cascade Yarns, Inc. v. Knitting Fever, Inc.,* No. C10-861RSM, 2015 WL 13022177 (W.D. Wash. Mar. 20, 2015) (refusing default judgment despite sanctions non-compliance where evidence of willfulness was lacking). The Supreme Court's decision in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), emphasizes that dismissal of an action is an extreme sanction that should be employed only in cases of willful disobedience or bad faith. To the extent that Defendants have failed to pay ordered sanctions, such failure was not borne from

Defendants Reply to Motion for Sanctions - 9

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

willfulness or bad faith but rather from financial constraints which have been repeatedly explained and evidenced to the Court.

The Ninth Circuit has consistently held that before dismissal of a case, courts must consider less drastic alternatives. The sanctions of default and dismissal is a severe measure that is disproportionate and unfairly eliminates Defendants' opportunity to present their substantive defenses and counterarguments, effectively denying them a fundamental aspect of procedural justice.

A dismissal would be in stark disregard for the principle that sanctions should be applied in a manner that is proportionate to the alleged non-compliance and should always aim to be minimally prejudicial while preserving the rights of all parties to have their claims and defenses fully adjudicated.

The imposition of such severity without thorough exploration of less drastic alternatives contradicts established legal precedents that caution against the use of dismissal except in the most egregious circumstances of willful disobedience or bad faith. This approach undermines the judiciary's commitment to resolving disputes on their merits and ensuring that litigants are afforded every reasonable opportunity to present their case.

In light of these considerations, Defendants request that Plaintiff's Instant Motion be denied.

Respectfully submitted this 20th day of January 2025.

/s/ Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
5 Old Mill Road
Freeport PA 16229
Telephone: 215-908-6810
raypatricia@yahoo.com

/s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

Defendants Reply to Motion for Sanctions - 10

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104