The Honorable Ricardo S. Martinez

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01301 RSM-DWC<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CASE-ENDING SANCTIONS STRIKING DEFENDANTS' ANSWERS AND ENTERING DEFAULT**<br><br>NOTE ON MOTION CALENDAR: January 24, 2025 |

Dr. Donald Morisky hereby replies to Defendants' Opposition to Plaintiff's Motion for Case-Ending Sanctions Striking Defendants' Answers and Entering Default (Dkt. 271).

## I.　DEFENDANTS' CLAIM OF "INABILITY TO PAY" IS A FALSE STATEMENT

Defendants' fundamental argument in their Opposition that they should not be sanctioned for failing to pay the monetary sanctions issued against them for their material, pervasive and case-dispositive discovery abuses[1] because of their "inability to pay."[2] This is the excuse on which Defendants rely for nearly every argument, repeated and emphatically restated on nearly every page of their Opposition.[3] This claim of "inability to pay" is a documented false statement, and it should not be

---

[1] Dkt. 233 (Renewed Motion for Sanctions) at 3-12; Dkt. 255 (Plaintiff's Reply in Support of Renewed Motion for Sanctions) at 2-7; Dkt. 255 (Report and Recommendation) recommending sanctions to strike counterclaims and enter negative inference for failure to produce documents, destruction of evidence, failure to appear at depositions, failure to produce a Rule 30(b)(6) witness, etc.

[2] Opp. at 2, 3, 4, 6, 8, 9, and 10.

[3] Opp. at 2, 3, 4, 6, 8, 9, and 10.

---

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC

1

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

countenanced by this Court.

On December 16, 2024, a week prior to the December 23, 2025, deadline to pay the $46,531.48 sanction ordered against Defendants by this Court, <u>Defendants were wired $115,000.00 from Sanofi Winthrop Industrie ("Sanofi"), a French pharmaceutical company</u>. This payment to Defendants was pursuant to an impermissible[4] settlement between Defendants and Sanofi, the "SAF Confidential Settlement Agreement and Release," signed by Steven Trubow on behalf of Defendant MMAS Research LLC (the "Sanofi Agreement"). A fully executed copy of this Sanofi Agreement is attached hereto as **Exhibit 1**. As set forth in the Declaration of the undersigned counsel for Plaintiff, F. Christopher Austin, attached hereto as **Exhibit 2**, Sanofi's counsel, Carrie Sarhangi Love at Faegre Drinker, and Sanofi's U.S. representative, Matthew Sachs, confirmed to Mr. Austin and Philip Morisky on December 17, 2024, that Sanofi had wired, and Defendants had received, the $115,000 payment.

Thus, Defendants not only had funds sufficient to pay the $46,531.48 sanctioned well before the December 24, 2024, deadline, they also had the money to pay the long outstanding $33,345.29 in sanctions[5] that had been ordered against them and their counsel since July of 2023.[6] For Defendants (or their counsel) to now submit briefing signed under Rule 11 that repeatedly and emphatically stated that Defendants did not have the money to pay the sanctions ordered against them when they had just received $115,000 is itself sanctionable. The Court would be well within its purview to *sua sponte* issue an order to show cause why Defendants should not be further sanctioned or held in contempt and why Defense counsel similarly should not be further sanctioned, referred to their state bars for submitting false statements to a United States Court, and have their privileges to practice before this Court revoked.

---

[4] The Sanofi Agreement was executed in violation of the CR2A Settlement Agreement between Dr. Morisky and Defendants for at least the following reasons: (i) it was not a settlement agreement Defendant MMAS Research was authorized to enter into; (ii) it violated the provision requiring that Dr. Morisky be a party to any such agreement, and (iii) it violated the provision that any settlement Defendant was permitted to enter into must pay 45% of the proceeds after costs to Dr. Morisky. As such the Sanofi Agreement is itself evidence on the merits in support of Dr. Morisky's breach of contract claims against Defendants in this action.

[5] Including the $1,320.00 sanction against Defense counsel. Dkt. 235.

[6] *See* Dkt. 235 (Renewed Motion for Sanctions), setting out the history of the sanctions issued against Defendants and their counsel.

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                2

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

Further, as set forth in detail in Plaintiff's Reply in support of his Renewed Motion for Sanctions[7] and his Response to Order [246] to Provide Additional Discovery Information[8] relevant to the Renewed Motion, the banking records of Defendant reveal Defendants always had the means to pay the sanctions ordered against them. These records show that Defendants failed show on their 2021 taxes approximately $766,085.29 in revenue.[9] Defendants have produced no records explaining this discrepancy, no records showing that none of these funds were available to pay Court ordered sanctions in 2023 or 2024, and Defendants have refused to produce any financials for 2022 or 2023 at all.

## II.    REPLY ARGUMENT

### A.    Defendants Factual and Procedural Misrepresentations.

In their Opposition, Defendants double down on the same false claims they made in their opposition to Plaintiff's Renewed Motion for Sanctions[10] to which Plaintiff replied with supporting documentation, deposition transcripts, bank records, discovery responses, and sworn statements.[11] All of these allegations of Defendants were fully and repeatedly heard by Judge Christel, including at two hearings before him, over a nearly two-year period.[12] And after fully hearing all the allegations and arguments of Defendants, Judge Christel made the following non-exclusive findings, including findings referenced from prior orders, justifying the sanctions recommended and adopted by this Court[13]:

- Defendants failed to comply with the written discovery obligations set forth in the federal and local rules.[14]

- Defendants failed to timely produce written discovery altogether.[15]

---

[7] Dkt. 242.
[8] Dkt. 247.
[9] Dkt. 247 at 5.
[10] Dkt. 238
[11] Dkt. 242.
[12] *See*, Dkt. 255 (Report and Recommendation), detailed recitation of factual and procedural history in support of sanctions.
[13] Dkt. 257 (Order Adopting Dkt. 255).
[14] Dkt. 255 at 4.
[15] Dkt. 255 at 4.

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC         3

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

- Defendants failed to appear at properly noticed depositions.[16]

- Defendants failed to comply with Court compelled discovery orders.[17]

- Defendants failed to respond to further discovery as ordered by the Court.[18]

- Defendants failed to pay sanctions ordered on June 15, 2023, to reimburse Plaintiff his fees and costs incurred in Defendants failure to appear at noticed depositions.[19]

- Defendants failed again to comply with Court compelled discovery orders to produce documents responsive to requests.[20]

- Defendants failed to comply with the rules governing discovery by dumping non-responsive documents, including irrelevant and voluminous filing in this matter, refusing to respond to interrogatories, and repeatedly objecting to written discovery in violation of the Rules and the Court's repeated orders directing that all objections had been waived.[21]

- Defendants failed to produce a Rule 30(b)(6) witness to testify on more than 3 of the 14 topics.[22]

- Defendants failed to appear at yet another scheduled deposition and to pay as agreed the reporter fees unnecessarily incurred thereby, resulting in a further sanction of Defendants and their counsel.[23]

- Defendants failed to produce evidence of their alleged inability to pay sanctions.[24]

- Defendant Trubow stated at his deposition that he "would never pay a dollar of sanctions, or any judgment entered against him to Dr. Morisky" and that "the only result of this process would be to drain Dr. Morisky's funds."[25]

- Defendants have failed to produce discovery related to damages.[26]

- Defendants have failed to produce an unredacted copy of the software code deposited with the U.S. Copyright Office in this copyright infringement

---

[16] Dkt. 255 at 4.
[17] Dkt. 255 at 4.
[18] Dkt. 255 at 4.
[19] Dkt. 255 at 4.
[20] Dkt. 255 at 5.
[21] Dkt. 255 at 5.
[22] Dkt. 255 at 6.
[23] Dkt. 255 at 6-7.
[24] Dkt. 255 at 7; Dkt. 214
[25] Dkt. 255 at 7-8.
[26] Dkt. 255 at 16.

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                4

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

action.[27]

- Defendants failed to produce the copyright license and settlement agreements.[28]

- Defendants failed to produce all bank statements, financial records, and agreements in which Plaintiff was wrongfully excluded, and all documents regarding Defendants' legal actions.[29]

- Defendants refused to produce documents within Defendants' control on the impermissible premise that it was not in Trubow's actual possession.[30]

- Defendant Trubow destroyed the laptop containing documents subject to discovery in this action in April of 2022, after this action was commenced in September of 2021.[31]

- "Trubow's testimony that he did not knowingly fail to preserve the ESI [on the laptop] after the initiation of this lawsuit is not credible."  "The record shows the ESI on the laptop was lost because Trubow failed to take reasonable steps to preserve it."[32]

- Plaintiff attempted but was unable to recover the contents of the laptop through additional discovery.[33]

- Without the information lost from the laptop, "Plaintiff cannot prove his case or the damages related to the alleged unauthorized use of the Morisky Widget, MMAS-4, and/or MMAS-8." "Plaintiff is, therefore, prejudiced by Trubow's destruction of the ESI."[34]

- "Plaintiff has shown, at least by a preponderance of the evidence, that Trubow intended to deprive Plaintiff of the contents of the hard drive."[35]

- This case has been delayed due to Defendants' conduct.[36]

- "Plaintiff has lost faith in the Court system, is aging, and cannot endure an additional discovery period."[37]

- "The delays and litigation over discovery disputes [caused by Defendants] have cost Plaintiff thousands of dollars and have yet to result in production of all the

---

[27] Dkt. 255 at 16-17.
[28] Dkt. 255 at 17.
[29] Dkt. 255 at 17-18
[30] Dkt. 255 at 18-19.
[31] Dkt. 255 at 22.
[32] Dkt. 255 at 22.
[33] Dkt. 255 at 22-23.
[34] Dkt. 255 at 23.
[35] Dkt. 255 at 24.
[36] Dkt. 255 at 26.
[37] Dkt. 255 at 26

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                     5

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

- necessary discovery. Defendants have not been responsive to discovery requests that Plaintiff believes are necessary to prove his case."[38]
- "The Court has spent over a year ordering Defendants to properly engage in the discovery process. The Court finds less drastic sanctions are no longer available."[39]
- "Defendants and their counsel have knowingly refused to meaningfully engage in the discovery process."[40]

Defendants not only failed to propound any discovery during the discovery period for this case, they and their counsel have intentionally thwarted Plaintiff's discovery efforts causing Plaintiff to waste all his resources set aside for this case fruitlessly seeking to get Defendants to comply with the discovery rules and orders of this Court  As found by Judge Christel, Plaintiff cannot now hope to have a fair trial as Defendants have destroyed or refused to produce the evidence to which Plaintiff is entitled under the discovery rules fairly needed to do so.

      **B.**     **All Factors Favor Case-Ending Sanctions**

Contrary to the false representations and allegations of Defendants, each of the "five factors" to be considered in weighing dismissal favor case-ending sanctions.

**Factor 1** (public interest in expeditious resolution of the case) favors case-ending sanctions. As found by this Court, Defendants have delayed this matter by their discovery abuses for over two years. Discovery cannot be reopened, and as a result of Defendants' malfeasance, this case can no longer be fairly tried on the merits. This factor favors case-ending sanctions.

**Factor 2** (Court management of its docket) favors case-ending sanctions for the same reason. The Court has wasted years trying to get Defendants to comply to no avail.

**Factor 3** (prejudice to Plaintiff) favors case-ending sanctions. As found by this court, because of Defendants' conduct, Dr. Morisky has been irreparably harmed. "Plaintiff cannot prove his case or the damages related [thereto]."[41] The only fair remedy is case-ending sanctions.

---

[38] Dkt. 255 at 26.
[39] Dkt. 255 at 27.
[40] Dkt. 255 at 27.
[41] Dkt. 255, at 23.

While **Factor 4** (Public policy favoring disposition on the merits) always weighs in favor of having a trial on the merits, here it is outweighed by the other public policies requiring that such a trial be fair. That is no longer possible due to Defendants' wrongful conduct.

**Factor 5** (availability of less drastic sanctions) weighs in favor or case-ending sanctions. Defendants have now again unequivocally proven that less drastic sanctions are not available in this case. They and their counsel have now lied to the Court's face, falsely stating on a federal court filing an inability to pay Court-ordered sanctions after having just received a $115,000 settlement payment that wrongfully excluded Dr. Morisky in violation of the parties' prior settlement agreement (the CR2A). Defendants have no respect for the orders of this Court. No lesser sanction is available.

I. **CONCLUSION**

While case-terminating sanctions are a severe sanction, they are warranted in this case. Defendants' failure to pay the sanction ordered by this Court on November 22nd in addition to Defendants' failure to pay the prior monetary sanctions ordered by this Court should not be countenanced, especially in light of Defendants' repeated false statements to the Court that the failure was due to lack of funds when in fact it was willful non-compliance.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                              7

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

Accordingly, Dr. Morisky respectfully requests the Court enter case-ending sanctions against Defendants by striking Defendants' Answers and entering default against them and that the Court further consider sanctioning Defendants and their counsel for falsely stating they lacked the funds to pay such sanctions when they did not.

DATED: January 25, 2025.

*/s/ F. Christopher Austin*
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

Amanda L. Bruss
*Pro Hac Vice* (CA 246249)
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC     8

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804

## CERTIFICATE OF COMPLIANCE

I certify that this reply brief contains 2,067 words, in compliance with the Local Civil Rules.

/s/ F. Christopher Austin
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

/s/ F. Christopher Austin
F. Christopher Austin
*Pro Hac Vice*, (NV 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

REPLY RE MOTION FOR CASE-ENDING SANCTIONS ENTERING DEFAULT
CASE NO. 2:21-cv-01301 RSM-DWC                9

WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 382-4804