1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9
10
11
12
13

DONALD E. MORISKY,

        Plaintiff,

    v.

MMAS RESEARCH LLC, et al.,

        Defendant.

CASE NO. 2:21-CV-1301-RSM

REPORT AND RECOMMENDATION

Noting Date: June 9, 2025

14
15
16
17

Currently before the Court is Plaintiff Donald E. Morisky's Motion for Case-Ending Sanctions Striking Defendants' Answers and Entering Default. Dkt. 269. The Honorable Ricardo S. Martinez has referred this Motion to the undersigned.

18
19

After consideration of the relevant record, the Court recommends Plaintiff's Motion (Dkt. 269) be denied and this case be set for trial without undue delay by the parties.

20

I.    **Background**

21
22
23

The factual background in this case has been detailed in previous orders. *See e.g.*, Dkts. 47, 48, 84. The Court, therefore, sets forth only the procedural background relevant to the instant motion.

24

On August 20, 2024, the undersigned entered a Report and Recommendation recommending Plaintiff's renewed motion for case dispositive sanctions be granted-in-part and case dispositive sanctions be issued. Dkt. 255. On September 10, 2024, Judge Martinez adopted the Report and Recommendation and imposed the following sanctions:

> Defendants' counterclaims are dismissed with prejudice and Defendants are limited in the defenses presented at trial; the destroyed ESI (the license and settlement agreements) are presumed to be unfavorable to Defendants and an adverse jury instruction will be provided to the jury that the destroyed agreements were unfavorable to Defendants; and, at trial, adverse jury instructions will be provided so that any lack of proof should be inferred favorably to Plaintiff based on Defendants' failure to produce discovery.

Dkt. 257 at 1. Judge Martinez also awarded Plaintiff attorney fees and costs incurred in obtaining the sanctions in the amount of $46,531.48. Dkt. 267. Defendants sought reconsideration of the order imposing sanctions, which Judge Martinez denied. *See* Dkts. 258, 259. Defendants appealed the order denying the motion for reconsideration. Dkt. 260. On December 18, 2024, the Ninth Circuit Court of Appeals dismissed Defendants' appeal. Dkt. 268. The mandate was entered on January 10, 2025. Dkt. 270.

On January 3, 2025, Plaintiff filed the pending Motion for Sanctions. Dkt. 269. Defendants filed their response on January 21, 2025, and, on January 25, 2025, Plaintiff filed his reply. Dkts. 271, 272. Judge Martinez referred the Motion for Sanctions to the undersigned on May 6, 2025.

**II.    Oral Argument**

The parties requested oral argument. *See* Dkt. 271. The district court has discretion, but is not required, to hold an evidentiary hearing prior to imposing sanctions. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("When necessary, the district court may hold an evidentiary hearing on a motion for sanctions."). A sanctioned party's due process

rights are fully satisfied through "[t]he opportunity to brief the [sanctions] issue." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (internal citation omitted). Here, the parties have had a full opportunity to brief the sanctions issue. The Court has considered the relevant record and finds oral argument is not necessary; this matter can be decided on the briefing alone.

### III.    Discussion

In the Motion for Sanctions, Plaintiff requests case-terminating sanctions. Dkt. 269. Specifically, he requests the Court strike Defendants' answers and enter default based on "Defendants' failure comply with the sanctions of this Court, including, most recently, their failure to pay the $46,531.48 in Attorney Fees and Costs that was due on December 23, 2024." *Id*. Defendants assert case-terminating sanctions are not warranted. Dkt. 271.

A.  *Previous Sanctions Orders*

Plaintiff previously requested case dispositive sanctions. *See* Dkt. 233. As stated above, on August 20, 2024, the undersigned entered a Report and Recommendation recommending severe, but not case-terminating, sanctions. Dkt. 255. On September 10, 2024, Judge Martinez adopted the Report and Recommendation. Dkt. 257. To the extent Plaintiff is attempting to relitigate Defendants' previous conduct that resulted in sanctions, the Court declines to do so. The Court will only examine Defendants' conduct beginning September 11, 2024 – the day after the Court last imposed sanctions.

B.  *Relevant Facts*

As stated above, on September 10, 2024, the Court entered an order imposing the following sanctions:

> Defendants' counterclaims are dismissed with prejudice and Defendants are limited in the defenses presented at trial; the destroyed ESI (the license and settlement

agreements) are presumed to be unfavorable to Defendants and an adverse jury instruction will be provided to the jury that the destroyed agreements were unfavorable to Defendants; and, at trial, adverse jury instructions will be provided so that any lack of proof should be inferred favorably to Plaintiff based on Defendants' failure to produce discovery.

Dkt. 257 at 1. Defendants sought reconsideration of Judge Martinez' order imposing sanctions, which Judge Martinez denied on September 17, 2024. Dkts. 258, 259. Defendants then appealed Judge Martinez' order denying the motion for reconsideration. Dkt. 260. On November 22, 2024, Judge Martinez granted Plaintiff attorney fees and costs in the amount of $46,531.48 for the fees and costs incurred in obtaining the order sanctioning Defendants. Dkt. 267. Defendants were directed to remit payment on or before December 23, 2024.[1] *Id.*

On December 18, 2024, the Ninth Circuit Court of Appeals dismissed Defendants' appeal. Dkt. 268. The Ninth Circuit stated, "[t]he court lacks jurisdiction over this appeal, because orders imposing sanctions under Rule 37 are interlocutory and may not be appealed until entry of final judgment." *Id.* (cleaned up). The record also reflects Defendants appealed the Court's June 2023 order imposing sanctions. Dkt. 143. The Ninth Circuit directed Defendants to show cause why that appeal should not be dismissed for lack of jurisdiction or move to voluntarily dismiss the appeal. *See Morisky v. MMAS Research LLC, et al.*, Case No. 23-35433 (Dkt. 2, July 11, 2023). Defendants did not comply with the Ninth Circuit's order and the appeal was dismissed for failure to prosecute. Dkt. 182.

Defendants have not paid the attorney fees and costs awarded to Plaintiff and, on January 3, 2024, Plaintiff filed the pending Motion for Sanctions. Dkt. 269.

---

[1] Defendants were directed to remit payment within 30 days of November 22, 2024, the date of the order. Thirty days from the date of the order fell on a Sunday; thus, the Court finds Defendants were required to remit payment by December 23, 2024.

C.  *Sanctions*

"Federal Rule of Civil Procedure (Rule) 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Under Rule 37(b), a court may strike pleadings in whole or in part or enter default judgment where a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)[.]" Fed. R. Civ. P. 37(b)(2)(A). Before imposing terminating sanctions, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Dist.*, 69 F.3d 337, 348 (9th Cir. 1995)). Courts should not apply these factors mechanically; the factors supply a framework to guide the Court's decision. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Although the Court is not required to make explicit findings as to each factor, a finding of "willfulness, fault, or bad faith" is required for dismissal to be proper. *Leon*, 464 F.3d at 958. "Due process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" *Anheuser-Busch*, 69 F.3d at 348 (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir.1983)).

Here, Plaintiff seeks case-terminating sanctions for Defendants' failure to comply with a Court order to pay attorney fees and costs. Dkt. 269. "[W]here a court order is violated, factors 1

and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). As such, the Court will analyze Factors 3 and 5 and if there was "willfulness, fault, or bad faith."

Factor 3, the risk of prejudice to Plaintiff, does not warrant additional sanctions at this time. Plaintiff has not received payment for attorney fees and costs associated with obtaining the previous sanctions. While there has been some delay because of Defendants' frivolous appeal, the Ninth Circuit disposed of the appeal quickly. At this time, the delay in this case proceeding to trial is Plaintiff, again, seeking case-terminating sanctions. The Court previously addressed the prejudice to Plaintiff for Defendants' discovery violations and delays. *See* Dkt. 257. Plaintiff has not shown additional sanctions are warranted to address any additional risk of prejudice to Plaintiff. Therefore, the Court finds Factor 3 weighs against case-terminating sanctions.

Factor 5, the availability of less drastic sanctions, weighs against case-terminating sanctions. Based on the record, this Court has imposed monetary sanctions and has warned Defendants regarding failures to comply with Court orders and failures to produce discovery. *See* Dkt. 255, 267. Defendants have continued to ignore the Court's orders and, rather than resolving this matter, sought a frivolous appeal. However, Plaintiff's continued efforts to be awarded case-terminating sanctions is also delaying this case. And, the conduct as issue, failing to pay attorney fees and costs, does not warrant the most severe sanctions when there is evidence of an inability to pay in light of the previously-imposed-sanctions. Plaintiff has not shown the previously-imposed-sanctions are insufficient for Defendants' additional failure to pay attorney fees and costs and that more drastic sanctions are warranted. Therefore, Factor 5 weighs against case-terminating sanctions.

1    Importantly, the record does not reflect "willfulness, fault, or bad faith" necessary to

2   make dismissal proper. *See Leon*, 464 F.3d at 958. On November 22, 2024, Judge Martinez

3   granted Plaintiff attorney fees and costs in the amount of $46,531.48 for the fees and costs

4   incurred in obtaining the order sanctioning Defendants. Dkt. 267. Defendants have not remitted

5   payment.

6    Previously, evidence showed Defendants refused to pay sanctions. *See* Dkt. 255. Now,

7   there is some evidence showing Defendants lack the funds necessary to pay the imposed

8   sanctions. *See* Dkts. 258-2.[2] The Court recognizes Defendants did not pay the Court ordered

9   sanctions by December 23, 2024 and did not seek leave of the Court to stay the payment. Rather,

10  the record reflects Defendants ignored the Court's order. Further, Defendants filed a frivolous

11  appeal. Defendants were previously directed to show cause by the Ninth Circuit why an appeal

12  of a sanctions order should not be dismissed for lack of jurisdiction. Defendants knew or should

13  have known the Ninth Circuit lacked jurisdiction to hear an appeal of Judge Martinez' order

14  denying the motion for reconsideration. However, in what appears to be an effort to delay this

15  case, Defendants still sought a frivolous appeal.

16    Defendants criticize Plaintiff for filing the Motion for Sanctions while Defendants'

17  appeal was pending. Plaintiff moved for sanctions based on Defendants' failure to comply with

18  Judge Martinez' order awarding attorney fees and costs. Dkt. 269. Defendants did not appeal that

19  order. Dkt. 260. Rather, the appeal was based on Judge Martinez' denial of the motion for

20  reconsideration of the order imposing sanctions. *Id*. Additionally, while the mandate had not

21  been issued, the Ninth Circuit issued the decision dismissing Defendants' appeal prior to the

22

23    [2] Plaintiff provided evidence showing, on September 17, 2024, Defendant Trubow signed an agreement to
receive $115,000 within 90 days of receipt of wire transfer instructions. Dkt. 272-1. It is unclear if the funds were
transferred to Trubow. Trubow is not excused from paying the Court order sanctions, fees, and costs. However, at
24  this time, the agreement cited to by Plaintiff is not sufficient to show Defendants received the funds.

deadline to pay the sanction and prior to Plaintiff filing the Motion for Sanctions. Thus, Defendants' argument that Plaintiff brought the Motion for Sanctions while the matter was pending before the Ninth Circuit to fabricate a basis for sanctions is disingenuous.

Despite Defendants' conduct, there is some evidence showing Defendants lack funds to pay the sanctions. Therefore, at this time, the Court does not find Defendants' conduct in failing to pay attorney fees and costs is sufficient to show "willfulness, fault, or bad faith," which is necessary for case-terminating sanctions. Additionally, the relationship between Defendants' misconduct and case-terminating sanctions is tenuous. Plaintiff has not sufficiently shown how the failure to pay attorney fees and costs threatens to interfere with the rightful decision in this case. *See Anheuser-Busch*, 69 F.3d at 348.

In summation, based on the record before the Court, case-terminating sanctions are not warranted. While Defendants' conduct is not condoned, the Court finds the previously-imposed-sanctions are sufficient and recommends this matter proceed to trial immediately. If either party engages in delay tactics, including but not limited to frivolous appeals and filing motions on previously litigated matters, additional sanctions may be necessary.

## IV.    Conclusion

For the above stated reasons, the Court recommends Plaintiff's Motion for Sanctions (Dkt. 269) be denied. The Court recommends all previous sanctions remain in effect and this matter proceed to trial immediately. If the parties continue to engage in conduct that delays this case proceeding to trial, the Court recommends additional sanctions be imposed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

affect your right to appeal. Objections should be noted for consideration on the District Judge's

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **June 9, 2025**.

Dated this 23rd day of May, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9