The Honorable David W. Christel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD E. MORISKY,

    Plaintiff,

v.

MMAS RESEARCH, LLC et al.,

    Defendants.

Case No. 2:21-cv-01301 RSM-DWC

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 273)**

## I. INTRODUCTION

Plaintiff respectfully submits these objections to the Report and Recommendation (Dkt. 273) pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). Plaintiff appreciates the Magistrate Judge's careful review and respectfully requests further consideration of specific factual and legal conclusions in light of the detailed procedural and evidentiary record.

## II. OBJECTIONS

### A. PLAINTIFF HAS NOT CAUSED DELAY AND DID NOT SEEK A STAY

The Report states that Plaintiff's renewed motion for sanctions is responsible for some delay in proceeding to trial. Respectfully, Plaintiff disagrees. The motion was not accompanied by any request for a stay, nor did Plaintiff seek to postpone any deadlines, but instead was intended to notify the Court

---

OBJECTION TO REPORT AND RECOMMENDATION
CASE NO. 2:21-cv-01301 RSM-DWC

1

Bruss Legal PLLC
7550 E. 53rd Place # 172464
Denver, CO 80238
(415) 271-5754

that Defendant and its counsel had, yet again, ignored the Court's order to pay sanctions.[1] See Dkt. 269. The procedural delays in this case have been overwhelmingly attributable to Defendants' repeated failure to produce discovery (see Dkt. 233 at 3–12), destruction of evidence (Dkt. 255 at 22–23), and pursuit of non-meritorious appeals (Dkt. 268). The Ninth Circuit has emphasized that courts may consider the history of the litigation in determining the appropriate sanction. See *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995) ("deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available. It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct.").

**B. DEFENDANTS' CLAIMED "INABILITY TO PAY" IS REFUTED BY THE RECORD**

The Report concludes there is 'some evidence' that Defendants lack funds to comply with the Court's sanctions order (Dkt. 273 at 7). Plaintiff respectfully disagrees with this finding as inconsistent with the evidentiary record. Defendants' repeated refusal to produce financial records has been a central issue in this litigation and was among the grounds upon which the Court initially imposed sanctions. See Dkt. 272 at 5; Dkt. 255 at 18. Moreover, Plaintiff submitted unrebutted evidence that Defendants received $115,000 from Sanofi just days before the December 23, 2024 payment deadline. See Dkt. 272-1 (Sanofi Settlement Agreement); Dkt. 272-2 ¶ 8 (confirming wire transfer on December 16, 2024). No countervailing evidence was offered to support a genuine inability to pay. On this record, Defendants' self-serving assertion of financial hardship should be disregarded as contradicted by documentary evidence.

**C. THE REPORT FAILS TO GIVE SUFFICIENT WEIGHT TO DEFENDANTS' BAD FAITH**

Although the Report acknowledges Defendants' discovery failures, it nevertheless concludes that a showing of "willfulness, fault, or bad faith" has not been sufficiently established (Dkt. 273 at 7). Plaintiff respectfully submits that this conclusion is inconsistent with the Court's prior explicit findings

---

[1] The Court's November 22, 2024 ordered Defendants to pay $46,531.48 to Plaintiff "within thirty (30) days . . . to avoid further sanctions." Dkt. 267.

OBJECTION TO REPORT AND RECOMMENDATION
CASE NO. 2:21-cv-01301 RSM-DWC

2

Bruss Legal PLLC
7550 E. 53rd Place # 172464
Denver, CO 80238
(415) 271-5754

1  on the earlier sanctions motion. In that earlier order, the Court expressly found that "Defendants and their
2  counsel have knowingly refused to meaningfully engage in the discovery process" and explicitly found
3  Defendant Trubow's testimony "not credible." Dkt. 255 at 27 and 18. These prior judicial determinations,
4  reflecting deliberate misconduct and a lack of candor, strongly support a finding of bad faith and
5  willfulness. Plaintiff respectfully urges the Court to give due weight to these earlier findings, which
6  clearly establish Defendants' pattern and practice of intentional disregard for their discovery obligations
7  and court orders.

8        The Agreement with Sanofi was fully executed and confidential (Dkt. 272-1). Trubow could
9  reasonably believe no one would learn of the payment and so believed he could lie to the Court and not
10 be caught. This is bolstered by the fact that Sanofi sent the wiring confirmation email to Dr. Morisky in
11 error—because Sanofi incorrectly assumed Dr. Morisky was still a party to the agreement, as he had been
12 in the 2017 license that the settlement resolved. The wiring instructions themselves were addressed only
13 to Defendants (id.), and the payment was confirmed by Sanofi's counsel in a call with Mr. Austin and
14 Philip Morisky (Dkt. 272-2 ¶ 8).

15       Further, the Agreement is direct evidence that Defendants breached the CR2A Settlement
16 Agreement, which requires a 45/55 revenue split between Plaintiff and Defendants (Dkt. 94-1). By
17 excluding Plaintiff from the Sanofi agreement and keeping the proceeds, Defendants have proven
18 Plaintiff's core allegation: that Defendants systematically cut him out of settlements. The CR2A-covered
19 agreements were the very documents destroyed on the missing laptop. The Court has already held that
20 adverse inferences will apply regarding the laptop's contents (Dkt. 255 at 1). This Sanofi Agreement is
21 therefore the "smoking gun" showing what Defendants were trying to hide.[2]

---

[2] Plaintiff has submitted an additional declaration of C. Austin (filed concurrently) to provide further clarity on this issue, which the Court may exercise its discretion to consider. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

| OBJECTION TO REPORT AND RECOMMENDATION | 3 | Bruss Legal PLLC |
| CASE NO. 2:21-cv-01301 RSM-DWC | | 7550 E. 53rd Place # 172464 |
| | | Denver, CO 80238 |
| | | (415) 271-5754 |

### D. CASE-ENDING SANCTIONS ARE WARRANTED

Plaintiff maintains that the five-factor analysis articulated in *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995), support entry of default in this case. Factors one and two—the public interest in expeditious resolution and the Court's need to manage its docket—are satisfied where, as here, court orders have repeatedly been violated. Factor three—prejudice to Plaintiff – is extreme. Plaintiff requires the funds the Court already ordered paid to prepare for and go to trial. Additionally, during the prolonged period of discovery noncompliance, Plaintiff's health has declined (Dkt. 234 ¶¶ 5 – 9) he has been diagnosed with Alzheimer's Disease and can no longer testify to critical matters for which he is the only witness. See Austin Declaration, filed concurrently. Letters from his physician confirming this diagnosis can be submitted. Proceeding to trial now would be manifestly unjust. Moreover, as has been previously addressed, Plaintiff's ability to prove his case is significantly handicapped by Trubow's destruction of critical financial records and by Trubow's sworn refusal to comply. See Dkt. 255 at 7–8, 23.

Factors four and five—policy favoring resolution on the merits and the adequacy of lesser sanctions—must be weighed in light of the Court's prior efforts to use monetary and evidentiary sanctions, which have not secured compliance. Defendants' repeated and ongoing refusal to comply with multiple orders for monetary sanctions confirms that point. Defendants' failure to pay cannot be remedied except by default. To allow trial to proceed now rewards their delay tactics, while depriving Plaintiff of a fair hearing due to his loss of capacity and financial harm caused by Defendants.

Moreover, Defendants' conduct—such as Trubow's statement under oath that he would "never pay a dollar" to Plaintiff (Dkt. 255 at 7) and his active international travel during this period (see, e.g. C.D. Case No. 2:25-cv-01057-RGK-DFM Dkt. No 72, in which Defendant indicates that it failed to timely respond to the Court's Order to Show Cause in that matter because Trubow was traveling in Okinawa Japan)—demonstrates that it had both resources and intent to disregard court orders. Under *Valley Eng'rs and Leon*, case-ending sanctions are within the Court's discretion and appropriate here.

OBJECTION TO REPORT AND RECOMMENDATION
CASE NO. 2:21-cv-01301 RSM-DWC

4

Bruss Legal PLLC
7550 E. 53rd Place # 172464
Denver, CO 80238
(415) 271-5754

### III.    CONCLUSION

The Court's prior findings, and the expanded record presented in Plaintiff's Motion and Reply, show that Defendants' misconduct is willful, in bad faith, and has irreparably prejudiced Plaintiff. Their claimed inability to pay has been disproven. They had the funds and chose to conceal that fact under cover of a confidential settlement, assuming they would not be caught. Plaintiff respectfully requests that the Court reject the Report and Recommendation (Dkt. 273) and grant Plaintiff's Motion for Case-Ending Sanctions (Dkt. 269), striking Defendants' Answers and entering default judgment. Alternatively, Plaintiff requests that the Court promptly set this matter for trial.

Respectfully submitted,

DATED: June 6, 2025

/s/ William J. Crowley
William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101
will@crowleylawoffices.com

F. Christopher Austin
LEX TECNICA, LTD.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145
702.610.9094
chris@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217
amanda@brusslegal.com
*Attorneys for Plaintiff*

OBJECTION TO REPORT AND RECOMMENDATION
CASE NO. 2:21-cv-01301 RSM-DWC

5

Bruss Legal PLLC
7550 E. 53rd Place # 172464
Denver, CO 80238
(415) 271-5754

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 1,289 words, in compliance with the Local Civil Rules.

/s/ *William J. Crowley*
William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

/s/ *William J. Crowley*
William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

OBJECTION TO REPORT AND RECOMMENDATION
CASE NO. 2:21-cv-01301 RSM-DWC

6

Bruss Legal PLLC
7550 E. 53rd Place # 172464
Denver, CO 80238
(415) 271-5754