BRETT C HARRIS (SBN: 55680)
E-Mail: brett@virgolawseattle.com
**VIRGO LAW LLC**
600 1st Ave, Ste 434
Seattle, WA 98104
Tel: (206)-569-8418

RONALD D COLEMAN (*Pro Hac Vice*)
Email: rcoleman@colemanlaw-pc.com
**COLEMAN LAW FIRM PC**
50 Park Place, Ste 1105
Newark, NJ 07102
Tel: (973)-264-9611

PATRICIA L RAY (*Pro Hac Vice*)
Email: raypatricia@yahoo.com
**PATRICIA RAY LAW OFFICES**
5 Old Mill Road
Freeport, PA 16229
Tel: (215) 908-6810

Attorneys for **DEFENDANTS**
MMAS RESEARCH LLC, STEVEN TRUBOW,
POLINA FEILBACH, MMAS RESEARCH ITALY SRL,
MMAS RESEARCH FRANCE SAS, RODNEY WATKINS,
DUSTIN MACHI

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>Defendants. | CASE No. 2:21-cv-01301-RSM<br><br>**DEFENDANTS MOTION TO DISQUALIFY F. CHRISTOPHER AUSTIN**<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 6, 2025<br><br>ORAL ARGUMENT REQUESTED |

Motion to Disqualify - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

1  Defendants MMAS RESEARCH LLC ("MMAS"), Steven Trubow ("Trubow"), Polina Feilbach ("Feilbach"), MMAS Research Italy SRL ("MMAS Italy"), MMAS Research France SAS ("MMAS France"), Rodney Watkins ("Watkins"), Dustin Machi ("Machi" and collectively herein "Defendants") move for an Order of this Court, revoking the *pro hac vice* admission of F. Christopher Austin ("Austin"), and allege as follows:

## I.    INTRODUCTION

Defendants move for an Order of this Court, revoking the *pro hac vice* admission of F. Christopher Austin, pursuant to the inherent power of a Federal District Court to control admission to its bar and to discipline attorneys who appear before it. *Lasar v. Ford Motor Co.* 399 Fd. 3d 1101 (9th Cir. 2005).

This motion is based on separate and independent grounds.

Austin was admitted *pro hac vice* in the pending matter on September 29, 2021 (Dkt. No. 12). The admission of *pro hac vice* counsel is governed by LCivR 83.1(d).

Austin was heavily involved in the drafting and execution of the CR2A Agreement that Defendants have allegedly breached. In connection with the CR2A Agreement, Austin misrepresented facts to the Court, to opposing parties, and to counsel in the joint representation. Additionally, Austin was named as one of the defendants in Case No. 2:25-cv-01057-RGK-SK, *MMAS Research LLC v. Johnson & Johnson Innovative Medicine et al.*, before the Central District of California, due, among other reasons, to his interference with MMAS's contractual relations. Even though Attorney F. Christopher Austin was dismissed from that action without prejudice, he remains fully involved in all proceedings involving MMAS and the CR2A Agreement as a key witness.

Across multiple cases, Austin has disrespected opposing counsel as well as counsel for the joint representation and has threatened them with bar complaints in an attempt to gain an advantage in the litigation. To protect Defendants right to a fair trial, they have no choice but to move to disqualify Austin from the upcoming trial scheduled to begin on November 17, 2025.

This Motion to Disqualify Counsel outlines conflicts of interest, unethical conduct, and illegal

Motion to Disqualify - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

acts committed by Plaintiff's counsel in violation of the Washington Rules of Professional Conduct (RPC), ABA Model Rules, Washington State laws (RPW) and 18 U.S.C. § 1001.

## II. LEGAL STANDARDS

There is no fundamental right to appear *pro hac vice*. *Paciulen v. George*, 38 F.2d 1128, 1144 (N.D. Cal. 1999), affirmed 229 F.3d 1226 (9th Cir. 2000), citing *Leis v. Flynt*, 439 U.S. 438, 443, 99 Sup. Ct. 698, 58 L.Ed.2nd 717 (1979). The power to revoke an attorney's *pro hac vice* status within the inherent authority of the Court is reviewed for abuse of discretion. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir., 2005). An attorney who demonstrated a pattern of disregard of or lack of respect for judicial process justifies the Court in revoking *pro hac vice* admission. *In re Bundy*, 840 F.3d 1034, 1036 (9th Cir., 2016). Mandamus proceeding, 852 F.3rd 945 (9th Cir., 2017). *Bundy*, 840 F.3d at 1042.

*Pro hac vice* counsel once admitted are entitled to notice and the opportunity to respond before being disqualified. *Cole v. US Dist Court for the District of Idaho*, 366 F.3d 813, 822 (9th Cir., 2004). The opportunity to respond before being disqualified is satisfied by allowing an opportunity to brief the issue and does not require an evidentiary hearing. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005).

Local Civil Rule 83.3(a)(2) of the Western District of Washington requires attorneys to comply with The Washington Rules of Professional Conduct (the "RPC"), as interpreted by the Washington State Supreme Court. The RPCs govern the disqualification analysis. The ABA Model Rules of Professional Conduct provide ethical guidelines for attorneys in the United States. They are "not binding in Washington, but they are "instructive" when interpreting Washington RPCs that are analogous to the ABA Model Rules." See *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006).

## III. ARGUMENTS

From the outset of this lawsuit, Plaintiff's counsel has engaged in conduct that fails to comply with professional standards and federal law, and that is subject to legal review and potential

Motion to Disqualify - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

disciplinary proceedings.

### A. Austin Is A Necessary Fact Witness Which Is Incompatible With Austin's Position As Plaintiff's Counsel

*Washington Rules of Professional Conduct, Rule 3.7 states the following:*

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) disqualification of the lawyer would work substantial hardship on the client; or

(4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." This is based on Model Rule 3.7, which states very similar rules.

#### 1. Austin is a necessary witness in this case.

In order for Defendants to effectively defend against Plaintiff's allegations at trial, they must be allowed to question Austin as a material witness. Austin is the only person who can testify about his communications with third parties and counsels in connection with the CR2A Agreement. His testimony will provide material evidence regarding parties' execution of the CR2A Agreement, which has a significant impact on Defendants defense against Plaintiff's breach of contract claim.

Precisely, Austin is a principal and a necessary witness to key facts that Plaintiff would need to support averments such as what Plaintiff alleges:

"*Under the terms of the Settlement Agreement, Defendants acknowledged Dr. Morisky was the sole and exclusive holder of the Morisky intellectual property and agreed to assign any copyrights, trademarks and related Morisky intellectual property Defendants had to Dr. Morisky. Further, Defendants covenanted not to further engage in the business of using or licensing the Morisky Widget*

Motion to Disqualify - 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

*or any Morisky intellectual property to any prospective licensee.*

*Defendants have breached the Settlement Agreement and infringed Dr. Morisky's federal intellectual property rights by, among other things, continuing to use the Dr. Morisky's intellectual property without authorization, purporting to license others to use the same, claiming a license to the same when Defendants do not have any such license, and by refusing to assign and transfer any copyrights, trademarks and related Morisky intellectual property, including without limitation, the Morisky Widget…*" (Dkt. No. 22, Second Amended Complaint, p.3, ll.1-12).

Austin is the driving force behind Plaintiff's misguided efforts to enforce what he has asserted, and continues to purport, are his rights. Austin is integral to the defenses that Defendants may present. Because he should testify about acts he personally performed and facts he personally witnessed, no one else can testify in his place. His testimony is, or at the very least may be, prejudicial to his client, Plaintiff MMAR. Therefore, compelling circumstances exist to disqualify Austin as Plaintiff's counsel for trial. (*See* Decl. R. Coleman, Exhibits 2, 4, 5, 7A, 7B, 7C, 8, 9, 10, 11, 12, 13, 14).

        2.        <u>No exceptions apply.</u>

In the present case, none of the exceptions (1 through 4) apply. Plaintiff contests the very issues for which Austin is a key witness. Plaintiff's claims remain contested, otherwise, they would have been resolved at an earlier stage of the case. Austin's testimony does not relate to the nature or value of his legal services; rather, it concerns substantive factual matters.

Austin's disqualification would not impose substantial hardship on Plaintiff. He is admitted only *pro hac vice*, and Plaintiff is also represented by Amanda Leigh Bruss, Scott Whitworth, and William J. Crowley. Defendants' request is specifically tailored and limited to trial. They have not attempted to remove Plaintiff's counsel for the entirety of this case. Therefore, the exceptions to Rule 3.7 do not apply.

Plaintiff's counsel's continued advocacy in this case is inappropriate under RPC 3.7 and would risk confusing the Court. Defendants respectfully request that Austin be disqualified as *pro hac vice* counsel for Plaintiff for the limited duration of trial.

### B. Defiance of Court Order

When Austin initiated this lawsuit on September 24, 2021, he did so in defiance of a Superior Court order mandating mediation prior to further litigation. Austin did not comply with the Court's order to attend mediation, despite Defendants' attempts to arrange it. Instead, he submitted the Initial Complaint alleging a breach of the Settlement Agreement (CR2A) related to Morisky Widget licensing and copyright. (*See* Decl. R. Coleman, ¶3, 4, Exhibits 1, 3).

The Court was informed of Plaintiff's counsel's conduct; however, no directive for resolution was issued. Willful disobedience of a Washington Superior Court order is unlawful and may subject an individual to contempt sanctions, professional discipline, and, in some cases, criminal penalties. (*See* Decl. R. Coleman, ¶5).

### C. Austin's Lake Of Truthfulness And Fairness As To Opposing Parties, Opposing Counsel, And The Court

#### 1. Austin's Misconduct As To Truthfulness And Fairness

*ABA Model Rule 8.4 states that:*

"It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or

(g) engage in conduct that the lawyer knows or reasonably should know is harassment or

discrimination on the basis of race, sex, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, marital status or socioeconomic status in conduct related to the practice of law. This paragraph does not limit the ability of a lawyer to accept, decline or withdraw from a representation in accordance with Rule 1.16. This paragraph does not preclude legitimate advice or advocacy consistent with these Rules."

<u>Washington Rules of Professional Conduct, Rule RPC 4.1 states the following:</u>

"In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6."

This rule forbids a lawyer from knowingly making a false statement of material fact to a third person. While a lawyer typically has no duty to inform an opposing party of relevant facts, they cannot affirm a statement they know to be false or that omits disclosure of material facts.

Austin's false statement that Plaintiff owns the copyright was widely distributed, both through email and through publication on Plaintiff's website. In doing so, Austin perniciously violated RPC 4.1 by falsifying statements that directly caused the termination of the Daiichi UK Morisky Widget license and Addendum, signed by Plaintiff. Austin also interfered with other Morisky Widget licensing agreements in violation of CR2A, Section 2, number 7, which requires full access to the Morisky Widget, support for all licensees, and compliance with privacy regulations. (*See* Decl. R. Coleman, ¶6-10, Exhibits 2, 4, 5, 6).

Austin further misrepresented the case on multiple occasions to the Court, including falsely stating, among other things, that he did not know how to contact certain joint counsel, or that Defendants had not complied with discovery obligations.

Under Washington State law, it was unlawful for Austin to make false claims of copyright ownership. A lawyer who engages in such conduct not only violates federal copyright law but is also subject to professional discipline for dishonesty and for engaging in "conduct involving dishonesty,

Motion to Disqualify - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

fraud, deceit, or misrepresentation."

<u>Washington Rules of Professional Conduct, Rule 3.3 states the following:</u>

"(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client unless such disclosure is prohibited by Rule 1.6;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by the opposing party; or

(4) offer evidence that the lawyer knows to be false."

When a lawyer knowingly provides false information in federal court, they violate their ethical duty of candor toward the tribunal and may face professional discipline, including suspension or disbarment, and criminal penalties under statutes like 18 U.S.C. § 1001 (False Statements) or 18 U.S.C. § 35 (False Information and Hoaxes). The lawyer is required to take remedial action, such as disclosing false information to the court, and must refuse to offer false evidence.

<u>Additionally, RPC 3.4 states that:</u>

"A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent

effort to comply with a legally proper discovery request by an opposing party; or

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused."

A lawyer's actions and statements must be meritorious and fair to opposing parties. Making a frivolous or baseless claim to gain an unfair advantage is a violation of RPC 3.4.

In this case, Austin unfairly avers that in the CR2A "Defendants covenanted not to further engage in the business of using or licensing the Morisky Widget," while he had previously made similar statements in communications to licensees (SAC, p.3, ll.4-6). Plaintiff further avers that Defendants breached the Settlement Agreement and infringed Dr. Morisky's intellectual property through unauthorized use and licensing. However, it is Plaintiff's counsel, Austin, who repeatedly threatened MMAS licensees with infringement claims. Austin is fully aware of the scope of Plaintiff's intellectual property rights and the related infringement issues. Finally, Austin's false claims regarding copyright ownership were made with fraudulent intent, which constitutes a criminal offense under 17 U.S.C. § 506.

Another example of Austin's misrepresentation occurred when he misled the Court by seeking sanctions and untruthfully claiming that Plaintiff had been denied access to evidence from third parties, even though Austin was familiar with those same parties and had directly engaged them as joint representation attorneys under the CR2A. The seriousness of this misconduct is underscored by the fact that Austin not only knew the exact contact information for those parties, but had also previously acted unethically toward them. (*See* Decl. R. Coleman, ¶15-18, Exhibits 9, 10).

Finally, Austin knowingly provided false information about Defendant in a Federal Court pleading. (*See* Decl. R. Coleman, ¶27, Exhibit 14, Dkt. 275).

    2.    <u>Austin's Perjury And Misrepresentation</u>

<u>18 U.S.C. § 1001 states that:</u>

Motion to Disqualify - 9

"(a)Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully

    (1)falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

    (2)makes any materially false, fictitious, or fraudulent statement or representation; or

    (3)makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years."

Austin has violated 18 U.S.C. § 1001 by making false statements and representations. Contrary to federal law, Austin's false claims of copyright ownership were made with fraudulent intent, which constitutes a criminal offense under 17 U.S.C. § 506.

*Washington State law: RCW 9.72.010*

Washington State law contains a specific statute against perjury. RCW 9.72.010 establishes criminal penalties for misrepresentation, including perjury or the offering of false evidence before a judge or official. Authorities may immediately detain or require recognition from those suspected of committing these offenses.

An attorney who deliberately lies, misrepresents facts in court, or defies court orders violates professional ethics and may face prosecution for perjury under both state and federal law. Plaintiff's counsel violated RPC 3.3 and RPC 3.4 by making false statements before the Court and to parties. With Austin acting as Plaintiff's counsel before a jury, Defendants have no assurance that he will not continue this misconduct and unfairly influence the jury with false statements. The facts clearly demonstrate that Plaintiff's counsel has professionally disqualified himself from participating in the trial in this case.

Motion to Disqualify - 10

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

### D.  Unethical Conduct With Joint Counsel

Austin assisted the parties in hiring joint counsel to execute the CR2A Agreement. He then acted unethically and illegally with respect to that joint counsel, encouraging the destruction of evidence and making extortionary threats of disbarment and lawsuits. This conduct qualifies for both criminal penalties and professional discipline. (*See* Decl. R. Coleman, ¶20-24, Exhibits 11, 12).

Additionally, in Case No. 2:25-cv-01057-RGK-SK, MMAS Research LLC v. Johnson and Johnson Innovative Medicine et al., before the Central District of California, Austin — at the time a defendant in the case, not admitted to practice law in California, and not admitted pro hac vice — displayed such disrespect toward opposing counsel that counsel expressly raised the issue with the Judge in the Joint Report. (*See* Decl. R. Coleman, ¶25, 26, Exhibit 13).

With Austin acting as Plaintiff's counsel before a jury, Defendants have no assurance that he will not continue this behavior at trial.

### IV.  CONCLUSION

Based on his prior conduct, Austin has acted unethically in the past and is now serving as both advocate and factual witness for Plaintiff. Because Austin may not act simultaneously as a witness and an advocate, his representation of Plaintiff in this lawsuit is inappropriate and should be terminated.

In view of the foregoing, Defendants respectfully request that this Court find that Austin's violations of the Washington Rules of Professional Conduct compel his disqualification in this case.

Dated: October 16, 2025

                            Respectfully submitted,

<u>/Brett C Harris/</u>
Brett C Harris
**VIRGO LAW LLC**
600 1st Ave, Ste 434
Seattle, WA 98104
Tel: (206)-569-8418
Attorneys for Defendants,
MMAS RESEARCH LLC, Steven Trubow, Polina Feilbach, MMAS Research Italy SRL, MMAS Research France SAS, Rodney Watkins, Dustin Machi

### **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: October 16, 2025

                            <u>/s/ Brett Harris</u>