BRETT C HARRIS (WSBA: 55680)
E-Mail:  brett@virgolawseattle.com
**VIRGO LAW LLC**
600 1st Ave, Ste 434
Seattle, WA 98104
Tel: 206-569-8418

RONALD D COLEMAN (*Pro Hac Vice*)
Email: rcoleman@colemanlaw-pc.com
**COLEMAN LAW FIRM PC**
50 Park Place, Ste 1105
Newark, NJ 07102
Tel: 973-264-9611

PATRICIA L RAY (*Pro Hac Vice*)
Email: raypatricia@yahoo.com
**PATRICIA RAY LAW OFFICES**
5 Old Mill Road
Freeport, PA 16229
Tel: 215-908-6810

Attorneys for **DEFENDANTS**
MMAS RESEARCH LLC, STEVEN TRUBOW,
POLINA FEILBACH, MMAS RESEARCH ITALY SRL,
MMAS RESEARCH FRANCE SAS, RODNEY WATKINS,
DUSTIN MACHI

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DONALD E. MORISKY,

       Plaintiff,

    v.

MMAS RESEARCH, LLC, a
Washington limited liability company,
STEVEN TRUBOW, an individual,
POLINA FEILBACH, an individual,
RODNEY WATKINS, an individual,
DUSTIN MACHI, an individual,
MMAS Research Italy S.R.L. an Italian
company, and MMAS Research France,
SAS a French company,

       Defendants.

CASE No. 2:21-cv-01301-RSM

**DECLARATION OF RONALD
D. COLEMAN IN SUPPORT OF
DEFENDANTS' MOTION TO
DISQUALIFY F. CHRISTOPHER
AUSTIN**

1

I, Ronald D. Coleman, declare as follows:

1.    I am an attorney at law duly licensed in the State of New Jersey and admitted *pro hac vice* in this case. I am the lead attorney of record for Defendants MMAS Research LLC and Steven Trubow. I make this Declaration in support of Defendants' motion to disqualify F. Christopher Austin in this case. Other than those set forth on information and belief, I am personally aware of each of the facts stated herein of my own personal knowledge and, if called to testify thereto, I could and would competently testify.

2.    I have been provided with the verified records and relevant documents relating to the conduct of Christopher Austin and set forth below is factual information that is apparent therefrom.

**Counsel's Defiance Of Court Order**

3.    On August 20, 2021, the Superior Court of Washington ruled that "Section 17 of the CR2A Agreement is a mediation clause" and is "a precondition to bringing a legal cause of action alleging breach." A true and correct copy of the Court Order is attached as Exhibit 1. A true and correct copy of the CR2A Agreement is attached as Exhibit 3.

4.    On September 24, 2021, Plaintiff filed his Initial Complaint (Dkt. No. 1). He did not comply with the court order to attend mediation, despite Defendants attempting to arrange it.

2

5. The Court was informed of Plaintiff's Counsel's non-compliance in Defendants' Motion to Dismiss (Dkt. Nos. 19 and 20). No directive for resolution was issued, however, and this litigation has nonetheless proceeded.

**Threats And Licensee Interference**

6. I reviewed an email from Austin to various Morisky Widget Licensees, December 3, 2021, and stating, among other things, that "Dr. Morisky is the rightful owner of the Morisky Widget Copyright" and "MMAS is expressly barred outright from granting any new licenses (not in connection with an enforcement action) to anyone." A true and correct copy of the email sent by Christopher Austin on December 3, 2021, is attached as Exhibit 2.

7. I reviewed a letter from Austin dated April 21, 2022, stating, among other things, that "the MMAS Research copyright in the Morisky Widget code is an unlawfully obtained derivative of Dr. Morisky's MMAS-4 and MMAS-8 registered copyrights (as noted by the U.S. Copyright Office's reference to Dr Morisky's registered copyrights on the Morisky Widget registration). As such, neither Trubow nor MMAS Research has any right to use or license the Morisky Widget copyright, which includes use or licensure of the Morisky Widget program." A true and correct copy of the letter sent by Christopher Austin on April 21, 2022, is attached as Exhibit 4.

8. I have been made aware that this letter was also published on

3

www.Moriskyscales.com. I have also been made aware that the publication of this letter led to the termination of Morisky Widget licenses, the suspension of clinical trials, requests from Morisky Widget licensees for refunds, and the fraudulent issuance of profitable MMAR LLC licenses to replace the Morisky Widget licenses.

9.    I reviewed a letter from OPIS S.r.l. dated July 29, 2022, stating that "Over past few months we learned via Donald Morinsky website (Predatory Pricing from Steve Trubow (moriskyscale.com)) that you does not have any rights to use the Widget and that Donald Morinsky has sued you for copyright and trademark infringement (these circumstances were directly confirmed by Donald Morinsky). In light of the above, the addendum signed on 6 September 2021 cannot be considered valid because you did not have the power to grant the licensee for the questionnaires or to sign the addendum. Due to the invalidity of the addendum, the amounts still due under the addendum must be considered as not due. Furthermore, OPIS formally demands the return of the amounts already paid under the invalid addendum. In particular, OPIS asks for the return of the following amounts. A true and correct copy of the letter sent by OPIS on July 29, 2022, is attached as Exhibit 5.

10.    I reviewed a settlement agreement by and between OPIS S.r.l. and MMAS Research LLC. This document states "A letter dated April 21st, 2022 from the legal counsel of Dr. Donald Morisky, former business partner of Mr. Steven

4

Trubow, was published online via Donald Morisky's website ("Predatory Pricing from Steve Trubow"), warning the users of the Morisky Widget that Mr. Morisky had filed an action against MMAS and Mr. Trubow, alleging that both of them had violated Donald Morisky's intellectual property rights over the Morisky Widget. The letter, in particular, highlighted that "ANY PERSON THAT USES OR LICENSES THE MORISKY WIDGET, MMAS-4 SCALE OR MMAS-8 SCALE WITHOUT THE EXPRESS WRITTEN AUTHORIZATION OF DR. MORISKY WILL BE IN VIOLATION OF U.S. FEDERAL COPYRIGHT LAW FOR COPYRIGHT INFRINGEMENT"." A true and correct copy of the settlement agreement is attached as Exhibit 6.

### Unethical Conduct With Joint Counsel

11.  The CR2A Settlement Agreement states that MMAS Research, LLC and/or Steven Trubow or counsel will address any concerns Donald Morisky has about Claim Settlements listed in Exhibit 3 and will dismiss claims without legal merit (such as those involving non-infringing public domain use). The attorney prosecuting the Claim Settlement is to make the final decision on merit. The Morisky Party and MMAR also agreed to sign and finalize all Claim Settlement agreements as directed by MMAS Research, LLC, Steven Trubow, or their attorneys. *See* Exhibit 3, page 5.

12.  I reviewed an email dated April 14, 2021, from Kimberly Fong to

Donald Morisky and Christoper Austin. The correspondence between Fong, Austin and Morisky is attached as Exhibit 7

13.    Kimberly Fong wrote in Exhibit 7, "I have determined that under the California Rules of Professional Conduct my withdrawal is appropriate in your case because communication obstacles have made it unreasonably difficult for me to carry out the representation effectively. On March 30, 2021, Mr. Austin notified me that a case (Emilio Russo) that was being pursued under my engagement by Dr. Morisky and Mr. Trubow was not on exhibit 3 of the CR2A and consequently, I was not authorized to negotiate a settlement for the Russo Case. On April 1, and again on April 5, 2021, I received two more emails from Donald Morisky asking me to process the Russo case on behalf of MMAR LLC, outside the scope of my engagement for the Exhibit 3 cases, presenting a potential conflict of interest."

14.    I reviewed an email from Austin dated January 20, 2022, and addressed to Kenneth Gross and Peter Hoeller, two remaining joint representation lawyers. In this email, it reads "Dr. Morisky will not sign any settlement agreement that includes a license in the Widget or that calls for corrective measures to be performed using the Widget. Any required retroactive license must exclusively be in the MMAR Digital Platform, and all training and corrective measures must exclusively be performed by Dr. Morisky or MMAR […] Nothing in the CR2A requires Dr. Morisky to facilitate Trubow in continuing to breach the CR2A or in infringing Dr.

Morisky's registered copyrights. As such, Dr. Morisky will not sign any settlement granting any license in the Widget or authorizing Trubow to provide any training or corrective services." A true and correct copy of the email sent by Christopher Austin on January 20, 2022, is attached as Exhibit 8.

## **Misrepresentations to the Court**

15. I reviewed the transcript of the hearing of October 19, 2023. In this hearing, Austin misled the Court by claiming Plaintiff had been denied evidence and could not access it from third parties, even though Attorney Austin was familiar with and had directly engaged those individuals (see Exhibit 9, p. 62). A true and correct copy of the transcript of the hearing on October 19, 2023, is attached as Exhibit 9.

16. Specifically, when the Magistrate Judge inquired why Austin could not obtain information from Morisky own lawyers and their files, he stated:

We might be able to subpoena a few from our own research, but that was not – they were not as easily accessible to us and just so you are aware, there were – the vast majority of a lot of these license agreements occurred overseas in France, Chile, China, Korea, Japan. This is where the counsel were too. So these are not easily findable joint counsel to subpoena documents from. That's why we asked for their specific contact information. And we never got that information until past the depositions and we just never got it. Just we got a list of a handful of

names, and that's all we got. But no way to know how to get ahold of them. Not even -- not even an indication of which firms they were with, if they were with a firm.

*See* Exhibit 9, p.62.

17.    It appears from the transcript of this hearing that Austin did not disclose that he was aware of these parties and that there was only one overseas joint representation lawyer, Charlotte de Reynal in Bordeaux, France.

18.    Similarly, attached as Exhibit 10 is the transcript of the hearing of April 24, 2024. In this transcript, Austin urged the Court for sanctions, stating "At this point, we believe it is the proper thing for the Court to do to enter case-ending sanctions in this case."

19.    I was made aware that not only did Christopher Austin falsely represent to the Court that he did not know Charlotte de Reynal's contact information, but Austin had previously interfered unethically by communicating with her pursuit of a CR2A infringement settlement in France.

20.    Exhibit 11 to this Declaration are the License Agreements between MMAR and Centre Francois Baclesse, as well as series of emails between Trubow and Charlotte de Reynal. In these emails, Charlotte de Reynal writes, "Then he [Austin] wrote again saying as per the direction of 'my' (referring to me) client, Dr. Morisky, I should delete and destroy all copies of all of the License Agreements (in

English and French) he sent me in the prior email nor disclose them to you or anyone else."

21. I was made aware that shortly after this incident Charlotte de Reynal withdrew from her joint representation, from which it may reasonably be inferred that Austin's actions intimidated her.

22. I reviewed a letter wrote by Austin to Peter Hoeller and dated March 11, 2024. This letter has the following subject line "Notice of Apparent Malpractice for Violation of Rule of Professional Responsibility in Connection with Representation of Trubow and/or MMAS Research, LLC in Actions Adverse to Client, Donald Morisky." A true and correct copy of the letter dated March 11, 2024, is attached as Exhibit 12.

23. In this letter, Austin writes, "During discovery, we were surprised to see that you apparently continued to represent Trubow and MMAS Research, LLC (collectively, "MMAS") in actions with third parties to which Dr. Morisky was not a party." Despite writing this, Austin represented to the Court he had no knowledge of the whereabouts or any way to contact joint representation lawyers. *See* Exhibit 12.

24. Additionally, Austin writes, "We would like to resolve this issue amicably and without needing to either bring a legal action against you or a complaint to your state bar. To do so, at a minimum we need you to promptly provide

detailed information on each and every matter and/or agreement you engaged in on behalf of MMAS (including Trubow and any related entities). This includes, but is not limited to, the names of the companies, the nature of the dispute, copies of any agreements, and the dates of execution." Those involved with the litigation at that stage have, I am informed, concluded that this demand amounted to a continuous threat directed toward the joint representation attorneys, and the facts with which I have become acquainted appear to support this conclusion. *See* Exhibit 12.

## Misconduct In Other Jurisdiction

25.    I reviewed a Joint Report filed in case No. 2:25-cv-01057-RGK-SK, *MMAS Research LLC v. Johnson and Johnson Innovative Medicine et al*, before the Central District of California. In the Joint Report, MMAS's counsel stated that "Later, on August 4, 2025, Marc Hankin and Elodie Bardon (counsel for Plaintiff), met and conferred with: (1) Ramsey M. Al-Salam (counsel for Defendants UBC and WOU); (2) Amanda Bruss (counsel for Defendants MMAR, D. Morisky, S. Morisky, P. Morisky, Austin, Weide, and Miller); and (3) Christopher Austin, an individual Defendant in this case, who is not Counsel of Record for any Party, and is not Admitted to the Bar of California or this Court, presented himself during the Zoom meeting as counsel for the Morisky Defendants, including MMAR." A true and correct copy of the Joint Report is attached as Exhibit 13.

26.    In the same Joint Report, MMAS's counsel added that "To the best of

Plaintiff's knowledge, Christopher Austin is not admitted to practice in California and has not appeared pro hac vice in this case. Nevertheless, Christopher Austin took the lead on many topics discussed during the Rule 26(f) Joint Meeting, was discourteous, and repeatedly talked over Plaintiff's counsel." *See* Exhibit 13.

27.    On June 6, 2025, Austin filed a Declaration of F. Christopher Austin in support of Plaintiff's Objections to the Report and Recommendation (Dkt. No. 275). A true and correct copy of Austin's Declaration is attached as Exhibit 14. In his Declaration, Austin knowingly provided what I have been informed is false financial information about Defendant.

28.    Specifically, in Exhibit 15, a true and correct copy of Austin's March 25, 2024, email to Angus MacDonald, an attorney in the University of California Office of the President, Austin writes,

Bottom line: Trubow he is out of money and facing case-ending sanctions in the WA case, so he is trying to make as much noise as possible to bait Dr. Morisky. He has a lien against him for $70,000 from his prior counsel that he failed to pay, and the Court has sanctioned him and his current counsel for discovery abuses for a total of over $35,000 that he has now twice failed to pay on penalty of case-ending sanctions.

I declare under the penalties of perjury of the State of Washington and the United States of America that the foregoing is true and correct to the best of my

11

knowledge.

Executed at Newark, New Jersey on October 16, 2025.

_____
Ronald D. Coleman