UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Donald Morisky,<br><br>  Plaintiff,<br><br>v.<br><br>MMAS Research LLC, et al.,<br><br>  Defendants. | NO. 2:21-CV-01301<br><br>**MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION BASED ON ESTOPPEL**<br><br>NOTE ON MOTION CALENDAR:<br>October 17, 2025 |

In the interests of judicial economy, fairness and a speedy trial on the merits, Defendants request that the trial in this matter be limited to exclude Plaintiff's causes of action in this trial.

### I. BACKGROUND

**1.    Estoppel By Contract Of Certain Averments By Plaintiffs**

The facts surrounding the CR2A Settlement Agreement are front and center in estoppel of Plaintiff's claims as presented in this matter. Plaintiff has had a full and fair opportunity to litigate his claims in prior actions where he presented his claims of copyright and trademark infringement. (District Court of Nevada, Case No. 2:20-cv-00964.21) However, he agreed to dismiss this litigation with prejudice in the CR2A agreement.

The fact is that estoppel by contract applies as claims were dismissed with prejudice in the execution of the CR2A, and accordingly, those claims should be precluded from this trial under the doctrine of" estoppel by contract." Exhibit 1

### 2. Agreement Under The CR2A Resolved All Prior And Pending Litigation.

On December 4, 2020, Plaintiff and MMAS entered into an agreement whereby all prior and pending litigation between Plaintiff and Defendants was resolved in the CR2A This agreement was specifically memorialized in Section 2, 13 of the CR2A Settlement Agreement. There it states that the MMAS Research, LLC, Steven Trubow, Donald Morisky, Susan Morisky, Phillip Morisky, Marty Morisky and Morisky Medication Adherence Research, LLC, together with its affiliates MMAS Research, Italy, and MMAS Research, France, each agree to release one another and all persons acting by, though, under, or in concert with any of the aforesaid persons or entities, or any of them (the "Releasees) or any of them, whether known or unknown, asserted or unasserted that could have been made that relate to, arise out of, or are connected in any way with any claim or dispute raised by any Party against another. Each of the Parties also agree to dismiss the claims asserted in the Washington lawsuit and Nevada federal district court lawsuit now pending against each other with prejudice and without any award of costs or attorneys' fees in any action.[1] Exhibit 1

### 3. Plaintiff's Second Amended Complaint Contains Averments That Are Identical To Litigation Resolved By The CR2A.

The Second Amended Complaint is Plaintiffs operative document in the instant matter for asserting his claims against Defendants, but it is nearly identical to the Nevada federal

---

[1] The relevent text of the CR2A states as follows: 13. "… each agree to release one another and their respective beneficiaries, trustees, owners, predecessors, successors, assigns, agents, officers, employees, servicers, representatives, attorneys, and affiliates, present and former heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouse, insurers, and all persons acting by, though, under, or in concert with any of the aforesaid persons or entities, or any of them (the "Releasors") from any claims they may have against each other and their respective beneficiaries, trustees, owners, predecessors, successors, assigns, agents, officers, employees, servicers, representatives, attorneys, and affiliates, present and former heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouse, insurers, and all persons acting by, though, under, or in concert with any of the aforesaid persons or entities, or any of them (the "Releasees) or any of them, whether known or unknown, asserted or unasserted that could have been made that relate to, arise out of, or are connected in any way with any claim or dispute raised by any Party against another. Each of the Parties also further agree to dismiss the claims asserted in the Washington lawsuit and Nevada federal district court lawsuit now pending against each other with prejudice and without and without any award of costs or attorneys' fees in any action.

MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION
BASED ON ESTOPPEL - 1

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

district court lawsuit which was dismissed (Document 39), has a comparison of the May 2020 Nevada Complaint with the instant Second Amended Complaint).  All claims that Plaintiff made as owner of the Morisky Widget copyright before the execution of the CR2A were dismissed with prejudice by the CR2A.  Thus, Plaintiff should be estopped from reassertion of such identical claims made prior to the execution of the CR2A contract.  Plaintiff's current Complaint should be stripped of the identical assertions made in prior litigation.

In sum, Defendants, by this Motion, are asserting a request that the Court order exclusion by estoppel by contract of all averments made by Plaintiff that were dismissed by the CR2A agreement.

**4. Stay of this Case Pending Outcome of Ninth Circuit Appeal.**

On January 11, 2024, (ECH 220), this Court granted Plaintiffs Motion to Stay the present case. The stay was based on Plaintiff's prediction that the outcome of an appeal by MMAS of California case, Appeal No. 23-35433 to the Ninth Circuit have a determinative effect on the instant matter.  This Court ordered in ECH 220:

"This matter is stayed pending the outcome of MMAS Research, LLC, et al. v. The Charit, et al., Case No. 23-55202 (9th Cir.). The parties are directed to file a joint status report within fourteen (14) days of resolution of MMAS Research, LLC, et al. v. The Charit, et al."

To date, the above stay ordered by this Court in ECH 220 has neither been fully lifted, nor has Plaintiff expressed concern that the stay had delayed progress toward resolution of his suit.

Nonetheless, there has been an impactful determination by the Ninth Circuit.

**5. Determinative Outcome of MMAS appeal**

The MMAS appeal had a determinative impact on matters at hand.  On March 13, 2024, the Ninth Circuit Court of Appeals issued a Memorandum stating that the CR2A Settlement Agreement was never finalized and did not transfer nor grant Plaintiff ownership of the Morisky Widget. As such, the Ninth Circuit has pointed out that Plaintiff claims of ownership are unsupported. Exhibit 2

Pointedly, Plaintiff should be ordered that he is precluded from presenting evidence concerning his wrongful and baseless assertions( in the second Amended Complaint, p.3) that:

MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION
BASED ON ESTOPPEL - 1

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

- "Under the terms of the Settlement Agreement acknowledged Dr. Morisky was the sole and exclusive holder of the Morisky intellectual property."

And that:

- "Defendants have breached the Settlement Agreement and infringed Dr. Morisky's federal intellectual property rights by, among other things, continuing to use the Dr. Morisky's intellectual property without authorization, purporting to license others to use the same, claiming a license to the same when Defendants do not have any such license…

and that:

- Defendants refused to assign and transfer any copyrights, trademarks and related Morisky intellectual property, including without limitation, the Morisky Widget…"

    To the contrary of Plaintiffs averments, he is not the holder of rights to the Morisky Widget.  The Morisky Widget was specifically excluded from the defined "Morisky intellectual property" in the Settlement Agreement (CR2A).  In fact, the Settlement Agreement, which Plaintiff voluntarily signed, included a provision (Section 1) in which Plaintiff contractually agreed that the Morisky Widget was IP owned by MMAS Research—calling it "MMAS IP," which was IP owned by MMAS Research. Further buttressing this point, the Morisky Widget was not listed in Plaintiff's "Morisky IP" referenced in Exhibit 1 of the Settlement Agreement (CR2A).  In other words, Plaintiff expressly acknowledged in the Settlement Agreement that Defendant owned the Morisky Widget.  Plaintiff should not now be allowed to present evidence alleging that he somehow owns the Morisky Widget, which directly contradicts the contractual Settlement Agreement he signed back in 2021.

    Moreover, the Ninth Circuit Court of Appeals, in *MMAS Research, LLC v. The Charite*, No. 23-55202 (9th Cir. 2023), reiterated this point, holding that "MMAS . . . remains the registered owner of the Morisky Widget."  The Ninth Circuit made this ruling well after Plaintiff filed the case at hand, and nothing has changed in the interim.  Thus, there is even applicable precedent that confirms what Plaintiff and Defendant previously agreed to: That Defendant, in fact, owns the intellectual property in the Morisky Widget.

MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION
BASED ON ESTOPPEL - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

For at least these reasons, Plaintiff should be estopped from presenting evidence at trial concerning his empty claims of entitlement to the Morisky Widget or violation thereof, seeing that both the Ninth Circuit Court of Appeals and he himself previously agreed that the Morisky Widget was owned by Defendant.

## II. DEFENDANTS' REQUEST FOR PRECLUSION OF EVIDENCE

Based on the above background facts, Defendants present this Motion in Limine making the following requests:

1. Plaintiff should be estopped, (by contract), from presentation for trial the causes of action that were dismissed by the CR2A agreement.
2. All assertions of Plaintiffs ownership of the Morisky Widget copyright, contrary to the Ninth Circuit or that the Defendants have breached his asserted ownership rights, or that MMAS has violated the CR2A Settlement Agreement by not assigning the Morisky Widget copyright and the Morisky Widget licensees to the Plaintiff.
3. This Court may also consider issuing remedial sanctions concerning the record of Plaintiff brash and injurious promotion of ownership of the Morisky Widget to undo licensing relationships, claiming that MMAS wrongly carried a genuine licensing program under the terms of the CR2A and other numerous assertions and averments by Plaintiff have been in conflict by the Ninth Circuit clarifications.

## III. LEGAL ARGUMENT

**1. Estoppel by Contract**

The purpose of **estoppel** by contract to "preclude a party from claiming the benefits of a **contract** while simultaneously attempting to avoid the burdens that **contract** imposes. *Corn v. Kohls*, 436 F.3d at 110(ND Ca 2025).

In the instant case, Plaintiff attempts to employ the benefits of the Cr2A contract, asserting wrongdoing by Defendants thereunder but ignoring that he is largely estopped by his own agreement.

MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION
BASED ON ESTOPPEL - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

The Ninth Circuit has recently spoken on estoppel by contract in the case of Jiaje Zhu v. Jing, 2025 U.S. App. LEXIS 644, (9th Cir. 2025), citing *Evid. Code § 622* and stating "the **doctrine of estoppel** by **contract**, is "based on the principle that parties who have expressed their mutual assent are bound by the contents of the instrument they have signed, and may not thereafter claim that its provisions do not express their intentions or understanding." *City of Santa Cruz v. Pac. Gas & Elec. Co.*, 82 Cal. App. 4th 1167, 99 Cal. Rptr. 2d 198, 205 (Ct. App. 2000) .

The law could not be clearer concerning Plaintiff's inability to reassert claims that he has expressly agreed to dismiss.

**2. Conflict with Ninth Circuit Determination**

Plaintiff's averments concerning the CR2A conflict with the considered opinion of the appellate tribunal.

### IV. CONCLUSION

Accordingly, the Court is requested to make limitations on the evidence as it would benefit all parties in the interest of judicial economy and a speedy trial on any remaining genuine issues.

MOTION IN LIMINE TO EXCLUDE CAUSES OF ACTION BASED ON ESTOPPEL - 1

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Respectfully submitted this 16th day of October, 2025.

s/Patricia Ray
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: October 16, 2025

/s/ Brett Harris