**LEX TECNICA, LTD.**
F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com
*Attorneys for Plaintiff*

William J. Crowley
WSBA No. 18499
will@crowleylawoffices.com
CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
Fax (206) 624-8785

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, an individual,<br><br>Plaintiff,<br>v.<br>MMAS RESEARCH, LLC, a Washington limited liability company, et al.,<br>Defendants. | Case No.: 2:21-cv-01301-DWC<br><br>**PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 25(c) TO JOIN MORISKY MEDICATION ADHERENCE RESEARCH, LLC AS A CO-PLAINTIFF**<br><br>**NOTE ON MOTION CALENDAR:**<br>November 7, 2025 |

Plaintiff, Dr. Donald E. Morisky, moves under Fed. R. Civ. P. 25(c) for an order joining Morisky Medication Adherence Research, LLC ("MMAR, LLC") as a co-plaintiff following a post-filing transfer of the intellectual property rights at issue in this case. This procedural joinder will not disturb the pleadings or deadlines and will ensure any judgment runs to the proper rights-holder.

I. **FACTUAL BACKGROUND**

A. **Procedural History**

On September 4, 2021, Dr. Morisky filed a Complaint against Defendant MMAS Research, LLC, alleging infringement of Dr. Morisky's registered copyrights and trademarks and breach of the CR2A Agreement. After some motion practice and clarifying the issues, Plaintiff filed Second Amended Complaint. (W.D. Wash. ECF No. 22), Donald E. Morisky v. MMAS Research, LLC, et. al., No. 2:21-cv-1301-RSM-DWC (W.D. Wash., Nov. 19, 2021). Defendants filed their Answer and Counterclaims on May 23, 2022. Thereafter, Defendants filed a temporary restraining order and preliminary injunction, which the Court denied. The Court has also sanctioned Defendants for repeated discovery violations, failure to comply with court orders, spoliation of electronically stored information, including the destruction of a laptop containing license agreements after litigation commenced, and nonpayment of previously imposed monetary sanctions totaling $81,557.40. (ECF No. 255, 257, 267). This Court has ordered that the matter proceed immediately to trial (ECF No. 278).

B. **Assignment**

1. On June 8, 2023, Dr. Morisky executed a written Intellectual Property Assignment Agreement transferring to MMAR, LLC all right, title, and interest in the intellectual property asserted in this case, including:

   a. Copyrights:
      i. U.S. Reg. No. TX-8-285-390 (MMAS-4); and
      ii. U.S. Reg. No. TX-8-632-533 (MMAS-8).
   b. Trademark:
      i. U.S. Reg. No. 5,837,273 (MMAS), transferred together with the goodwill of the business symbolized by the mark.

2. A true and correct copy of the Assignment is attached as **Exhibit 1**.

3. MMAR, LLC is a Nevada limited liability company in good standing, formed January 22, 2019 (Nevada SOS Entity No. E0030882019-5).

Philip Morisky, Dr. Morisky's son, is the Manager of MMAR, LLC. *See* Assignment Agreement, Ex. 1, at 2. Attached hereto as **Exhibit 2**, is a declaration from Philip Morisky affirming his role as Manager, and that joinder will not delay proceedings.

## II.  LEGAL STANDARD

Rule 25(c) authorizes the Court, upon transfer of an interest, to order that the transferee be joined or substituted so that the action may continue in the original party's name. Joinder is discretionary and intended to facilitate enforcement of judgments without delay. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Rule 25, entitled "Substitution of Parties", states in pertinent part,

> (c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

*Id.*

The decision to substitute or join a successor in interest is left to the court's sound discretion, considering whether the transferee's presence would facilitate the litigation. *Id*. In deciding a substitution or joinder motion under Rule 25(c), "a court should consider whether substitution will expedite and simplify the action." *United States SEC v. Collector's Coffee Inc.*, 451 F.Supp.3d 294, 298 (S.D.N.Y. 2020) (internal quotation marks and citation omitted).

Most importantly, Rule 25(c) is designed to allow an action to continue unabated after an interest has been transferred. *In Re Bernal,* 207 F.3d at 598. Nothing is required to be done after an interest is transferred, and the judgment will be binding on the successor in interest even if the successor is not named. *Id.* (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed. 1986)).

## III.  ARGUMENT

Rule 25(c) permits the joinder of MMAR, LLC as a co-plaintiff in this action for three reasons: (1) a post-filing transfer of interest occurred from Donald Morisky to MMAR, LLC; (2) joinder would facilitate the litigation; and (3) keeping Donald Morisky as a plaintiff preserves pre-assignment claims.

### A.  A Post-Filing Transfer Occurred

The June 8, 2023, Assignment transferred all asserted IP rights to MMAR, LLC. *See* Assignment Agreement, Ex. 1. The transfer occurred after the filing of this action in 2021. Rule 25(c) expressly applies to such post-filing transfers of interest.

### B. Joinder is Procedural and Would Facilitate the Litigation

Joining MMAR, LLC as a co-plaintiff is a procedural, efficient step that simplifies the action and imposes no prejudice on Defendants. The joinder introduces no new claims, requires no additional discovery, and does not alter the existing schedule. Rather, its purpose is procedural and to ensure that any judgment reflects MMAR, LLC's current ownership of the intellectual property rights. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F.Supp.3d 76, 86 (D.D.C. 2017) (Rule 25(c) has no bearing on the substantive relationship between the parties, thus considerations of convenience and economy prevail). Defendants' rights and defenses remain unaffected, as the substantive claims and facts of the case are unchanged.

This procedural measure aligns with Rule 25(c)'s purpose of facilitating the conduct of the litigation unabated and ensures effective representation consistent with the rule's purpose of allowing the action to continue unabated. *See In Re Bernal,* 207 F.3d at 598 (Rule 25(c) is designed to allow an action to continue unabated after an interest has been transferred). As Manager, Philip Morisky can act as MMAR, LLC's designee, including for testimony, pursuant to Fed. R. Civ. P. 30(b)(6) ("The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.").

### C. Keeping Dr. Morisky as a Party Preserves Pre-Assignment Claims

Joinder, rather than substitution, is appropriate to preserve Dr. Morisky's claims for damages or other relief accruing before the June 8, 2023, assignment. Retaining Dr. Morisky as a plaintiff avoids potential disputes over apportionment of damages or the scope of pre- and post-assignment claims. *See In Re Bernal,* 207 F.3d at 598 ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even

though he is not named.") (citing 7C Wright, Miller & Kane § 1958). This approach ensures the litigation proceeds efficiently without complicating the existing record.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant this motion and join MMAR, LLC as co-plaintiff under Fed. R. Civ. P. 25(c), keeping Dr. Morisky in the case for pre-assignment claims and ensuring that any judgment inures to both.

Dated: October 20, 2025.

**LEX TECNICA, LTD.**

/s/ *F. Christopher Austin*
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of LEX TECNICA and that on October___, 2025, I served a copy of the foregoing, **PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 25(c) TO JOIN MORISKY MEDICATION ADHERENCE RESEARCH, LLC AS A CO-PLAINTIFF** as follows:

☐ **U.S. Mail:** By depositing a true and correct copy of said document(s) via U.S. mail, with postage pre-paid and addressed as listed below.

☐ **Hand Delivery:** I caused said document(s) to be delivered to the address(es) list below;

☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified above.

☒ **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system or Clark County District Court E-Filing system (Odyssey).

/s/ Brianna Show_____
An employee of LEX TECNICA