UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>    Plaintiff,<br><br>    v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>    Defendants. | No: 2:21-CV-01301-DWC<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER OF MORISKY MEDICATION ADHERENCE AS CO-PLAINTIFF** |

## RELEVANT BACKGROUND

Defendants MMAS RESEARCH LLC, Steven Trubow, Polina Feilbach, MMAS Research Italy SRL, MMAS Research France SAS, Rodney Watkins, and Dustin Machi oppose Plaintiffs' motion to join Morisky Medication Adherence as Co-Plaintiff.

Defendants oppose the Motion because the motion is untimely, lacks good cause under FRCP 25(c), fails to satisfy the diligence requirement under FRCP 16(b), would complicate the issues at trial, and would be unfairly prejudicial to Defendants who have prepared their defense based on the current party configuration.

**A. Plaintiff Lacks Diligence as Required under FRCP 16**

The Plaintiff seeks to add MMAR, LLC as a co-plaintiff based on a June 8, 2023, intellectual property assignment—over two years ago. Under FRCP 16(b)(4), modification of the scheduling order requires a showing of "good cause," which demands that the party seeking modification demonstrate diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff has failed to meet this burden. Plaintiff has not provided any explanation for the two-year delay in moving for joinder despite having knowledge of the alleged assignment since June 8, 2023. This lack of diligence is fatal to Plaintiff's motion under the standards established by this Circuit.

The parties are presently engaged in trial preparation and addressing pretrial motions. Permitting such an amendment at this stage would undermine the intent of Federal Rule of Civil Procedure 16, which is designed to provide certainty and facilitate orderly trial preparation.

The Ninth Circuit has consistently held that the "good cause" standard under Rule 16(b) primarily considers the diligence of the party seeking modification. *Id.* at

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 2

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

609. The scheduling order "may be modified only for good cause and with the judge's consent," and this standard "primarily considers the diligence of the party seeking the amendment." *Id.* The district court's discretion to modify the scheduling order is limited, and the focus is on whether the movant was diligent in seeking modification within the time permitted by the scheduling order. *Id.* at 609-10. Courts in this district have applied this standard strictly when parties seek to add new parties late in litigation. *See, e.g., Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend where party failed to show diligence despite knowing facts supporting amendment for substantial period).

In summary, Plaintiff's Motion offers no justification for the two-year delay and therefore fails to establish the diligence required under *Johnson*. Without such a showing, "good cause" does not exist to modify the scheduling order to permit joinder at this late stage.

**B . Lack of Good Cause for Joinder**

Plaintiff has not demonstrated adequate justification for seeking to join MMAR, LLC at this advanced stage of the proceedings. The only basis presented by Plaintiff is that joinder may be permitted under Rule 25(c) of the Federal Rules of Civil Procedure.

Rule 25(c) permits the Court to join or substitute a transferee after an interest transfer, allowing the action to proceed under the original party's name. *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). However, this is discretionary, and even if Rule 25(c)

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 3

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

applies, Plaintiff must still satisfy the requirements of Rule 16(b) when seeking to modify the scheduling order to add a party. *Johnson* at 609. The Ninth Circuit has made clear that Rule 16(b)'s "good cause" standard must be satisfied before the court considers whether amendment would be proper under Rule 15(a). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Plaintiff has not addressed the prejudice to Defendants from adding a new party at this advanced stage of litigation, particularly when Defendants have prepared their defense strategy, conducted discovery, and engaged in motion practice based on the current party configuration. The addition of a new plaintiff with potentially different claims or theories of liability would require Defendants to revisit their entire litigation strategy. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (considering prejudice to opposing party in evaluating joinder motion).

### B. <u>Joinder Complicates the Case by Raising Issues as to the Scope of the Assignment</u>

The Plaintiff's motion creates substantial uncertainty as to what intellectual property rights were actually assigned to MMAR, LLC. The Ninth Circuit, in its March 13, 2024, Memorandum in this case, found that the CR2A agreement did not transfer certain rights to the Plaintiff. Given this Circuit's prior ruling on the scope of rights transfers in this very litigation, the joinder request raises serious questions about what claims MMAR, LLC could properly assert and whether its addition would impermissibly expand the scope of this litigation beyond what the scheduling order

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 4

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

contemplated. Permitting joinder under these circumstances would require the parties and the Court to engage in extensive additional briefing and potentially discovery regarding the scope and validity of the June 8, 2023 assignment—issues that should have been resolved long before trial preparation. This alone constitutes substantial prejudice to Defendants and demonstrates why the motion should be denied under both Rule 16(b) and Rule 25(c).

### C. Fairness Considerations and Prejudice to Defendants

Even if the Plaintiff could satisfy the procedural requirements for joinder under Rule 25(c)—which Defendants dispute—courts must assess fairness and possible prejudice to Defendants. *Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). In Coleman, the Ninth Circuit emphasized that prejudice to the opposing party is a critical factor in determining whether to permit amendment or joinder, particularly when sought late in litigation. Id. Here, the timing of Plaintiff's motion—filed weeks before trial was initially scheduled—severely impacts Defendants' ability to prepare and present their case. Defendants have invested substantial time and resources in preparing their defense based on the claims and theories asserted by the current Plaintiff. The addition of a new plaintiff at this stage would fundamentally alter the litigation landscape.

Significantly, Plaintiff's arguments in support of joinder do not address the requirement that the court consider fairness to all parties. The Ninth Circuit has

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 5

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

repeatedly emphasized that courts must evaluate prejudice and fairness when deciding joinder motions, particularly when sought late in litigation. *Lockheed* at 986; *Coleman* at 1294-95. This principle is reinforced by *Glenn v. Purdue Pharma Co.,* 2003 U.S. Dist. LEXIS 20657 (N.D. Miss. 2003), which emphasizes the necessity for courts to evaluate fairness when deciding joinder motions. The Court must therefore consider not only the legal standards under Rule 25(c) but also the fairness and potential prejudice to Defendants under the totality of the circumstances. The analysis must extend beyond technical requirements to include an assessment of how the proposed addition would impact each party's ability to litigate fairly.

    In this case, the late filing of the motion for joinder directly impairs Defendants' ability to present their defense. Specifically, Defendants have: (1) conducted discovery based on Plaintiff's claims and standing; (2) developed defense strategies and theories specific to Plaintiff's ownership and rights; (3) prepared expert reports and disclosures addressing Plaintiff's claims; (4) filed and briefed dispositive motions based on the current party configuration; and (5) prepared for trial based on the claims and parties identified in the scheduling order. Adding a new plaintiff at this juncture would require Defendants to revisit all of these strategic decisions and potentially conduct additional discovery, all while trial preparation continues. Notably, Plaintiff's Motion does not address essential considerations.

    The Court's discretion in this Motion for Joinder must include careful attention

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 6

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

to the broader implications including determining whether the inclusion of an additional party will clarify or further complicate case management. Precedential cases such as *Desert Empire Bank* v. Ins. Co., 623 F2d.1371 (9th Cir 1980) provide guidance In the *Desert Empire Back* case the Ninth Circuit stated that the court must examine the relevant factors in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. For example, when making a decision whether to allow the permissive joinder of a party, a court should consider the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties…

    A Maryland case, *Third Degree Films v. Doe,* LeXis 59233, (DMD 2012*)* comments that although Rule 20 grants courts wide discretion concerning the permissive joinder of parties.  The permissive joinder rule is to be construed in view of its purposes to promote trial convenience and expedite the final determination of disputes. If the addition of parties would not promote these objectives--or if it would result in "prejudice, expense, or delay"--the court may deny joinder.

    C. **Conclusion: Prejudice Will Result from this Joinder**

    While courts do have discretion to allow joinder when the criteria outlined in the Federal Rules are met, they must also ensure that no unfairness results from such a

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 7

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

decision. In the present circumstances, introducing this new party late in the litigation could cause delays, complicate the proceedings, and potentially place Defendants at a disadvantage. The court should carefully consider whether adding a new party at this stage would facilitate resolution of the issues or merely introduce additional difficulties.

For these reasons, Defendants submit that the request for joinder should be denied.

*(Signatures on next page)*

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 8

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104

Respectfully submitted this 3rd Day of November, 2025.

<u>s/Patricia Ray</u>
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

<u>s/ Brett Harris</u>
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: November 3, 2025

/s/ Brett Harris

RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JOINDER OF MORISKY MEDICATION
ADHERENCE AS CO-PLAINTIFF - 9

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104