UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>        Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,<br><br>        Defendants. | NO. 2:21-CV-01301-DWC<br><br>**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO FOR DISQUALIFICATION** |

## INTRODUCTION

Defendants submit this reply to the Opposition Response to Defendants' Motion for Disqualification of Christopher Austin as trial counsel. Austin's sole line of defense against civil and criminal allegations is focused on supposed procedural deficiencies.

Austin answers the Motion himself rather than having it answered by one of Plaintiff's co counsels. The objections are self-serving and he neither directly

answers the accusations on their merits nor does Austin address the truth or falsity of the underlying violations of Washington statutes, ethical breaches, perjury and criminal statute claims.

The failure to address these substantive ethical and factual issues in the opposition leaves the core grounds for disqualification unrebutted. Allowing Attorney Austin to serve as both Plaintiff's witness and legal counsel will be confusing to the court and prejudicial to the proceedings.

Accordingly, the Court should grant Defendants' motion to disqualify Mr. Austin to preserve the integrity of the judicial process and prevent the risk of undue prejudice or confusion at trial.

### A. Failure To Respond Constitutes Consent

Under prevailing case law, silence may be interpreted as consent to the requested relief. Courts frequently view a lack of legal response as assent. For example, cases like *Nicolaus v. West Side Transp., Inc*., 185 F.R.D. 608 (D. Nev. 1999), *Reichert v. Rapid Investments, Inc.,* 56 F.4th 1220 (9th Cir. 2022) demonstrate that remaining silent may be interpreted as acceptance.

Furthermore, the absence of any substantive reply in denial of Attorney Austin's misbehavior is telling.

### B. Plaintiff's Procedural Objections Lack Merit

Plaintiff's Procedural Objections are inappropriate and inapplicable to the Motion:

- Defendants' Motion is not Untimely.

Plaintiff attempts to defend by arguing that Defendants' motion is untimely. (See Section A." Defendants' motion is untimely and has been waived".) That argument is ineffective and untrue, particularly because the inequitable actions by Austin have continued into the present. See Exhibits 14 and 15.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

- **Defendants' Have Standing To Seek Disqualification**

Plaintiff's response wrongly claims that Defendants do not have standing (See B. Defendants lack standing to seek disqualification).

Whereas "standing" is a threshold question in a Motion for disqualification, in the present case Defendants standing is unquestionable. Defendants have standing because of their constitutional rights to a fair trial. The record makes clear that Defendants' standing is firmly established, due to the misconduct that Attorney Austin directed at them. Austin's misconduct identified below toward the joint counsel who represented both Plaintiff and Defendant demonstrates the necessity for his disqualification:

### C. False testimony to the Court

In the transcript of a hearing in the instant matter. Austin lied to the Court which portends similar fairness issues in the upcoming trial for the Defendant. See Exhibit 2.

**Interference With Joint Representation Counsels De Reynal, Hoeller, Gross, And Fong**

Austin, acting as Plaintiff's personal lawyer instructed Charlotte De Reynal, a French joint counsel to destroy material evidence. The intentional destruction of evidence are serious crimes in both France and the United States and provide Defendants with cause to move for disqualification of Austin for tampering with or destroying evidence. See Exhibit 11

Austin, acting as Plaintiff's personal lawyer threatened joint counsel Peter Hoeller with disbarment or a lawsuit to coerce Hoeller into supplying evidence for the instant matter. See Exhibit 13.  Federal criminal law, specifically 18 U.S. Code

§512, prohibits Austin from threatening Hoeller to extract evidence to help make the Plaintiff's case.

Washington's Rule 8.4 of the Rules for Professional Conduct prohibits Austin from threatening disciplinary charges against Hoeller to gain an improper advantage in the instant matter.

Austin, acting as Plaintiff's personal lawyer, instructed joint counsel Kimberly Fong to violate her letter of engagement with Plaintiff and Defendant and represent just the Plaintiff to settle an infringement. This created a conflict of interest for joint counsel for Fong who then resigned on the advice of the California Bar Association.

Austin, acting as Plaintiff's personal lawyer, instructed joint counsels Hoeller and Gross to cease and desist from granting any license in the Widget or authorizing Defendant to provide any training or corrective services as specified in the CR2A. Exhibit 3.

At trial, it is necessary to limit Austin from cross-examining De Reynal, Fong, Hoeller, and Gross due to prior misconduct involving intimidation, threats, and undue persuasion directed at joint counsel. Austin's participation in the trial poses a risk of prejudice against the Defendant and may compromise the integrity of the judicial process.

The Seventh Circuit's decision in *Analytica, Inc. v. NPD Research, Inc.* (1983) confirmed the authority of courts to disqualify attorneys in order to preserve judicial integrity. Conduct such as that attributed to Austin can potentially result in disciplinary actions by the bar and, in severe instances can lead to criminal charges e.g. *United States v. Avenatti*, 2023 81 F.4th 171(2nd Fir 2023)(extortion in interstate commerce)His continued involvement could impact the fairness of these proceedings and introduce complications for the Court.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 4

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

In sum, the removal of Mr. Austin as counsel is warranted and necessary to protect the integrity of the trial and ensure proceedings are conducted appropriately and without improper influence.

### D. Necessity Of Austin As A Witness

Plaintiff asserts that Austin is not a necessary witness (Response C: Mr. Austin is not a necessary witness under RPC 3.7). But, according to Washington RPC 3.7, a lawyer cannot advocate in a trial where they may be a necessary witness. With Mr. Morisky unable to testify, only Austin will be a principal witness with knowledge of the disputed issues, creating a conflict due to his dual role as both advocate and witness.

### E. Absence Of Hardship to Plaintiff

Courts must balance the client's hardship against the benefits of attorney disqualification. *Am. States Ins. Co. ex rel. Kommavongsa v. Nammathao,* 153 Wash. App. 461, 468, 220 P.3d 1283, 1286 (2009)(A trial court may remove an attorney from representing a party to litigation if the attorney is a necessary witness in the litigation and the court makes appropriate findings justifying the action). Plaintiff claims significant hardship would result if Austin is disqualified, but Defendants disagree--Plaintiff has other attorneys on the case.

Disqualifying Austin would not unduly burden Plaintiff but is necessary to uphold fairness due to Austin's alleged misconduct, including perjury, evidence tampering, and intimidation. Such removal is vital to judicial integrity.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 5

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**Plaintiff Wrongly Claims the Challenged Conduct is protected litigation activity.**

Plaintiff's attempts to shift focus from the allegations to an assertion that Austin is protected by multiple privileges. Plaintiff states:

"Defendants' accusations focus on communications and advocacy that are privileged under well-established doctrines of absolute immunity. Under Washington law, the litigation privilege provides absolute immunity for communications made in the course of a judicial or quasi-judicial proceeding that bears some relation to the subject matter of the litigation. *McNeal v. Allen,* 95 Wn.2d 265, 267 (1980). This privilege, reaffirmed in Young v. Rayan, 27 Wn. App. 2d 500, 508-09, 531 P.3d 804, 810 (2023), and *Mason v. Mason*, 19 Wn. App. 2d 803, 830-31, 497 P.3d 431, 447 (2021), ensures that attorneys can zealously represent their clients without fear of civil liability or disqualification arising from statements, pleadings, or other litigation-related conduct. Federal law likewise recognizes the Noerr-Pennington doctrine, which confers absolute immunity for petitioning activity directed toward courts and agencies, including "conduct incidental to a lawsuit" such as statements, communications, and posting. Sosa v. DIRECTV, Inc., 437 F.3d 923, 933 (9th Cir. 2006); Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1007 (9th Cir. 2008). The privileged nature of these communications was already litigated and resolved attention from his unethical action.

He further states that "Defendants focus on communications and advocacy that are privileged under well-established doctrines of absolute immunity. Under Washington law, the litigation privilege provides absolute immunity for communications made in the course of a judicial or quasi-judicial proceeding that bears some relation to the subject matter of the litigation."

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 6

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

### Prior rejection of the Privilege Argument by this Court.

The above is a misplaced refrain was previously rejected when he presented this same argument to this Court--In DKT 86 Plaintiff as claimed that Austin's threatening April 21, 2022, letter was protected by absolute litigation privilege in the instant matter. But this Court refused any such argument for privilege.

Not only was the argument for absolute litigation privilege for the Austin letter rejected by this Court. This Court also rejected the theory that his common law conditional reply privilege shields Austin and Morisky from liability for "the April 21, 2022 Letter and all communications allegedly made by Morisky through Austin [because they were made] in response to false allegations regarding this case and its proceedings" entitling Plaintiff to "set the record straight". Dkt. 79 at 9. To the contrary, after careful review of the relevant evidence this Court found the conditional reply privilege only protects "[a]llegedly libelous statements, spoken or written by a party or counsel in the course of a judicial [or extrajudicial] proceeding … if they are pertinent or material to the redress or relief sought[,]" and as it appears Plaintiff's April 2022 letter was not written to redress allegedly libelous statements made by Defendants regarding the Court's denial of Plaintiff's preliminary injunction, the Court concurs with Defendants that the conditional reply privilege does not apply in this context. *McNeal v. Allen*, 95 Wash.2d 265, 267 (1980); *Demopolis v. Peoples Nat'l Bank*, 59 Wn. App. 105, 109 (Wash. Ct. App. 1990).

Austin's assertion that litigation privilege gives him absolute immunity DOES NOT permit him to provide false testimony to this Court. While seeking discovery sanctions, Austin made untruthful statements. DKT 244 is a verbatim transcript from the October 19, 2023, hearing in this case—Austin falsely told the Court: "In our request for interrogatories, we asked for all of the contact information

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

for all of the joint counsel. We received no contact information for any of the joint counsel. **So, to say that we can subpoena them is impossible."**

A true and correct copy of the transcript of the hearing on October 19, 2023, is provided in Exhibit 2. Austin lied to this Court claiming that Plaintiff did not have the contact information for joint counsels Gross, Hoeller, Fong and De Reynal, among others, two years after he negotiated the letters of representation (This supporting evidence is in Exhibit 7 for joint counsel Kimberly Fong, Exhibit 11 for joint counsel Charlotte de Reynal, and Exhibit 9. for joint counsels Kenneth Gross and Peter Hoeller).

In a fabrication on 8/11/2022 Austin declared in DKT 76 that Defendants' claims regarding April 21, 2022, were baseless and barred by litigation privilege in the instant matter. Austin argued the common law conditional reply privilege shields him and Plaintiff Morisky from liability for "the April Letter and all communications allegedly made by Morisky through Austin [because they were made] in response to false allegations regarding this case and its proceedings" entitling Plaintiff to "set the record straight". Dkt. 79 at 9.

After thorough review, the Court agreed that Defendant's interpretation of the timeline is accurate. Since conditional reply privilege only covers statements relevant to relief sought, and Austin's April 2022 letter did not address allegedly libelous statements about the Court's denial of Plaintiff's preliminary injunction, this privilege does not apply here. See *McNeal v. Allen*, 95 Wash.2d 265, 267 (1980); *Demopolis v. Peoples Nat'l Bank*, 59 Wn. App. 105, 109 (Wash. Ct. App. 1990).

**F. Defendants' allegations of misconduct Certainly do not lack evidentiary support.**

Plaintiffs falsely claims that Defendants motion relies "heavily on rhetoric but provides no factual foundation." There is no rebuttal to the numerous facts that have

been presented: Austin defied a state-court mediation order, issued threats, and tortiously interfered with Defendants 200 protected perpetual Morisky Widget licenses.

Defendants provide a factual foundation of concrete evidence of Austin's interference with third party joint counsels Gross, Hoeller, Fong and Reynal in Exhibits 7, 8, 9, 11, and 12.

In accordance with the CR2A Plaintiff and Austin signed an enforcement letter for Steve Trubow, MMAS Research, LLC, or any attorney working on their behalf or designated by either of them to represent my interests in pursuing, settling and litigating any claim for infringement of intellectual property rights to the MMAS-4, MMAS-8, and Morisky Widget accruing on or before December 3, 2020. Exhibit 17. The record clearly demonstrates that Austin and Plaintiff withdrew the letter of authorization without cause, and joint counsels can confirm this through their testimony. This fact directly undermines Plaintiff's assertion that Defendants' Motion improperly attempts to revive dismissed counterclaims. In reality, there is no legitimate basis for claiming that Austin's conduct is shielded by any form of immunity, given the Court's prior dismissal of those counterclaims. While certain facts may intersect, Defendant retains the right to seek Austin's disqualification by presenting relevant evidence from the dismissed claims, as such evidence is admissible for the procedural purpose at hand. The Court's role in this matter is strictly to evaluate the ethical propriety of Austin's actions under professional conduct rules, not to revisit the substance or sanctions related to the dismissed counterclaims. The dismissal itself does not render the underlying facts inadmissible if they bear on the alleged ethical violations and perjury cited in the motion. Thus, the sanctions and prior dismissal serve as distinct legal determinations, separate from the ongoing consideration of Austin's alleged misconduct. Defendants are not barred

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 9

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

from equitable relief based solely on previous sanctions or accusations of unclean hands, and these do not preclude the current motion to disqualify Plaintiff's counsel. This motion squarely asks the Court to weigh professional ethics, independent of prior discovery outcomes, and to consider whether Austin's actions merit disqualification in order to preserve the integrity of these proceedings.

### G. There is no basis for Plaintiff's statement that Defendants motion improperly seeks to revive dismissed counterclaims.

There is no plausible claim that Plaintiff's alleged immunity covers Austin's conduct, as the Court has already dismissed Defendants' counterclaims. Although some facts overlap, Defendant may still move to disqualify Austin using relevant evidence from those dismissed claims, since it is admissible for this procedural matter. The court is only tasked with determining the ethics of Austin's actions, not revisiting the substance or sanctions of the prior counterclaims. illegal.  In a motion for disqualification, this Court should apply rules of professional conduct, not evidentiary rules.

The fact that the counterclaims were dismissed does not necessarily mean the underlying facts are inadmissible. The Court should consider the facts relevant to the ethical violation and acts of perjury as alleged in the otiom. The dismissal of the counterclaims is a separate legal matter from whether the *evidence* of those claims is relevant to disqualification.

The sanctions and dismissal of the counterclaims do not exclude the underlying evidence for Defendant's different, independent motion for disqualification which is based on Austin's misconduct.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 10

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**H. Plaintiff Wrongly Assert that Defendants are barred from equitable relief.**

Austin argues he is not subject to this remedy because of past sanctions or allegations of unclean hands against Defendant. This, however, should not automatically prevent Defendant from filing a motion to disqualify Plaintiff's counsel. Although the Court previously sanctioned Defendant, this Motion asks the Court to decide the disqualification motion based on professional conduct rules, rather than prior discovery sanctions.

## SUMMARY OF RESPONSE TO PLAINTIFF'S MOTION

Plaintiff is off base in claiming that "Defendants' motion to disqualify counsel is untimely, unsupported by evidence, contrary to the governing law and frivolous on accusations previously rejected by this and her courts, and on conduct that is squarely protected by the litigation privilege." To the contrary, Defendants motion seeks to protect the integrity of these proceedings.

Defendant has provided concrete evidence that Austin has violated federal criminal statutes including **falsification of evidence** and **lying in a court hearing (perjury)** that require not only disqualification but criminal prosecution and disbarment.

Austin's duty of candor to this Court is paramount to maintaining the integrity of the judicial process. To allow Austin to continue to prosecute this case would be antithetical to the integrity of the judicial process. Austin's behavior in the instant matter has been in fundamental opposition to the core principles of fairness, impartiality, and public confidence that the justice system is built upon.

Other federal cases involve attorney misconduct that can lead to disqualification, such as violating rules of professional conduct regarding conflicts of interest, dishonesty, or conduct that prejudices the administration of justice.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 11

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

A prominent example of a federal court attorney disqualification for such conduct is found in the case involving attorney **Richard P. Liebowitz**, who was disbarred by the state of New York following his suspension from practice in the U.S. District Court for the Southern District of New York. The suspension and subsequent disbarment were a result of a "pattern and practice of failing to comply with court orders and making false statements to the court," which demonstrated a profound lack of respect for the court's authority and an undermining of the judicial process.

## CONCLUSION

In sum this Court should consider whether Austin's misconduct could jeopardize Defendant's right to a fair trial, a fundamental aspect of due process. Defendants' argument that fairness in this trial requires that Austin be disqualified from serving as counsel pro hac vice in the trial in this matter. The following cases may serve as guidance on the question of fairness:

*In re Murchison* (1955): the Supreme Court emphasized the importance of preventing "even the probability of unfairness" and the need for a fair and impartial tribunal. This general principle applies to all participants in the justice system, including counsel.

*Darden v. Wainwright* (1986): This case, involving a prosecutor, established a high bar for misconduct claims. A conviction will be reversed only if the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process". This standard is often applied to determine if *any* counsel's misconduct warrants a new trial.

*Strickland v. Washington* (1984): While ineffective assistance of counsel case, it sets the standard that prejudice requires a showing that, "but for the counsel's unprofessional errors, the result of the proceeding would have been different". A

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 12

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

similar threshold for impact on the trial's outcome is often used when assessing harm caused by opposing counsel's misconduct.

Respectfully submitted this 14th Day of November, 2025.

        s/Patricia Ray
        Patricia Ray
        Pennsylvania Bar # 31989
        The Law Office of Patricia Ray
        1317 Nettles Boulevard
        Jensen Beach, Florida 34957
        Telephone: 215-908-6810
        raypatricia@yahoo.com

        s/ Brett Harris
        Brett Harris, WSBA #55680
        VIRGO LAW LLC
        119 1st Ave. S., Ste. 310
        Seattle, WA 98104
        Telephone: (206) 569-8418
        Brett@virgolawseattle.com

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: November 14, 2025

        /s/ Brett Harris

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION TO DISQUALIFY - 13

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418