**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Donald Morisky,<br><br>    Plaintiff,<br><br>v.<br><br>MMAS Research LLC, et al.,<br><br>    Defendants. | NO. 2:21-CV-01301<br><br>**REQUEST OF THE COURT TO TAKE JUDICIAL NOTICE OF RECENT DECISIONS IN RELATED CASES** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** Pursuant to Federal Rule of Evidence 201, Defendants respectfully request that this Court take judicial notice of a recent Orders issued by the Nevada Federal District Court ("the Nevada Order") and the Massachusetts Federal District Court (the "Massachusetts Order") regarding the same Intellectual Property at issue in the present matter at hand. Exhibits 1 and 2 are attached in support of this request.

This request is grounded in the principles established by Federal Rule of Evidence 201, which authorizes a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute either because it is (1) generally known within the court's territorial

MOTION TO TAKE JUDICIAL NOTICE OF
RECENT DECISIONS IN RELATED CASES - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The adjudicative facts are contained in the Orders, Exhibits 1 and 2. Its connection to the present case is explained below.

## THE AJUDICATIVE MATTER

The relevance of Exhibits 1 and 2 is identified below for the Court's consideration.

**Exhibit 1:**

Exhibit 1 is an Order issued by the Federal District Court of Nevada in the matter captioned "Adherence v. CVS Pharmacy, Inc." (District Court Nevada 2025, Case No. 2:24-cv-1590) JCM (NJK), signed by District Judge James McMahan on June 25, 2025. In that case the Plaintiff, Adherence, asserted ownership of federally registered copyrights in the MMAS-4 and MMAS-8 adherence scales and alleged that Defendant CVS has infringed and misused those same scales. Although CVS is not a party to the present action, the Nevada court's determination that the 2007 MMAS-4 and 2006 MMAS-8 are not copyrightable subject matter is directly pertinent because in this case Plaintiff is asserting their infringement Also. Defendants assert ownership the 2017 Morisky Widget MMAS-4 and MMAS-8 Digital Source Code.

In the pertinent portion of Exhibit 1, addressing "The Copyrightability of MMAS-4 and MMAS-8," the Nevada court held that the 2007 MMAS-4 and 2006 MMAS-8 scales are uncopyrightable blank forms under 37 CFR Section 202(c) and Ninth Circuit precedent including *Bibbero Systems Inc. v. Collwell Systems Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990. ) Because the MMAS-4 and MMAS-8 were found to be uncopyrightable blank forms that do not convey protectable expression in their blank state, the Nevada Court dismissed the copyright

MOTION TO TAKE JUDICIAL NOTICE OF
RECENT DECISIONS IN RELATED CASES - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

infringement claim with prejudice

**Exhibit 2:**

Exhibit 2 is a Memorandum and Order issued in the case of MMAS v Boston Children's Hospital et al, case No. 24.cv-12108 from the Federal District Court of Massachusetts. This Exhibit denied a Motion to Dismiss filed by the Morisky Defendants for alleged lack of jurisdiction in that case. The significance of the Court's Memorandum and Order is a denial and detailed explanation therefor by the Court that privileges asserted by Morisky in the instant case do not provide immunity for the threats communicated in the Austin Letter.

## LEGAL ARGUMENTS FOR JUDICIAL NOTICE

This request meets the requirements for judicial notice as follows:

1. **Unquestionable Accuracy**: Exhibits 1 and 2 are available from Federal Courts as issued and therefore of unquestionable accuracy.
2. **Public Availability and Verification**: Exhibits 1 and 2 are publicly available filing which may be readily verified through official court records and reputable research databases.
3. **Relevance to Litigation**: The relevance of the Exhibits is to provide the Court with reference to Nevada District Court determinations concerning the same MMAS-4 and MMAS-8 asserted as copyrighted works in this case are not copyrightable under the "blank forms" doctrine. Judicial notice of the existence and content of that ruling should assist the Court in evaluating copyright-based allegations concerning the distinction between the 2007 MMAS-4 and 2006 MMAS-8 and the 2017 Morisky Widget MMAS=4 and MMAS-8 Source Code.

   As to Exhibit 2, the Massachusetts Order, this request for Judicial Notice informs the Court of parallel a District Court litigation holding the unavailability of claimed litigation privilege as a defense to culpability unfounded for threats made in the Austin Letter.

### 4. Factual Background and Context

*In Adherence v. CVS Pharmacy, Inc.*, the Nevada District Court concluded that MMAS-4 and MMAS-8 re uncopyrightable blank forms and dismissed the copyright infringement claim with prejudice. Judicial Notice of the Nevada Order will provide useful background as the Court evaluates arguments involving arguments alleging copyright in the Morisky Widget MMAS-4 and MMAS-8 diagnostic assessments of medication behavior.

As to the Massachusetts Order, this request for judicial notice informs the Court of a recent Federal District Court rulings regarding facts and defenses similar to those being examined in this case. These orders may help the Court assess the Plaintiff's allegations, the Defendants' defenses, and arguments related to copyrightability of the MMAS-4 or MMAS-8 scales.

### **CONCLUSION**

This submission of Exhibits 1 and 2 is intended to support the following finding for Judicial Notice:

1. It is an Adjudicative Fact that the Federal District Court of Nevada, in a case titled "Adherence v. CVS Pharmacy, Inc." (District Court Nevada 2025, Case No. 2:24-cv-1590), ruled that the MMAS-4 and MMAS-8 scales are uncopyrightable blank forms and on that basis dismissed the infringement claim with prejudice.

2. It is an Adjudicative Fact that in the case of MMAS v Boston Children's Hospital et al, case No. 24.cv-12108 the Federal District Court of Massachusetts has issued a Memorandum and Order that denied arguments by Morisky that there exists a privilege concerning the litigative effect of the Austin letter.

3. The Exhibits meet the criteria for Judicial Notice as it is indisputable and easily verified in public records. Judicial notice of the Nevada District Court Order and the

MOTION TO TAKE JUDICIAL NOTICE OF
RECENT DECISIONS IN RELATED CASES - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Massachusetts Court Order provide relevant subject matter that may assist in resolving issues efficiently and fairly.

Respectfully submitted this 16th day of December, 2025.

        s/Patricia Ray
        Patricia Ray
        Pennsylvania Bar # 31989
        The Law Office of Patricia Ray
        1317 Nettles Boulevard
        Jensen Beach, Florida 34957
        Telephone: 215-908-6810
        raypatricia@yahoo.com

        s/ Brett Harris
        Brett Harris, WSBA #55680
        VIRGO LAW LLC
        119 1st Ave. S., Ste. 310
        Seattle, WA 98104
        Telephone: (206) 569-8418
        Brett@virgolawseattle.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: December 16, 2025

        /s/ Brett Harris

MOTION TO TAKE JUDICIAL NOTICE OF
RECENT DECISIONS IN RELATED CASES - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418