LEX TECNICA LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

DONALD E. MORISKY, an individual,

Plaintiff,

v.

MMAS RESEARCH, LLC, a Washington limited liability company, et al.,

Defendants.

Case No.: 2:21-cv-01301-RSM-DWC

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND MOTION IN LIMINE, SECOND OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE, AND REPLY IN SUPPORT OF MOTIONS IN LIMINE FOR VIOLATION OF LCR 7(d)(5)**

NOTE ON MOTION CALENDAR: February 9, 2026

Plaintiff Donald Morisky respectfully moves this Court to strike: (1) Defendants' prohibited second motion in limine, captioned "Motion in Limine to Permit Evidence of MMAS Ownership" ("Prohibited 2nd MIL") (Dkt. #289, filed October 17, 2025); (2) Defendants' prohibited second opposition to Plaintiff's consolidated motions in limine, captioned "Response in Opposition to Plaintiff's Motions in Limine 1,2,4,5" ("Prohibited 2nd MIL Opposition") (Dkt. #301, filed November 11, 2025); and (3) Defendants' prohibited reply in support of their motions in limine, captioned "Defendants' Reply to Plaintiff's Opposition to Defendants' Motion in Limine to Exclude Causes of Action Based on Estoppel" ("Prohibited MIL Reply") (Dkt. #304, filed November 17,

2025).

Pursuant to Local Civil Rule 7(d)(5), and the Court's inherent authority to enforce its rules, all of these filings are prohibited by Rule 7(d)(5) and should be stricken. Defendants' improper motions also circumvent the length limits of Local Civil Rule 7(e)(5). Pursuant to Local Civil Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent powers, Plaintiff further requests that the Court impose sanctions on Defendants for their continuous, egregious, and willful refusal to comply with the applicable rules and orders of this Court, including: (i) striking Defendants' motions in limine; and (ii) awarding Plaintiff's attorneys' fees and costs incurred in preparing this Motion and require remittance of all fees and costs awarded Plaintiff prior to permitting Defendants or their counsel to further proceed in this action.

In the alternative, should the Court decline to enforce the Local Rules of this Court by striking Defendants' Prohibited Filings, then the only equitable remedy would be to give Plaintiff the same briefing opportunities Defendants took by violating the Rules.[1]

## I. STATEMENT OF FACTS

On October 16, 2025, Defendants filed their first motion in limine, captioned "Motion in Limine to Exclude Causes of Action Based on Estoppel". Dkt. #288. The following day, October 17, 2025, Defendants filed a second, entirely separate motion in limine, the Prohibited 2nd MIL. Dkt. #289. On November 4, 2025, Defendants filed an opposition (Dkt. #295) to Plaintiff's consolidated motions in limine filed as one motion. On November 11, 2025, Defendants filed a second opposition to Plaintiff's consolidated motions in limine, the Prohibited 2nd MIL Opposition. Dkt. #301. These Prohibited MILs were not consolidated into a single document as required by Local Civil Rule 7(d)(5). On November 17, 2025, Defendants filed a reply in support of their motions in limine, the Prohibited MIL Reply (Dkt. #304), in violation of LCR 7(d)(5) expressly providing that "[n]o reply papers shall be filed." Defendants neither sought nor received leave of the court to violate the Court's

---

[1] Plaintiff notes that the deadline to file an opposition should one be required has not yet passed as the deadline per Rule 7(d)(5) is "6 days prior to the pretrial conference" which has not yet been scheduled by the Court. Order Setting Trial Dates and Related Dates, entered Oct. 28, 2025 (Dkt. 292) at 2.



LEX TECNICA LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

Rules.

## II. LEGAL STANDARD

### A. The Local Rules Bar Defendants' Filings

LCR 7(d)(5) is unambiguous: "all motions in limine shall be filed as one motion," not as separate motions, and "[n]o reply papers shall be filed" at all. The Rule requires all MILs be brought as a single consolidated motion and prohibits outright the filing of any reply in support of any MIL. Rule 7(e)(5) further provides that the "one [MIL] motion" and any opposition to it "not exceed 6,300 words."

### B. Standards for Striking Filings Under the Local Rules

The Local Civil Rules are binding procedural requirements that apply to all civil proceedings in this District. *See* Introduction to the Civil Rules (stating that the rules "apply to all civil proceedings before this court unless otherwise ordered in a specific case"); LCR 86 (rules "shall apply to every civil case pending in the Western District of Washington"). When a filing violates the Local Rules or exceeds the scope of what the Rules authorize, the Court consistently strikes the filing and declines to consider it. *See* Dkt. #137 at 1 ("If a filing does not comply with the LCRs, the Court may strike the filing without further consideration."); Dkt. #140 at 2 (striking motions for failure to comply with LCRs); Dkt. #184 at 5 (striking motion in limine for failure to meet and confer and lack of certification).

This Court has continuously been required to strike Defendants' filings for violation of this Court's rules. In June 2023, the Court warned Defendants after violating the rules that "if a filing does not comply with the LCRs, the Court may strike the filing without further consideration." Dkt. #137. Defendants continued to refuse to comply, requiring the Court to sanction Defendants and strike Defendants' filings for violations of the Court's orders and LCR 10(e), LCR 5(g), and LCR 7(d). *See* Dkts. #137, #140, and #184.

### C. Sanctions Under LCR 11(c) and 28 U.S.C. § 1927

LCR 11(c) expressly authorizes sanctions when a party "fails to comply with these rules" or "otherwise multiplies or obstructs the proceedings." The rule permits the Court to impose sanctions to deter future violations, compensate the opposing party for costs incurred, and vindicate the Court's

LEX TECNICA LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

authority.

District courts routinely impose sanctions for repeated failures to comply with Local Rules. In *Smyth v. Merchs. Credit Corp.*, the Court sanctioned counsel who repeatedly failed to follow the Local Rules, characterizing such failures as "reckless conduct" that the Rules and 28 U.S.C. § 1927 deter. 2014 U.S. Dist. LEXIS 68058, at *7.

**D. The Court's Inherent Authority**

This Court possesses broad discretion to manage pretrial proceedings and enforce compliance with its Local Rules. LCR 7(d)(5) is not advisory; it is a mandatory directive designed to prevent the very conduct Defendants have engaged in: piecemeal motion practice that fragments issues, burdens opposing counsel, and clutters the docket.

The Ninth Circuit has repeatedly affirmed that district courts retain inherent authority to control their proceedings and sanction parties for procedural violations. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005) (". . . the decision to impose sanctions under its inherent authority is within the sound discretion of the district court."). The Supreme Court has likewise recognized a court's inherent power to impose sanctions for bad-faith conduct that abuses the judicial process, even where specific rules provide alternative remedies. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Washington appellate courts have enforced analogous local rules with equal rigor. In *Shavlik v. Dawson Place*, the court upheld the exclusion of evidence for failure to comply with procedural formatting requirements, emphasizing that strict adherence to local rules is essential to fair and efficient case management. 11 Wn. App. 2d 250, 271–73, 452 P.3d 1241 (2019). In *Bancroft v. Minn. Life Ins. Co.*, the court, referencing this same rule holding that absent a court order expressly authorizing multiple motions in limine, such filings are prohibited. 329 F. Supp. 3d 1236, 1247-1248 (W.D. Wash. 2018). No such authorization exists here.

## IV. ARGUMENT

**A. Defendants' Prohibited Filings Violate LCR 7(d)(5) and Should Be Stricken.**

LCR 7(d)(5) leaves no room for interpretation: all motions in limine must be presented in a single, consolidated filing. Defendants' decision to file two standalone motions in limine constitutes

LEX TECNICA LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

a flagrant violation of this Rule. The two Defendant motions in limine are required to have been "filed as one motion". The Prohibited 2d MIL violates the "one motion" limitation of Rule 7(d)(5). Defendants' Prohibited 2nd MIL (Dkt. #289) should be stricken.

LCR 7(d)(5) also necessarily limits the opposition to "one motion [in limine]" to one opposition that "shall not exceed 6,300 words" per LCR 7(e)(5). Defendants Prohibited 2nd MIL Opposition (Dkt. #301) violates LCR 7(d)(5) one brief rule and when combined with the first Opposition, exceeds the 6,300 word-limit of LCR 7(e)(5). It too should be stricken.

Finally, LCR 7(d)(5) expressly prohibits replies to motions in limine **altogether**. Defendants' Prohibited MIL Reply (Dkt. #304) violates the Rule and, therefore, also should be stricken.

At no point has this Court issued any order authorizing Defendants to file multiple motions in limine, multiple oppositions to a single motion in limine, any replies, or authorized such prohibited collective filings to exceed the word limits. Defendants' willful violations prejudice Plaintiff who has consistently complied with the Court's Rules, caused Plaintiff to incur additional legal fees and spend valuable time to bring this Motion for relief, and have again wasted this Court's resources by requiring the Court to address again and again and again and again Defendants willful refusal to comply with the Rules and orders of this Court. The Court should enforce the Local Rules and strike Defendants' Prohibited 2nd MIL, Prohibited 2nd MIL Opposition, and Prohibited MIL Reply.

**B. Sanctions Are Warranted Under Rule 11, Section 1927, and the Court's Inherent Authority**

Sanctions are necessary to address Defendants' counsel's willful or grossly negligent violation of the Rules and unreasonable multiplication of proceedings in violation of 28 U.S.C. § 1927. Plaintiff has been compelled to divert resources to address violations that were entirely avoidable. Local Civil Rule 11(c) further authorizes monetary sanctions for filings that violate procedural rules.

Defendants and their counsel have been repeatedly counseled and sanctioned by this Court for refusing to comply with this Court's orders and the Local Rules. See Dkts. # 137, 151, 184, 224, 226, and 255. In its April 4, 2024, Order (Dkt. #226) striking Defendants' filings, the court warned that "failure to follow the Court's LCRs and maintain a high degree of professionalism **may result**

LEX TECNICA LTD
10161 Park Run Drive, Sute 150
Las Vegas, Nevada 89145
(702) 518-5535

LEX TECNICA LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

**<u>in sanctions, including revocation of pro hac vice status.</u>**" Dkt. #226 (emphasis added).

Despite this warning, Defendants and their counsel continue to violate the Rules with impunity. Both are presently in contempt of the Court's prior orders monetarily sanctioning both Defendants and their counsel. *See* Dkts. # 195, 214, and 255. Defense Counsel was separately and individually sanctioned by this Court on October 31, 2023, and ordered to reimburse Plaintiff $1,320 by December 1, 2023. Dkt. #195. Defense Counsel has refused to comply. In an effort to avoid the prejudice caused by Defendants' and their counsel's wrongful conduct, Plaintiff has been unduly burdened by having to repeatedly inform this Court of Defendants and their counsels' willful refusal to comply with the monetary sanctions of this Court to no avail. Dkt. # 158, 221, 223, and 269.

Defendants and their counsel for their repeated failures to comply with this Court's orders and the Local Rules, this violation is not the product of inadvertence but of willful, disregard and disrespect for the Court, its orders and Rules. *See* Dkt. #257 and #255. As such, and in accordance with Section 1927, LCR 11(c) and the Court's inherent authority, the Court should award Plaintiff's attorneys' fees and costs incurred in preparing this Motion and require remittance of fees and costs awarded Plaintiff prior to permitting Defendants or their counsel to further proceed in this action. The Court should also enforce its warning that such violations by Defense counsel warrant revocation of defense counsels' privilege of practicing before this Court in this matter. *See,* Dkt. # 226).

**C. In the Alternative, Plaintiff Should be Given the Same Briefing Opportunities Defendants Unlawfully Took.**

Absent striking Defendants' Prohibited Filings, the only equitable remedy would be to give Plaintiff the same briefing opportunities Defendants took by violating the Rules.

If the Court is not going to enforce the Rules and permit Defendants to get away with filing two separate motions in limine, then Plaintiff must receive an equal opportunity by granting Plaintiff leave to file an additional motion in limine. If Defendants can get away with filing two separate oppositions to each motion in limine of Plaintiff, then Plaintiff must also receive the right to file two oppositions to each of Defendants' motions in limine. And if Defendants are permitted to get away with filing a prohibited reply in support of their motion in limine, then Plaintiff too must be given

an opportunity to file replies in support of each of Plaintiff's motions in limine and in response to every opposition filed by Defendants.

Local Civil Rule 7(d)(5) was expressly put in place to avoid the very multiplication of briefing that otherwise are required **because of Defendants' wrongful actions** to treat Plaintiff fairly. As such, the best course is to simply enforce the Rule, strike Defendant's Prohibited Filings, and sanction again Defendants and their counsel for again willfully violating this Court's orders and Rules by requiring them jointly and severally to remit to Plaintiff the costs and fees Plaintiff incurred in bringing this Motion and require remittance of fees and costs awarded Plaintiff prior to permitting Defendants or their counsel to further proceed in this action. The Court should not permit itself to further be mocked by Defendants and their counsel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant this Motion, strike Dkts. #289, #301, and #304, and sanction Defendants and their counsel the fees and cost Plaintiff incurred in bringing this Motion, requiring payment of the fees and costs awarded Plaintiff as a condition to proceed in this action. Otherwise, the only equitable remedy is to permit Plaintiff the same briefing opportunities Defendants wrongfully took.

DATED: January 17, 2026.

*s/ F. Christopher Austin*
William J. Crowley, WSBA No. 18499
CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
will@crowleylawoffices.com

F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains 2,184 words, in compliance with the Local Civil Rules.

*s/ F. Christopher Austin*
F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2026, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

*/s/ Brianna Show*
An employee of LEX TECNICA, LTD.

LEX TECNICA LTD
10161 Park Run Drive, Sute 150
Las Vegas, Nevada 89145
(702) 518-5535