

|   |   |
|---|---|
| | The Honorable Ricardo S. Martinez |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, et al.,<br><br>                Defendants. | Case No.: 2:21-cv-01301-RSM-DWC<br><br>**PLAINTIFF'S MOTION TO STRIKE OR OPPOSE DEFENDANTS' REQUEST TO TAKE JUDICIAL NOTICE**<br><br>NOTE ON MOTION CALENDAR:<br>February 10, 2026 |

## I.    INTRODUCTION

Defendants' Request to Take Judicial Notice (Dkt. 305) (incorrectly filed as a "Notice" without a Notation Date) (Defendants' "Motion") is an untimely and improper attempt to circumvent expired dispositive motion deadlines and to inject an unpled, waived defense and dismissed claim by leveraging interlocutory orders from **entirely unrelated cases in the District of Nevada and District of Massachusetts**. Specifically, Defendants seek to notice orders allegedly establishing that (1) Plaintiff's copyrighted "MMAS Tools," the MMAS-4 (TX0008285390) and MMAS-8 (TX0008632533) are uncopyrightable "blank forms" (Nevada Order) and (2) the Noerr-Pennington and litigation privilege defenses to an interference claim are insufficient to avoid personal jurisdiction (Massachusetts Order). This Motion should be stricken or otherwise denied on multiple

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

1

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

independent grounds:

**(a)  Untimeliness:** The Motion violates the Court's scheduling order (Dkt. 292) and Western District of Washington Local Civil Rule 7(j), which prohibit late dispositive filings.

**(b)  Improper scope of judicial notice:** The Motion seeks notice of contested legal conclusions and factual findings, which are not indisputable adjudicative facts under Federal Rule of Evidence 201 and cannot be the subject of judicial notice.

**(c)  Waiver of copyright invalidity defense and dismissal with prejudice of interference claims:** Defendants have never alleged or plead the defense of copyright invalidity—whether under the blank-forms doctrine or any other theory—as an affirmative defense, counterclaim, or separate claim. And Defendants interference counterclaim in this action was dismissed with prejudice. Use of judicial notice to introduce an unpled, waived defense and to resurrect a dismissed interference claim violates basic notice pleading principles and prejudices Plaintiff.

**(d)  FRE 403 balancing:** Even if the orders were proper subjects of judicial notice, and they are not, their admission would cause substantial unfair prejudice, confusion of the issues, and mislead the jury, substantially outweighing any probative value, in light of (a) the unpled nature of the defense; (b) the presence of adverse sanctions against Defendants (Dkt. 257); Defendants ongoing contempt of the Courts orders; and (c) the jury's imminent role in deciding the case.

**(e)  Exclusion from jury:** At minimum, Plaintiff respectfully requests an express order that any judicial notice is limited to only the existence of the Nevada and Massachusetts proceedings and orders, and that the documents themselves are excluded from all jury materials, jury exhibits, trial presentations, witness statements, arguments of Defense counsel, and jury deliberations.

To the degree the Court treats this Motion to Strike or Oppose as an Opposition to Defendants' Requests for Judicial Notice (improperly filed as a "Notice"), Plaintiff respectfully requests the Court excuse any technical lateness of this Opposition under FRCP 6(b)(1)(B) for excusable neglect. The delay stems from Defendants' incorrect filing of the Request as a "notice" without a notation date instead of as a "motion," such that it was not readily recognize as a motion to which an opposition date should be calendared during the busy intervening holidays (December

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

2

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

25, 2025, and January 1, 2026) and compressed trial preparation commencing thereafter. The short delay causes no prejudice, as there was no notation date, no reply has been filed, and trial proceedings remain unaffected. Plaintiff acted in good faith to respond promptly upon learning the Request had incorrectly been filed as a "notice" without a notation date to prepare and file this response.

## II. STATEMENT OF FACTS

This action filed on September 24, 2021 (Dkt. #1) alleges copyright infringement under 17 U.S.C. §§ 101, et seq. based on Defendants' unauthorized use and sublicensing of MMAS trademarked and copyright protected Tools (Dkt. #22, Second Amended Complaint).

On September 10, 2024, this Court imposed comprehensive sanctions against Defendants for discovery violations and spoliation, including:

- Dismissal of Defendants' counterclaims with prejudice (Dkt. 257, adopting Dkt. 255);
- Striking and limiting Defendants' affirmative defenses;
- Adverse inferences regarding destroyed evidence of licensing agreements and financial records (presumed against Defendants);
- Adverse jury instructions; and
- Other sanctions detailed in the Court's Order.

Critically, Defendants interference counterclaim was dismissed with prejudice, and Defendants have never filed any pleading raising copyright invalidity—either under the blank-forms doctrine or otherwise—as an affirmative defense, counterclaim, or separate defense.

The Court's scheduling order (Dkt. #292) sets trial for March 2, 2026, and contains no allowance for further dispositive motions or motion-in-limine filings post-deadline. All motion deadlines have expired.

On December 16, 2025—fewer than 60 days before trial and well after all motion deadlines—Defendants filed Dkt. #305, seeking judicial notice of two interlocutory orders from **utterly unrelated cases**:

- **Nevada Order**: *Morisky Medication Adherence Research, LLC v. CVS Pharmacy, Inc.*, No. 2:24-cv-01590-GMN-BNW (D. Nev. June 25, 2025). This Order dismissed Plaintiff's copyright claims under the blank-forms

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

3

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

doctrine. This is a separate case between Plaintiff and CVS Pharmacy, involving different parties, different facts, and legal issues absent from the present case.

- **Massachusetts Order:** *MMAS Research LLC v. Boston Children's Hospital*, No. 1:24-cv-12108-DJC (D. Mass. Dec. 3, 2025). This Order, finding personal jurisdiction was proper regardless of whether the alleged contact might otherwise be privileged under the federal Noerr-Pennington Doctrine or the common-law litigation privilege to a contact giving rise to an interference claim is utterly irrelevant to this action. This case involves different defendants, different facts, and different legal issues from the instant action.

Both orders are interlocutory and non-final. Neither has preclusive effect in this case. Neither relate to, or establish any binding law regarding, any existing claim or defense in this action.

## III.    LEGAL ARGUMENT

### A.    The Motion Is Untimely Under the Scheduling Order and Local Rules

Pursuant to FRCP 16(b), a district court's scheduling order governs the course of litigation and may only be modified for "good cause," which is defined narrowly and focuses on the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992) (holding that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").

Under Western District of Washington Local Civil Rule 7(j), the Court may summarily deny, strike, or ignore untimely motions. As LCR 7(j) explicitly provides, parties "should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."

Motions that are functionally dispositive—even if styled as something other than a motion for summary judgment—must comply with dispositive motion deadlines to prevent circumvention of the scheduling order. *See Suzuki v. Marinepolis USA, Inc.*, No. C21-1358-JHC, 2022 U.S. Dist. LEXIS 102554, at *4–5 (W.D. Wash. June 8, 2022) (reminding parties that "the Court is under no

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

4

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

obligation to grant relief from missed deadlines and untimely motions may be summarily denied, stricken, or ignored" pursuant to LCR 7(j)); *see also Taber v. Cascade Designs, Inc.*, No. C22-1429-JLR, 2023 U.S. Dist. LEXIS 82234, at *8–9 (W.D. Wash. May 11, 2023) (citation omitted).

By seeking judicial notice of rulings that would (if credited by the jury) eliminate an entire category of Plaintiff's claims, Defendants have styled a dispositive attack on copyrightability as a "motion for judicial notice" to evade the scheduling order. The deadline for bringing such a motion expired years ago. Defendants' Motion is precisely the extremely late functionally dispositive filing for which summary denial is warranted under LCR 7(j). Defendants have neither sought leave to bring such a motion nor made any showing of good cause, of an emergency, or of any diligence in filing on December 16, 2025—years after the expiration of the dispositive motion deadline and fewer than 60 days before trial. This Court should deny the Motion.

**B.     The Motion Seeks to Notice Disputed Legal Conclusions and Factual Findings, Which Are Not Proper Subjects of Judicial Notice Under FRE 201**

Federal Rule of Evidence 201(a) provides that a federal court "may take judicial notice of an adjudicative fact only in the manner and at the time specified in subdivision (b)." FRE 201(b) permits judicial notice of facts "that can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned." Critically, FRE 201(c) provides that judicial notice does not apply to legal standards, interpretations of law, and policy judgments. Courts consistently hold that judicial notice is improper for:

- Contested factual findings;
- Legal conclusions and interpretations of law;
- Determinations of liability; and
- Conclusions that resolve the merits of a case.

*See United States v. Baines*, 573 F.3d 978, 985 (9th Cir. 2009) (holding that judicial notice does not apply to facts that are "subject to reasonable dispute" or that constitute 'legislative facts," including contested factual findings, legal conclusions or interpretations, determinations of liability, or conclusions that resolve the merits of a case); *see also United States v. Gould*, 536 F.2d 7, 11 (8th Cir. 1976) ("[J]udicial notice of adjudicative facts is appropriate only when such facts are not subject

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

5

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

to reasonable dispute."). The Ninth Circuit has emphasized that when the purported "fact" being noticed is intertwined with the merits or would effectively resolve a disputed issue, judicial notice is improper. *See Baines,* 573 F.3d at 985 ("We are not permitted to take judicial notice of facts that go to the heart of the case or that would essentially decide the case.").

Here, the Nevada Order's interlocutory finding that Plaintiff's MMAS Tools are uncopyrightable "blank forms" under 17 U.S.C. § 8 is precisely the type of disputed legal and factual conclusion that cannot be noticed as a matter of law under FRE 201(c). Plaintiff contests the factual allegations of Defendant CVS in the Nevada action and the legal conclusions and interpretations of law set forth in the Order. Those issues have not been fully and finally resolved by this interlocutory Order, which did not invalidate the copyright registrations. Thus, permitting these contested factual findings, legal conclusions, and liability determinations to be asserted in this action is not only violative of FRE 201(c), it is completely unfair and prejudicial to Plaintiff, precisely because Defendants **have never raised or pled copyright invalidity at all** in this action, let alone based on the blank form doctrine. As such, in this action, the copyrights remain presumptively valid and cannot be challenged by the Nevada Order.

The Massachusetts Order's adjudication that personal jurisdiction is proper regardless of whether the alleged contact might otherwise be privileged under the federal Noerr-Pennington Doctrine or the common-law litigation privilege is utterly irrelevant to this action. In the Massachusetts action Defendants allege Plaintiff's sending of a letter putting Boston Children's Hospital (BCH) on notice of the claims Plaintiff is asserting in this District not only subjected Plaintiff to jurisdiction in Massachusetts but interfered with Defendant MMAS Research's contractual relationship with BCH. The Massachusetts Court disagreed with Plaintiff's argument that because Plaintiff was privileged to send such a letter under Noerr-Pennington and litigation privilege doctrines, the letter not only could not evidence interference but also should not subject Plaintiff to personal jurisdiction.

None of these issues are present in this action. Defendants have no remaining claims against Plaintiff in this action at all, let alone for interference arising from the same letter, as all such claims have been dismissed in this action **with prejudice**. Defendants are blatantly seeking to unlawfully

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

6

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

use the Massachusetts Order to resurrect an interference claim that has been fully and finally dismissed with prejudice in this action. Such a use of judicial notice is expressly barred under FRE 201(c) and binding Ninth Circuit precedent. *Baines,* 573 F.3d at 985.

Defendants cannot bootstrap an unpled invalidity defense or a "with prejudice" dismissed claim for interference by unlawfully having another court's legal conclusions noticed in violation of FRE 201 and Ninth Circuit precedent. This Court should reject the Motion on the ground that neither Order is an appropriate subject of judicial notice under FRE 201.

    **C.**    **Judicial Notice Cannot Raise a Waived, Unpled Invalidity Defense or Resurrect a Interference Counterclaim Dismissed With Prejudice**

        **1.**    **<u>Defendants have waived the defense that the MMAS copyrights are invalid blank forms.</u>**

Copyright invalidity is an affirmative defense to copyright infringement claims. Once a plaintiff produces a valid copyright registration, a presumption of validity arises under 17 U.S.C. § 410(c), and the burden shifts to the defendant to prove invalidity. Defendants must raise invalidity by pleading it clearly and with particularity in their Answer or an amended pleading. Federal Rule of Civil Procedure 8(c) requires that parties plead affirmative defenses "in the responsive pleading" or risk waiver. *See Heidi's Gourmet Ice Cream, Inc. v. Salted Caramel Corp.*, 882 F.3d 963, 969 (9th Cir. 2018) (holding that failure to plead an affirmative defense results in waiver).

The record is unambiguous: Defendants have never pleaded copyright invalidity as an affirmative defense, counterclaim, or separate claim. No affirmative defense denominated "invalidity" on any basis or specifically as a blank form appears in Defendants Second Amended Answer (Dkt. 94), the operable pleading in this case. The Court's sanctions order (Dkt. 257) explicitly struck and limited Defendants' existing counterclaims and related defenses, preserving none.

Defendants' waiver of a claim of invalidity is particularly significant in light of the sanctions imposed by this Court. Had Defendants intended to assert that the MMAS Tools are uncopyrightable blank forms, they had ample opportunity to (a) plead that defense in their Second Amended Answer (Dkt. 94); (b) raise it in discovery; or (c) assert it in any motion. Defendants did none of these things.

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

7

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

Defendants have waived any claim that the MMAS Tools are uncopyrightable blank forms.

2.  **All Defendants' claim for interference, including that arising from the notice letter have been dismissed with prejudice in this action.**

On September 10, 2024, the Court entered and Order Adopting Report and Recommendation of the Magistrate Judge, granting Plaintiff's Renewed Motion for Sanctions (Dkt. 233) arising from Defendants' egregious refusal to comply with the discovery rules and orders of the Court, as follows:

> The Court imposes the following sanctions: **Defendants' counterclaims are dismissed with prejudice** and Defendants are limited in the defenses presented at trial; the destroyed ESI (the license and settlement agreements) are presumed to be unfavorable to Defendants and an adverse jury instruction will be provided to the jury that the destroyed agreement s were unfavorable to Defendants; and, at trial, adverse jury instructions will be provided so that any lack of proof should be inferred favorably to Plaintiff based on Defendants' failure to. Produce discovery.

(Dkt. 233 (with emphasis)).

Per this Order, Defendants Fourth Counterclaim for Tortious Interference with Business Expectancy was dismissed with prejudice. (Dkt. 94, at 34). Further, because this counterclaim incorporated by reference all factual assertions raised by Defendants in their Second Amended Answer and Counterclaim, it included those allegations set forth in the "Background" of the Counterclaim alleging any actions of interference. (Dkt. 94, at 34, ¶82), including specifically all allegations regarding the same letter alleged in the Massachusetts action as the basis for interference in that action. (*See, e.g.,* Dkt. 94, at ,25-27).

3.  **Judicial notice cannot raise waived defenses or resurrect counterclaims dismissed with prejudice.**

Courts uniformly hold that judicial notice is an improper device to introduce evidence or legal theories that a party has failed to plead or timely raise. *See United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988) (holding that "judicial notice cannot be invoked to support a legal theory or fact which the moving party has failed to prove through proper channels"); *see also Loughman v. United States*, 102 F.3d 1495, 1505 (6th Cir. 1996) (cautioning that judicial notice should not be used to circumvent normal pleading requirements or to resurrect waived defenses or dismissed claims).

Allowing Defendants to use judicial notice to inject a waived, unpled invalidity defense or

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

8

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

resurrect an interference claim dismissed with prejudice would:

- Undermine FRCP 8's notice pleading requirements;
- Prejudice Plaintiff, who will then haver irreparably been denied the rights and opportunities afforded under the Federal Rules of Civil Procedure to fully defend against a formally pleaded invalidity claim or a properly revived interference claim (including discovery tailored to such claims, witness depositions, expert testimony, dispositive motion practice to dismiss such claims, and trial preparation);
- Violate the fundamental fairness to be accorded Plaintiff by permitting Defendants to assert claims and defenses in violation of the Federal Rules, the Local Rules, and the Orders of this Court on the eve of trial.

This Court should reject the Motion on the ground that judicial notice of the Orders cannot be used to raise any waived invalidity defense or resurrect interference claims this Court has properly dismissed with prejudice.

### D.  Even If the Orders Were Proper Subjects of Judicial Notice, FRE 403 Mandates Exclusion Due to Unfair Prejudice, Confusion, and Misleading of the Jury

Even assuming (without conceding) that the Nevada and Massachusetts Orders could be noticed as to their "existence," FRE 403 mandates that evidence be excluded if its "probative value is substantially outweighed by a danger of... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Permitting notice of the Subject Orders would violate FRE 403.

#### 1.  **Probative value.**

The probative value of these interlocutory orders is minimal. They are non-final, interlocutory orders. They involve different parties and different facts and circumstances, and unrelated, unpled and dismissed claims. They do not constitute law-of-the-case authority binding on this Court, as neither concern any existing claim or defense of this action. They are not and cannot be binding precedent on this Court, and the Massachusetts Order is not even from the same circuit. As such, these Orders have no probative value to this action.

#### 2.  **Danger of unfair prejudice and confusion.**

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

9

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

The prejudicial impact of allowing the jury to see or learn about these Orders is substantial, severe, and irreparable.

### a. The jury likely will impermissibly defer to other judges' authority, rather than the authority of this Court or this Circuit.

FRE 201(f) requires that if the jury is told a fact has been judicially noticed, the jury must accept that fact as conclusive. If the jury learns, for example, that "another federal judge in Nevada has already ruled that these Tools are uncopyrightable forms the jury may abandon its independent judgment and defer to the interlocutory, non-binding opinion of the Nevada judge—precisely what a jury in this jurisdiction is prohibited from doing. The jury must decide this case on the evidence before *this* Court, not on assumptions about what judges in other districts and circuits have decided regarding the evidence in those unrelated cases.

### b. It is likely the jury will be confused about relevance and applicability.

A jury might reasonably wonder: "Why are we being told about a Nevada case or a Massachusetts case between different parties?" "Does this mean the Judge has already decided against Plaintiff?" "If another court said the forms aren't copyrightable, does that mean the copyrights are unenforceable here?" "If another court has held the litigation privilege and Noerr-Pennington defenses to interference are inapplicable to personal jurisdiction, does that mean Plaintiff interfered in this action?" This confusion unfairly and impermissibly misdirects the jury's focus from the evidence in this case to collateral proceedings.

### c. The fact that the invalidity defense is unpled and the interference claim was dismissed with prejudice amplifies prejudice.

Plaintiff has had no opportunity to develop evidence, testimony, or argument specifically addressing a copyright-invalidity defense or an interference counterclaim in this action at all, because Defendants never formally raised invalidity, and their interference claim was dismissed with prejudice. Allowing the jury to hear about another court's ruling, without prior discovery or expert rebuttal specifically directed to copyrightability or interference unfairly prejudices Plaintiff by entirely negating the discovery procedures and orders set forth by the Federal Rules, Local Rules and orders of this Court, through which Plaintiff could have responded to these claims.

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

10

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

### d. *The context of sanctions compounds the prejudice.*

This Court has already imposed sanctions against Defendants, including dismissal of their counterclaims, limitation of defenses, adverse inferences, and adverse jury instructions. In this context, allowing Defendants to inject an unpled invalidity theory or a dismissed interference claim via judicial notice would not only circumvent the Court's sanctions, it would have the effect of sanctioning Plaintiff by creating an adverse inference that Plaintiff's copyrights are invalid and Plaintiff interfered when no such claims actually exist in this action.

### 3. **Balancing under FRE 403.**

Federal courts regularly exclude evidence under FRE 403 when probative value is minimal and prejudicial effect is substantial. *See United States v. Scheffer*, 523 U.S. 303, 309 (1998) (noting that FRE 403 is a "categorical" bar that may exclude even relevant evidence in appropriate circumstances). Here, the balance strongly favors exclusion.

The minimal to no probative value of these interlocutory Orders is substantially outweighed by: (a) the danger that the jury will defer to judicial authority and abandon its independent judgment; (b) the risk of confusion about the relevance and applicability of rulings in unrelated cases; (c) the unpled nature of the invalidity defense and the dismissed with prejudice status of the interference claim and Plaintiff's resulting lack of opportunity to rebut them; (d) the confusion and negative inferences against Plaintiff that would be created; and (e) the deprivation to Plaintiff of the ability to fairly defend against such claims on the eve of trial while having been deprived of any discovery regarding these non-existent claims.

### E. At Minimum, the Orders Must Be Limited to Court-Only Use and Excluded from All Jury Materials and Trial Presentations

If the Court determines that some limited judicial notice of the Nevada and Massachusetts Orders is appropriate, Plaintiff respectfully requests an express, binding order that (i) the scope of the notice be limited to the existence of the Orders only, (ii) that they be limited to the Court's use only and be excluded from the jury, and (iii) that Defendants be precluded from asserting any copyright invalidity defense or interference claim arising from them.

Given the unfair and irreparable prejudice to Plaintiff from the disclosure of these Orders to

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

11

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

the jury, any notice must be limited to Court's exclusive use. The Nevada and Massachusetts Orders should be excluded from all jury materials, including:

- Jury exhibit binders or trial exhibits;
- Trial presentations, slideshows, or visual aids;
- References or quotations in opening statements, closings, or witness examinations;
- Jury instructions or verdict forms; and
- Any materials provided to the jury during deliberations.

No party may reference, quote, paraphrase, discuss, or allude to these Orders in the jury's presence, and Defendants should not be permitted to assert an unpled invalidity defense, or a dismissed interference claim at trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Take Judicial Notice of the unrelated and irrelevant Nevada and Massachusetts Orders; or in the alternative, if the Court takes any judicial notice of those Orders, issue an express order that (i) the scope of the notice be limited to the existence of the Orders only, (ii) that they be limited to the Court's use only and be excluded from the jury; and (iii) that Defendants be precluded from asserting any copyright invalidity defense or interference claim arising from them, since no such defenses or claims exist in the present action.

DATED: January 20, 2026.

*s/ F. Christopher Austin*
William J. Crowley, WSBA No. 18499
CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
will@crowleylawoffices.com

F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

12

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 3835 words, in compliance with the Local Civil Rules.

*s/ F. Christopher Austin*
F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

*/s/ F. Christopher Austin*
An employee of LEX TECNICA, LTD.

PLAINTIFF'S RESPONSE TO REQUEST
TO TAKE JUDICIAL NOTICE
Case No. 2:21-cv-01301-RSM-DWC

13

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145