UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, <br><br> Plaintiff, <br><br> v. <br><br> MMAS RESEARCH LLC, a Washington limited liability company, et al., <br><br> Defendants. | NO. 2:21-cv-01301-DWC <br><br> **RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR SANCTIONS (DKT. 306)** |

    This is Defendants' response and opposition to "Plaintiff's Motion to Strike Defendants' Second Motion in Limine, Second Opposition to Plaintiff's Motions in Limine, and Reply in Support of Motions in Limine for Violation of LCR 7(d)(5)" (the "Motion to Strike," Dkt. 306), filed on January 17, 2026.

    The Motion asks the Court to strike three 2025 filings—Defendants' second motion in limine (Dkt. 289), Defendants' second opposition to Plaintiff's motions in limine (Dkt. 301), and Defendants' reply in support of their motions in limine

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

(Dkt. 304)—all of which were filed in October and November 2025, briefed, and noted without objection. *See* Dkt. 306 at 1–3 (identifying Dkts. 288, 289, 295, 301, 304). Plaintiff waited approximately three months, and until after responding on the merits to Defendants' motions in limine (Dkt. 296), to raise what are, at most, formatting and word-count objections under LCR 7(d)(5) and LCR 7(e)(5). The Motion to Strike is untimely, procedurally improper, and substantively incorrect, and improperly seeks sanctions under LCR 11(c), 28 U.S.C. § 1927, and the Court's inherent powers without complying with the governing standards. Nevertheless, to the extent the Court concludes that any aspect of Defendants' filings did not fully comply with the Local Civil Rules, Defendants are prepared to cooperate with any revisions or re-filing the Court may direct.

## BACKGROUND FACTS

The Motion to Strike, filed in mid-January 2026, relates to filings from October and November 2025 that were made pursuant to the Court's pretrial scheduling order and briefing schedule. See Dkt. 306 at 1–2 (identifying challenged filings).

The timeline relevant to Plaintiff's Motion to Strike is as follows:

- **Defendants' Motions in Limine (Dkts. 288 and 289)**
  - Plaintiff's Motion to Strike moves to strike these motions, filed on October 16 and 17, 2025, in accordance with the Court's trial scheduling order. *See* Dkts. 288, 289; Order Setting Trial Dates and

Related Dates, Dkt. 292 at 2. Plaintiff contends they should have been combined into a single motion pursuant to LCR 7(d)(5) and that a consolidated filing purportedly would have run afoul of the 6,300-word limit in LCR 7(e)(5). *See* Dkt. 306 at 2–3. Defendants dispute both that LCR 7(d)(5) mandates striking a separately filed, timely motion and that Plaintiff may challenge the format months after fully briefing the merits.

- Plaintiff did not raise any LCR 7(d)(5) or LCR 7(e)(5) objection to the format of Dkts. 288 or 289 when responding on November 4, 2025. *See* Plaintiff's Opposition to Defendants' Motion in Limine, Dkt. 296. Instead, Plaintiff waited until filing Dkt. 306 on January 17, 2026, to first raise such issues.

- **Second Opposition to Plaintiff's Motions in Limine**

    - Plaintiff's Motion to Strike also seeks to strike Defendants' second opposition to Plaintiff's consolidated motions in limine (Dkt. 301). Plaintiff filed multiple motions in limine within a single consolidated motion (Dkt. 287). Defendants, for clarity and organization, divided their response into two briefs, filed as Dkts. 295 and 301 on November 4 and November 11, 2025, respectively. See Dkt. 306 at 2.
    - In January 2026, the Motion to Strike asserts that Dkts. 295 and 301 should have been consolidated into a single opposition under LCR 7(d)(5) and that such consolidation would have exceeded the 6,300-word limit in LCR 7(e)(5)*See* Dkt. 306 at 2–3. Plaintiff, however, did not previously raise any concern about the format or length of these filings while the issues were being briefed or before the noting date.
    - Plaintiff failed to raise any format or word-count concerns in real time and instead waited until well after the response deadlines had expired and after the Court could have considered the challenged submissions, effectively waiving any purely procedural objection.

- **Reply in Support of Motions in Limine (Dkt. 304)**

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 3

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

- Plaintiff has moved to strike Defendants' reply in support of their motions in limine (Dkt. 304), filed November 17, 2025, contending that LCR 7(d)(5) bars any replies on motions in limine. See Dkt. 306 at 2–3.
- For more than sixty days after Dkt. 304 was filed, Plaintiff made no objection under LCR 7(d)(5) or otherwise. Only in January 2026 did Plaintiff, for the first time, assert that replies are not allowed under the Local Rules, notwithstanding Plaintiff's earlier opportunity to seek relief contemporaneously with the filing or via a timely reply under LCR 7(g).

Plaintiff argues, in footnote 1 of Dkt. 306, that his Motion to Strike is timely because LCR 7(d)(5) schedules motions in limine to be noted six days before the pretrial conference, which has not yet been set. *See* Dkt. 306 at 2 n.1. That provision, however, governs when motions in limine are heard and briefed, not when a party may first object to a filing on the ground that it violates LCR 7(d)(5). Plaintiff's decision to wait more than sixty days before raising any challenge to Dkt. 304 renders the objection untimely and inconsistent with the prompt practice required by LCR 7 and LCR 7(g) and the spirit of the Local Rules.

Indeed, beyond timeliness, Plaintiff's Motion to Strike errs by requesting sanctions that are both substantively unjustified and procedurally improper. Plaintiff asks the Court, "[p]ursuant to Local Civil Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent powers," to strike Defendants' motions in limine and to award Plaintiff fees and costs. Dkt. 306 at 2. To the extent Plaintiff seeks Rule 11-

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 4

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

type sanctions, Federal Rule of Civil Procedure 11(c)(2) requires that a motion for sanctions be served on the opposing party at least 21 days before filing to provide a "safe harbor" to withdraw or amend the challenged document. LCR 11(c) likewise requires strict adherence to procedural prerequisites before sanctions may be imposed. In addition, the Local Rules mandate a meaningful meet-and-confer prior to filing most motions, including motions seeking sanctions. See LCR 7(b), 7(i). Plaintiff's failure to comply with these requirements renders his sanctions request procedurally defective.

Plaintiff characterizes Defendants' filings as "Prohibited" motions in limine and oppositions. See, e.g., Dkt. 306 at 1–3 (defining "Prohibited 2nd MIL," "Prohibited 2nd MIL Opposition," and "Prohibited MIL Reply"). Defendants do not dispute that LCR 7(d)(5) limits the number of motions in limine and bars replies, but the mere use of the term "prohibited" does not, standing alone, establish bad faith or warrant sanctions under LCR 11(c) or 28 U.S.C. § 1927.

The label "Prohibited" employed by Plaintiff is simply a shorthand Plaintiff adopts in Dkt. 306 to describe filings he believes violate LCR 7(d)(5). *See* Dkt. 306 at 1–3. It does not reflect any separate procedural category recognized by the Local Rules and should not be conflated with a substantive finding of misconduct.

## LEGAL ARGUMENT

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

A. **Plaintiff's Motion to Strike Is Untimely and Procedurally Improper**

Courts in this Circuit have repeatedly held that motions to strike are disfavored and should be denied absent a clear showing of prejudice. *See, e.g.*, *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc,. Supp. 2d 1028* (CCAD 2002) (motions to strike are "disfavored" and are "not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); see also Dkt. 137 at 1 (striking for clear noncompliance with LCRs). Objections to the form, timing, or length of a filing are expected to be raised at the earliest opportunity—typically in the responsive brief or by a timely sur-reply under LCR 7(g)—not months later when briefing has closed. Plaintiff identifies no prejudice from the Court's consideration of Dkts. 289, 301, or 304 that could justify striking them at this late stage.

"Plaintiff's Untimely Motion" should be denied in the Court's discretion under the Local Civil Rules and this Court's prior practice. The Motion to Strike challenges filings from October and November 2025 (Dkts. 288, 289, 295, 301, 304), yet Plaintiff did not seek any relief until January 17, 2026, after having already responded to Defendants' first motion in limine on the merits (Dkt. 296) and after the time to seek a surreply under LCR 7(g) had long passed. *See* LCR 7(g)(2) *(*motion to file a surreply challenging a filing must be made "within five

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 6

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

days after the filing to which the party objects"). In prior orders in this case, the Court has made clear that noncompliant filings may be summarily stricken when they violate the Local Rules. *See* Dkt. 137 at 1 ("If a filing does not comply with the LCRs, the Court may strike the filing without further consideration."); Dkt. 140 at 2 (striking motions for failure to comply with the LCRs); Dkt. 184 at 5 (striking motion in limine for failure to meet and confer and lack of certification). Nothing in those rulings suggests that a party may wait two to three months and then invoke LCR 7(d)(5) and LCR 7(e)(5) as a basis to retroactively strike fully briefed motions.

Allowing parties to defer Local Rule objections for months would undermine the orderly progression of this case and the Court's ability to manage its docket. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991) (recognizing courts' inherent power to manage their proceedings and enforce compliance with their rules). Plaintiff himself invokes the Court's inherent authority in Dkt. 306 at 2, but that authority supports enforcing timeliness and regularity in motion practice, not encouraging belated challenges to long-briefed filings. For these reasons, and consistent with LCR 7 and LCR 7(g), the Court should deny the Motion to Strike in its entirety.

Plaintiff also relies on LCR 7(d)(5) and LCR 7(e)(5) to argue that

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Defendants' use of a second motion in limine and a second opposition justifies striking. *See* Dkt. 306 at 2–3. Those provisions, however, govern how motions in limine are to be presented and the word limits applicable to them; they do not create a mechanism for retroactively striking filings months after the fact. Even where a Local Rule is implicated, courts in this Circuit look to whether any violation actually prejudiced the opposing party and whether the objecting party acted diligently. Plaintiff's delay and lack of demonstrated prejudice weigh strongly against the extraordinary remedy he requests.

To the extent Plaintiff purports to invoke Federal Rule of Civil Procedure 12(f) (see Dkt. 306 at 3), that rule by its terms applies only to "pleadings" and therefore is not a proper vehicle to strike non-pleading motions such as motions in limine or oppositions. Non-pleading filings that allegedly contain improper material are addressed, in this District, through LCR 7(g) (surreplies), which requires a motion for leave "within five days after the filing to which the party objects." LCR 7(g)(2). Plaintiff did not pursue that mechanism with respect to Dkts. 289, 301, or 304.

In short, Plaintiff has chosen the wrong procedural vehicle and the wrong timing. The Western District of Washington disfavors motions to strike and expects alleged noncompliance with page or word limits to be raised promptly, often via a

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 8

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

motion to file an overlength brief under LCR 7(f) or a timely surreply under LCR 7(g). *See, e.g.*, Dkt. 137 at 1; Dkt. 184 at 5. Plaintiff's decision to raise these issues only in January 2026 further supports denying the Motion to Strike.

**B.    Plaintiff's Request for Sanctions Under LCR 11(c), 28 U.S.C. § 1927, and the Court's Inherent Authority Is Procedurally and Substantively Defective**

Plaintiff has compounded his procedural errors by informally and summarily requesting that the Court impose sanctions. He asks:

> Pursuant to Local Civil Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent powers, Plaintiff further requests that the Court impose sanctions on Defendants for their continuous, egregious, and willful refusal to comply with the applicable rules and orders of this Court, including: (i) striking Defendants' motions in limine; and (ii) awarding Plaintiff's attorneys' fees and costs incurred in preparing this Motion and require remittance of all fees and costs awarded Plaintiff prior to permitting Defendants or their counsel to further proceed in this action."

Dkt. 306 at 2. This sanctions request is procedurally irregular and unsupported by the authorities Plaintiff cites. And while Plaintiff points to prior orders in this case in which the Court sanctioned Defendants or their counsel for specific rule violations or nonpayment of monetary sanctions (*see, e.g.*, Dkts. 137, 151, 184, 195, 214, 224, 226, 255, 257, 269), he does not show that the conduct at issue here—the filing of Dkts. 289, 301, and 304 in the course of pretrial motion practice—meets the distinct standards for sanctions under LCR 11(c), 28 U.S.C. §

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 9

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

1927, or the Court's inherent powers.

Under Federal Rule of Civil Procedure 11(c)(2), which informs practice under LCR 11(c), a party-initiated motion for sanctions must be served at least 21 days before it is filed with the Court, giving the opposing party an opportunity to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); see LCR 11(c) (authorizing sanctions for failure to comply with the rules). The Western District of Washington's Local Rules further require parties to confer in good faith before filing most motions, including those seeking sanctions. LCR 7(b), 7(i). Plaintiff neither served a separate Rule 11 motion with a 21-day safe harbor nor engaged in any meet-and-confer before requesting sanctions in Dkt. 306, rendering his request procedurally improper.

Ninth Circuit authority confirms that failure to comply with Rule 11's procedural safeguards precludes an award of sanctions on a party's motion. In *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009), the Court held that a Rule 11 motion is "procedurally defective" when it is not served 21 days before filing, because the safe-harbor provision is mandatory. *Id*. at 826 (citing *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)). LCR 11(c) is to be applied consistently with these requirements. Plaintiff's embedded sanctions request in Dkt. 306, made without separate service or safe harbor, is defective under this

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 10

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

binding precedent.

The *Winterrowd* plaintiffs' request for Rule 11 sanctions was procedurally defective. A Rule 11 motion for sanctions must be served on opposing counsel 21 days before filing the motion with the court, providing the opposing counsel with a "safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); *see also* Fed. R. Civ. P. 11(c)(2). Failure to provide the required notice precludes an award of Rule 11 sanctions upon *Winterrowd's* motion.

Plaintiff also invokes 28 U.S.C. § 1927 and the Court's inherent authority. See Dkt. 306 at 2–3. Section 1927 permits sanctions only where an attorney "multiplies the proceedings in any case unreasonably and vexatiously," which the Ninth Circuit construes to require subjective bad faith or reckless conduct tantamount to bad faith. *See, e.g., B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). The Court's inherent power likewise requires a finding of bad faith before fees or other sanctions may be imposed. Chambers, 501 U.S. at 45–46; *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005). Here, the record shows, at most, that Defendants endeavored to address multiple motions in limine within the Court's scheduling framework and may have imperfectly

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 11

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

complied with LCR 7(d)(5). That is not the sort of "unreasonable and vexatious" multiplication of proceedings or bad-faith misconduct that warrants sanctions under § 1927 or the Court's inherent power.

Plaintiff's approach fails to satisfy the threshold requirements for any of the sanctions regimes he invokes. By neglecting both the mandated advance notice and the meet-and-confer prerequisite under the Local Rules, and by failing to demonstrate bad faith or unreasonable multiplication of proceedings, Plaintiff's request for sanctions lacks a foundation in law or procedure. The Court should decline to entertain this request and instead resolve any formatting concerns under LCR 7(d)(5) without the extraordinary step of imposing sanctions.

Accordingly, under Rule 11(c)(2), LCR 11(c), 28 U.S.C. § 1927, *Chambers*, and *Winterrowd*, Plaintiff's request for sanctions should be denied on both procedural and substantive grounds.

## CONCLUSION

For the foregoing reasons, and for those set forth in the record of this case, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike and Request for Sanctions (Dkt. 306) in its entirety. Specifically, the Court should: (1) decline to strike Defendants' second motion in limine (Dkt. 289), second opposition to Plaintiff's motions in limine (Dkt. 301) and reply in support of their

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 12

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

motions in limine (Dkt. 304) under LCR 7(d)(5) or LCR 7(e)(5); (2) deny Plaintiff's request for sanctions under LCR 11(c), 28 U.S.C. § 1927, and the Court's inherent powers; and (3) to the extent the Court concludes that any aspect of Defendants' motions practice did not fully comply with the Local Rules, allow the parties to cure any such issues through appropriate re-filing or briefing adjustments rather than striking the filings or imposing sanctions. Defendants further request such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of January, 2026.

s/Patricia Ray
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 13

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: January 26, 2026

/s/ Brett Harris

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND REQUEST FOR SANCTIONS (DKT. 306) - 14

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418