The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, an individual,<br><br>Plaintiff,<br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, et al.,<br><br>Defendants. | Case No.: 2:21-cv-01301-RSM-DWC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' SECOND MOTION IN LIMINE, SECOND OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE, AND REPLY IN SUPPORT OF MOTIONS IN LIMINE FOR VIOLATION OF LCR 7(d)(5)**<br><br>NOTE ON MOTION CALENDAR:<br>February 9, 2026 |

## I.  INTRODUCTION

Defendants' Opposition (Dkt. 308) concedes the core violations. Defendants do not dispute that LCR 7(d)(5) states "[n]o reply papers shall be filed," yet they filed a reply (Dkt. 304). They do not dispute that the rule requires "all motions in limine shall be filed as one motion," yet they filed two separate motions in limine one day apart: Dkt. 288 on October 16, 2025, and Dkt. 289 on October 17, 2025. They do not dispute that LCR 7(e)(5) limits briefing to 6,300 words per side, yet they impermissibly divided their opposition into two separate briefs to violate that limit: Dkt. 295 (2,713 words) on November 4, 2025, and Dkt. 301 (4,654 words) on November 11, 2025, totaling 7,367 words and exceeding the limit by 1,067 words. Dkt. 308 at 2.

/ / /

/ / /

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

1

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

Defendants, nor their counsel, have any excuse for their utter non-compliance with this Court's Rules. Nevertheless, they brazenly demand that the Court let them get away with these intentional violations which they unethically sought to get an unfair advantage over Plaintiff because Plaintiff took too long to call them out on it and did not first hold a meet and confer. Dkt. 308 at 1-2, 6-9. Both arguments fail.

The Opposition was signed by attorneys Patricia Ray and Brett Harris, who have had **twelve filings struck by this Court** in this case over thirteen months for their ongoing and willful refusal to comply with even the simplest of this Court's Rules. *See* Dkts. 113, 140, 151, 184, 197, 226 (striking Dkts. 104, 129, 133, 146, 148, 160, 161, 185, 186, 188, 189, 222, 224). Each time, the Court warned that future violations could result in sanctions. Dkt. 137 at 1 ("If a filing does not comply with the LCRs, the Court may strike the filing without further consideration."); Dkt. 184 at 5 ("The Court expects the parties to review and abide by the Local Civil Rules and warns that future violations may result in sanctions."); Dkt. 226 at 3 ("The Court further warns Defendants' counsel that failure to follow the Court's LCRs and maintain a high degree of professionalism may result in sanctions, including revocation of *pro hac vice* status."). The Court's warnings were ignored. The hundreds of hours the Court has expended to secure compliance by these Defendants and their counsel has been in vain.

Further, both Harris and Ray remain in violation of this Court's October 31, 2023, order imposing $1,320 in individual monetary sanctions against "Defendants' counsel," due December 1, 2023. Dkt. 195 at 19. That sanction remains unpaid. Dkt. 306 at 6. Neither attorney has paid. Neither has sought relief from the order. Both are presently in contempt of the Court's October 31, 2023, Order.

II. **THE RULE VIOLATIONS ARE ABSOLUTE, WITHOUT EXCUSE AND SHOULD BE STRICKEN**

  A. **The Reply Brief (Dkt. 304) Is Expressly Prohibited**

Local Civil Rule 7(d)(5) states unambiguously: "No reply papers shall be filed." Defendants do not dispute that replies are barred. Dkt. 308 at 3-4. Instead, they argue Plaintiff "waived" the objection by not raising it "contemporaneously" under LCR 7(g). *Id.*

Plaintiff's Reply in Support of its Mot. to Strike Defendants' Prohibited MIL Filings
Case No. 2:21-cv-01301-DWC

2

Lex Tecnica Ltd.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

LCR 7(g) addresses "Requests to Strike Material Contained in Motion or Briefs; Surreply." The Rule provides that "requests to strike material contained in or attached to a reply brief" may be presented in a surreply "filed within five days of the filing of the reply brief." LCR 7(g)(2). Defendants contend that because Plaintiff did not file such a surreply within five days, Plaintiff waived any objection to the reply. Dkt. 308 at 3-4.

This argument confuses two distinct concepts: (1) striking impermissible *material contained in* a validly filed reply, and (2) striking an entire reply that was prohibited *ab initio*. LCR 7(g) addresses only the former. The rule presupposes the existence of a permissible reply brief and provides a mechanism to challenge specific content within that brief, for example, new evidence, improper arguments, or extraneous material. The five-day deadline in LCR 7(g)(2) applies to that narrow circumstance: when a party seeks to strike *material contained in or attached to a reply brief*.

LCR 7(g) does not, and cannot, authorize a reply that LCR 7(d)(5) expressly prohibits. LCR 7(d)(5) states categorically: "No reply papers shall be filed." That prohibition is absolute and not subject to waiver.

Defendants' interpretation would render LCR 7(d)(5) meaningless. Under their reading, any party could file a prohibited reply, and if opposing counsel failed to file a surreply within five days, the reply would somehow become valid. That reading is untenable. LCR 7(g) provides a procedural mechanism for challenging content; it does not create a safe harbor for filing a reply or a surreply that LCR 7(d)(5) expressly forbids.

Nor does LCR 7(g)(5) assist Defendants. That subsection clarifies that LCR 7(g) is not the exclusive mechanism for striking filings and does not displace the Court's inherent authority to enforce its Local Rules. LCR 7(g)(5). Nothing in LCR 7(g)(5) authorizes replies barred by LCR 7(d)(5) or imposes a deadline for challenging filings that are prohibited *ab initio*.

This Court has repeatedly struck Defendants' filings for violating the Local Rules without requiring an objection within any particular timeframe. See Dkts. 137, 151. The Court warned that "if a filing does not comply with the LCRs, the Court may strike the filing without further consideration." Dkt. 137 at 1. No waiver doctrine overrides the Court's inherent authority to enforce its own rules. The reply (Dkt. 304) must be stricken in its entirety.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

3

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

      **B.**      **Defendants' Second Motion in Limine (Dkt. 289) and Second Opposition (Dkt. 301) Deliberately Violate the "One Motion" and Word-Limit Rules**

LCR 7(d)(5) requires that "all motions in limine shall be filed as one motion" and permits only one opposition to a motion in limine. LCR 7(e)(5) limits such briefing to 6,300 words per side. Defendants filed two separate motions in limine (Dkts. 288, 289) and divided their opposition into two separate briefs (Dkts. 295, 301) filed seven days apart.

Defendants' filing of four briefs where only two were permitted was a direct violation of LCR 7(d)(5). Filing two oppositions not only violated the one motion—one opposition rule, but it was also done to impermissibly get around the 6,300-word limit which action is expressly prohibited by the Rule. Defendants' abuses of these clear and unequivocal Rules have substantially increased the burden on the Court and Plaintiff, unfairly prejudicing Plaintiff.

Defendants assert they filed separately for "clarity and organization" and because Plaintiff's consolidated motion warranted separate responses. Dkt. 308 at 2-3. "Clarity" is not an exception to the Local Rules. The rule does not say "all motions in limine shall be filed as one motion unless separate motions would be clearer." Filing multiple motions allowed Defendants to bypass the word limits imposed on the single permitted motion and obtain more than the permitted briefing. This is precisely what LCR 7(d)(5) prohibits.

The one-motion rule applies "[u]nless otherwise provided by... court order." LCR 7(d); see also *Bancroft v. Minn. Life Ins. Co.*, 329 F. Supp. 3d 1236, 1247-48 (W.D. Wash. 2018) (holding that multiple motions in limine are permitted only when authorized by court order). No order authorized Defendants to file two separate motions in limine here.

Given Defendants blatant and notorious violations of the Court's motion in limine rules, Plaintiff had hoped that the Court would *sua sponte* strike Defendants' prohibited filings as the Court had previously done against Defendants to avoid the necessity of petitioning the Court for relief. As that did not occur, Plaintiff has been forced to expend time and resources to request the Court enforce its Rules. Defendants argue Plaintiff should have objected sooner, but this argument places the burden on the wrong party.

/ / /

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

4

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

It is Defendants' responsibility – not Plaintiff's – to comply with the Local Rules before filing. Defendants cannot seriously claim they did not know the Rules or that Plaintiff had any duty to remind them after the **Court has stricken their filings twelve times in this action for violating the Court's Rules**

The second motion in limine (Dkt. 289) and second opposition (Dkt. 301) must be stricken.

### III.     DEFENDANTS' PROCEDURAL DEFENSES ARE MERITLESS

#### A.     Defendants' "Timeliness" Argument Misstates the Law and Has No Basis in the Local Rules

Defendants argue that Plaintiff's Motion is untimely because Plaintiff did not object within five days under LCR 7(g). Dkt. 308 at 6–7. That argument fails for the reasons set forth in Section II.A, which explains why LCR 7(g) governs requests to strike material contained in permissible reply briefs and does not apply to filings that are prohibited ab initio by LCR 7(d)(5). A filing that the Local Rules expressly forbid does not become permissible through delay or acquiescence, and Plaintiff cannot waive the Court's mandatory rules.

Moreover, Defendants' timing argument fails on its own terms. The deadline to oppose Defendants' second motion in **limine has not passed.** LCR 7(d)(5) schedules such motions to be noted "6 days prior to the pretrial conference," and no pretrial conference has been scheduled. Order Setting Trial Dates, Dkt. 292 at 2. Plaintiff moved to strike at this juncture to preserve resources and avoid the burden of opposing a motion that is prohibited by rule, not to waive any right to file an opposition should the Court decline to strike it.

#### B.     No "Meet-and-Confer" Is Required for Striking Non-Waivable Court Rules

Defendants argue Plaintiff failed to meet and confer before filing this Motion. Dkt. 308 at 8-9. This argument fails for multiple independent reasons.

First, the Local Rules do not require meet-and-confer for these issues. The Rules mandate conferral for disputed matters such as discovery disputes over search terms or document scope. *See* LCR 7(d)(4); LCR 37. Those situations involve subjective judgment calls over the application of the rules. Here, by contrast, the violations are binary: LCR 7(d)(5) categorically states "all motions in limine shall be filed as one motion" and "[n]o reply papers shall be filed." Defendants either violated

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

5

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

these prohibitions or they did not. Defendants admit they did. Defendants could have summarily resolved this matter by withdrawing their prohibited briefing at any time, including after the filing of this Motion to Strike. They did not.

Second, meet-and-confer would be futile because Plaintiff lacks authority to waive compliance. A meet-and-confer could accomplish only one thing: Defendants withdraw their prohibited filings, which Defendants could have done at any time, but refused to do. Dkt. 308. Moreover, Plaintiff cannot waive another party's compliance with the Court's mandatory Rules. LCR 86 (rules "shall apply to every civil case"). Plaintiff cannot "agree" to let Defendants keep filings that LCR 7(d)(5) expressly prohibits.

Third, meet-and-confer with these attorneys would be futile given their documented history. Defendants have never once agreed to comply with any violations in any prior conference. They have ignored twelve Court orders striking their filings and three monetary sanctions orders (Dkts. 195, 214, 255) over thirteen months, despite numerous prior conferences to prevent such sanctionable conduct.

Fourth, Defendants' argument improperly shifts responsibility. Attorneys who sign and file papers affirm compliance with the court's rules. *See Chambers*, 501 U.S. at 43-44; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1479 (9th Cir. 1989). This Court has repeatedly emphasized that obligation, warning that noncompliant filings may be stricken and continued violations may result in sanctions, including loss of privilege to practice in this Court. Dkts. 137, 184, 226. The Local Rules impose no duty on opposing counsel to ensure another party's compliance. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). The responsibility rests entirely with the attorneys who filed the prohibited briefs.

## IV. SANCTIONS ARE WARRANTED UNDER 28 U.S.C. § 1927 AND INHERENT AUTHORITY

Section 1927 and the Court's inherent authorizes sanctions against attorneys "who so multip[ly] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The statute requires a showing that counsel's conduct was objectively unreasonable and that counsel knew or should have known that their conduct was unreasonable. District courts routinely impose sanctions for repeated failures to comply with Local Rules.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

6

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

In *Smyth v. Merchs. Credit Corp.*, the court sanctioned counsel who repeatedly failed to follow the Local Rules, characterizing such failures as "reckless conduct" that the Rules and 28 U.S.C. § 1927 deter. 2014 U.S. Dist. LEXIS 68058, at *7 (W.D. Wash. May 15, 2014). Harris and Ray's conduct satisfies both requirements: it demonstrates willful disregard for this Court's Rules and has unreasonably multiplied these proceedings.

### A. Defense Counsel Are in Contempt of This Court's Sanctions Order

On October 31, 2023, this Court ordered "Defendants' counsel" to "pay $1,320.00 to Plaintiff's counsel on or before December 1, 2023." Dkt. 195 at 19. That deadline was over thirteen months ago. Neither Patricia Ray nor Brett Harris have paid. Neither has sought relief from the order. Both remain in willful contempt of this Court's sanctions order.

This continued noncompliance is directly relevant. Attorneys who ignore court-ordered monetary sanctions for over a year demonstrate that lesser remedies are ineffective. Warnings, stricken filings, and monetary sanctions have not secured compliance.

### B. Defendants have Established a Willful Pattern of Noncompliance

Both Patricia Ray and Brett Harris signed the Opposition to this Motion. Dkt. 308. They are the same two attorneys who signed every one of the twelve filings this Court has struck over the past thirteen months.

This Court has exhausted every tool available to secure their compliance or that of Defendants, escalating from guidance to warnings to striking filings and imposing individual monetary sanctions. Those efforts have not secured compliance. After striking the first noncompliant filings in June 2023, the Court counseled the parties to comply with the Local Rules. Dkt. 137 at 1. Defendants filed more noncompliant documents. Dkts. 146, 148, 160, 161. After striking additional filings in September 2023, the Court warned that future violations may result in sanctions and reminded Defendants this was "the third time in this case" they were being told to comply. Dkt. 184 at 4-5. Defendants through the same counsel filed four more noncompliant documents. Dkts. 185, 186, 188, 189. After striking those in October 2023, the Court threatened revocation of pro hac vice status in April 2024. Dkt. 226 at 3. Defendants by these same counsel then filed three more prohibited documents in October and November 2025. Dkts. 289, 301, 304.

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

7

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

This pattern demonstrates willful disregard, not negligence. Further, every violation prejudiced Plaintiff. This conduct reflects a deliberate attitude that the Rules and Orders of this Court can be casually violated with impunity, and that it is Plaintiff's or the Court's burden to enforce compliance. It is not. It is theirs. The Court has made clear what the Rules require. Defendants and their counsel have been sanctioned, warned, and had twelve filings struck. Their continued violations are willful.

**C.  Defendants' Willful Disregard for the Rules Has Unreasonably and Vexatiously Multiplied These Proceedings**

Defendants filed three prohibited briefs in violation of LCR 7(d)(5): a second motion in limine (Dkt. 289), a second opposition (Dkt. 301), and a reply (Dkt. 304). These filings forced Plaintiff to file this Motion to Strike. That is the definition of multiplying proceedings.

The burden on the Court and Plaintiff has been substantial. This Court has been forced again to address Defendants' and Harris and Ray's noncompliant filings repeatedly over thirteen months, issuing seven separate orders striking twelve filings. See Dkts. 113, 137, 140, 151, 184, 197, 226. The Court has held hearings, reviewed briefs, and issued written decisions explaining basic Local Rules to the same two attorneys again and again and again. This conduct has wasted hundreds of hours of the Court's time, time not available for the hundreds of other cases on this Court's docket. Defendants and their counsel's violations of the Rules is abusive and has unreasonably and vexatiously multiplied these proceedings. They should be sanctioned under § 1927 and the Court's inherent authority.

**V.  CONCLUSION**

The Local Rules are not suggestions. This Court has counseled Defendants, Harris and Ray, warned them, struck twelve of their filings, threatened sanctions including revocation of *pro hac vice* status, and imposed monetary sanctions they have willfully refuses to pay. None of it has worked.

/ / /

/ / /

/ / /

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

8

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

1   For the foregoing reasons, Plaintiff requests the Court grant this Motion to Strike Dkts. 289, 301, and 304, and sanction Defendants and their counsel the fees and costs Plaintiff incurred in bringing this Motion, requiring payment of the fees and costs awarded Plaintiff as a condition to proceed in this action, and to impose such other additional sanctions as the Court deems appropriate to ensure future compliance, including the revocation of the privilege of practicing before this Court in this matter.

DATED: January 28, 2026.

*s/ William J. Crowley*
William J. Crowley, WSBA No. 18499
CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
will@crowleylawoffices.com

F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 2,751 words, in compliance with the Local Civil Rules.

*s/ William J. Crowley*
William J. Crowley, WSBA No. 18499
will@crowleylawoffices.com

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOT. TO STRIKE DEFENDANTS' PROHIBITED MIL FILINGS
Case No. 2:21-cv-01301-DWC

9

LEX TECNICA LTD.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2026, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

/s/  Brianna Show
An employee of LEX TECNICA, LTD.

Plaintiff's Reply in Support of its Mot. to Strike Defendants' Prohibited MIL Filings
Case No. 2:21-cv-01301-DWC

10

Lex Tecnica Ltd.
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145
702-518-5535