UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY,<br><br>    Plaintiff,<br><br>    v.<br><br>MMAS RESEARCH LLC, a Washington limited liability company, et al.,<br><br>    Defendants. | NO. 2:21-CV-01301-RSM<br><br>**DEFENDANTS MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO SERVE RULE 26(a)(3) PRETRIAL DISCLOSURES**<br><br>NOTE ON MOTION CALENDAR: March 6, 2026<br><br>ORAL ARGUMENT REQUESTED |

    Defendants MMAS Research LLC and the remaining Defendants (collectively, "Defendants") move for sanctions against Plaintiff Donald E. Morisky ("Plaintiff") based on Plaintiff's complete failure to serve any of the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3)—including his trial witness list, deposition designations, and exhibit list—on Defendants, in violation of Federal Rules of Civil Procedure 16 and 26(a)(3), Western District of Washington Local Civil Rule 16(h), and this Court's Order Setting Trial Date and Related Dates (ECF 292), which established firm pretrial disclosure and trial preparation deadlines leading up to the March 2, 2026, jury trial. Plaintiff's noncompliance is particularly prejudicial because, rather than serve disclosures as required, Plaintiff has instead continued to file motions on issues previously litigated and to pursue delay tactics despite providing no pretrial disclosures.

    This is precisely the type of conduct the Court previously warned could warrant further

relief: in the June 23, 2025, Report and Recommendation, the Court admonished that, "If either party engages in delay tactics, including but not limited to frivolous appeals and filing motions on previously litigated matters, additional sanctions may be necessary." (ECF 273.) Plaintiff's continued failure to serve mandatory pretrial disclosures, coupled with continued motion practice, confirms that meaningful Rule 16(f) and Rule 37(c)(1) sanctions are necessary to protect the Court's firm trial schedule and prevent unfair surprise.

The requested relief is the standard, automatic consequence of non-disclosure under Rule 37(c)(1) and is necessary to prevent unfair surprise and to protect the integrity of the Court's firm pretrial dates.

## I. RELIEF REQUESTED

Defendants request that the Court enter an order under Federal Rules of Civil Procedure 16(f), 26(a)(3), 37(c)(1), and Local Civil Rule ("LCR") 16(h): (1) finding that Plaintiff has violated his obligations to serve Rule 26(a)(3) pretrial disclosures and to comply with this Court's Scheduling Order and LCR 16(h) by failing to serve any pretrial disclosures or witness list on Defendants by the deadlines established in the Court's trial order; (2) precluding Plaintiff from using in connection with this case—including at motions, hearings, and at trial—any witness, deposition testimony, exhibit, or other evidence that was not timely and properly disclosed as required by Rule 26(a)(3) and LCR 16(h), including striking or disregarding any pretrial disclosure materials that Plaintiff may belatedly attempt to serve after the filing of this Motion; (3) awarding Defendants their reasonable attorneys' fees and costs incurred in connection with this Motion and any related meet-and-confer efforts; and (4) granting such further and additional sanctions as the Court deems just and appropriate to avoid prejudice to Defendants, to enforce

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 2

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

compliance with the Court's firm trial schedule, and to deter future violations of the Federal Rules, the Local Civil Rules, and this Court's orders, including sanctions tailored to address Plaintiff's pattern of repeated filings and delay efforts notwithstanding his ongoing failure to make required disclosures—conduct the Court has already warned may require "additional sanctions." (ECF 273.)

Defendants further request that any order on this Motion make clear that Plaintiff's failure to comply with Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order will not be permitted to delay or jeopardize the March 2, 2026 jury trial, to reopen discovery, or to expand the scope of evidence beyond that timely disclosed by Defendants in compliance with the applicable rules and deadlines, including through last-minute motions that attempt to inject new issues or evidence after deadlines have expired.

Plaintiff has had ample notice of the trial date and pretrial deadlines since the Court entered its October 28, 2025, trial order (ECF 292) and of his obligations under Rule 26(a)(3) and LCR 16(h), yet he has failed to serve any of the required pretrial disclosures or witness lists on Defendants. Plaintiff's continued motion practice and repeated filings—despite serving no Rule 26(a)(3) disclosures—underscore that his noncompliance is a choice, not an oversight. This total noncompliance creates unfair surprise, frustrates the orderly pretrial process contemplated by the Federal and Local Rules, and prejudices Defendants by unnecessarily burdening them with trying to guess what evidence and witnesses Plaintiff is planning on presenting at trial—thereby making preparation of a defense all but impossible.

Because Rule 37(c)(1) provides that a party who fails to identify a witness or provide information as required by Rule 26(a) "is not allowed to use that information or witness to supply

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 3

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

evidence at a trial" unless the failure was substantially justified or harmless, and because LCR 16(h) requires timely pretrial disclosures consistent with the Court's scheduling orders, Defendants seek an order enforcing these rules here, including the strong presumption of exclusion that applies when a party withholds trial disclosures on the eve of trial.

Defendants also request their reasonable fees and expenses associated with bringing this Motion, consistent with Rule 37(c)(1)(A), Rule 16(f)(2), and LCR 16(h), because Plaintiff's noncompliance has forced Defendants to incur unnecessary costs to protect their trial rights, to seek enforcement of the Court's Scheduling Order, and to avoid prejudice from Plaintiff's failure to participate in the required pretrial disclosure process, while Plaintiff continues to pursue filings that further disrupt the pretrial sequence.

The sanctions requested are tailored to remedy the prejudice resulting from Plaintiff's noncompliance, to enforce the Federal and Local Rules and this Court's orders, and to preserve the existing March 2, 2026, trial date and related pretrial deadlines.

## II. BACKGROUND

**A. Relevant Scheduling Order, LCR 16(h), And Pretrial Disclosure Deadlines**

- On October 28, 2025, the Court entered its Order Setting Trial Date and Related Dates (ECF 292), setting a jury trial for March 2, 2026, and establishing firm pretrial deadlines that implement and supplement the disclosure obligations of the Federal Rules of Civil Procedure and Local Civil Rules, including Rule 26(a)(3) and LCR 16(h).

- The Order requires the parties to file an agreed pretrial order by February 18, 2026, and to submit trial briefs, proposed voir dire questions, jury instructions,

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 4

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

- a neutral statement of the case, and trial exhibits by February 25, 2026. These dates are "firm" within the meaning of the Order and are premised on the parties' timely exchange of pretrial disclosures and witness lists consistent with Rule 26(a)(3) and LCR 16(h).

- Consistent with Rule 26(a)(3) and LCR 16(h), Plaintiff's pretrial disclosures of witnesses, deposition designations, and exhibits were required to be served at least 30 days before trial and in any event sufficiently in advance of the February 18, 2026 agreed pretrial order and February 25, 2026 trial-submission deadlines to permit Defendants to prepare the LCR 16.1 pretrial order and related submissions.

- As of the filing of this Motion, Plaintiff has not served any Rule 26(a)(3) or LCR 16(h) pretrial disclosures identifying trial witnesses, witness contact information, deposition testimony, or exhibits on Defendants MMAS Research LLC or the other Defendants, despite Defendants' compliance efforts and the imminence of the Court's pretrial deadlines.

**B. Western District Of Washington Local Rule (16(H)**

Under Western District of Washington Local Rule 16(h), Plaintiff's pretrial statement, including witness and exhibit lists, must be provided sufficiently in advance of the Court-ordered deadline for the agreed pretrial order to permit the parties to prepare and file a compliant joint submission. Here, the Court ordered the parties to file an agreed pretrial order by February 18, 2026 (ECF 292), and Rule 26(a)(3) requires service of pretrial disclosures at least 30 days before trial absent a different court order. As of February 2, 2026, Defendants had not received

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Plaintiff's required pretrial statement, including his witness and exhibit lists. Plaintiff's omission to act in accordance with the Court's schedule works incurable prejudice to Defendants' ability to prepare objections, counter-designations, and a meaningful joint pretrial order.

Such delay is exactly what this Court prohibited in its admonishment in the June 23, 2025, Report and Recommendation, advising the parties, "If either party engages in delay tactics, including but not limited to frivolous appeals and filing motions on previously litigated matters, additional sanctions may be necessary." (ECF 273.) On October 28, 2025, the Court revised the trial schedule with a trial date of March 2, 2026, and a joint pretrial order due date of February 18, 2026. (ECF 292.)

In the Court's Order Setting Trial Date and Related Dates issued on October 28, 2025, the parties were required to notify the Court of any conflicts with the March 2, 2026, trial date within 10 days of that Order or otherwise waive any conflict to such trial date and corresponding trial schedule:

> If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Judge Martinez's Courtroom Deputy by email or phone at rsmcrd@wawd.uscourts.gov or (206) 370−8454 **within 10 days of the date of this Order** and must set forth the exact nature of the conflict. **A failure to do so will be deemed a waiver**.

ECF 292 (emphasis added).  Contrary to the Court's request, 99 days (not 10) after the Court's Order, Plaintiff requested that the March 2nd trial date be moved allegedly due to conflicts stemming from Plaintiff's counsel's trial demands, in an emergency ex parte application coincidentally around the time Defendant informed Plaintiff that they failed to serve appropriate

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 6

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

pretrial disclosures—which they have never done as of this motion for sanctions.

Instead of complying with the Local Rules and the October 28, 2025 Order and providing Defendants with the disclosures necessary to prepare the joint pretrial order, Plaintiff has sought movement of the March trial date allegedly due to other conflicts long after 10 days of the Court's Order setting it, continued to pursue repeated filings and delay tactics while still serving no Rule 26(a)(3) disclosures—throwing the pretrial sequence into disarray on the eve of firm deadlines and triggering the very concern the Court identified that "additional sanctions may be necessary." ECF 273. In addition to all that, Plaintiff still has not served any pretrial disclosures to Defendant, making it impossible for Defendant to properly prepare for trial.

**C. Prejudice To Defendants and Impact on Trial**

Plaintiff's failure to serve Rule 26(a)(3) and LCR 16(h) disclosures hampers Defendants' ability to prepare for trial in multiple ways. Without a list of Plaintiff's proposed trial witnesses and deposition designations, Defendants cannot determine which witnesses require preparation for cross-examination, which depositions must be counter-designated, or whether additional motions in limine or evidentiary objections are necessary, all of which are intended to be addressed in an orderly fashion through the pretrial disclosure process.

Likewise, without timely identification of Plaintiff's trial exhibits, Defendants cannot raise targeted objections, prepare stipulations to authenticity or admissibility where appropriate, or avoid duplication with their own exhibit lists. This uncertainty undermines the parties' ability to submit a meaningful agreed pretrial order under LCR 16.1 by February 18, 2026, and to comply with the Court's requirement that trial exhibits be submitted to chambers by February 25, 2026.

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 7

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Because the trial date is firm and rapidly approaching, the prejudice caused by Plaintiff's noncompliance is neither theoretical nor harmless. Absent sanctions precluding the use of undisclosed witnesses and exhibits, Defendants risk being confronted at trial with evidence they have had no fair opportunity to investigate or address, in direct contravention of the structured pretrial process mandated by Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order.

The Court's Order Setting Trial Date expressly states that the deadlines are "firm dates" that may be altered only for good cause and that failure to complete necessary preparations within the time allowed is not recognized as good cause. Plaintiff's failure to serve Rule 26(a)(3) and LCR 16(h) should not be allowed to jeopardize those firm deadlines or to create the need for unnecessary continuances or last-minute evidentiary disputes.

Against this backdrop, sanctions enforcing Rule 26(a)(3), LCR 16(h), and Rule 37(c)(1) are necessary to ensure that trial proceeds efficiently and fairly for all parties, to deter continued noncompliance and gamesmanship, and to uphold the integrity of this Court's Scheduling Order.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(3)(A) requires each party to provide "pretrial disclosures" at least 30 days before trial, including: (i) the name and contact information of each witness the party expects to present and may call if the need arises; (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and (iii) an identification of each document or other exhibit, including summaries of other evidence, that the party expects to offer or may offer if the need arises.

Rule 26(a)(3)(B) provides that these pretrial disclosures must be made "at least 30

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 8

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

days before trial unless the court orders otherwise," and Rule 26(a)(3)(B)–(C) contemplates that opposing parties will have the opportunity to object to such disclosures and that the Court will resolve those objections in advance of trial. The Court's trial order implements these timing requirements by establishing specific dates for the agreed pretrial order and trial submissions, and LCR 16(h) further requires that the parties make and exchange pretrial disclosures in time to permit preparation of the LCR 16.1 pretrial order and compliance with the Court's scheduling order.

Rule 37(c)(1) provides that, if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to or instead of this automatic sanction, the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions."

Rule 16(f)(1) authorizes the Court to issue "any just orders" if a party or its attorney "fails to obey a scheduling or other pretrial order." Under Rule 16(f)(2), the Court must order the noncompliant party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of the noncompliance, unless the failure was substantially justified or other circumstances make an award of expenses unjust. LCR 16(h) likewise directs the parties to comply with the Court's scheduling and pretrial procedures, reinforcing the Court's authority to enforce its orders through appropriate sanctions. Where, as here, noncompliance is coupled with continued filings and delay tactics, the Court's previously stated warning is directly implicated: "If either party engages in delay tactics, including but not limited to frivolous appeals

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 9

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

and filing motions on previously litigated matters, additional sanctions may be necessary." (ECF 273.)

Courts in this Circuit consistently enforce Rules 26(a) and 37(c)(1) by excluding previously undisclosed witnesses and exhibits, particularly where the nondisclosing party offers no substantial justification and the failure to disclose is not harmless in light of the impending trial date. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001) (upholding preclusion sanction under Rule 37(c)(1) for failure to disclose information as required by Rule 26(a)); R&R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246–47 (9th Cir. 2012) (describing Rule 37(c)(1) exclusion as a "self-executing," "automatic" sanction absent substantial justification or harmlessness).

In exercising their broad discretion under Rules 16(f) and 37(c)(1), district courts routinely fashion sanctions that are no more severe than necessary to remedy the prejudice and to ensure adherence to firm scheduling orders and local pretrial procedures—including exclusion of undisclosed evidence and fee awards where appropriate, particularly where a party's conduct reflects strategic delay rather than good-faith mistake. Here, the Court has already cautioned that, "If either party engages in delay tactics, including but not limited to frivolous appeals and filing motions on previously litigated matters, additional sanctions may be necessary," (ECF 273), underscoring the need for sanctions that meaningfully deter continued noncompliance with mandatory pretrial disclosure obligations.

## IV. ARGUMENT

**A. Plaintiff Has Violated Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order**

Rule 26(a)(3) required Plaintiff to serve pretrial disclosures at least 30 days before the

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 10

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

March 2, 2026, trial date, absent a contrary order of the Court. The Court's trial order, in turn, establishes February 18, 2026, and February 25, 2026, deadlines for the agreed pretrial order (under LCR 16.1) and trial submissions, confirming that all necessary disclosures under Rule 26(a)(3) and LCR 16(h) must be made sufficiently in advance of those dates for trial preparation to be completed.

Despite these clear requirements, Plaintiff has not served any Rule 26(a)(3) pretrial disclosures identifying trial witnesses, deposition designations, or exhibits on Defendants. Any prior initial disclosures or discovery responses served by Plaintiff do not satisfy the specific, trial-focused disclosure obligations of Rule 26(a)(3) and LCR 16(h), which are designed to streamline trial and narrow evidentiary disputes in advance of the firm pretrial deadlines. Plaintiff's continued motion practice does not excuse his, or his counsel's, failure to meet these mandatory pretrial disclosure obligations.

By failing to provide Rule 26(a)(3) and LCR 16(h) disclosures in the timeframe contemplated by the Federal Rules, the Local Civil Rules, and the Court's trial order, Plaintiff has violated both Rule 26(a)(3) and a "scheduling or other pretrial order" within the meaning of Rule 16(f), as well as the pretrial disclosure obligations imposed by LCR 16(h).

**B. Plaintiff's Failure Is Neither Substantially Justified Nor Harmless**

Under Rule 37(c)(1), the burden is on the nondisclosing party to show that a failure to disclose was substantially justified or harmless. Plaintiff has made no such showing. Plaintiff has been on notice of the trial date and pretrial deadlines since at least October 28, 2025, when the Court entered its trial order, and Defendants' inquiries about missing disclosures further underscored Plaintiff's obligations and highlighted the prejudice resulting from his

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 11

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

noncompliance. Moreover, Plaintiff's own statements in his ex parte application reflect that he is not positioned to comply with the Court's firm pretrial schedule absent sanctions that enforce the disclosure rules. Plaintiff's continued filings and delay efforts, notwithstanding complete nondisclosure, further implicate the Court's prior warning that, "If either party engages in delay tactics, including but not limited to frivolous appeals and filing motions on previously litigated matters, additional sanctions may be necessary." (ECF 273.)

The failure is not harmless. Trial is scheduled to commence on March 2, 2026. The agreed pretrial order is due February 18, 2026, and trial exhibits are due February 25, 2026. Without Plaintiff's Rule 26(a)(3) disclosures, Defendants are left to guess about who will testify, what deposition excerpts will be read, and which exhibits Plaintiff will seek to admit, significantly impeding Defendants' ability to prepare for trial and to make informed strategic decisions.

Allowing Plaintiff to present witnesses and exhibits at trial that were not disclosed in compliance with Rule 26(a)(3) and LCR 16(h) would reward noncompliance, prejudice Defendants, and encourage late-breaking evidentiary surprises inconsistent with the orderly administration of trial contemplated by the Federal Rules, the Local Civil Rules, and this Court's Scheduling Order, which expressly designates the pretrial dates as "firm." Plaintiff should not be permitted to substitute repeated filings and motion practice for the disclosures the Rules require, particularly where the Court has already cautioned that "delay tactics" may warrant that "additional sanctions may be necessary." (ECF 273.)

### C. Exclusion of Undisclosed Evidence and a Fee Award Are Appropriate and Tailored Sanctions

Because Plaintiff has not served Rule 26(a)(3) disclosures and cannot show that the failure is substantially justified or harmless, Rule 37(c)(1) dictates that Plaintiff "is not allowed

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 12

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

to use" at trial any witnesses, deposition testimony, or exhibits that should have been, but were not, properly disclosed. An order precluding Plaintiff from using such undisclosed evidence—including any materials not disclosed in accordance with Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order—is therefore warranted, and any belated attempt to serve disclosures after this Motion should be stricken or disregarded absent an express Court order finding substantial justification and harmlessness. Plaintiff's continued filings while withholding mandatory disclosures also reflect the type of "delay tactics" the Court has warned may require "additional sanctions." (ECF 273.)

- Plaintiff should be precluded from calling at trial any witness—whether fact or expert—who was not identified in timely and complete Rule 26(a)(3) disclosures.
- Plaintiff should be precluded from offering at trial any deposition testimony not disclosed in accordance with Rule 26(a)(3)(A)(ii).
- Plaintiff should be precluded from offering at trial any document or exhibit not identified in timely and complete Rule 26(a)(3)(A)(iii) and LCR 16(h) disclosures.
- The Court should award Defendants their reasonable attorneys' fees and costs incurred in connection with this Motion and any related meet-and-confer efforts, pursuant to Rule 37(c)(1)(A), Rule 16(f)(2), and LCR 16(h), as expenses caused by Plaintiff's failure to comply with his pretrial disclosure obligations and this Court's Scheduling Order, and as a deterrent in light of Plaintiff's continued filings despite providing no disclosures.

These sanctions are proportional to Plaintiff's noncompliance, necessary to cure the prejudice to Defendants, and consistent with the Federal Rules' and Local Civil

DEFENDANT'S MOTION FOR SANCTIONS FOR
PLAINTIFFS TO SERVE RULE 26(a)(3)
PRETRIAL DISCLOSURES - 13

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Rules' directive that pretrial disclosures and firm scheduling orders be taken seriously, while preserving the existing March 2, 2026, trial date and avoiding disruption to the Court's docket.

## V. CONCLUSION

Plaintiff has failed to comply with the pretrial disclosure requirements of Rule 26(a)(3), LCR 16(h), and this Court's trial order, despite ample notice and Defendants' efforts to obtain the required information. That failure is neither substantially justified nor harmless, and it threatens to prejudice Defendants and disrupt the orderly preparation for the March 2, 2026, jury trial on dates this Court has deemed "firm." Plaintiff's continued repeated filings and admissions in his ex parte application further confirm that, absent firm sanctions, Plaintiff will continue to disregard disclosure obligations and jeopardize the Court's schedule.

- Preclude Plaintiff from using in connection with this case—including at motions, hearings, and at trial—any witness, deposition testimony, or exhibit that was not timely and properly disclosed as required by Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order, including striking or disregarding any such pretrial materials that Plaintiff attempts to serve only after the deadlines have passed;

- Award Defendants their reasonable attorneys' fees and costs incurred in connection with this Motion and related efforts to secure Plaintiff's compliance with Rule 26(a)(3), LCR 16(h), and the Court's Scheduling Order.

- Grant such further and additional relief as the Court deems just and proper to enforce the Federal Rules, the Local Civil Rules, and its Scheduling Order, to deter similar

noncompliance and repeated filings despite non-disclosure, and to ensure that the March 2, 2026, trial proceeds efficiently and fairly.

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion for Sanctions.

Respectfully submitted this 12th day of February, 2026.

<u>s/Patricia Ray</u>
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com


<u>s/ Brett Harris</u>
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: February 12, 2026

/s/ Brett Harris