# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DONALD E. MORISKY,

        Plaintiff,

        v.

MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, POLINA FEILBACH, an individual, RODNEY WATKINS, an individual, DUSTIN MACHI, an individual, MMAS Research Italy S.R.L. an Italian company, and MMAS Research France, SAS a French company,

        Defendants.

NO. 2:21-CV-01301-DWC

**PRETRIAL ORDER**

---

## PROCEDURAL NOTE

Defendants submit this form of Pretrial Order pursuant to the Court's scheduling order dated October 28, 2025, (the "Scheduling Order"), but note that Plaintiffs have not provided their contribution notwithstanding the deadlines in the Scheduling Order and the Local Rules of this Court.

PRETRIAL ORDER- 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

# CASE SUMMARY

This action arises from a dispute between Plaintiff Donald E. Morisky and Defendants MMAS Research, LLC and related individuals/entities concerning intellectual-property and contract rights associated with the medication-adherence scales commonly referred to as the MMAS-4 and MMAS-8 and diagnostic assessment software known as the "Morisky Widget." The parties' business relationship deteriorated in 2019, leading to competing communications to customers and multiple proceedings, including Washington state-court litigation and a 2020 federal action filed by Morisky in the District of Nevada. The parties reached a settlement in July 2020 that was later reduced to writing in December of 2020 (the "CR2A"), but additional disputes arose concerning performance and the finalization of the CR2A. Morisky filed this federal action on September 24, 2021, asserting claims including breach of the CR2A and infringement-related claims, while Defendants deny liability and contend, among other things, that MMAS Research owns the copyright in the Morisky Widget because the CR2A was never finalized. Defendants previously asserted counterclaims in this action that have been dismissed and are not pending for trial. Related rulings referenced by Defendants include a Nevada District Court order concerning copyrightability issues and a Ninth Circuit decision addressing the CR2A and/or ownership issues.

PRETRIAL ORDER- 2

## DEFENSES

Without assuming any burden of proof not otherwise imposed by law, and reserving all defenses available under the Federal Rules of Civil Procedure and applicable law, Defendant will assert the following affirmative defenses:

1. **Authorization/Consent**. Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct was authorized and consented to, and/or otherwise permitted under the parties' agreements and/or by Plaintiff's conduct.

2. **Release/Accord and Satisfaction (Settlement Bar)**. Plaintiff's claims are barred, in whole or in part, by release, settlement, accord and satisfaction, and/or other contractual bars arising from the parties' settlement agreement(s), including the CR2A settlement and related agreements.

3. **Waiver**. Plaintiff has waived, in whole or in part, the claims and/or remedies asserted by failing to timely enforce rights, by agreeing to limitations on claims/remedies, and/or by conduct inconsistent with the relief sought.

4. **Equitable Estoppel**. Plaintiff is estopped from asserting some or all claims and/or remedies because Plaintiff's acts, omissions, representations, and course of dealing induced Defendant's conduct, and Defendant reasonably relied to its detriment.

PRETRIAL ORDER- 3

5. **Unclean Hands**. Plaintiff's claims for equitable relief (including injunctive relief) are barred, in whole or in part, by the doctrine of unclean hands based on Plaintiff's conduct relating to the subject matter of this dispute.

6. **Statute of Limitations**. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, including the three-year limitations period under 17 U.S.C. § 507(b) for copyright claims and any applicable limitations or timeliness doctrines governing the remaining claims.

7. **Claim and/or Issue Preclusion**. Plaintiff's claims are barred, in whole or in part, by claim preclusion and/or issue preclusion based on prior adjudications between the parties in courts of competent jurisdiction.

8. **Failure to Mitigate Damages**. Plaintiff's recovery, if any, is barred or reduced to the extent Plaintiff failed to take reasonable steps to mitigate alleged damages.

9. **No Willfulness/Good Faith**. To the extent Plaintiff seeks enhanced statutory damages, attorneys' fees, or other enhanced remedies, such remedies are barred or limited because Defendant did not act willfully and acted in good faith and/or under a reasonable interpretation of the parties' agreements and the parties' rights.

10. **Nominative Fair Use (Trademark)**. Plaintiff's trademark-related claims are barred, in whole or in part, because any use of Plaintiff's marks was

PRETRIAL ORDER- 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

nominative fair use or otherwise permissible referential use, and not a use likely to cause confusion.

11. **No Likelihood of Confusion (Trademark)**. Plaintiff's trademark and unfair competition claims are barred because Defendant's conduct did not create a likelihood of consumer confusion as required under applicable law.

12. **Limitations on Damages/Causation/Apportionment**. Plaintiff's damages, if any, are barred or limited because Plaintiff cannot prove causation, cannot prove damages with reasonable certainty, and/or any recovery must be apportioned to exclude amounts not attributable to the alleged wrongful conduct.

## ISSUES OF LAW

The legal issues to be determined at trial include:

1. Whether Plaintiff can establish liability on his breach-of-CR2A claim(s), including whether the CR2A is enforceable and the proper interpretation of its material terms as applied to the parties' conduct.

2. Whether the works at issue (including the MMAS-4 and MMAS-8 and any protectable expression therein) are subject to copyright protection and, if so, the scope of any protectable elements relevant to Plaintiff's copyright claims.

PRETRIAL ORDER- 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

3. As to copyright, whether Defendants infringed any protectable expression and, if so, the proper measure of damages and whether any infringement was willful, while, if not, whether attorneys fees should be awarded to Defendants;

4. Whether Defendants' challenged conduct was authorized by license, consent, or other contractual right, including under the CR2A and/or any prior license agreements.

5. As to trademark and unfair competition, whether Plaintiff has enforceable trademark rights and whether Defendants' use has actually caused consumer confusion, including whether any use constitutes nominative fair use;

6. Whether Plaintiff's claims are barred or limited by affirmative defenses including accord and satisfaction and/or release, waiver, equitable estoppel, and failure to mitigate damages (to the extent supported by the record and not waived).

7. Whether any of Plaintiff's claims (or categories of damages) are time-barred under the applicable statute(s) of limitations (to the extent supported by the record and not waived).

8. Whether any claim or issue is barred or limited by claim preclusion and/or issue preclusion arising from prior proceedings and orders involving the parties (to the extent applicable and supported by the record).

PRETRIAL ORDER- 6

9. Whether damages, if any, must be limited by failure to mitigate, apportionment, and proof of causation.

## DEFENDANTS  WITNESSES

1. Steven Trubow 101 2nd St Unit 303 Petaluma California 94952

2. Rodney Watkins 171 C Ave, Ste C, Coronado, CA 92118.

3. Dustin Machi  946 Grady Avenue, Suite 100, Charlottesville, VA 22903

4. Kenneth Gross **:** 849 S Broadway, Apt 504, Los Angeles, CA 90014.

5. Kimberly Fong  100 Pine Street, Suite 1250, San Francisco, CA 94111

6. F Christopher Austin 11009 Edina Court Las Vegas NV 89144

7. Phillip Morisky 130 Granada Ave Long Beach, CA 90803

8. Donald Morisky 10935 Museo Ave, Las Vegas, NV 89135

9. Susan Morisky 10935 Museo Ave, Las Vegas, NV 89135

10. Andy Brookes 200 Sidney Street, Cambridge, MA 02139

## DEFENDANTS EXHIBITS

| Ex. # | Description |
|---|---|
| # 500 | Donald Morisky Correspondence, Licenses, and Agreements |

PRETRIAL ORDER- 7

| | |
|---|---|
| # 501 | Susan Morisky Correspondence |
| #502 | Christopher Austin Correspondence and Pleadings |
| #503 | Phillip Morisky Correspondence and Declarations |
| #504 | Kenneth Gross Correspondence |
| #505 | Kimberly Fong Correspondence |
| #506 | Andy Brookes Correspondence and Settlements |
| #507 | Nevada District Court Order |

PRETRIAL ORDER- 8

| | |
|---|---|
| | Case 2:24-cv-01590-JCM-NJK |
| #508 | UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT<br><br>Case: 23-55202, 03/13/2024, ID: 12868769 |
| #509 | Sanofi Documents |

Dated this 17th day of February, 2026.

s/Patricia Ray
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com

PRETRIAL ORDER- 9

s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: Fenruary 17, 2026.

/s/ Brett Harris

PRETRIAL ORDER- 10