UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, | Case No. 2:21-cv-1301-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND OUTSTANDING TRIAL-RELATED DUE DATES |
| v. | |
| MMAS RESEARCH, LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Continue Trial Date and Outstanding Trial-Related Due Dates. Dkt. #311. Plaintiff filed this Motion *ex parte* and noted it for same-day consideration "[g]iven the urgency of this issue" and to request a telephonic hearing "as soon as possible." *Id*. at 1.[1] Defendants oppose the Motion. *See gen*. Dkt. #315 (Defendants' Motion for Sanctions). The Court finds that it can rule on the Motion without responsive briefing or oral argument.

Due to the nationwide federal government shutdown in the Fall of 2025, the trial date in this case was rescheduled to March 2, 2026. Dkt. #292. Plaintiff requests that the trial date be continued "to April 6, 2026, or as soon thereafter as possible," due to Plaintiff's "sole trial counsel, F. Christopher Austin," being unable to prepare for trial due to illness during the month of January 2026, said counsel's "unexpected necessity to respond to numerous motions and filings by Defendants in this case and several of the ten other related cases Defendants have

---

[1] Plaintiff later re-noted the Motion for February 18, 2026. *See* Dkt. #314.

ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND
OUTSTANDING TRIAL-RELATED DUE DATES - 1

brought against Plaintiff," and due to counsel's current trial in Nevada. Dkt. #311 at 1-2. Plaintiff states that Mr. Austin's late-assigned tasks for the Nevada trial were "unforeseen request[s]" that "dramatically increased Mr. Austin's role in that case in early January." *Id*. at 3. Mr. Austin was also "required throughout January to attend to an inordinate number of filings and motion practice initiated by Defendants both in this action and in one of the other ten [related] suits" filed by Defendants "immediately after this Court sanctioned Defendants by dismissing their counterclaims in this action" in August 2024. *Id*. Plaintiff refers to Mr. Austin as his "sole trial counsel" because Plaintiff claims that he "cannot afford to employ a team of lawyers to represent him at trial" due to Defendants not paying "the $82,142.42 in sanctions ordered by the Court." *Id*. at 2.

Plaintiff states that "on the first day of the Nevada trial," February 2, 2026, Mr. Austin left Defendants' counsel a voice message detailing these issues and requesting that the parties stipulate to a new trial date. *Id*. at 5. He then attempted to call other times that day and sent a follow-up email the next day but claims he received no response. *Id*. at 5-6. Instead, Plaintiff states that he received a "Rule 11 'Safe Harbor Notice'" from Defendants' counsel on Friday, February 3, to inform Plaintiff of their intent to file a motion for "case dispositive sanctions against Plaintiff" on February 24 for failing to start "the process of preparing a Joint Pretrial Order[.]" *Id*. at 6. Plaintiff admits to his "oversight" of Local Rule 16(h)'s requirement to provide Defendants' counsel with pretrial documents thirty days before the pretrial order deadline (here, February 18, 2026). *Id*. at 7. However, Plaintiff argues that "it appears Defendants have laid in wait" for Plaintiff to miss this deadline in order to "improperly set Plaintiff up" for potential "case-ending sanctions, rather than work in good faith[.]" *Id*. at 7.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion

ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND
OUTSTANDING TRIAL-RELATED DUE DATES - 2

of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. "[T]his rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m).

Given all of the above, it appears that Plaintiff has acted diligently in preparing for trial, and the Court finds good cause to amend the scheduling order. The Court notes that the trial date in this matter has not previously been continued by any party request, and the Court granting this request will result in minimal, if any, prejudice to Defendants. Accordingly, the Court will grant Plaintiff's request. However, the Court again cautions the parties that any additional conduct to delay trial could result in further sanctions. *See* Dkt. #273 at 8 (Report & Recommendation), #278 (Order adopting R&R).

Having considered the instant Motion, relevant briefings, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Continue Trial Date and Outstanding Trial-Related Due Dates, Dkt. #311, is GRANTED. Trial and related dates are continued for six (6) weeks, with a new trial date of April 13, 2026. A revised scheduling order with amended deadlines will be issued shortly. Given all of the above, the Court further ORDERS that Defendant's Motion for Sanctions, Dkt. #315, is DENIED as moot.

DATED this 18th day of February, 2026.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE