UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD E. MORISKY,

                    Plaintiff,                      Case No. C21-1301-RSM

         v.                                         ORDER TO SHOW CAUSE

MMAS RESEARCH, LLC, *et al.*,

                    Defendants.

    This matter comes before the Court *sua sponte*.  The facts of this case are well-known, as well as Defendants' past-sanctioned conduct for failure to participate in discovery and pay sanctions. *See gen*. Dkt. #255.  Defendants past sanctions include:

    (1) $33,525.92 in attorney's fees and costs to Plaintiff for compelling Defendants to attend depositions and respond to discovery requests (*see* Dkts. #123, #141);

    (2) $1,320.00, to be paid by Defendants' counsel, for court reporter fees incurred after Defendant Trubow failed to appear for his May 2023 depositions (*see* Dkt. #195);

    (3) $1,500.00 for failure to pay the $33,529.92 in sanctions by December 1, 2023 (*see id*.);

    (4) Dismissing with prejudice Defendants' counterclaims and limiting Defendants in defenses presented at trial from failure to participate in discovery, presuming

ORDER TO SHOW CAUSE - 1

destroyed Electronically Stored Information as unfavorable to Defendants, and providing an adverse jury instruction (*see* Dkt. #257); and

(5) $46,531.48 in attorney's fees and costs to Plaintiff for bringing the motion for sanctions (*see* Dkt. #267).

All of the above sanctions were issued years ago. Trial is set for April 13, 2026. *See* Dkt. #318. According to Plaintiff, Defendants have not paid any of the above sanctions and represent that they cannot pay. *See* Dkt. #311 at 2. The Court previously found that Defendants had not demonstrated an inability to pay (and had failed to produce related documents), but the Court ultimately determined that the case should proceed to trial. *See* Dkts. #214, #273. In denying Plaintiff's motion for case-terminating sanctions, the Court found there was "some evidence" that Defendant lacked funds to pay the sanctions and that prejudice to Plaintiff and availability of less drastic sanctions weighed against Plaintiff's request. *See* Dkts. #273 and #278. However, the Court warned the parties that any further delay tactics may result in additional sanctions. *See* Dkt. #273 at 8.

Since the above orders, Defendants have continued to engage in conduct that violates the Court's local rules and orders and displays further delay tactics. In filing status reports, Defendants filed a separate report due to failing to reach "a timely resolution" with Plaintiff, resulting in Plaintiff filing a separate and joint report after receiving Defendants' "non-compliant version of the report" and Defendants' counsel "outright refused to meet and confer regarding it." Dkts. #280 at 1, #281, #282 at 1. This was in direct violation of the Court's order "to submit a Joint Status Report" and that "[n]o separate reports shall be filed." Dkt. #279. With trial only weeks away, Defendants moved to disqualify Plaintiff's counsel (Dkt. #286). *See FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157 (W.D. Wash. 2006) (finding that the court "must

ORDER TO SHOW CAUSE - 2

consider the danger of a motion to disqualify opposing counsel as a litigation tactic"). Defendants filed two separate motions in limine (in which one appears to be an improper motion for claim dismissal), two separate responses to Plaintiff's motions in limine, and a reply in support of their motions in limine, all in violation of the local Rules. *See* LCR 7(d)(5) and 7(e)(5). Rather than responding to Plaintiff's request to continue the trial, Defendants waited and filed for case-dispositive sanctions based on Plaintiff's failure to initiate pretrial disclosures, which the Court denied as moot in finding good cause to grant Plaintiff's extension request. *See* Dkts. #311, #315, #317. Finally, Defendants proposed pretrial order and motions in limine appear to show that Defendants intend to argue defenses at trial that were previously dismissed with prejudice. *See* Dkts. #316, #255, #257.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Rule 37 permits the Court, *inter alia*, to prohibit evidence, strike pleadings, stay the case until orders are obeyed, dismiss the action, or render a default judgment against the noncompliant party. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). A finding of "willfulness, fault, or bad faith" is required for dismissal. *Wyle*, 709 F.2d at *589. The Court may enter a judgment against a party where it appears that a party's attorney does not complete necessary preparations and is unprepared for the trial date. *See* LCR 11(c). A party who "without just cause" does not comply with the Federal Rules, the Court's local rules, or the Court's orders, or engages in unnecessary motions or oppositions or "otherwise so multiplies or obstructs the proceedings . . . may be subject to such other sanctions as the court may deem appropriate." *Id*.

ORDER TO SHOW CAUSE - 3

Given all of the above, the Court finds that this matter is unprepared for the current trial date. The parties are completely at-odds, and Defendants continue to engage in delay tactics and unnecessary, costly, and time-consuming motions practice on the eve of trial. Considering the events since the Court's previous Order declining Plaintiff's case-ending sanctions request (*see* Dkt. #278), along with Defendants' prior sanctions, the Court finds that prejudice to Plaintiff and insufficient sanctions may weigh in favor of an entry of default at this time. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958-61 (9th Cir. 2006).

Accordingly, the Court hereby ORDERS Defendants to SHOW CAUSE as to why the Court should not enter default against Defendants in this case. Defendants' response to this Order shall not exceed eight (8) pages and shall be filed no later than April 10, 2026. The trial date and any outstanding trial-related due dates, as set in the Court's Order at Dkt. #318, are STRICKEN. The Court will not address anything further in this matter until after ruling on Defendants' response.

DATED this 26th day of March, 2026.

Ricardo S. Martinez
United States District Judge

ORDER TO SHOW CAUSE - 4