**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

DONALD MORISKY

      Plaintiffs,

    v.

MMAS RESEARCH, LLC, et al.,

      Defendants.

CASE NO. 2-21-CV-1301

**DEFENDANT'S RESPONSE TO SHOW CAUSE (DKT. 319)**

In the Order to Show Cause ("OSC") at Dkt. 319, the Court noted Defendants' past-sanctioned conduct regarding discovery (Dkt. 255), which resulted in the dismissal of counterclaims and limitation of defenses (Dkt. 257). Defendants respectfully submit this response to show good cause why terminal sanctions should not be imposed.

**I.**      **ARGUMENT: THE PREMISE OF NON-PRODUCTION OF THE MORISKY WIDGET SOURCE CODE IS A CALCULATED DECEPTION CONSTITUTING FRAUD ON THE COURT**

As demonstrated by the record, and the Declaration of Patricia Ray, the premise that Defendants failed to provide an unredacted copy of Morisky Widget source code during discovery is a demonstrable falsehood. Despite Plaintiff's counsels representing to this Court that "nothing" had been received, their own subsequent admissions and documented discovery receipts prove they were in actual possession of the unredacted Widget Source Code fifteen

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

months before the Court's sanction order. Because Plaintiff's counsel made these representations while in possession of the code, these statements constitute a fraud on the Court that warrants the immediate discharge of the OSC.

In the Ninth Circuit, it is a clear and long-standing precedent that allegations of fraud on the court must be adjudicated by the District Court in the first instance, rather than the Court of Appeals. The Ninth Circuit has consistently held that it is not a "fact-finding" body; determining whether a party or attorney intentionally deceived the court requires weighing evidence, reviewing testimony, and making credibility determinations. Under the clearly erroneous standard, an appellate court will defer to this Court's factual findings unless they are plainly wrong.

Because the "non-production" was a fabrication, and because this Court has already issued a finding in Dkt. 195 that there was a lack of bad faith regarding other ESI, terminal sanctions are legally and factually unwarranted. "To impose the 'death penalty' of terminal sanctions based on a record poisoned by counsel's fraudulent misrepresentations would not only be a manifest injustice but a fundamental breakdown of the truth-seeking process." Defendants respectfully request that the Court exercise its inherent power to investigate this misconduct and vacate the prior sanction orders.

### DISCOVERY PRODUCTION AND ADMISSIONS

1. The Filemail Data Dump (May 2023). Documentary evidence confirms that on May 23, 2023, Dustin Mackey transmitted a file titled "Morisky Code Dump." This transmission provided the exact unredacted source code Plaintiff claimed was missing. This is corroborated by Dkt. 238 at 8, ¶ 27, confirming the full code was provided to Plaintiff through its creator.

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 2

2. Intent to Depose (Dkt. 258/89). Following receipt, Plaintiff Counsel Bruss explicitly requested to depose Mr. Mackey, stating: "He seems to be the only one that knows about source code on defense side."

3. Admission of Receipt (Dkt. 245, p. 10). During the sanctions hearing, Mr. Austin admitted on the record: "All I know is that... the very last thing we received was finally a copy of the source code... an unredacted [copy] that we could have our expert review."

4. Plaintiff Counsel Bruss Admission (Dkt. 258, Ex. 1). Ms. Bruss similarly admitted, "We finally did get the code... but that did not happen until after the depositions had commenced in late May."

## II ARGUMENT: Procedural Deficiency and Due Process Violation

The 2024 order reversing the 2023 "no bad faith" finding (Dkt. 195) was issued solely on the pleadings without an evidentiary hearing. Under Ninth Circuit law, to overturn a prior factual finding of "no intent"—especially to impose terminal sanctions—an evidentiary hearing is a procedural mandate. By reaching a conclusion of "willfulness" that directly contradicted its 2023 ruling without hearing live testimony, the Court committed a Due Process violation.

Furthermore, the 2024 terminal sanctions were ordered while the case was under a limited stay that began in December 2023. This stay should have been lifted by the March 13, 2024 9th Circuit Charite Memorandum. Instead, the Court only partially lifted the stay for the express, prejudicial purpose of allowing Plaintiff to renew a motion for case-ending sanctions. Restricting a party's ability to defend themselves via an eight-page limit while selectively lifting a stay to facilitate their legal "execution" is a fundamental departure from neutral adjudication.

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**Prior Finding of No Intent to Deprive (Law of the Case)**

In the Ninth Circuit, the Law of the Case doctrine is a powerful tool to prevent "escalating" sanctions when a court has already made a factual finding on intent. The 2023 finding of "no intent to deprive" (Dkt. 195) blocks terminal sanctions in 2024 based on Ninth Circuit precedent.[1][2][3]

The current Order to Show Cause (Dkt. 319) appears to revisit the issue of unpaid sanctions as a basis for case-terminating measures. However, this Court has already adjudicated this exact issue. In Dkt. 273, Magistrate Report and Recommendations, the Magistrate in this case specifically found that "there is some evidence showing Defendants lack funds to pay the sanctions." Critically, the Court concluded: "the Court does not find Defendants' conduct in failing to pay attorney fees and costs is sufficient to show 'willfulness, fault, or bad faith,' which is necessary for case-terminating sanctions." *Id.*

Under the Law of the Case doctrine, this finding is definitive. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (The Law of the Case doctrine "generally preclude[s] [a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."). To now impose terminal sanctions for the same financial inability would be a manifest injustice and a departure from the Court's own prior ruling. Furthermore, as the Court previously noted, the relationship between a failure to pay and the ultimate merits of the case is

---

[1] *Jones v. Riot Hospitality Group LLC*, 95 F.4th 730 (9th Cir. 2024) (Reaffirmed that terminal sanctions are only authorized upon finding that the party acted with the intent to deprive.). Under the Law of the Case, the 2023 finding of "insufficient evidence of intent" is the definitive ruling on Defendants' state of mind.

[2] *United States v. Lummi Indian Tribe,* 235 F.3d 443 (9th Cir. 2000) (A court is precluded from reconsidering an issue already decided in the identical case unless the first decision was "clearly erroneous" or there is substantially different new evidence.) The "new" fact that a laptop remains unrecoverable does not change the 2023 finding regarding intent at the time of loss.

[3] *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644 (9th Cir. 1997) (Courts exercise of inherent power to sanction, requires an explicit finding of bad faith). Since Dkt. 195 explicitly stated there was insufficient evidence of bad faith, terminal sanctions would constitute an abuse of discretion.

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

"tenuous." As established in *Anheuser-Busch, Inc. v. Natural Beverage Indus., Inc.*, 69 F.3d 337, 348 (9th Cir. 1995), sanctions must be narrowly tailored to the misconduct and cannot "interfere with the rightful decision in the case."

### Request for Evidentiary Hearing

Pursuant to the Court's authority to resolve disputed issues of fact, Defendants respectfully request a full evidentiary hearing to provide:

1. Live Testimony: From Dustin Machi, Patricia Ray, and Steven Trubow, regarding the transmission of the unredacted Morisky Widget code.

2. Digital Verification: Forensic proof of the File mail transmission record from May 23, 2023.

3. Cross-Examination**:** An opportunity to challenge Plaintiff's Counsel Austin and Bruss on their fraudulent representations that the Plaintiff had never received an unredacted copy of the source code, despite their own documented admissions.

The record proves the code was produced, and the Court already found no intent to deprive. Terminal sanctions would be a manifest injustice. Defendants request the Court discharge the OSC and vacate the prior sanctions orders.

**III. ARGUMENT: DEFENDANTS' CHALLENGES TO THE LEGAL INSUFFICIENCY OF PLAINTIFF'S CASE ARE NOT REVIVED DEFENSES, BUT THRESHOLD JURISDICTIONAL REQUIREMENTS**

The Court's concern that Defendants are attempting to revive dismissed defenses (Dkt. 319) misconstrues the nature of the challenges raised in the Proposed Pretrial Order and recent motions in limine. Defendants are not seeking to revive dismissed defenses or affirmative relief on dismissed counterclaims; rather, they are identifying threshold legal deficiencies in the Plaintiff's *prima facie* case that must be addressed for the Court to maintain jurisdiction.

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

### A. Article III Standing is a Non-Waivable Jurisdictional Requirement

Ownership and standing are foundational elements of a copyright claim that cannot be "created" by a discovery sanction or waived by a party's procedural error. Because standing is a jurisdictional requirement under Article III of the U.S. Constitution, a court lacks the authority to grant relief to a party that does not possess a legal interest in the claims asserted. A procedural penalty cannot vest ownership in a Plaintiff where no such ownership exists as a matter of law.

### B. Copyrightability is a Fundamental Matter of Law

Protectability is an essential component of any infringement action and remains a threshold question of law. As established by the U.S. District Court for the District of Nevada in *Adherence Innovation LLC v. CVS Health Corp.*, Plaintiff lacks standing to sue for infringement of the MMAS-4 and MMAS-8 because those adherence scales are uncopyrightable "blank forms" as a matter of law. A discovery sanction cannot legally transform unprotectable material into a valid copyright, and barring Defendants from identifying this controlling legal fact would result in a judgment that effectively "sanctions the law itself."

### C. The Ninth Circuit's Finding on Ownership and Standing

The Ninth Circuit recently affirmed in *MMAS Research, LLC v. Charité*, No. 22-55551 (9th Cir. 2024), that this specific Plaintiff does not own the intellectual property at issue— specifically the "Morisky Widget"—and further fails to establish standing to sue for breach of the CR2A settlement agreement. These findings are dispositive. Because the Plaintiff does not own the rights it seeks to enforce, it cannot maintain a *prima facie* case for ownership of the Morisky Widget. Crucially, a discovery sanction or a limitation on the Defendants' defenses cannot "cure" this lack of ownership or create standing where the Ninth Circuit has already determined none exists.

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 6

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**D.** Because standing is an Article III jurisdictional requirement, the Court lacks the authority to grant judgment to a party that does not possess a legal right to the claims asserted. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A terminal sanction of default cannot vest ownership in a Plaintiff that the Ninth Circuit has already determined is not the rightful owner.

**E.** A discovery sanction cannot legally transform unprotectable, public-domain-style material into a valid, enforceable copyright. To default the Defendants and bar them from identifying these controlling legal facts would result in a judgment that "sanctions the law itself." Such an outcome is a manifest abuse of discretion, as it ignores the fundamental requirements of the Copyright Act and the rulings of sister federal courts.

**F. Discovery Sanctions Are Not Tools for Punishment**

The Ninth Circuit is very clear: sanctions must be remedial, not punitive. *Fjelstad v. American Honda Motor Co., Inc.,* 762 F.2d 1334 (9th Cir. 1985 instructs as follows: "Embodying the general due process restriction upon a court's discretion, Rule 37(b)(2) requires that "any sanction must be 'just.'" *Insurance Corp. of Ireland v. Compagnie des Bauzites de Guinee*, 456 U.S. 694, 707, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). Fairness demands that the severe sanction of default may not be imposed under Rule 37(b)(2) "in the absence of willfulness, bad faith, or fault." *Munoz-Santana v. I.N.S.*, 742 F.2d 561, 564 (9th Cir. 1984)." Furthermore, sanctions may not be used as a "tool for punishment". Sanctions must be specifically related to the claim that was at issue in the discovery order. *See Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585 (9th Cir. 1983)." Obviously, assertions of failure to provide discovery documents does not "relate" to a legal question like whether a work (such as those asserted by Plaintiff) are valid claims, assertable under federal law.

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**G. Default Judgement Still Requires A Legally Sufficient Claim**

Should this Court, in its power and discretion enter a default, it cannot use that power to grant a judgment that is legally impossible.  The Court has an independent duty to determine the sufficiency of a claim before entering a default judgment. *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 662 (9th Cir. BAP 1994). See also  *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992) where  default was denied because there was no subject matter jurisdiction over the matter in action ( stating that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.)"

Respectfully submitted this 2nd day of April, 2026.


s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 8

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: April 2, 2026

/s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

DEFENDANT'S RESPONSE TO
SHOW CAUSE (DKT. 319) - 9

Virgo Law LLC
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418