# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD E. MORISKY, | NO. 2:21-CV-01301-RSM |
| Plaintiff, | |
| v. | |
| MMAS RESEARCH, LLC, a Washington limited | **DEFENDANT'S OPPOSITION TO** |
| liability company, et al., | **PLAINTIFF'S MOTION FOR LEAVE TO** |
| Defendants. | **FILE A RESPONSE TO DEFENDATNS'** |
| | **SHOW CAUSE RESPONSE** |

DEFENDANT'S OPPOSITION  TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

## I.    INTRODUCTION

Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to respond to Defendants' Response to the Order to Show Cause (Dkt. 320). The proposed filing is unnecessary because Plaintiff's motion does not identify a new legal issue requiring surreply-style briefing. Instead, it seeks to reargue a disputed factual record concerning both the production of the Morisky Widget source code and the identification of materials associated with the copyright deposit. Defendants' recent submission, including the Patricia Ray declaration and exhibits, does not resolve those disputes in Defendants' favor as a matter of briefing alone. But it does demonstrate that Plaintiff's present characterization of the record is incomplete and, in material respects, inaccurate. If the Court determines that further development is necessary, the appropriate course is an evidentiary hearing at which the parties can address receipt, timing, and the nature of what was produced, rather than another round of paper submissions.

## II.    ARGUMENT

**A. Plaintiff Misstates the Record, and the Present Dispute Concerns Both Source-Code Production and Identification of the Copyright-Deposit Materials.**

The Court's prior sanctions order (Dkt. 255) addressed discovery concerning both the Morisky Widget source code and the copyright-deposit materials referenced in Dkt. 124. Plaintiff's current motion understates that broader context and treats the issue as though Defendants had produced nothing at all. The more accurate point is that the parties dispute what was produced, when it was produced, and whether the production and related identification were sufficient.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

1. **Actual Receipt of Source Code Materials:** Contrary to Plaintiff's present characterization of the record, two of Plaintiff's own attorneys acknowledge receiving the unredacted source code for the Widget in May 2023. Defendant's counsel Patricia Ray, in her Declaration, attest to the fact that Plaintiff's counsel acknowledged receipt during the May 2023 Las Vegas deposition. Moreover, the May 31, 2024 hearing transcript cited in Dkt. 320 reflects counsel's acknowledgment that Plaintiff ultimately received an unredacted copy that its expert could review. At minimum, those materials create a factual dispute as to receipt and timing that is not resolved by Plaintiff's assertion that "nothing" was received.

2. **The Filemail Transmission (May 23, 2023):** Documentary evidence submitted with the Patricia Ray Declaration reflects that on May 23, 2023; Dustin Machi transmitted a file entitled "Morisky Code Dump." This transmission contained the unredacted source-code materials Plaintiff later claimed were missing. That evidence, together with the cited hearing admissions, is sufficient to show that Plaintiff's account of the record is disputed.

3. **Mischaracterization of the Record Warrants No Further Briefing**: In light of the evidence of transmission and Plaintiff's counsels' later on-the-record acknowledgments of receipt, Plaintiff should not be permitted to proceed on the premise that no unredacted source-code production was ever made in response to the Court's April 27, 2023 Order. Whether Plaintiff received the relevant materials, and whether those materials also adequately identified the copyright-deposit submission, are factual questions. Those questions are better addressed through testimony and examination of the underlying exhibits than through additional briefing.

DEFENDANT'S OPPOSITION  TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**B. Defendants' Challenge to Plaintiff's Prima Facie Case Concerns Threshold Legal Requirements.**

1. **Article III Standing is Non-Waivable:** Ownership and standing are jurisdictional elements that cannot be "created" by discovery sanctions. A court lacks authority to grant relief to a party that does not possess a legal interest in the claims.

2. **Copyrightability is a Matter of Law:** As established in *Adherence Innovation LLC v. CVS Health Corp.* (D. Nev. 2025), the MMAS-4 and MMAS-8 scales are uncopyrightable "blank forms." A discovery sanction cannot transform unprotectable material into a valid copyright.

3. **The Ninth Circuit Finding on Ownership:** The Ninth Circuit affirmed in *MMAS Research, LLC v. Charité*, No. 22-55551 (9th Cir. 2024), that this specific Plaintiff does not own the intellectual property at issue. A discovery sanction cannot "cure" this lack of ownership.

**C. Plaintiff's Claimed Technical Difficulties Do Not Justify Additional Briefing**.

To the extent Plaintiff contends that file format, readability, or the identification of deposit materials remains unclear, those contentions underscore that the dispute is not limited to whether something was produced but also extends to what was produced and how it was identified. Those are factual matters. They do not support Plaintiff's request for another round of briefing, particularly where Defendants have presented evidence that source-code materials were transmitted and later acknowledged.

DEFENDANT'S OPPOSITION  TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

**D. Prior Findings Regarding the ASIS Laptop Further Confirm That Factual Issues Should Be Addressed Carefully.**

This Court previously determined there was "no evidence of intent to deprive Plaintiff of evidence" regarding the ASIS laptop (Dkt. 195 at 12). Defendants preserve their position that any effort to expand sanctions in the face of that prior finding raises serious law-of-the-case and Rule 37(e) concerns. At a minimum, those issues further counsel against permitting additional briefing to sharpen disputed factual accusations without the procedural safeguards of an evidentiary hearing.

**III.    IF THE COURT SEEKS FURTHER DEVELOPMENT, IT SHOULD PROCEED BY EVIDENTIARY HEARING, NOT ADDITIONAL BRIEFING**

The Patricia Ray declaration and exhibits, together with the cited hearing transcript, create factual disputes concerning transmission, receipt, and subsequent admissions regarding the Morisky Widget source code and related deposit materials. If the Court concludes that those matters require further development, the proper vehicle is an evidentiary hearing at which the parties may present testimony, authenticate exhibits, and address the sequence of events in a structured record. Additional briefing would not resolve those disputed facts and would only prolong motion practice over matters better addressed through evidence.

DEFENDANT'S OPPOSITION  TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

## IV.    CONCLUSION

Plaintiff's motion for leave should be denied. Plaintiff's proposed response rests on a disputed and incomplete account of the record, including disputes concerning both source-code production and identification of the copyright-deposit materials. If the Court believes further factual development is necessary, it should direct that development through an evidentiary hearing rather than permit additional briefing.

Respectfully submitted this 8th day of April, 2026.

s/Patricia Ray
Patricia Ray
Pennsylvania Bar # 31989
The Law Office of Patricia Ray
1317 Nettles Boulevard
Jensen Beach, Florida 34957
Telephone: 215-908-6810
raypatricia@yahoo.com


s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

DEFENDANT'S OPPOSITION  TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 6

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: April 8, 2026

/s/ Brett Harris

Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDATNS' SHOW CAUSE RESPONSE - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418