# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DONALD E. MORISKY,

           Plaintiff,

v.

MMAS RESEARCH, LLC, a Washington limited liability company, et al.,

           Defendants.

_____/

NO. 2:21-CV-01301-RSM

**DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT (DKT. 324), FOR RECONSIDERATION UNDER RULES 55(c) AND 60(b), AND FOR EVIDENTIARY HEARING**

**NOTE ON MOTION CALENDAR:**

**April 27, 2026**

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

## I.  RELIEF REQUESTED, RULE 55(c) GOOD CAUSE, STANDARDS OF REVIEW, AND ISSUES PRESERVED FOR REVIEW

Defendants move to vacate the default entered by Order dated April 21, 2026, Dkt. 324, under Fed. R. Civ. P. 55(c) and, to the extent necessary because the default was ordered by the Court as a sanction, Fed. R. Civ. P. 60(b). Defendants further request reconsideration and an evidentiary hearing. Rule 55(c) is to be applied liberally, with doubts resolved in favor of setting aside default so that cases may be decided on the merits. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-701 (9th Cir. 2001); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). That solicitude reflects the longstanding rule that default is a drastic step and that, wherever reasonably possible, disputes should be resolved on their merits rather than by procedural forfeiture. *See TCI Grp.*, 244 F.3d at 696 (appellate review of any denial proceeds under the familiar abuse-of-discretion framework, but discretion is not unbounded: reversal remains warranted where the Court applies the wrong legal standard, fails to consider controlling factors, or reaches a result that is illogical, implausible, or unsupported by the record.) *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (*en banc*).

## II.  A FIVE-YEAR PROCEDURAL ANOMALY: NO EVIDENTIARY HEARING OR MEANINGFUL OPPORTUNITY TO BE HEARD BEFORE CASE-DISPOSITIVE SANCTIONS

Under Ninth Circuit law, terminating sanctions require careful consideration of willfulness, fault, or bad faith, prejudice, the public policy favoring decisions on the merits, and the adequacy of lesser sanctions. *See, e.g., Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334 (9th Cir. 1985); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-32 (9th Cir. 1987). Where the sanction is effectively dispositive, due process also requires notice reasonably calculated to apprise the party of the specific conduct at issue and a meaningful opportunity to respond before the most severe sanction is imposed. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-12 (9th Cir. 2005). Yet over the course of this case, Defendants were subjected to escalating sanctions culminating in default without any evidentiary hearing at which witnesses were examined

DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT (DKT. 324), FOR RECONSIDERATION UNDER RULES 55(C) AND 60(B), AND FOR EVIDENTIARY HEARING - 2

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

regarding the disputed production issues, the asserted inability to pay, or the intent behind the challenged filings. That omission matters because the critical issues were not purely legal; they involved disputed facts, credibility, causation, and degree of prejudice.

III.   **THE DEFAULT ORDER DOES NOT SATISFY RULE 55(c), THE STRONG MERITS PREFERENCE, OR NINTH CIRCUIT STANDARDS FOR CASE-DISPOSITIVE SANCTIONS**

Under *United States v. Hinkson*, a district court abuses its discretion if it applies the wrong legal standard or reaches a result that is illogical, implausible, or unsupported by the record. 585 F.3d 1247, 1261-62 (9th Cir. 2009). Although this default was entered by Court order rather than the clerk's ministerial action, the same strong policy favoring decisions on the merits remains controlling. The default order should be reconsidered under that framework because it attributes case delay and prejudice principally to Defendants without fully accounting for the Court-ordered pauses in the case, the prior denial of case-terminating sanctions, and the Court's earlier recognition of some evidence of inability to pay. The Order also does not explain why narrower, targeted remedies would not have sufficed, such as striking noncompliant filings, precluding particular arguments, or setting expedited compliance directives, before resorting to the most severe available sanction.

IV. **LAW OF THE CASE AND THE COURT'S PRIOR ORDERS DO NOT SUPPORT DEFAULT**

Under *Arizona v. California*, departure from prior rulings ordinarily requires a reasoned basis. *See* 460 U.S. 605, 618 (1983). Here, the Court previously declined case-terminating sanctions and allowed the case to proceed to trial. Those rulings required a clear explanation separating prior nonpayment issues from any later conduct said to justify the ultimate sanction.

A. **The 15-Month Filing Freeze and "Limited Purpose" Stay (Dkt. 229)**

1. The April 2024 Order (Dkt. 229) imposed a stay and stated that the Court "will not accept any additional motions or filings in this case until the motion for sanctions is resolved."

DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT (DKT. 324), FOR RECONSIDERATION UNDER RULES 55(C) AND 60(B), AND FOR EVIDENTIARY HEARING - 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

2. When the stay was later relaxed for a limited purpose, briefing remained cabined to the sanctions issues before the Court rather than reopening general merits motion practice.

## B. Chronology of Successive Trial Postponements; the Failure of Immediate Proceeding

1. On June 27, 2025, the Court ordered that "the previously-imposed-sanctions remain in effect, and this case will proceed immediately to trial." (Document 278). Despite the Court's mandate for an immediate proceeding, the case was subjected to a series of successive postponements:

   o **Trial Setting 1:** 11-17-2025

   o **Trial Setting 2:** 3/2/2026

   o **Trial Setting 3:** 4/13/202

2. From April 2024 until June 2025, Defendants were not free to litigate the case in the ordinary course, creating a prolonged window of inactivity that contradicted the subsequent order for an immediate trial.

3. On June 27, 2025, the Court ordered that "the previously-imposed-sanctions remain in effect, and this case will proceed immediately to trial." Document 278. Multiple trial settings were postponed while sanctions issues remained pending:

   o **Trial Setting 1:** 11/17/2025

   o **Trial Setting 2:** 3/2/2026

   o **Trial Setting 3:** 4/13/2026

## V. LOCAL-RULE VIOLATIONS AND MOTION PRACTICE DID NOT JUSTIFY TERMINATING SANCTIONS ON THIS RECORD

The March 26, 2026, Order to Show Cause provided only an eight-page response opportunity while invoking a broad mix of old discovery sanctions and perceived trial-preparation deficiencies. On a record of that complexity, a short paper submission was not an adequate substitute for an evidentiary hearing. Due process requires notice of the particular

DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT (DKT. 324), FOR RECONSIDERATION UNDER RULES 55(C) AND 60(B), AND FOR EVIDENTIARY HEARING - 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

grounds on which severe sanctions are sought. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Where the contemplated sanction is terminating, the law requires particular care to ensure the party had a fair opportunity to address the adequacy of lesser alternatives. *See Malone*, 833 F.2d at 131-32.

## VI. SUBJECT-MATTER JURISDICTION, STANDING, OWNERSHIP, AND COPYRIGHTABILITY ISSUES ARE PRESERVED

A default entered as a sanction does not waive objections to subject-matter jurisdiction, does not concede standing, and does not transform legally deficient claims into cognizable ones. Those issues remain preserved because they concern the Court's power to enter judgment. Most critically, Defendants preserve that the Ninth Circuit's ruling in the Charité appeal bears directly on ownership and the scope of the rights asserted here.

## VII. THE RECORD REGARDING ALLEGED NON-PRODUCTION REMAINS DISPUTED AND WARRANTED A HEARING

Defendants maintain that the record contains documentary material directly on whether the disputed source-code production occurred. The existence of a live factual dispute over a central premise of sanctions strongly counsels against the entry of default on a paper record alone. *See Lasar v. Ford Moter Co.*, 399 F.3d 1101, 1109-12 (9th Cir. 2005).

## VIII. CONCLUSION AND REQUESTED RELIEF, INCLUDING ALTERNATIVE RELIEF

For the foregoing reasons, Defendants respectfully request that the Court vacate the default entered at Dkt. 324, reconsider the sanctions ruling under Rules 55(c) and 60(b), and set an evidentiary hearing. In the alternative, Defendants request that the Court convert the sanction to a lesser, specifically tailored remedy. In the further alternative, if the Court declines to vacate default, Defendants request supplemental findings addressing the Rule 55(c) good-cause factors so that the issues are fully preserved for appellate review.

DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT (DKT. 324), FOR RECONSIDERATION UNDER RULES 55(C) AND 60(B), AND FOR EVIDENTIARY HEARING - 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

Respectfully submitted this 27th Day of April, 2026.

s/Patricia Ray

Patricia Ray

Pennsylvania Bar # 31989

The Law Office of Patricia Ray

1317 Nettles Boulevard

Jensen Beach, Florida 34957

Telephone: 215-908-6810

raypatricia@yahoo.com


s/ Brett Harris

Brett Harris, WSBA #55680

VIRGO LAW LLC

119 1st Ave. S., Ste. 310

Seattle, WA 98104

Telephone: (206) 569-8418

Brett@virgolawseattle.com

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

DATED: April 27, 2026

/s/ Brett Harris

DEFENDANTS' MOTION TO VACATE ENTRY OF
DEFAULT (DKT. 324), FOR RECONSIDERATION
UNDER RULES 55(C) AND 60(B), AND FOR
EVIDENTIARY HEARING - 7

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418