The Honorable Ricardo S. Martinez



LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY, an individual, | Case No.: 2:21-cv-01301-RSM-DWC |
| Plaintiff, | **MOTION FOR LEAVE TO FILE OVER-LENGTH MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| MMAS RESEARCH, LLC, a Washington limited liability company, et al., | Noting Date: On Filing |
| Defendants. | |

Plaintiffs respectfully move under LCR 7(f) for leave to file a Motion for Default Judgment of approximately 7,500 words which is an additional 3,300 words beyond the 4,200-word limit of LCR 7(e)(4).

Default was entered against Defendants as a sanction for bad faith failure to comply with the discovery rules, the Local Civil Rules, and orders of this Court, not for failure to appear. Dkt. 324, 325. Plaintiffs assert seven claims: copyright infringement, federal and common law trademark infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, and conversion. The motion seeks entry of judgment, damages across multiple categories, specific performance, a permanent injunction, and an award of attorney's fees and costs.

*Good cause exists for additional words for four reasons.*

*First,* seven claims spanning three bodies of law (federal copyright, federal and common law trademark, and Washington contract and tort law) each require independent analysis of whether the well-pleaded allegations state a viable claim. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The breach of contract claim alone involves eleven categories of breach under the CR2A Agreement. The motion must also address the seven *Eitel* factors governing default judgment, including the procedural posture of a sanctions-based default.

*Second,* damages are not established by default and must be independently proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Plaintiffs seek copyright statutory damages on three works, disgorgement of Defendants' profits under both 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), breach of contract damages across multiple categories (including 45/55 revenue splits, unauthorized licensing, and unauthorized enforcement), and application of the Court's Rule 37(e)(2) adverse inference to each damages theory. The evidence includes bank records, at least one documented $115,000 post-CR2A settlement payment, and ten unauthorized federal enforcement actions. The damages presentation alone, in its current draft form, already exceeds 2,000 words.

*Third,* the motion seeks both a permanent injunction and specific performance (assignment of the Morisky Widget copyright, license agreements, domain name, and related property), each requiring a separate legal showing.

*Fourth,* Plaintiffs seek attorney's fees under the CR2A's fee-shifting provision, 17 U.S.C. § 505, and 15 U.S.C. § 1117(a). The Ninth Circuit requires the lodestar method as the starting point for fee awards even in default cases, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008), and this case has been pending since 2021 with extensive sanctions-related litigation, trial preparation and litigation in other jurisdictions in breach of the CR2A for which the CR2A awards the recovery of costs and fees in those matters as well. Briefing entitlement and reasonableness requires meaningful space.

Pursuant to LCR 7(f)(4), any brief in opposition shall be allowed an equal number of additional words beyond the standard limit. As such, Defendants, in default for their own

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

sanctionable conduct, will suffer no prejudice. Granting leave will assist the Court in resolving this motion on a complete record.

DATED: June 2 2026.

s/ William J. Crowley
William J. Crowley, WSBA No. 18499
CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
will@crowleylawoffices.com

F. Christopher Austin, Esq.
Pro Hac Vice (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
Pro Hac Vice (Nevada Bar No. 15671)
LEX TECNICA
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

Attorneys for Plaintiff

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum contains <u>495</u> words, in compliance with the Local Civil Rules.

<u>s/ F. Christopher Austin</u>
F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I caused a true and correct copy of the foregoing to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

<u>/s/ Brianna Show</u>
An employee of LEX TECNICA

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413