UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD MORISKY,

                                    Plaintiff,

          v.

MMAS RESEARCH, LLC, *et al.*,

                                    Defendants.

Case No. C21-1301-RSM

ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendants' Motion for Reconsideration. Dkt. #326.

The relevant facts in this case have been set forth numerous times by this Court in its prior orders, including the most recent Order for Entry of Default, Dkt. #324, and Order to Show Cause, Dkt. #319, and are incorporated here by reference. Days after this Court's Entry of Default, Defendants filed the instant Motion, requesting that the Court vacate the default entry, reconsider sanctions, and set an evidentiary hearing. Dkt. #326 at 5.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

The Court finds that Defendants fail to demonstrate any manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence and fail to show good cause to set aside the entry of default. In the Order for Entry of Default, the Court considered Defendants' arguments reiterated here, including *inter alia*: public policy favoring decisions on the merits; Defendants' arguments on jurisdiction and standing, ownership and copyrightability, tailored sanctions, and the disputed source-code production; Defendants' specific conduct and the Court's prior rulings and warnings on potential default/sanctions leading up to the Order for Entry; the prior stays and postponements in the case; and Defendants' request and arguments for an evidentiary hearing. *See* Dkts. #319, #320, #324. Defendants regurgitate these arguments here. *See* Dkt. #326. The burden is on Defendants to demonstrate error and/or good cause, but Defendants fail to demonstrate anything other than disagreeing with the Court's decision. Furthermore, while the Court may "impose a wide range of sanctions[,]" including dismissal or default judgment, and specifically warned that delay tactics could result in additional sanctions, the Court has instead ordered default here, requiring a further motion requesting a default judgment to consider the merits in this case. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). This case is far from terminated. Defendants disagree with the Court's previous decision, which does not demonstrate manifest

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 2

error, a new showing of facts or legal authority, or good cause to vacate.  Accordingly, the Court denies Defendants' requests.

DATED this 4th day of June, 2026.

 
Ricardo S. Martinez
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 3