UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD E. MORISKY,

                    Plaintiff,

        v.

MMAS RESEARCH, LLC, *et al.*,

                    Defendants.

Case No. C21-1301-RSM

ORDER GRANTING AND DENYING
IN PART DEFENDANTS'
AMENDED MOTION FOR
EXTENSION OF TIME

This matter comes before the Court on Defendants' Amended Motion for Extension of Time. Dkt. #340. On April 21, 2026, the Court entered default against Defendants and directed Plaintiff to file a default judgment motion no later than June 5, 2026. Dkt. #324. The Court later granted Plaintiff's motions to file an over-length motion of 7,500 words and to extend Plaintiff's deadline to file the default judgment motion two working days later. Dkts. #329 and #331. Plaintiff's default judgment motion is noted for July 1, 2026. Dkt. #332.

In Defendants instant Motion, filed on June 20, 2026, Defendants request that their current deadline of June 25, 2026, to respond to Plaintiff's motion be extended to July 9, 2026, with a corresponding extension of the noting date to July 15, 2026. Dkt. #340 at 1-2. They also request leave to extend their opposition brief to 10,000 words. *Id*. Plaintiff does not oppose the extension but instead notes a pre-existing conflict and requests that the noting date be extended to July 27, 2026. Dkt. #341. Plaintiff does, however, oppose Defendants request as to the word

ORDER GRANTING AND DENYING IN PART DEFENDANTS' AMENDED
MOTION FOR EXTENSION OF TIME - 1

limit. *Id.*

When a district court specifies a specific time that a party must act, "the court may, for good cause, extend the time" (1) "with or without a motion" if the act is before the original deadline or (2) on a party's motion after time has expired but excusable neglect is shown. Fed. R. Civ. P. 6(b)(1)(A)-(B). "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," LCR 7(j), and a motion for relief should be granted where "good cause" exists. *See Allstate Indem. Co. v. Lindquist*, No. C20-1508-JLR, 2022 WL 1443676, at *2 (W.D. Wash. May 6, 2022). "Motions seeking approval to file an over-length motion or brief are disfavored[,]" but "[i]f the court grants leave to file an over-length motion, the brief in opposition will automatically be allowed an equal number of additional pages." LCR 7(f). Given all of the above, including Plaintiff's non-opposition and date request, the Court will grant Defendants' date extension request according to Plaintiff's date requests. However, the Court fails to find good cause for the requested extension to the already extended word limit of 7,500 words for Defendants' response. Accordingly, the Court will not grant Defendants' request as to the word limit.

Having considered the instant Motion and remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Amended Motion for Extension of Time, Dkt. #340, is GRANTED AND DENIED IN PART. Defendants' response to Plaintiff's Motion for Default Judgment shall not exceed 7,500 words and shall be filed no later than July 21, 2026.

(2) The Court DIRECTS the Clerk to re-note Plaintiff's Motion for Default Judgment, Dkt. #332, for July 27, 2026.

(3) Plaintiff's Motion for Leave to File Motion for Default Judgment Out of Time and

ORDER GRANTING AND DENYING IN PART DEFENDANTS' AMENDED
MOTION FOR EXTENSION OF TIME - 2

for Nunc Pro Tunc Acceptance of Filing, Dkt. #337, is STRICKEN as moot.

(4) Defendants' original Motion for Extension of Time, Dkt. #339, is also STRICKEN.

Dated this 23rd day of June, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING AND DENYING IN PART DEFENDANTS' AMENDED
MOTION FOR EXTENSION OF TIME - 3