The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DONALD E. MORISKY, an individual,

Plaintiff,

v.

MMAS RESEARCH, LLC, a Washington limited liability company, et al.,

Defendants.

Case No.: 2:21-cv-01301-RSM-DWC

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DEFAULT JUDGMENT PROCEEDINGS**

NOTE ON MOTION CALENDAR: July 6, 2026

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants MMAS Research LLC and Steven Trubow (collectively, "MMAS") ask this Court to stay proceedings on Plaintiff's pending Motion for Default Judgment (MDJ) while an appeal percolates in the Ninth Circuit. The Motion to Stay (Dkt. 333) fails on every level.

First, MMAS has been defaulted as a sanction for persistent, willful litigation misconduct: filing separate status reports in violation of court orders, filing multiple improper motions in limine, launching a bad-faith disqualification tactic on the eve of trial, filing a sanctions motion as a delay device, and attempting to relitigate previously dismissed defenses. This Court entered default (Dkt.

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

1

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

324), denied reconsideration (Dkt. 328), and directed Plaintiff to file a Motion for Default Judgment. (Dkt. 324 at 5.) Morisky did so on June 10, 2026. (Dkt. 332.) The Stay Motion is, in substance, yet another attempt to avoid the consequences of that misconduct.

Second, MMAS cannot satisfy the *Landis* stay standard. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Under *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), "[b]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" MMAS identifies no hardship beyond being required to face the consequences of its own default. That is the purpose of Rule 55, not a basis for a stay.

Third, MMAS's four stated grounds for a stay are each meritless and have already been rejected: (i) Section 17 of the CR2A was not a condition precedent to the copyright assignment; the CR2A expressly stated the opposite; (ii) *MMAS Research, LLC v. The Charité*, No. 23-55202 (9th Cir. Mar. 13, 2024), is an unpublished memorandum disposition that adjudicated copyright infringement between MMAS and a third-party institution—it did not adjudicate the CR2A's assignment obligations to Plaintiff; (iii) Judge Klausner's first-to-file dismissal sent the ownership question to this Court for a merits determination, which is precisely what the Motion for Default Judgment presents; and (iv) the CR2A's assignment obligation was self-executing even absent a "Final Agreement," because Section 17 expressly provided that the CR2A itself remained binding if no Final Agreement was reached.

Fourth, the appeal in No. 26-793 does not divest this Court of jurisdiction. An appeal of the C.D. Cal. dismissal divests only that court of jurisdiction, not this independent action filed in September 2021.

Finally, MMAS's claim of a "finite stay" is illusory. On June 23, 2026, Plaintiff filed a motion to hold briefing in No. 26-793 in abeyance pending this Court's ruling on the MDJ. If both motions were granted, the two proceedings would be waiting indefinitely for each other, a self-inflicted impasse that exposes the true purpose of the Stay Motion: not to promote orderly adjudication, but to ensure Plaintiff obtains no relief in any forum. The Court should deny the Motion to Stay.

///

///

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

2

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

## II.    STATEMENT OF RELEVANT FACTS

### A.    This Action and the CR2A

This action was filed September 24, 2021. It arises from MMAS's breach of a December 2020 settlement agreement (the "CR2A"), which obligated MMAS to assign all copyright interests in the Morisky Widget to Plaintiff Donald E. Morisky. Section 17 of the CR2A provided that if the parties did not reach a separate Final Agreement, the CR2A itself "remained the binding agreement of the parties." The assignment obligation was self-executing and not conditioned upon execution of any subsequent instrument. (Dkt. 336-1 ¶57.)

### B.    The C.D. Cal. Action and the First-to-File Dismissal

On February 6, 2025, MMAS filed an action in the Central District of California (the "CDCA Action"). On August 25, 2025, Judge Klausner dismissed the CDCA Action without prejudice on first-to-file grounds. (CDCA Dkt. 156.) He found that this action was filed first (September 24, 2021 predates February 6, 2025), the parties are substantially similar, and the issues are substantially similar: "both actions ask who rightfully owns the Morisky Widget and whether the CR2A was breached." (*Id.* at 5.) He dismissed "to preserve judicial resources and to mitigate any risk of inconsistent rulings." (*Id.* at 6.) Critically, Judge Klausner expressly rejected MMAS's argument that *Charité* had already resolved the ownership question, noting that "the issue of copyright ownership is still implicated in both this action and the Washington Lawsuit." (*Id.*) MMAS appealed that order (9th Cir. Case No. 26-793).

### C.    Entry of Default and Motion for Default Judgment

On April 21, 2026, this Court entered default against Defendants as a sanction for sustained bad-faith litigation misconduct, including filing separate status reports in violation of a court order, filing multiple motions in limine in violation of local rules, filing a last-minute disqualification motion as a delay tactic, filing a sanctions motion as a delay tactic, and attempting to relitigate previously dismissed defenses. (Dkt. 324 at 3–4.) This Court weighed the *Leon*/*IDX* factors and found willfulness, fault, and bad faith, concluding that prior sanctions had been insufficient. (*Id.*) The Clerk formally entered default on April 22, 2026. (Dkt. 325.)

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

3

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

On June 4, 2026, this Court denied Defendants' motion to vacate the default. (Dkt. 328.) The Court expressly considered "Defendants' arguments reiterated here, including inter alia: public policy favoring decisions on the merits; Defendants' arguments on jurisdiction and standing, ownership and copyrightability, tailored sanctions, and the disputed source-code production." (*Id.* at 2.) The Court noted that "the Court has instead ordered default here, requiring a further motion requesting a default judgment to consider the merits in this case." (*Id.*) Pursuant to that order, Plaintiff filed a Motion for Default Judgment on June 5, 2026. (Dkt. 336.)

### D.      The Abeyance Motion in the Ninth Circuit

On June 23, 2026, Plaintiff filed a motion to hold briefing in 9th Cir. Case No. 26-793 in abeyance pending this Court's ruling on the MDJ. (Mot. to Hold Appeal Briefing in Abeyance, No. 26-793 (9th Cir. June 23, 2026).) Plaintiff's purpose is straightforward: a ruling on the MDJ may moot or significantly narrow the issues in 9th Cir. Case No. 26-793, making it more efficient to proceed in the Ninth Circuit with the benefit of this Court's ruling. That pending abeyance motion destroys any claim that the stay would be of finite duration tied to the Ninth Circuit mandate.

### III.   LEGAL STANDARD

A district court has inherent power to stay proceedings, but that power must be "exercised with judgment and discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts balance three factors: (1) potential damage from granting the stay; (2) the hardship or inequity the movant would suffer if required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law. *Id.*

These factors are not equally weighted. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). If there is "even a fair possibility that the stay will work damage to someone else," the movant must show "a clear case of hardship or inequity in being required to go forward." *Id.* (citation omitted). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Id.* at 1112.

### IV.    ARGUMENT

#### A.      MMAS Cannot Satisfy the *Landis/CMAX* Stay Standard

##### 1.      *MMAS Identifies No Cognizable Hardship*

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

MMAS's sole claim of hardship is the prospect of "wasting resources" on a default judgment that might be rendered moot if the Ninth Circuit reverses the C.D. Cal. dismissal. But *Lockyer* is explicit: being required to litigate, without more, is not a clear case of hardship. 398 F.3d at 1112. Moreover, MMAS will not be "defending" the MDJ in any conventional sense; it has been defaulted. Its participation in the MDJ is limited to submitting an opposition, an opportunity it has already sought and received an extension to use. (Dkt. 342.) A stay would not reduce that burden; it would merely defer it while Plaintiff continues to suffer harm.

Critically, MMAS is not prejudiced by the MDJ process; it is the author of it. The default was entered precisely because MMAS engaged in sustained, willful misconduct designed to obstruct adjudication. A party cannot manufacture "hardship" through deliberate misconduct that produces a sanctions default and then point to the sanction as grounds for a stay. Granting a stay on this basis would reward the very conduct the default was designed to deter.

### 2. A Stay Will Cause Substantial and Ongoing Harm to Plaintiff

Plaintiff Donald Morisky has been litigating his ownership rights in the Morisky Widget for nearly five years. Meanwhile, MMAS continues to assert copyright ownership, license the Widget to third parties, and use Morisky's name and research to generate revenue without authorization. Every day of delay causes ongoing, real-world harm: lost licensing revenue, reputational injury from MMAS's assertion of rights Morisky holds, and perpetual uncertainty about research instruments bearing his name that MMAS continues to exploit.

The "fair possibility" of damage to Plaintiff is not merely possible, it is certain. Under *Lockyer*, this means MMAS must show a "clear case" of hardship to override that damage. It has not done so.

### 3. The Orderly Course of Justice Disfavors the Requested Stay

The orderly course of justice does not favor indefinite deferral to a collateral appeal in a case that was dismissed precisely because this Court is the proper forum. Orderly administration requires this Court to do what it was directed to do: adjudicate ownership and grant the relief Plaintiff has sought since 2021.

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

5

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

MMAS's orderly-justice argument is also logically inverted. If the Ninth Circuit reverses the first-to-file dismissal, the CDCA Action would be reinstated. But this Court would retain jurisdiction over this action and would still need to rule on the MDJ. A ruling now eliminates, rather than compounds, any risk of inconsistent decisions. There is no procedural economy in delay.

**B.      MMAS Has Been Defaulted and Has No Right to Further Obstruct These Proceedings**

The default entered here is not a Rule 55(a) failure-to-appear default. It is a sanctions default imposed under the Court's inherent power following detailed findings of willfulness, bad faith, and deliberate obstruction. (Dkt. 324.) A defaulted party retains the right to participate in MDJ proceedings and contest the relief sought. *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) ("[a] defaulted party's rights are not violated when a case proceeds on the merits rather than by means of a default judgment where the party is given full opportunity to litigate the case on the merits"). But that right is to participate in the MDJ. It is not to obstruct the proceedings through a motion to stay that recycles arguments the Court has already considered and rejected.

This Court's June 4, 2026 Order expressly noted that it had already considered all of the arguments MMAS now raises in its Stay Motion, including "jurisdiction and standing, ownership and copyrightability, tailored sanctions, and the disputed source-code production," and denied relief. (Dkt. 328 at 2.) Under LCR 7(h)(1), successive motions for reconsideration are disfavored and require a showing of manifest error or new facts not available earlier. MMAS identifies neither.

**C.      The Ninth Circuit Appeal Does Not Affect This Court's Jurisdiction**

MMAS appeals from Judge Klausner's August 25, 2025 Order dismissing the CDCA Action. (CDCA Dkt. 156.) That appeal divests the Central District of California of jurisdiction over the matter appealed—not this Court. "The filing of a notice of appeal is an event of jurisdictional significance; it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). "Those aspects of the case involved in the appeal" are the CDCA case. This Court is not a party to 9th Cir. Case No. 26-793. Its jurisdiction is entirely

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

6

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

unaffected. The Ninth Circuit will decide whether the CDCA Action should be reinstated: a question orthogonal to whether Plaintiff is entitled to a default judgment in this action.

### D.   MMAS's Stated Grounds Are Meritless and Have Already Been Rejected

MMAS grounds are meritless and have been rejected: (i) Section 17's provision of the CR2A regarding the execution of a Final Agreement is neither a condition precedent to, nor bars enforcement of, the CR2A; (ii) the *Charité* opinion is irrelevant; and (iii) Judge Klausner's order sent the copyright ownership question to this Court, not the 9th Circuit.

#### 1.   *Section 17 Was Not a Condition Precedent, and the Prevention Doctrine Bars MMAS from Invoking a Condition It Caused to Fail*

MMAS's two arguments based on Section 17 of the CR2A fail. MMAS argues that Section 17 of the CR2A established a precondition to the copyright assignment that was never satisfied. This argument misreads Section 17. Section 17 provided that if the parties could not reach a Final Agreement, the CR2A itself "remained the binding agreement of the parties." The CR2A's substantive assignment obligation was self-executing; it did not depend on, and was not conditioned upon, execution of any subsequent instrument. (Dkt. 336-1 ¶57.) MMAS cannot rewrite a savings clause into a condition precedent.

Moreover, even if Section 17 could be read as a condition precedent, the prevention doctrine independently bars MMAS from invoking it. Under Washington law, a party cannot benefit from the non-occurrence of a condition it caused. *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569 (1991). Here, Trubow directly caused the Section 17 process to fail by refusing to confirm the binding nature of the Appointed Decider's determination. (Dkt. 336-1 ¶58.) MMAS cannot sabotage a contractual mechanism and then invoke its absence to escape the underlying obligation.

#### 2.   *Charité* Is Unpublished, Non-Precedential, and Addressed Different Parties on Different Claims

MMAS invokes *MMAS Research, LLC v. The Charité*, No. 23-55202 (9th Cir. Mar. 13, 2024) (mem.), as persuasive authority for the proposition that no copyright transfer occurred. This argument fails on three independent grounds. (Dkt. 336-1 ¶66.)

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

7

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

First, *Charité* is an unpublished memorandum disposition with no precedential value. *See* Fed. R. App. P. 32.1(a); 9th Cir. R. 36-3. MMAS cannot predicate a motion to stay this Court's proceedings on a case that carries no binding authority.

Second, *Charité* adjudicated a copyright infringement claim between MMAS and a third-party academic institution. It did not adjudicate MMAS's contractual assignment obligations to Plaintiff under the CR2A. The question before this Court—whether the CR2A transferred copyright interests to Morisky—was never presented in *Charité*. Judge Klausner made this same point expressly when he rejected MMAS's parallel argument in the CDCA Action. (CDCA Dkt. 156 at 6.)

Third, *Charité*'s standing finding reflects only that MMAS holds a registered copyright: a registration MMAS holds only because it refused to perform the very assignment obligation at issue. That bootstrapped finding cannot retroactively validate MMAS's breach of the CR2A.

### 3. *Judge Klausner's Order Directed Ownership Adjudication to This Court, Not to the Ninth Circuit*

MMAS argues that because Judge Klausner's dismissal is on appeal, this Court should defer to the outcome of No. 26-793. This fundamentally mischaracterizes his order. Judge Klausner dismissed the CDCA Action "to preserve judicial resources and to mitigate any risk of inconsistent rulings" and found that copyright ownership "is still implicated in both this action and the Washington Lawsuit." (CDCA Dkt. 156 at 6.) He sent the ownership question to this Court, not to the Ninth Circuit. The MDJ is precisely the merits determination he contemplated. A stay in deference to the Ninth Circuit would defeat, not fulfill, the purpose of that order.

### E. The Stay Motion Is a Successive Motion for Reconsideration in Disguise

Every substantive argument in the Stay Motion (Section 17 as an unsatisfied precondition, *Charité* as a resolution of ownership, the CR2A as never finalized) was presented to and rejected by this Court in connection with Defendants' motion to vacate the default. (See Dkt. 326; Dkt. 328.) This Court's June 4, 2026 Order expressly acknowledged having "considered Defendants' arguments reiterated here, including inter alia: public policy favoring decisions on the merits; Defendants' arguments on jurisdiction and standing, ownership and copyrightability, tailored sanctions, and the disputed source-code production," and denied relief. (Dkt. 328 at 2.)

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

The Stay Motion identifies no new authority and no new facts that were unavailable at the time of the motion to vacate. It simply repackages the same arguments under a different procedural label. Under LCR 7(h)(1), successive attempts to relitigate settled matters are disfavored and require a showing of manifest error or new facts not available earlier. MMAS makes no such showing. Granting a stay on this basis would permit a defaulted party to serially relitigate settled issues through successive procedural vehicles, defeating the purpose of the default altogether, and violating the Court's repeated orders against just such willful litigation misconduct. (See Dkt. 319 (Order to Show Cause); Dkt. 324 (Order for Entry of Default).)

**F.    Plaintiff's Abeyance Motion Demonstrates There Is No Finite Stay Period**

MMAS suggests the requested stay would be of "finite" duration, limited to the time required for the Ninth Circuit to issue its mandate in 9th Cir. Case No. 26-793. That is now demonstrably false. On June 23, 2026, Plaintiff filed a motion to hold briefing in 9th Cir. Case No. 26-793 in abeyance pending this Court's ruling on the MDJ. If both motions were granted, each proceeding would be waiting for the other to move first—an indefinite, self-inflicted deadlock. No "finite" stay period can exist when Plaintiff is simultaneously seeking to hold the Ninth Circuit in abeyance. The *CMAX* factors cannot be satisfied on these facts.

**V.    CONCLUSION**

MMAS has been defaulted for sustained, willful litigation misconduct. It has had its motion to vacate denied. It now seeks to stay the MDJ proceedings this Court ordered on grounds this Court has already rejected and on a factual premise (a finite stay) that Plaintiff's own abeyance motion has rendered impossible. The *Landis* standard is not satisfied. The stated grounds are meritless. The motion is, in substance, an impermissible successive attempt to relitigate already-rejected arguments in violation of this Court's prior orders. Plaintiff Donald E. Morisky respectfully requests that this Court deny Defendants' Motion to Stay Default Judgment Proceedings (Dkt. 333).

DATED: June 29, 2026.

Respectfully submitted,

*s/ William J. Crowley*
William J. Crowley, WSBA No. 18499

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

9

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

CROWLEY LAW OFFICES, P.S.
600 University Street Suite 1901
Seattle, WA 98101
Tel. (206) 224-7069
will@crowleylawoffices.com

F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
Scott T. Whitworth, Esq.
*Pro Hac Vice* (Nevada Bar No. 15671)
LEX TECNICA
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Plaintiff*

### CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 3,004 words, in compliance with the Local Civil Rules and Orders of this Court.

/s/ F. Christopher Austin
F. Christopher Austin, Esq.
*Pro Hac Vice* (Nevada Bar No. 6559)
LEX TECNICA
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com
scott@lextecnica.com

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

10

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2026, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DEFAULT JUDGMENT PROCEEDINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brianna Show*
An employee of Lex Tecnica

LEX TECNICA
10161 Park Run Drive, Ste 150
Las Vegas, Nevada 89145
(725) 239-8413

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DEFAULT JUDGMENT
Case No. 2:21-cv-01301-RSM-DWC

11

LEX TECNICA
10161 Park Run Dr., Ste 150
Las Vegas, NV 89145