**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY,<br><br>        Plaintiff,<br><br>    v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, STEVEN TRUBOW, an individual, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-01301-RSM-DWC<br><br><br>**DECLARATION OF BRETT C. HARRIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Brett C. Harris, declare as follows:

I am an attorney admitted to practice in the State of Washington (WSBA No. 55680). I am local counsel of record for Defendants in this action, and I also served as counsel of record for Steven Trubow and MMAS Research, LLC in the related King County Superior Court action captioned *Trubow v. Morisky*, No. 21-2-06193-8 SEA. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Default Judgment. I have personal knowledge of the facts stated herein,

DECLARATION OF BRETT C. HARRIS IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT- 1

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

including of the King County proceedings in which I appeared and of the docket in this action, and if called as a witness I could and would testify competently to them. The documents attached as exhibits are true and correct copies of the originals or of documents filed in the records of the referenced actions or obtained from the relevant public docket or agency.

## I.   The King County Superior Court Action (No. 21-2-06193-8 SEA)

1.   Attached as **Exhibit 1** is a true and correct copy of the Superior Court's Order, dated July 9, 2021, granting Defendant Morisky's motion to compel mediation and to dismiss the complaint. The Order found that the CR2A "contained a mandatory mediation clause requiring the parties to commence mediation . . . by July 5, 2021, as a precondition to bringing an action for breach," dismissed the complaint without prejudice as premature, and provided that "Defendant Morisky is the prevailing party in this matter."

2.   Attached as **Exhibit 2** is a true and correct copy of the Superior Court's Order, dated August 20, 2021, affirming and upholding its July 9, 2021 Order. That Order entered the Court's holding that Section 17 of the CR2A "is a mediation clause, a precondition to bringing a legal cause of action alleging breach." I presented this Order to the Superior Court on behalf of Trubow and MMAS Research.

3.   Attached as **Exhibit 3** is a true and correct copy of the Superior Court's Order, dated August 26, 2021, awarding $2,000 in costs and attorney fees to Trubow and MMAS Research in connection with that motion practice.

I presented the underlying petition to the Superior Court on behalf of Trubow and MMAS Research.

## II.  The Section 17 Mediation Was Never Completed

4.    I personally handled the attempted Section 17 process on behalf of Trubow and MMAS Research. Section 17 of the CR2A required that the parties "identify and appoint an agreed upon neutral mediator with the Seattle office of JDR as an 'Appointed Decider' to hear and finally resolve all such disputed issues." (CR2A § 17, Dkt. 22-6.) Rather than complete that mediation process, Plaintiff's counsel demanded that the disputed issues be resolved by binding arbitration, over the objection of Trubow and MMAS Research. The King County Superior Court twice held that completion of the Section 17 mediation was the required precondition to any breach action. First, in its July 9, 2021 Order (Exhibit 1), which dismissed the premature breach action, and again, dispositively, in its August 20, 2021, Order (Exhibit 2), which affirmed and upheld the July 9 Order and entered the Court's holding that Section 17 "is a mediation clause, a precondition to bringing a legal cause of action alleging breach." Plaintiff's counsel thus lost that demand twice. JDR then withdrew. Attached as **Exhibit 4** is a true and correct copy of an August 27, 202,1

DECLARATION OF BRETT C. HARRIS IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT- 3

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

email from Bruce Heller of JDR, sent to counsel for both parties, stating that "JDR has decided to withdraw from providing further services in this matter" and advising the parties to "submit your dispute to another provider of ADR services for resolution."

5. Because the Appointed-Decider forum that the CR2A designated was therefore never convened, the Section 17 precondition was never satisfied. Plaintiff commenced this action on or about September 24, 2021, after the Superior Court's rulings and JDR's withdrawal, without that precondition having been completed.

## IV. Authentication of the Default Record

6. I have access to the Court's CM/ECF docket in this action. The Court entered default against Defendants by its Order for Entry of Default (Dkt. 324), and the Clerk entered default (Dkt. 325). The Order for Entry of Default grounds the sanction on the recent procedural conduct identified at Dkt. 324 (at 2–4) and expressly states that the Court was "not relitigating or making a new determination on Defendants' past failure to pay sanctions" (Dkt. 324 at 3). The documents cited in Defendants' Opposition and identified by docket number, including Dkts. 255, 257, 273, 278, 279, 286, 311, 316, 324, and 325, are true and correct copies of

DECLARATION OF BRETT C. HARRIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT- 4

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

documents filed in the record of this action and available on the Court's CM/ECF docket.

## V.  Plaintiff's Serial Post-Motion Filings

7.  Following the filing of Plaintiff's Motion for Default Judgment (Dkt. 332, filed June 10, 2026, a twenty-four-page motion), Plaintiff filed the following additional documents, true and correct copies of which appear on the Court's CM/ECF docket: a Notice of Supplemental Fact (Dkt. 334, June 16, 2026); a Notice of Filing Supplemental Declaration of F. Christopher Austin (Dkt. 335, June 16, 2026); a Notice of Filing [Proposed] Order (Dkt. 336, June 17, 2026) attaching a twenty-nine-page [Proposed] Order Granting Plaintiff's Motion for Default Judgment (Dkt. 336-1); a Motion for Leave to File Out of Time and for Nunc Pro Tunc Acceptance (Dkt. 337, June 17, 2026); and an Errata to Plaintiff's Motion (Dkt. 338, June 19, 2026). The [Proposed] Order at Dkt. 336-1 is twenty-nine pages in length; the Motion it accompanies (Dkt. 332) is twenty-four pages.

## VI.  The Pretrial Order

8.  Attached as **Exhibit 8** is a true and correct copy of the parties' Pretrial Order filed in this action. The Issues of Law set out at Paragraph 1 frame

DECLARATION OF BRETT C. HARRIS IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT- 5

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418

as a contested question for trial whether the Morisky Widget registration "establishes only a derivative-work claim as Plaintiff contends, or instead reflects an independently copyrightable work," and the Pretrial Order reflects Plaintiff's representation that he assigned his intellectual property and his claims in this action to Morisky Medication Adherence Research, LLC (MMAR).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2026, at Seattle, Washington.

s/ Brett Harris
Brett Harris, WSBA #55680
VIRGO LAW LLC
119 1st Ave. S., Ste. 310
Seattle, WA 98104
Telephone: (206) 569-8418
Brett@virgolawseattle.com

DECLARATION OF BRETT C. HARRIS IN SUPPORT
OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT- 6

**Virgo Law LLC**
119 1st Ave. S., Ste. 310
Seattle, Washington 98104
(206) 569-8418