**EXHIBIT A**

*Corrected Page 12 of Plaintiff's Motion for Default Judgment (Dkt. 332)*

To prevail on a claim for trademark infringement of a federally registered mark under 15 U.S.C. § 1114, a plaintiff must show: (1) ownership of a valid, registered mark, and (2) that the defendant's use of the mark in commerce is likely to cause confusion. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Morisky also asserts infringement of unregistered marks under 15 U.S.C. § 1125(a). Both claims are established on the admitted allegations and evidence.

Morisky was the registered owner of the MMAS mark (Reg. No. 5,837,273)[8] throughout the period of the infringing conduct alleged in the Second Amended Complaint, and is the owner by prior use of the MORISKY, MMAS, MMAS-4, MMAS-8, and MORISKY WIDGET marks. (SAC ¶¶ 38–44.) During that period, federal registration was prima facie evidence of the MMAS mark's validity and Morisky's exclusive right to use it in commerce. 15 U.S.C. § 1057(b). Registration No. 5,837,273 was subsequently cancelled effective March 6, 2026, following the failure of prior counsel to forward USPTO renewal reminder notices to Plaintiff. (See Dkt. 334, Notice of Supplemental Fact re MMAS Trademark Registration.) Aside from the limited use permitted in the CR2A, Defendants admit they have no authorization to use any of the Morisky Marks. (SAC ¶¶ 42–44; Ex. 5 (Trubow 30(b)(6) Dep. Vol. 1, 9:8–11; 121:10–12) (Trubow confirmed no trademark license was ever produced and admitted he never saw one in five years of operating under the marks).) And the CR2A expressly required Defendants to cease use. (SAC ¶ 74(c); Dkt. 22-6, § 1.) Defendants refused. (SAC ¶ 134.)

*[Text of page 12 continues unchanged.]*

---

[8] Ex. 7 (Trial Ex. 11) (MORISKY001872–001873).