**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DONALD E. MORISKY,<br><br>Plaintiff,<br><br>v.<br><br>MMAS RESEARCH, LLC, a Washington limited liability company, et al.,<br><br>Defendants. | **NO. 2:21-cv-01301-RSM-DWC**<br><br>**DEFENDANTS' SURREPLY PURSUANT TO LCR 7(g) REQUESTING THAT THE COURT STRIKE MATERIAL SUBMITTED WITH PLAINTIFF'S REPLY (DKT. # 353)** |

## I. INTRODUCTION

Pursuant to LCR 7(g), Defendants MMAS Research, LLC and Steven Trubow respectfully request that the Court strike the three exhibits Plaintiff submitted for the first time with his Reply (Dkt. # 353), together with the supporting declaration, and the request for affirmative relief against non-party counsel first made in that Reply. This surreply is confined to those requests, and Defendants filed their notice of intent as required by LCR 7(g)(1).

## II.  THE EXHIBITS WERE WITHHELD, NOT NEWLY DISCOVERED

A court should not consider evidence submitted for the first time with a reply brief without affording the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (ordering stricken those portions of a reply brief that presented new information). Matter first raised in reply is likewise not properly before the Court. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Every exhibit at issue was in Plaintiff's possession well before the Reply was filed.

**A.  Exhibit 10 (Dkt. # 353-4).**

Exhibit 10 consists of excerpts from the Rule 30(b)(6) deposition taken in this action on May 25, 2023, by Plaintiff's own counsel. Plaintiff has held that transcript for more than three years. It was available to him when he filed the Motion (Dkt. # 332), the supplemental Austin declaration (Dkt. # 335), the Notice of Supplemental Fact (Dkt. # 334), and the Errata (Dkt. # 338). The Reply offers no explanation for its appearance now.

**B.  Exhibit 8 (Dkt. # 353-2).**

Exhibit 8 consists of excerpts from the June 22, 2026 deposition taken in MMAS Research, LLC v. The Children's Hospital Corp., No. 1:24-cv-12108-DJC (D. Mass.). Plaintiff and Morisky Medication Adherence Research, LLC are parties to that action and assert counterclaims in it. The transcript was therefore available to Plaintiff on the day it was taken, five weeks before the Reply and throughout the period in which Defendants' Opposition was pending. It is not newly discovered evidence.

Exhibit 8 is also incomplete. Plaintiff submits pages 123 through 124 and pages 127 through 128 while omitting pages 125 through 126, which fall between the two passages on which he relies. Defendants cannot supply the omitted pages. Plaintiff has never produced the transcript, Defendants have never received a copy of it, and Defendants first saw these excerpts when the Reply was filed. Plaintiff, who possesses the complete transcript, selected which pages the Court would see and omitted the pages lying between them. If the Court does not strike Exhibit 8, fairness requires that the omitted pages be considered with it, and Plaintiff should be directed to file them. Fed. R. Evid. 106.

**C.  Exhibit 9 (Dkt. # 353-3).**

Exhibit 9 comprises a USPTO petition decision and a trademark application filed July 14, 2026. The Court may notice that those documents were filed and what they say; it may not accept the assertions within them for their truth. Fed. R. Evid. 201(b), 802. The application's statement that Plaintiff assigned the MMAS mark to MMAR on June 20, 2023 is MMAR's own out-of-court assertion, offered here by a party who is not MMAR. The document establishes only that the applicant and claimed owner is MMAR rather than Plaintiff, that recordation of the claimed assignment remains pending, and that the supporting specimens are dated March and July 2026.

**III.  THE SHOW-CAUSE REQUEST AGAINST NON-PARTY COUNSEL**

Section Q of the Reply asks the Court to direct Patricia Ray to show cause why $1,320, plus interest from October 31, 2023, should not be entered against her personally. Dkt. # 353 at p. 9. The Motion sought the $1,320 as one line of the sanctions total. Dkt. # 332 at p. 22. It did not ask the Court to order Ms. Ray to show cause, to enter that amount

against her personally, or to add interest. A request for a court order must be made by motion, must state the grounds with particularity, and must specify the relief sought. Fed. R. Civ. P. 7(b)(1). Ms. Ray has received no motion, no notice, and no opportunity to be heard. The request should be stricken.

**IV.  THE REQUEST IS ASYMMETRIC ON ITS FACE**

The Reply asks the Court to strike Defendants' opposition declarations and exhibits as improper new matter while itself submitting a new declaration and three new exhibits. Dkt. # 353 at p. 4. The rule Plaintiff invokes against Defendants governs Plaintiff as well.

**V.  CONCLUSION**

Defendants respectfully request that the Court strike Exhibits 8, 9, and 10 to Plaintiff's Reply (Dkt. # 353-2, # 353-3, and # 353-4) and the Declaration of F. Christopher Austin (Dkt. # 353-1); strike the show-cause request set out in Section Q of the Reply; and, in the alternative as to Exhibit 8, direct Plaintiff to file pages 125 through 126 of that transcript pursuant to Fed. R. Evid. 106.

DATED this 2nd day of August, 2026.

**Ronald D Coleman** (pro hac vice)
COLEMAN LAW FIRM PC
50 PARK PLACE, STE 1105
NEWARK, NJ 07102
973-264-9611
Email: rcoleman@colemanlaw-pc.com


**Brett C Harris** WSBA #55680
VIRGO LAW LLC
600 1ST AVE, STE 434

SEATTLE, WA 98104
206-569-8418
Email: brett@virgolawseattle.com

*Counsel for Defendants*
*MMAS Research, LLC and Steven Trubow*

**CERTIFICATE OF COMPLIANCE**

I certify that this surreply contains 818 words, in compliance with LCR 7(e)(6)

and the 1,050-word limit of LCR 7(g)(3).

_____
Ronald D. Coleman

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.

DATED this 2nd day of August, 2026.

_____
Ronald D. Coleman